1  CECILLIA D. WANG (CSB #187782)
   LUCAS GUTTENTAG (CSB #90208)
2  AMERICAN CIVIL LIBERTIES UNION
      FOUNDATION
3  IMMIGRANTS' RIGHTS PROJECT
   39 Drumm Street
4  San Francisco, CA 94111
   Telephone: (415) 343-0775
5  Facsimile: (415) 395-0950
   Email: CWang@aclu.org
6
   Attorneys for Petitioners
7  *Additional counsel listed on following page

8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11               SAN FRANCISCO DIVISION

12
   ALIA AHMADI, MIAO LING HUANG,
13 YAN WANG, FU ZHONG,

14           Plaintiffs-Petitioners,

15     v.                                    Case No.

16 MICHAEL CHERTOFF, U.S. Secretary of      **COMPLAINT FOR DECLARATORY**
   Homeland Security; ROBERT S. MUELLER     **AND INJUNCTIVE RELIEF AND**
17 III, Director of the Federal Bureau of   **PETITION FOR NATURALIZATION**
   Investigation; ALBERTO GONZALES,         **PURSUANT TO 8 U.S.C. § 1447(B)**
18 Attorney General of the United States;
   EMILIO T. GONZALEZ, Director, U.S.
19 Department of Homeland Security, Bureau of
   Citizenship and Immigration Services; DAVID  **CLASS ACTION**
20 STILL, District Director, U.S. Department of
   Homeland Security, Bureau of Citizenship and
21 Immigration Services, San Francisco District,

22          Defendants-Respondents.

23

24

25

26

27

28

1  Additional counsel:

2  JULIA HARUMI MASS (CSB #189649)
   ALAN L. SCHLOSSER (CSB #49957)
3  AMERICAN CIVIL LIBERTIES UNION
       FOUNDATION OF NORTHERN CALIFORNIA
4  39 Drumm Street
   San Francisco, CA 94111
5  Telephone: (415) 621-2493
   Facsimile: (415) 255-8437

6
   SIN YEN LING*
7  JOREN LYONS (CSB #203403)
   ASIAN LAW CAUCUS
8  939 Market Street, Suite 201
   San Francisco, CA 94103
9  Telephone: (415) 896-1701
   Facsimile: (415) 896-1702

10
   *Application for admission pro hac vice forthcoming
11

12  Of counsel:

13  TODD GALLINGER (CSB #238666)
    COUNCIL ON AMERICAN-ISLAMIC RELATIONS
14      (CAIR) – SAN FRANCISCO BAY AREA
    3000 Scott Boulevard, Suite 212
15  Santa Clara, CA 95054
    Telephone: (408) 986-9874
16  Facsimile: (408) 986-9875

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND
PETITION FOR NATURALIZATION PURSUANT TO 8 U.S.C. § 1447(B)

1

## INTRODUCTION

2      1.      Plaintiffs-Petitioners, Alia AHMADI, Miao Ling HUANG, Yan WANG and Fu

3  ZHONG are all long-time lawful permanent residents of the United States. Each of them has

4  sought to become a citizen of this country by applying for naturalization, having met all statutory

5  requirements. However, despite successfully undergoing their naturalization interviews and

6  clearing criminal background checks more than two years ago, none of the Plaintiffs has received

7  an adjudication from the U.S. Bureau of Citizenship and Immigration Services ("CIS") on the

8  ground that a background check known as an "FBI name check" is still pending.

9      2.      Plaintiffs are among thousands of naturalization applicants throughout the United

10  States who are suffering from systemic delays in the naturalization process caused by the

11  policies, practices and procedures of the Defendants.

12      3.      Defendants are officers of CIS and the Federal Bureau of Investigation ("FBI")

13  and are responsible for the naturalization process, including the FBI name check, which CIS

14  requires for naturalization despite the absence of any promulgated rule or regulation.

15      4.      Each named Plaintiff therefore seeks to be naturalized by this Court, as Congress

16  has authorized through the Immigration and Nationality Act. See 8 U.S.C. § 1447(b) (district

17  court may make a determination of a naturalization application if there has been no adjudication

18  within 120 days of the date of examination – i.e., the applicant's naturalization interview);

19  United States v. Hovsepian, 359 F.3d 1144, 1151 (9th Cir. 2004) (en banc). The named

20  Plaintiffs also seek declaratory and injunctive relief on behalf of themselves and the proposed

21  class members, to eliminate the systemic delays that Defendants have caused through their

22  policies, practices and procedures.

23      5.      In failing to adjudicate the Plaintiffs' naturalization applications, Defendant

24  officers of CIS have violated CIS regulations requiring that such applications be adjudicated

25  within 120 days of the initial examination. 8 C.F.R. § 335.3.

26      6.      In addition, Defendant officers of both CIS and the FBI have engaged in

27  unreasonable and extraordinary delay in adjudicating Plaintiffs' naturalization applications, in

28  violation of the Administrative Procedures Act, 5 U.S.C. §§ 555, 706, and the Due Process

1   Clause of the Fifth Amendment.

2       7.      Defendants' rationale for its unreasonable delays – that the delays are required to

3   complete FBI name checks – highlights an independent violation of the Administrative

4   Procedures Act: Defendants' failure to follow the notice and comment requirements of 5 U.S.C.

5   § 553. CIS has promulgated no regulations concerning an FBI name check, but nonetheless has

6   imposed the current version of the FBI name check as a requirement for over four years –

7   without any deadlines for completion of the checks. In contrast, immigration regulations do

8   provide for criminal records checks based on Plaintiffs' fingerprints and biographical data. Each

9   of the Plaintiffs has passed those criminal background checks. Because Defendants' addition of

10  the FBI name check constitutes a substantive rule and causes undue burden and prejudice to

11  Plaintiffs and other members of the proposed class, the public should have been provided notice

12  and an opportunity to comment prior to its implementation.

13      8.      Plaintiffs all have spent many years in the United States and have made this

14  Nation their home. They seek to pledge their allegiance to their adopted country and to

15  participate fully in U.S. society as citizens. Each of the Plaintiffs has met the statutory

16  requirements to become a U.S. citizen, and in some cases they have sought relief through

17  requests to members of Congress and through formal and informal inquiries with the

18  government. Nonetheless, each of the Plaintiffs has been stymied in his or her efforts by the

19  unreasonable and extraordinary delay of the Defendants.

20      9.      As a result of the Defendants' failure to process naturalization applications within

21  a reasonable time, under timelines set by Congress, Plaintiffs are unable to participate in civic

22  society by voting and jury service. Plaintiffs also are unable expeditiously to petition for lawful

23  permanent residency immediate relatives living abroad including, in some cases, their spouses

24  and children. Plaintiffs also are unable to participate freely as U.S. citizens in the Visa Waiver

25  Program or to travel abroad and to return to the United States without fear of exclusion.

26      10.     Plaintiffs seek not only their own naturalization through 8 U.S.C. § 1447(b), but

27  also declaratory and injunctive relief as representatives of a class of other individuals who have

28  satisfied all statutory requirements for naturalization and are suffering similar unreasonable

4

1  delays. Plaintiffs ask the Court to declare that the Defendants are violating the due process rights

2  of Plaintiffs and the proposed class, as well as the Administrative Procedures Act and the

3  immigration laws and regulations, in failing to complete all background checks necessary for

4  adjudication of naturalization applications within a reasonable time as established by Congress

5  and by CIS's own regulations.

6  **JURISDICTION AND VENUE**

7       11.     This Court has subject matter jurisdiction over this matter pursuant to 8 U.S.C. §

8  1447(b) (district court jurisdiction to adjudicate delayed naturalization applications), 5 U.S.C. §

9  702 (Administrative Procedures Act), 28 U.S.C. § 1361 (writ of mandamus), and 28 U.S.C. §

10  1331 (federal question).

11       12.     Venue is proper in the Northern District of California pursuant to 28 U.S.C. §§

12  1391(e). Plaintiffs sue the Defendants in their official capacities as officers and employees of the

13  United States. A substantial portion of the events giving rise to this Complaint occurred within

14  this District, where the Plaintiffs' applications for naturalization are pending before the San

15  Francisco District of the CIS. In addition, venue is proper in this District pursuant to 8 U.S.C. §

16  1447(b), which provides that a petition for de novo review of a naturalization application shall be

17  filed in the district in which the applicant resides. All of the Plaintiffs live within this District.

18  **PARTIES**

19       13.     Plaintiff Alia Ahmadi is a citizen of Afghanistan. She is a lawful permanent

20  resident of the United States and lives in Union City, California. She applied for naturalization

21  with CIS and passed her naturalization examination in May 2003. Her naturalization application

22  has not been adjudicated.

23       14.     Plaintiff Miao Ling Huang is a citizen of China. She is a lawful permanent

24  resident of the United States, and she resides in San Francisco, California. She applied for

25  naturalization with CIS and passed her naturalization examination in June 2004. Her

26  naturalization application has not been adjudicated.

27       15.     Plaintiff Yan Wang is a citizen of China. She is a lawful permanent resident of

28  the United States, and she resides in San Francisco, California. She applied for naturalization

1   with CIS and passed her naturalization examination in January 2004. Her naturalization

2   application has not been adjudicated.

3       16.     Plaintiff Fu Zhong is a citizen of China. He is a lawful permanent resident of the

4   United States, and he resides in San Francisco, California. He applied for naturalization with

5   CIS and passed his naturalization examination in July 2004. His naturalization application has

6   not been adjudicated.

7       17.     Defendant Michael Chertoff is the U.S. Secretary of Homeland Security and has

8   ultimate responsibility for CIS, a subunit of the Department of Homeland Security. Mr. Chertoff

9   is ultimately responsible for the administration of all immigration and naturalization laws,

10  including the processing and determination of applications for naturalization. He is sued in his

11  official capacity.

12      18.     Defendant Robert S. Mueller III is the Director of the Federal Bureau of

13  Investigation. Mr. Mueller is ultimately responsible for the processing of FBI name checks

14  submitted by CIS to the FBI during the naturalization process. Mr. Mueller is sued in his official

15  capacity.

16      19.     Defendant Alberto Gonzales is the Attorney General of the United States. He is

17  the head of the U.S. Department of Justice, which encompasses the FBI. Mr. Gonzales also

18  jointly responsible with Mr. Chertoff for enforcement of immigration laws. Mr. Gonzales is

19  sued in his official capacity.

20      20.     Respondent Emilio T. Gonzalez is the Director of CIS. Mr. Gonzalez is

21  responsible for the processing and determination of all applications for naturalization submitted

22  to CIS. He is sued in his official capacity.

23      21.     Respondent David Still is the District Director for the San Francisco District of

24  the Bureau of Citizenship and Immigration Services ("CIS"), U.S. Department of Homeland

25  Security. Mr. Still is responsible for applications for naturalization pending in the San Francisco

26  District. Mr. Still is sued in his official capacity.

27

28

1                          **LEGAL FRAMEWORK**

2    **General Requirements for Naturalization**

3        22.    Federal immigration law allows persons who have been residing in the United

4    States as lawful permanent residents to become United States citizens through a process known

5    as naturalization.

6        23.    A person seeking to naturalize must meet certain requirements, including an

7    understanding of the English language and history and civics of the United States; a sufficient

8    period of physical presence in the United States; and good moral character. 8 U.S.C. § 1423,

9    1427(a).

10       24.    Persons seeking to naturalize must submit an application for naturalization to CIS.

11   8 U.S.C. § 1445. CIS is the agency that is responsible for adjudicating naturalization

12   applications.

13       25.    Once an application is submitted, CIS conducts a background investigation of

14   each naturalization applicant. 8 U.S.C. § 1446(a); 8 C.F.R. § 335.1.

15       26.    After a criminal background investigation is completed, CIS schedules a

16   naturalization examination, at which an applicant meets with a CIS examiner who is authorized

17   to ask questions and take testimony. The CIS examiner must determine whether to grant or deny

18   the naturalization application. 8 U.S.C. § 1446(d).

19       27.    CIS must grant a naturalization application if the applicant has complied with all

20   requirements for naturalization. 8 C.F.R. § 335.3. Naturalization is not a discretionary benefit,

21   but a right upon satisfaction of statutory requirements.

22       28.    CIS must grant or deny a naturalization application at the time of the examination

23   or, at the latest, within 120 days after the date of the examination. 8 C.F.R. § 335.3. Once an

24   application is granted, the applicant is sworn in as a United States citizen.

25       29.    When CIS fails to adjudicate a naturalization application within 120 days of the

26   examination, the applicant may seek de novo review of the application by a district court. 8

27   U.S.C. § 1447(b). When the applicant requests district court review, the district court gains

28   exclusive jurisdiction over the application, United States v. Hovsepian, 359 F.3d 1144 (9th Cir.

1  2004), and it may naturalize the applicant.  8 U.S.C. § 1447(b).

2      30.    In general, Congress has provided that applications for immigration benefits

3  should be adjudicated within 180 days of the initial filing of the application.  8 U.S.C. § 1571.

4  The President has also expressed that view.  *See* Remarks by the President at INS Naturalization

5  Ceremony (July 10, 2001), available at http://www.whitehouse.gov/news/releases/2001/07/print

6  20010710-1.html (urging immigration agencies to adopt standard of six-month processing time

7  for applications for immigration benefits).

8  **Pre-Naturalization Background Checks**

9      31.    Under 8 U.S.C. § 335.2, CIS should not schedule the "initial examination" (i.e.,

10  the naturalization interview) until the agency has received "a definitive response from the [FBI]

11  that a full criminal background check" has been completed.  The regulation defines a "definitive

12  response" as one of the following:  (1) FBI confirmation that the applicant "does not have an

13  administrative or criminal record; (2) FBI confirmation that the applicant does have such a

14  record; or (3) FBI confirmation that the applicant's fingerprint cards "have been determined

15  unclassifiable for the purpose of conducting a criminal background check and have been

16  rejected."  8 U.S.C. § 335.2(b).  Thus, 8 C.F.R. § 335.2(b) contemplates that the "criminal

17  background check" required by regulation is based upon fingerprint records, and is not a "name

18  check."  The FBI fingerprint check is run against criminal records showing arrests, criminal

19  charges not leading to convictions, and criminal convictions.

20      32.    Nonetheless, CIS runs two name-based background checks on each naturalization

21  applicant.  First, CIS runs each applicant's name against the Interagency Border Inspection

22  System ("IBIS"), a centralized records system combining information on "national security risks,

23  public safety issues and other law enforcement concerns" from multiple law enforcement and

24  intelligence agencies.  Second, in 1998, CIS instituted the FBI name check.  As originally

25  implemented in 1998, the FBI name check ran a naturalization applicant's name against a

26  database containing the names of persons who are or were the subjects of an FBI investigation.

27      33.    In 2002, without giving public notice and an opportunity for public comment, CIS

28  drastically expanded the scope of the FBI name check, so that an applicant's name would be

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND
PETITION FOR NATURALIZATION PURSUANT TO 8 U.S.C. § 1447(B)

1  checked against not only the names of investigation subjects, but also other names that are

2  merely mentioned in FBI files.

3      34.    As expanded in 2002, the FBI name check requirement is implemented in such a

4  manner that it is highly likely that an applicant may be identified erroneously as a person "of

5  interest" to the FBI, thereby delaying adjudication of the naturalization application, even though

6  the applicant has committed no crimes, does not pose any kind of security risk, and has never

7  been a suspect in any investigation. For example, the name check may result in a "hit" when the

8  applicant's name is mentioned in FBI records because he has been an innocent witness or victim

9  of a crime, has undergone an employment-related security clearance in the past, or has assisted

10  the FBI in an investigation.

11      35.    The FBI name check procedure is also highly likely to result in false positive

12  results because the FBI runs not only a naturalization applicant's actual name, but also various

13  alternate spellings and permutations of the applicant's given and family names.

14      36.    Plaintiffs are informed and believe that CIS does not adjudicate applications for

15  naturalization until it receives a completed FBI name check. Neither CIS nor the FBI imposes

16  any time limits for completion of FBI name checks. As a result of their policies, practices and

17  procedures, including their failure to require FBI name checks to be completed in a reasonable

18  time period, Defendants are responsible for systemic, years-long delays in adjudicating

19  thousands of naturalization applications, including those submitted by Plaintiffs.

20      37.    Although Defendants have asserted that the FBI name checks are necessary for

21  national security, there is no justification for delays in the FBI name check process. Delays in

22  the FBI name check process do not serve the interest of national security. Indeed, as the CIS

23  Ombudsman has reported, "the current USCIS name check policy may *increase* the risk to

24  national security by prolonging the time a potential criminal or terrorist remains in the country."

25  CIS Ombudsman, Annual Report 2006 at 25 (emphasis added), available at

26  http://www.dhs.gov/xlibrary/assets/CISOmbudsman_AnnualReport_2006.pdf.

27      38.    Plaintiffs are informed and believe that in April 2006, CIS implemented a new

28  policy or practice of delaying naturalization examinations until after the FBI name check is

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND
PETITION FOR NATURALIZATION PURSUANT TO 8 U.S.C. § 1447(B)

1    completed. Thus, for certain applicants for naturalization, lengthy delays in adjudication now

2    occur prior to the examination, rather than after the examination. Upon information and belief,

3    the April 2006 policy change has resulted in delayed scheduling of the naturalization

4    examination for tens of thousands of applicants. CIS has stated that a purpose of the policy

5    change was to discourage litigation under 8 U.S.C. § 1447(b), which gives district courts

6    jurisdiction to adjudicate applications when CIS has failed to act within 120 days of the

7    examination.

8                                         **FACTS**

9    **Plaintiffs**

10         39.    Alia Ahmadi is a 73-year-old native and citizen of Afghanistan. She came to the

11   United States as a lawful permanent resident in November 1986, through a petition by her son

12   Basheer Ahmadi, a U.S. citizen. Ms. Ahmadi lives in Union City, California, with one of her

13   daughters. Ms. Ahmadi has six adult children. Five of her children are U.S. citizens and one is a

14   lawful permanent resident of the United States. Ms. Ahmadi also has 13 grandchildren, all U.S.

15   citizens.

16         40.    In October 2002, Ms. Ahmadi applied for citizenship and successfully completed

17   her naturalization interview and criminal background checks in May 2003. She meets all other

18   statutory requirements for naturalization. At the end of the interview, the CIS officer told Ms.

19   Ahmadi that she had passed her examination and would receive her oath notice shortly.

20         41.    Approximately three to four months after successfully passing her naturalization

21   examination, Ms. Ahmadi contacted CIS because she had not received her oath notice. A CIS

22   employee told Ms. Ahmadi that her application was still pending. Ms. Ahmadi has followed up

23   with further contacts with CIS by telephone and in person. Each time, CIS officers have

24   informed her that her naturalization application is still pending due to an FBI name check. She

25   also has had to re-submit her fingerprints as her application has been pending so long that CIS

26   informed her that her original fingerprint card "expired." Ms. Ahmadi's children also contacted

27   their representatives in Congress for assistance. Representative Pete Stark made an inquiry to

28   CIS, which responded that a name check was pending.

1    42.    Although CIS informed Ms. Ahmadi that her naturalization application has not

2    been adjudicated because her FBI name check is pending, Plaintiffs are informed and believe

3    that in fact the FBI did complete Ms. Ahmadi's name check on or about October 13, 2005.

4    Nonetheless, CIS has failed to adjudicate the application to date.

5    43.    Ms. Ahmadi has suffered harm from the delay of her naturalization. One of her

6    daughters lives outside of the U.S. part-time. Because it is difficult for citizens of Afghanistan to

7    obtain visas for foreign travel, she is unable to visit her daughter and grandchildren while they

8    are abroad. In addition, Ms. Ahmadi is elderly and the anxiety surrounding the delay in the

9    granting of her citizenship has put extreme pressure on her already frail health.

10    44.    Miao Ling Huang is a 48-year old native and citizen of China. She came to the

11    United States as a lawful permanent resident in December 1998, through the petition of her

12    husband's sister, a U.S. citizen. Ms. Huang and her husband, who is also a lawful permanent

13    resident, live in San Francisco, California with their two children, Tian H. Rong, who is

14    scheduled to be naturalized as a U.S. citizen within two weeks, and Zijun Rong, a lawful

15    permanent resident. If Ms. Huang naturalizes, her daughter Zijun, currently 13 years old, stands

16    to derive automatic United States citizenship. *See* 8 U.S.C. § 1431. Ms. Huang currently works

17    at the San Francisco Juvenile Hall as a food service operator.

18    45.    Ms. Huang applied for citizenship in November 2003 and successfully completed

19    her naturalization interview and criminal background checks in June 2004. She meets all of the

20    statutory requirements for naturalization. At the end of her interview, she was informed that she

21    passed the tests on English and U.S. history and government, but that a decision could not be

22    made on her application because background checks have not been completed.

23    46.    Starting approximately three to four months after successfully passing her

24    naturalization examination, Ms. Huang contacted CIS to inquire about her oath notice. She was

25    told on several occasions that her application was pending for the completion of all necessary

26    background checks. In December 2005, Ms. Huang contacted U.S. Senator Barbara Boxer's

27    office for assistance on her naturalization application. On January 2006, U.S. Senator Boxer's

28    officer informed her that the application was pending due to an FBI security check.

11

1      47.    Although CIS informed Ms. Huang that her naturalization application has not

2  been adjudicated because her FBI name check is pending, Plaintiffs are informed and believe

3  that in fact the FBI did complete Ms. Huang's name check on or about March 6, 2007.

4  Nonetheless, CIS has failed to adjudicate the application to date.

5      48.    Ms. Huang has suffered harm from the delay of her naturalization. Her 68-year

6  old ailing mother lives in China. Ms. Huang would like to serve as her mother's primary

7  caretaker, but has been unable as a non-U.S. citizen to obtain the necessary visa to petition for

8  her mother to immigrate to the United States. *See* 8 U.S.C. § 1151(b)(2)(A)(i) (providing that

9  children, spouses, and parents of U.S. citizens are not subject to worldwide limitations on

10  numbers of visas issued); 8 U.S.C. § 1153(a) (setting forth preferences for issuance of visas to

11  unmarried sons or daughters of U.S. citizens, spouses and unmarried sons or daughters of lawful

12  permanent residents, married sons and daughters of U.S. citizens, and brothers or sisters of U.S.

13  citizens, in that order). Upon naturalization, Ms. Huang will be able to petition for her mother to

14  immigrate. The delay in Ms. Huang's naturalization has caused her great anguish by making it

15  impossible to care for her mother during these critical years.

16      49.    Yan Wang is a 36-year old native and citizen of China. She came to the United

17  States on a K-1 fiancee visa in February 1999 and became a lawful permanent resident on July

18  2000. Ms. Wang and her husband, a U.S. citizen, live in San Francisco, California. Ms. Wang is

19  currently attending San Francisco City College part-time. She also works full-time for the City

20  of San Francisco providing home care for disabled persons.

21      50.    In May 2003, Ms. Wang applied for citizenship and successfully completed her

22  naturalization interview and criminal background checks in January 2004. She meets all other

23  statutory requirements for naturalization. At the end of the interview, a CIS officer told Ms.

24  Wang that she passed her examination and would receive her oath shortly.

25      51.    Approximately four months after successfully passing her naturalization

26  examination, Ms. Wang contacted CIS because she had not received her oath notice. CIS

27  informed her that the application is pending because of a name check. Ms. Wang has made

28  approximately eight to nine inquiries with CIS in the course of the last few years, and each time,

1    she was informed that the FBI name check was not complete.

2       52.     Plaintiffs are informed and believe that CIS submitted Ms. Wang's FBI name

3 check request to the FBI on or about May 15, 2003. Despite the passage of more than four years,

4 the FBI has failed to complete Ms. Wang's name check to date.

5       53.     Ms. Wang has suffered harm from the delay of her naturalization. Her ailing

6 father lives in China and she wishes to spend time with him. As a citizen, she would be able to

7 petition for lawful permanent resident status for her father so that she can care for him. *See* 8

8 U.S.C. § 1151(b)(2)(A)(i) (providing that children, spouses, and parents of U.S. citizens are not

9 subject to worldwide limitations on numbers of visas issued); 8 U.S.C. § 1153(a) (setting forth

10 preferences for issuance of visas to unmarried sons or daughters of U.S. citizens, spouses and

11 unmarried sons or daughters of lawful permanent residents, married sons and daughters of U.S.

12 citizens, and brothers or sisters of U.S. citizens, in that order).

13       54.     Fu Zhong is a 69-year old native and citizen of China. He came to the United

14 States as a lawful permanent resident in March 1999, through the petition of his U.S.-citizen

15 mother. Mr. Zhong is a retired shipping company supervisor. Until his mother passed away in

16 April 2007 at the age of 90, he was occupied full-time with her care, as she suffered from

17 Alzheimer's disease. Mr. Zhong now lives alone in San Francisco, California. Mr. Zhong has a

18 sister who is a U.S. citizen and also lives in San Francisco. Mr. Zhong's deceased father was a

19 U.S. citizen.

20       55.     In or about February 2004, Mr. Zhong submitted his citizenship application. He

21 successfully completed his naturalization interview and criminal background checks on July

22 2004. He meets all other statutory requirements for naturalization. At the end of his interview,

23 the CIS officer informed him that he passed the tests for English and U.S. history and

24 government. Mr. Zhong has been waiting for his oath notice since that time.

25       56.     Starting approximately three to four months after successfully passing his

26 naturalization examination, Mr. Zhong contacted CIS on three separate occasions through the

27 "Infopass" online appointment scheduler. On each occasion, an immigration officer informed

28 Mr. Zhong that his application was pending until national security checks are completed and the

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND
PETITION FOR NATURALIZATION PURSUANT TO 8 U.S.C. § 1447(B)

1  local CIS office receives a response.

2      57.    Although CIS informed Mr. Zhong that his naturalization application has not been

3  adjudicated because his FBI name check is pending, Plaintiffs are informed and believe that in

4  fact the FBI did complete Mr. Zhong's name check on March 22, 2007.  Nonetheless, CIS has

5  failed to adjudicate the application to date.

6      58.    Mr. Zhong has suffered prejudice from the delay of his naturalization.  Since his

7  arrival in March 1999, Mr. Zhong has never left the United States to visit family in China.  He is

8  currently living on his retirement income and therefore cannot afford to visit China on a frequent

9  basis.  Due to the expense of travel, Mr. Zhong would like to visit family members for an

10  extended period when he is able to afford the trip.  However, as a lawful permanent resident, he

11  is not permitted to stay abroad more than six months at a time.  By naturalizing, Mr. Zhong will

12  be able to spend more time with family on the infrequent occasions that he can afford the airfare

13  to China.

14  **Defendants' Policies and Practices**

15      59.    Plaintiffs are informed and believe that Defendants Still, Emilio Gonzalez and

16  Chertoff have a policy, pattern, and practice of failing to adjudicate the applications for

17  naturalization of the proposed plaintiff class within 120 days of the date of naturalization

18  examinations, because of unreasonable delays in the processing of FBI name checks.

19      60.    Plaintiffs are informed and believe that Defendants Still, Emilio Gonzalez and

20  Chertoff have a policy, pattern, and practice of unlawfully withholding and unreasonably

21  delaying the adjudication of applications for naturalization of the proposed plaintiff class,

22  because of unreasonable delays in the processing of FBI name checks.

23      61.    Plaintiffs are informed and believe that Defendants Mueller and Alberto Gonzales

24  have a policy, pattern, and practice of unlawfully withholding and unreasonably delaying the

25  completion of FBI name checks, with the full knowledge that CIS requires the completion of

26  such FBI name checks for adjudication of applications for naturalization of the proposed plaintiff

27  class.

28      62.    Plaintiffs are informed and believe that Defendants have a policy, pattern and

14

1   practice of failing to set reasonable deadlines for completing FBI name checks and taking all the

2   other reasonable steps necessary to complete the adjudication of applications for naturalization of

3   the proposed plaintiff class.

4       63.     Plaintiffs are informed and believe that Defendants Still, Emilio Gonzalez and

5   Chertoff have a policy, pattern and practice of requiring FBI name checks for adjudication of

6   applications for naturalization of the proposed plaintiff class, despite no statutory or regulatory

7   authorization for such FBI name checks.

8       64.     Plaintiffs are informed and believe that Defendants do not have or use any

9   mechanisms to identify the number and status of naturalization cases in which applicants satisfy

10  all eligibility criteria, have passed naturalization interviews, and are awaiting adjudication solely

11  on the basis of FBI name checks.  In addition, CIS and FBI do not have any policies or practices

12  in place to ensure final adjudication of those naturalization applications.

13      65.     Plaintiffs are informed and believe that Defendants do not have or use any

14  mechanisms to track the number and status of naturalization cases in which applicants satisfy all

15  eligibility criteria, have passed naturalization examinations, and are awaiting adjudication for

16  more than 120 days after their naturalization examinations.  In addition, CIS and FBI do not have

17  any policies or practices in place to ensure final adjudication of those naturalization applications.

18      66.     Plaintiffs are informed and believe that Defendants Still, Emilio Gonzalez and

19  Chertoff implemented the requirement of FBI name checks for naturalization without giving

20  notice to the public and allowing a period for public comment.  The Administrative Procedures

21  Act requires such notice and comment because the FBI name check requirement is a substantive

22  change in prior CIS policy and because the requirement has an adverse effect on individuals by

23  causing a delay in adjudication of their naturalization applications.

24      67.     As a result of the Defendants' policies, practices, actions and omissions, members

25  of the proposed plaintiff class have suffered injury, in that they have been unlawfully denied the

26  rights and benefits of U.S. citizenship for more than 120 days since they passed their

27  naturalization examinations.

28

1

## CLASS ALLEGATIONS

2       68.    Plaintiffs bring this action on behalf of themselves and all other persons similarly

3   situated pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2).  The class, as proposed

4   by Plaintiffs, consists of:

5           All persons who have submitted or will submit applications for naturalization to CIS, and

6           who have met all statutory requirements for naturalization, and whose applications for

7           naturalization are not adjudicated within 120 days of the date of their naturalization

8           examinations.

9       69.    The requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(2) are met

10  in that the class is so numerous that joinder of all members is impracticable.  Counsel for

11  Plaintiffs are aware of dozens of putative class members who are similarly situated to the named

12  Plaintiffs in this District.  Plaintiffs are not aware of the exact numbers of putative class members

13  because Defendants are in the best position to identify such persons.

14      70.    There are questions of law and fact common to the proposed class that

15  predominate over any questions affecting only the individually named Plaintiffs, including: (1)

16  whether CIS's failure to adjudicate the applications for naturalization of the proposed plaintiff

17  class within 120 days of the date of naturalization examinations due to delays in FBI name

18  checks violates the Due Process Clause, the Immigration and Nationality Act and implementing

19  regulations, and the Administrative Procedures Act; (2) whether CIS's imposition of a name

20  check requirement violates the notice and comment provision of the Administrative Procedures

21  Act; (3)  whether the FBI's actions in unlawfully withholding and unreasonably delaying the

22  completion of FBI name checks, with the full knowledge that CIS requires the completion of

23  such FBI name checks for adjudication of applications for naturalization of the proposed plaintiff

24  class, violates the Constitution and laws of the United States, including the Administrative

25  Procedures Act; and (4) whether CIS and the FBI's failure to set deadlines for completing FBI

26  name checks and failure to take all the other reasonable steps necessary to complete the

27  adjudication of applications for naturalization of the proposed plaintiff class, violates the

28  Constitution and laws of the United States, including the Administrative Procedures Act.

1    71.    The claims of the named Plaintiffs are typical of the claims of the proposed class.

2    The named Plaintiffs, like all class members, have not had their applications for naturalization

3    adjudicated despite the passage of over 120 days since their naturalization examinations and they

4    have been denied timely completion of FBI name checks which CIS requires for adjudication of

5    their applications; and their applications for naturalization have been unlawfully withheld or

6    unreasonably delayed on the basis of FBI name checks.

7    72.    Like the named Plaintiffs, members of the proposed class are suffering prejudice

8    from the delay of their naturalization applications, including the inability to participate in civic

9    society by voting and jury service, the effective inability to sponsor immediate relatives for

10    lawful permanent resident status, the inability to travel freely as U.S. citizens, and the harm of

11    having an uncertain status in the country they have made their home and where they have

12    established themselves as part of a community.

13    73.    The named Plaintiffs will fairly and adequately represent the interests of all

14    members of the proposed class because they seek relief on behalf of the class as a whole and

15    have no interests antagonistic to other members of the class. The named Plaintiffs are

16    represented by pro bono counsel, including the ACLU Immigrants' Rights Project, the ACLU of

17    Northern California and the Asian Law Caucus, who have extensive expertise in class action

18    litigation and/or immigrants' rights cases. Finally, the Defendants have acted on grounds

19    generally applicable to the class, thereby making appropriate final injunctive relief with respect

20    to the class as a whole.

21    **DECLARATORY AND INJUNCTIVE RELIEF ALLEGATIONS**

22    74.    An actual and substantial controversy exists between Plaintiffs and Defendants as

23    to their respective legal rights and duties. Plaintiffs contend that Defendants' actions violate

24    Plaintiffs' rights and the rights of proposed class members. Defendants contend the opposite.

25    75.    Defendants' failure to timely process Plaintiffs' naturalization applications,

26    including any name check, has caused and will continue to cause irreparable injury to Plaintiffs

27    and other class members. Plaintiffs have no plain, speedy, and adequate remedy at law.

28    76.    Based on the foregoing, the Court should grant declaratory and injunctive relief

1    under 28 U.S.C. §§ 1361, 2201, 2202 and 5 U.S.C. § 702.

2                                    **CAUSES OF ACTION**

3                                        **COUNT ONE**

4                    **RIGHT TO DE NOVO JUDICIAL DETERMINATION**

5                        **OF APPLICATION FOR NATURALIZATION**

6                                      **8 U.S.C. § 1447(B)**

7        **[By the Named Plaintiffs Against Defendants Still, Emilio Gonzalez and Chertoff]**

8            77.    The allegations contained in paragraphs 1 through 87 above are repeated and

9    incorporated as though fully set forth herein.

10           78.    Because Respondents have failed to adjudicate each named Plaintiff's

11   naturalization application within 120 days after the date of his or her naturalization examination,

12   each named Plaintiff is entitled to de novo adjudication of his or her naturalization application by

13   this Court under 8 U.S.C. § 1447(b).

14           79.    This Court should grant each named Plaintiff's naturalization application pursuant

15   to 8 U.S.C. § 1447(b), because each named Plaintiff meets all of the requirements for

16   naturalization under chapter 2 of the Immigration and Nationality Act, 8 U.S.C. § 1421 *et seq.*,

17   and therefore has a right to become a naturalized citizen of the United States.

18                                        **COUNT TWO**

19                                  **UNREASONABLE DELAY**

20              **IN VIOLATION OF THE ADMINISTRATIVE PROCEDURES ACT**

21     **[By the Named Plaintiffs on Behalf of the Proposed Class Against All Defendants]**

22           80.    The allegations contained in paragraphs 1 through 90 above are repeated and

23   incorporated as though fully set forth herein.

24           81.    The Administrative Procedure Act requires administrative agencies to conclude

25   matters presented to them "within a reasonable time." 5 U.S.C. § 555. A district court reviewing

26   agency action may "compel agency action unlawfully withheld or unreasonably delayed." 5

27   U.S.C. § 706(1). The court also may hold unlawful and set aside agency action that, inter alia, is

28   found to be: "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with

                                                18

1   law," 5 U.S.C. § 706(2)(A); "in excess of statutory jurisdiction, authority, or limitations, or short

2   of statutory right," 5 U.S.C. § 706(2)(C); or "without observance of procedure required by law,"

3   5 U.S.C. § 706(2)(D). "Agency action" includes, in relevant part, "an agency rule, order, license,

4   sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. §551(13).

5       82.   The failure of Defendants Still, Emilio Gonzalez and Chertoff to adjudicate the

6   applications for naturalization of the proposed plaintiff class within a reasonable time on the

7   basis of delays in the processing of FBI name checks, in violation of 8 U.S.C. § 1446(d) and 8

8   C.F.R. § 335.3, violates the Administrative Procedure Act, 5 U.S.C. § 555(b); 5 U.S.C. §§

9   706(1), 706(2)(A), 706(2)(C), 706(2)(D).

10       83.   The failure of Defendants Alberto Gonzales and Mueller to complete FBI name

11   checks within a reasonable time period, with the full knowledge that CIS requires the completion

12   of such FBI name checks for adjudication of applications for naturalization of the proposed

13   plaintiff class, violates the Administrative Procedure Act, 5 U.S.C. § 555(b); 5 U.S.C. §§ 706(1),

14   706(2)(A), 706(2)(C), 706(2)(D).

15       84.   Defendants' failure to set reasonable deadlines for completing FBI name checks,

16   to track the number and status of naturalization cases awaiting final adjudication solely on the

17   basis of FBI name checks, to track the number and status of naturalization cases awaiting final

18   adjudication for more than 120 days after the naturalization examinations, and to take all the

19   other reasonable steps necessary to complete the adjudication of applications for naturalization of

20   the proposed plaintiff class, in violation of 8 U.S.C. § 1446(d) and 8 C.F.R. § 335, violates the

21   Administrative Procedure Act, 5 U.S.C. § 555(b); 5 U.S.C. §§ 706(1), 706(2)(A), 706(2)(C),

22   706(2)(D).

23       85.   As a result of Defendants' actions, Plaintiffs and members of the proposed class

24   have suffered and continue to suffer injury. Declaratory and injunctive relief are therefore

25   warranted.

26

27

28

1

2                                **COUNT THREE**

3      **FAILURE TO FOLLOW NOTICE-AND-COMMENT REQUIREMENTS OF THE**

4                         **ADMINISTRATIVE PROCEDURES ACT**

5          **[By the Named Plaintiffs Against Defendants Still, Emilio Gonzalez and Chertoff]**

6          86.     The allegations contained in paragraphs 1 through 96 above are repeated and

7      incorporated as though fully set forth herein.

8          87.     By regulation, CIS is required to conduct a criminal background check before a

9      naturalization application can be granted.  8 C.F.R. § 335.2(b).  CIS does conduct or cause to be

10     conducted criminal background checks, including a check of a naturalization applicant's

11     fingerprints against the FBI's criminal records, and a check of an applicant's name against a

12     multi-agency law enforcement database known as the Interagency Border Inspection System

13     ("IBIS").

14         88.     In or about November 2002, CIS implemented an expanded version of a third

15     background check known as an FBI name check, which goes beyond the criminal background

16     check required by statute and regulation.  Unlike the databases searched during the criminal

17     background checks, the expanded FBI name check runs applicants' names against a database

18     containing names of persons who have never been convicted of, arrested for, or even suspected

19     of a crime – including innocent witnesses and even crime victims.  This added requirement of an

20     FBI name check constitutes a substantive rule that departed from prior policy and practice.

21         89.     Defendants implemented the expanded FBI name check requirement for

22     naturalization without giving notice and providing a period for public comment, even though the

23     name check requirement has an adverse impact on individuals whose naturalization applications

24     are delayed due to the name check.

25         90.     The Administrative Procedures Act requires that administrative agencies provide

26     the public with notice and an opportunity to comment prior to promulgating substantive rules,

27     such as implementation of new requirements for naturalization.  5 U.S.C. § 553.

28         91.     Defendants' failure to provide a notice-and-comment period prior to

                                            20

1 │ implementing the FBI name check requirement violates the Administrative Procedures Act, 5

2 │ U.S.C. § 553.

3 │ ## COUNT FOUR

4 │ ## VIOLATION OF FIFTH AMENDMENT DUE PROCESS CLAUSE

5 │ **[By the Named Plaintiffs on Behalf of the Proposed Class Against All Defendants]**

6 │     92.    The allegations contained in paragraphs 1 through 101 above are repeated and

7 │ incorporated as though fully set forth herein.

8 │     93.    The Due Process Clause of the Fifth Amendment prohibits the government from

9 │ depriving any person of life, liberty or property without due process of law.

10 │     94.    Plaintiffs have a liberty or property interest in having their naturalization

11 │ applications decided within a reasonable time period.

12 │     95.    Defendants Still, Emilio Gonzalez and Chertoff have a pattern, practice or policy

13 │ of failing to adjudicate the applications for naturalization of the proposed plaintiff class within a

14 │ reasonable time period because of delays in FBI name checks, in violation of 8 U.S.C. § 1446(d)

15 │ and 8 C.F.R. § 335. Defendants Alberto Gonzales and Mueller have a pattern, practice or policy

16 │ of failing to complete FBI name checks in a reasonably timely manner, with the full knowledge

17 │ that CIS requires the completion of FBI name checks for adjudication of applications for

18 │ naturalization of the proposed plaintiff class. Defendants have a pattern, practice or policy of

19 │ failing to set deadlines for completing FBI name checks and to take all the other reasonable steps

20 │ necessary to complete the adjudication of applications for naturalization of the proposed plaintiff

21 │ class, in violation of 8 U.S.C. § 1446(d) and 8 C.F.R. § 335.3. These actions by Defendants

22 │ violate Plaintiffs' rights to due process of law.

23 │     96.    As a result of Defendants' actions, Plaintiffs and members of the proposed class

24 │ have suffered and continue to suffer injury. Declaratory and injunctive relief are therefore

25 │ warranted.

26

27

28

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND
PETITION FOR NATURALIZATION PURSUANT TO 8 U.S.C. § 1447(B)

**PRAYER FOR RELIEF**

WHEREFORE, in view of the arguments and authority noted herein, Petitioner prays for the following relief:

a.      Assume jurisdiction over the matter;

b.      Certify this case as a class action lawsuit, as proposed herein;

c.      Review de novo and grant the named Plaintiffs' applications for naturalization, pursuant to 8 U.S.C. § 1447(b);

d.      Order Defendants to promptly adjudicate, in a time period not to exceed 90 days, the currently pending applications for naturalization of all members of the proposed class;

e.      Order Defendants to adjudicate, within a reasonable time period not to exceed 180 days from the date of the application date, all applications for naturalization that shall be submitted in the future by members of the proposed class, as required by governing law;

f.      Order that any name checks Defendants choose to conduct shall be completed in a manner that does not delay adjudication of naturalization applications by members of the proposed class beyond 180 days from the date the application is received by CIS;

g.      Order Defendants to adopt a procedure for identifying naturalization cases awaiting final adjudication based solely on FBI name checks, and for identifying naturalization cases awaiting final adjudication for more than 120 days after successful completion of the naturalization examination, or 180 days from the date CIS receives the naturalization application;

h.      Issue a declaratory judgment holding unlawful: (a) the failure of Defendants Still, Emilio Gonzalez and Chertoff to adjudicate applications for naturalization within 180 days of the date of the naturalization application is received by CIS; (b) The failure of Defendants Alberto Gonzales and Mueller to complete FBI name checks within a reasonable

22

1   time; and (c) Defendants' failures to take all necessary steps to adjudicate

2   applications for naturalization within 180 days of receipt by CIS.

3       i.      Award reasonable attorney fees and costs pursuant to the Equal Access to

4   Justice Act, 5 U.S.C. § 504, 28 U.S.C. § 2412; and

5       j.      Grant any and all further relief this Court deems just and proper.

6   Dated: July 2, 2007                              Respectfully submitted,

7                                                    CECILLIA D. WANG
                                                     LUCAS GUTTENTAG
8                                                    AMERICAN CIVIL LIBERTIES UNION
                                                        FOUNDATION
9                                                    IMMIGRANTS' RIGHTS PROJECT
                                                     39 Drumm Street
10                                                   San Francisco, CA 94111

11                                                   JULIA HARUMI MASS
                                                     ALAN L. SCHLOSSER
12                                                   AMERICAN CIVIL LIBERTIES UNION
                                                        FOUNDATION OF NORTHERN
13                                                      CALIFORNIA
                                                     39 Drumm Street
14                                                   San Francisco, CA 94111

15                                                   SIN YEN LING
                                                     JOREN LYONS
16                                                   ASIAN LAW CAUCUS
                                                     939 Market Street, Suite 201
17                                                   San Francisco, CA 94103
                                                     Telephone: (415) 896-1701
18                                                   Facsimile: (415) 896-1702

19                                                   TODD GALLINGER
                                                     Of Counsel
20                                                   COUNCIL ON AMERICAN-ISLAMIC
                                                        RELATIONS (CAIR) – SAN
21                                                      FRANCISCO BAY AREA
                                                     3000 Scott Boulevard, Suite 212
22                                                   Santa Clara, CA 95054
                                                     Telephone: (408) 986-9874
23                                                   Facsimile: (408) 986-9875

24
                                            By:   _____
25                                                CECILLIA D. WANG

26                                                Attorneys for Plaintiffs

27

28

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND
PETITION FOR NATURALIZATION PURSUANT TO 8 U.S.C. § 1447(B)