1  CECILIA D. WANG (CSB #187782)
   LUCAS GUTTENTAG (CSB #90208)
2  AMERICAN CIVIL LIBERTIES UNION
        FOUNDATION
3  IMMIGRANTS' RIGHTS PROJECT
   39 Drumm Street
4  San Francisco, CA 94111
   Telephone: (415) 343-0775
5  Facsimile: (415) 395-0950
   Email: CWang@aclu.org
6
   Attorneys for Plaintiffs-Petitioners
7  *Additional counsel listed on following page

8

9               UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11                SAN FRANCISCO DIVISION

12

13  ALIA AHMADI, VLADIMIR MIKULICIC,
    IGOR OVCHINNIKOV, BILJANA
    PETROVIC, SERGEI SAPOZHNIKOV,
14  EIMAN TAKY and YAN WANG,
                                            Case No.  07-CV-3455-WHA
15             Plaintiffs-Petitioners,

16        v.                                **NOTICE OF MOTION AND MOTION
                                            FOR CLASS CERTIFICATION;
17  MICHAEL CHERTOFF, U.S. Secretary of     MEMORANDUM OF POINTS AND
    Homeland Security; ROBERT S. MUELLER    AUTHORITIES IN SUPPORT THEREOF**
18  III, Director of the Federal Bureau of
    Investigation; ALBERTO GONZALES,        Judge:  Hon. William A. Alsup
19  Attorney General of the United States;  Date:   October 11, 2007
    EMILIO T. GONZALEZ, Director, U.S.      Time:   8:00 a.m.
20  Department of Homeland Security, Bureau of
    Citizenship and Immigration Services; DAVID
21  STILL, District Director, U.S. Department of
    Homeland Security, Bureau of Citizenship and
22  Immigration Services, San Francisco District,

23             Defendants-Respondents.

24

25

26

27

28
                                    1

Additional counsel:

JULIA HARUMI MASS (CSB #189649)
ALAN L. SCHLOSSER (CSB #49957)
AMERICAN CIVIL LIBERTIES UNION
    FOUNDATION OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-8437

SIN YEN LING*
JOREN LYONS (CSB #203403)
ASIAN LAW CAUCUS
939 Market Street, Suite 201
San Francisco, CA 94103
Telephone:  (415) 896-1701
Facsimile:  (415) 896-1702

*Application for admission pro hac vice forthcoming

Of counsel:

TODD GALLINGER (CSB #238666)
COUNCIL ON AMERICAN-ISLAMIC RELATIONS
    (CAIR) – SAN FRANCISCO BAY AREA
3000 Scott Boulevard, Suite 212
Santa Clara, CA 95054
Telephone:  (408) 986-9874
Facsimile:  (408) 986-9875

1

## NOTICE OF MOTION

2   TO THE COURT, ALL PARTIES AND COUNSEL OF RECORD:

3           PLEASE TAKE NOTICE that on October 11, 2007, at 8:00 a.m., before the Honorable

4   William H. Alsup, at the United States Courthouse at 450 Golden Gate Avenue, San Francisco,

5   California, Plaintiffs will and hereby do move the Court for an order certifying a class in this

6   matter as follows:  All persons residing within the jurisdiction of the United States District Court

7   for the Northern District of California who have submitted or will submit applications for

8   naturalization to CIS, and who have met all statutory requirements for naturalization, and whose

9   applications for naturalization are not adjudicated within 120 days of the date of their

10  naturalization examinations because of a pending FBI name check.

11          Plaintiffs further will and hereby do move for an order appointing them as representatives

12  of the class defined above, appointing Plaintiffs' counsel as counsel for the class, and requiring

13  the government to identify members of the class.

14          This Motion is made pursuant to the Federal Rule of Civil Procedure 23(a) and 23(b)(2).

15  Plaintiffs move for certification of a class with regard to the second, third and fourth causes of

16  action in the First Amended Complaint.  The Motion is based upon this Notice of Motion, the

17  attached Memorandum of Points and Authorities, and the declarations of Sin Yen Ling, Yumna

18  Daimee, Leona Kwon and Helen Sterling filed herewith.

19

20

21

22

23

24

25

26

27

28

MOTION FOR CLASS CERTIFICATION
07-CV-3455-WHA

1    Dated:  September 5, 2007                    Respectfully submitted,

2                                                CECILLIA D. WANG
                                                 LUCAS GUTTENTAG
3                                                AMERICAN CIVIL LIBERTIES UNION
                                                      FOUNDATION
4                                                IMMIGRANTS' RIGHTS PROJECT
                                                 39 Drumm Street
5                                                San Francisco, CA 94111

6                                                JULIA HARUMI MASS
                                                 ALAN L. SCHLOSSER
7                                                AMERICAN CIVIL LIBERTIES UNION
                                                      FOUNDATION OF NORTHERN
8                                                      CALIFORNIA
                                                 39 Drumm Street
9                                                San Francisco, CA 94111

10                                               SIN YEN LING
                                                 JOREN LYONS
11                                               ASIAN LAW CAUCUS
                                                 939 Market Street, Suite 201
12                                               San Francisco, CA 94103
                                                 Telephone:  (415) 896-1701
13                                               Facsimile:  (415) 896-1702

14                                               TODD GALLINGER
                                                 Of Counsel
15                                               COUNCIL ON AMERICAN-ISLAMIC
                                                      RELATIONS (CAIR) – SAN
16                                               FRANCISCO BAY AREA
                                                 3000 Scott Boulevard, Suite 212
17                                               Santa Clara, CA 95054
                                                 Telephone:  (408) 986-9874
18                                               Facsimile:  (408) 986-9875

19
                                      By:  _____/s/_____
20                                               CECILLIA D. WANG

21                                               Attorneys for Plaintiffs

22

23

24

25

26

27

28

---

4

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs filed this lawsuit in order to challenge the government's practice and policy of delaying naturalization applications for prolonged periods of time – often years – pending so-called "FBI name checks."  As the government itself has acknowledged, the "FBI name checks, one of several security screening tools used by USCIS [U.S. Citizenship and Immigration Services] continue to significantly delay adjudication of immigration benefits for many customers, hinder backlog reduction efforts, and may not achieve their intended national security benefits."  *See* First Am. Compl. ("FAC") ¶ 8 (citing CIS Ombudsman, Annual Report 2007, at 37 (emphasis in original), available at http://www.dhs.gov/xabout/structure/gc_1183751418157.shtm).  The government implemented these FBI name checks as a requirement for naturalization without providing the public with an opportunity for notice and comment, in violation of the Administrative Procedures Act, 5 U.S.C. § 553.  In their implementation of the FBI name check, Defendants have caused nationwide, systemic delays in the processing of naturalization applications.  These delays have caused serious harm to Plaintiffs and other members of the proposed class, who are all long-time lawful permanent residents who meet all statutory requirements for naturalization and wish to pledge allegiance to their adopted country and to participate fully in civic life in the United States.

Through the instant motion, Plaintiffs seek certification of a class of persons who, like Plaintiffs, are still waiting for a decision on their naturalization applications even though more than 120 days have passed since their naturalization examinations.  Through the second, third and fourth causes of action in the First Amended Complaint, Plaintiffs seek declaratory and injunctive relief in the form of an order requiring the government to complete its FBI name checks and to render final decisions on naturalization applications within a reasonable time period.

This case meets every requirement for class certification under Rule 23.  Indeed, without class certification, there can be no effective remedy for the government's policies and practices, which have affected tens of thousands of people nationwide.  According to

publicly available records, as of May 2007, U.S. Citizenship and Immigration Services ("CIS") reported that nationwide, there were 211,341 naturalization applications that had been pending for more than 90 days due to an FBI name check and 106,738 applications that had been pending for more than one year. *See* FAC ¶ 93 (citing CIS Ombudsman, Annual Report 2007, at 37). As of June 2007, there were 31,144 naturalization cases that had been pending for more than 33 months due to an FBI name check. *Id.* Plaintiffs' counsel at the American Civil Liberties Union, Asian Law Caucus and the Council on American-Islamic Relations have been contacted by at least 361 individuals who meet the proposed class definition. Moreover, the problem appears to be worsening. From 2006 to 2007, the number of delayed naturalization cases increased by 93,358 nationwide. *Id.* While the exact number of persons affected in this District is unknown to Plaintiffs, they have made more than an adequate showing that the number is sufficient to justify certification of a class.

In this action, Plaintiffs raise questions of law and fact that are common to every member of the proposed class. Plaintiffs allege that the Defendants' policies and practices of prolonged delay in the processing of FBI name checks and naturalization applications violate the Administrative Procedures Act and the Due Process Clause. Regardless of the individual merits of any given naturalization application – i.e., whether an applicant is granted or denied naturalization – each member of the proposed class raises identical legal questions about the lawfulness of the government's policies and procedures causing the delay. If Plaintiffs are successful in their claims for declaratory and injunctive relief, the entire class would benefit from the imposition of reasonable deadlines that are consistent with Congress's intent as expressed in statutes relating to naturalization and more generally in the Administrative Procedures Act.

## ARGUMENT

Plaintiffs move for certification of a class of persons affected by Defendants' policies and practices, defined as follows:

All persons residing within the jurisdiction of the United States District Court for

the Northern District of California who have submitted or will submit applications for naturalization to CIS, and who have met all statutory requirements for naturalization, and whose applications for naturalization are not adjudicated within 120 days of the date of their naturalization examinations because of a pending FBI name check.

As thus defined, this action meets the requirements for class certification under Federal Rule of Civil Procedure 23, which requires (1) that the number of persons is so numerous that joinder of all members as parties is impracticable; (2) that there are common questions of law or fact; (3) that the claims of the proposed named plaintiffs are typical of those of the class; and (4) that the named plaintiffs and their counsel will fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a); *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 613 (1997).  This action also meets the additional requirements for class certification set forth in Federal Rule of Civil Procedure 23(b)(2), which requires that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole."  *See Amchem Products*, 521 U.S. at 614 (in addition to meeting four requirements of Rule 23(a), case must be maintainable under Rule 23(b)(1), (2) or (3)).  As set forth in the First Amended Complaint, the government has implemented practices and policies of delaying the processing of FBI name checks and naturalization applications that affect the proposed class as a group.

I.      **THIS CASE MEETS THE REQUIREMENTS FOR CLASS CERTIFICATION UNDER RULE 23.**

     A.      **Federal Rule of Civil Procedure 23(a)**

          1.      **Numerosity and Impracticability of Joinder**

As set forth in the First Amended Complaint and the Declarations of Sin Yen Ling, Yumna Daimee, Leona Kwon and Helen Sterling, Plaintiffs are aware of at least 361 individuals in the Northern District of California who are suffering from delays in

excess of 120 days from the time of their naturalization examinations, and who are suffering delay because of a pending FBI name check.  *See* Decl. of Sin Yen Ling in Support of Plaintiffs' Mot. for Class Certification ¶ 2 (Asian Law Caucus contacted by at least 230 individuals); Decl. of Yumna Daimee in Support of Plaintiffs' Mot. for Class Certification ¶ 2 (Council on American-Islamic Relations contacted by at least 71 individuals); Decl. of Leona Kwon in Support of Plaintiffs' Mot. for Class Certification ¶ 2 (ACLU contacted by 55 individuals); Decl. of Helen Sterling in Support of Plaintiffs' Mot. for Class Certification ¶ 2 (ACLU contacted by additional five individuals).  This showing is more than sufficient to meet the numerosity requirement of Rule 23(a)(1).  Given the large number of potential class members, joinder of all of them would be impracticable.  *See Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964) (numerosity inquiry asks whether joinder is impracticable, not whether it is impossible).  Although there is no numerical cut-off for certification under Rule 23, *General Tel. Co. of the Northwest, Inc. v. EEOC*, 446 U.S. 318, 330 (1980), courts have presumed that the numerosity requirement is met when there are more than 40 putative class members.  *Celano v. Marriott Int'l, Inc.*, 242 F.R.D. 544, 549 (N.D. Cal. 2007) (noting that courts generally will find numerosity requirement satisfied if class comprises 40 or more members); 2 William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial at 10-44 (citing *Ansari v. New York Univ.*, 179 F.R.D. 112, 114 (S.D.N.Y. 1998); *Consolidated Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995)).

In addition to the 361 putative class members who have been in contact with Plaintiffs' counsel, there are undoubtedly many other persons in this District who fall within the proposed class, unknown to Plaintiffs.  According to the government's own publicly released figures, as of May 2007, there were 211,341 naturalization applications nationwide that had been pending for more than 90 days due to an FBI name check and 106,738 applications that had been pending for more than one year.  FAC ¶ 93 (citing CIS Ombudsman, Annual Report 2007, at 37).  As of June 2007, there were 31,144

naturalization cases nationwide that had been pending for more than 33 months due to an FBI name check.[1]  *Id.*  The number of delayed applications increased by 93,358 from 2006 to 2007. *Id.*  Thus, joinder of all putative class members is impracticable not only because of their numerosity, but also because their identities are unknown to the Plaintiffs.[2]  While the exact size of the class is unknown to Plaintiffs, it certainly numbers at least in the hundreds and is highly likely to number in the thousands.  The Court may determine based on general knowledge and common sense, in addition to the large number of known putative class members, that the numerosity requirement is met. *Moeller v. Taco Bell Corp.*, 220 F.R.D. 604, 608 (N.D. Cal. 2004) (citing 1 Newberg on Class Actions § 3:6; *Haley v. Medtronic, Inc.*, 169 F.R.D. 643, 648 (C.D. Cal. 1996)).

In addition, joinder of all the class members is impracticable for logistical reasons.  First, many members of the putative class do not have the resources to file individual lawsuits.  As set forth in the accompanying declarations of Sin Yen Ling and Yumna Daimee, many persons suffering from naturalization delays are low-income immigrants.  Decl. of Sin Yen Ling in Support of Motion for Class Certification ¶ 4; Decl. of Yumna Daimee in Support of Motion for Class Certification ¶ 4.  Under those

---

[1] It is likely that a significant percentage of these delayed applications arise in the Northern District of California.  According to statistics published by the government, two geographical areas encompassed by this judicial district are ranked seventh and ninth nationally in numbers of naturalizations.  *See Yearbook of Immigration Statistics: 2006*, Table 23, Persons Naturalized by Core Based Statistical Area (CBSA) of Residence: Fiscal Years 1997 to 2006, *available at* http://www.dhs.gov/ximgtn/statistics/publications/YrBk06Na.shtm (copy attached hereto as Exhibit A).  In 2006, there were 38,171 naturalizations in the "San Francisco-Oakland-Fremont" and "San Jose-Sunnyvale-Santa Clara" areas combined, which represented approximately 5.43% of 702,589 naturalizations nationwide.  *Id.*  The Court may take judicial notice of these public records.  Fed. R. Evid. 201; *Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)).  Based on these figures, one could estimate roughly that if delays are spread proportionally by geographical area, there may be approximately 5,795 naturalization applications in this region that have been delayed more than one year, based on a calculation of 5.43% of the 106,738 applications reported to have been pending for more than one year by the CIS Ombudsman in his 2006 report.  But in any event, the declarations in support of this motion establish sufficient numerosity based on 361 known individuals.

[2] Under such circumstances, where Defendants are in the best position to identify class members, they should be required to do so.  *Cf. Barahona-Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999) (although ordinarily plaintiffs are responsible for providing notice to class members, government could be required to do so where it may perform that task with less difficulty or expense).

MOTION FOR CLASS CERTIFICATION
07-CV-3455-WHA

circumstances, joinder of all putative class members is impracticable. *Santillan v. Ashcroft*, No. C-04-2686-MHP, 2004 WL 2297990 at *10 (N.D. Cal. Oct. 12, 2004) ("Limited economic resources may indeed limit the ability of class members to bring individual lawsuits and provide one factor in assessing whether joinder is impracticable.") (citing *Lynch v. Rank*, 604 F. Supp. 30 (N.D. Cal.), aff'd, 747 F.2d 528 (9th Cir. 1984)). Second, the proposed class definition includes persons who will become class members in the future. The impracticability of joinder of such future class members is also a factor warranting class certification. *Santillan*, 2004 WL 2297990 at *9.

This case clearly meets Rule 23(a)'s numerosity requirement.

### 2. Commonality

Plaintiffs seek certification of a class of persons whose naturalization applications have been pending for more than 120 days since their naturalization examinations as the result of a delay in an FBI name check. In order to succeed in this motion, Plaintiffs must show that there is a common issue of law or fact. Fed. R. Civ. P. 23(a)(2); *Dukes v. Wal-Mart, Inc.*, 474 F.3d 1214, 1225 (9th Cir. 2007); *Amchem Products*, 521 U.S. at 613. Courts have recognized that the commonality requirement does not impose a heavy burden. *Staton v. Boeing Co.*, 327 F.3d 938, 953 (9th Cir. 2003) ("Rule 23(a)(2) has been construed permissively"); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998) (same); *Dukes*, 474 F.3d at 1225 ("all questions of law and fact need not be common to satisfy the rule"). Plaintiffs easily meet this requirement as this action raises multiple questions of both law and fact that are common to all members of the putative class. First, all of the members of the proposed class share the factual background of (1) having their naturalization delayed for at least 120 days since their naturalization examinations; (2) meeting all statutory requirements for naturalization; and (3) being subject to delay because of a pending FBI name check. In addition, this case raises factual questions common to the class, including but not limited to:

- Whether CIS's practices and policies have resulted in systemic and unreasonable delays in processing of naturalization applications;

10

- Whether FBI's practices and policies have resulted in systemic and unreasonable delays in processing of naturalization applications;

- Whether CIS violated the Administrative Procedures Act by failing to promulgate a regulation, with notice to the public and an opportunity for comment, in implementing the FBI name check as a requirement for naturalization.

This case also raises numerous legal questions common to the class, including but not limited to:

- Whether CIS's practices and policies relating to the FBI name check for naturalization applicants violate the Administrative Procedures Act's requirement that government agencies conclude matters within a reasonable time;

- Whether FBI's practices and policies relating to the FBI name check for naturalization applicants violate the Administrative Procedures Act's requirement that government agencies conclude matters within a reasonable time;

- Whether CIS's failure to promulgate a regulation with public notice and comment violates the Administrative Procedures Act, 5 U.S.C. § 553;

- Whether CIS's practices and policies of systemic, prolonged delays in naturalization violate the Due Process Clause; and

- Whether FBI's practices and policies of systemic, prolonged delays in processing of FBI name checks for naturalization applicants violate the Due Process Clause.

While members of the class may differ in whether they ultimately should be granted citizenship, those issues are not present in this case as Plaintiffs do not ask the Court to naturalize the entire class. Rather, the class claims (the second, third and fourth causes of action in the First Amended Complaint) challenge the government's policies and practices with respect to FBI name check-related delays in the naturalization process and seek declaratory and injunctive relief

1    to force the government to adjudicate applications in a reasonably timely manner.  Thus, there

2    are no divergent issues of law or fact within the proposed class that would defeat class

3    certification.  *See Walters v. Reno*, 145 F.3d 1032, 1046 (9th Cir. 1998) (differences among class

4    members regarding merits of individual cases were "simply insufficient to defeat the propriety of

5    class certification"); *Celano*, 242 F.R.D. at 551; *see also Forbush v. J.C. Penney Co., Inc.*, 994

6    F.2d 1101, 1106 (5th Cir. 1993) (need for subsequent individual proceedings "does not supply a

7    basis for concluding that [named plaintiff] has not met the commonality requirement"); *Doe v.*

8    *Los Angeles Unified Sch. Dist.*, 48 F. Supp. 2d 1233, 1241 (C.D. Cal. 1999) ("[C]ommonality

9    exists if plaintiffs share a common harm or violation of their rights, even if individualized facts

10   supporting the alleged harm or violation diverge.").  Even a single common issue that is central

11   to the case can justify class certification.  *Celano*, 242 F.R.D. at 551; *Hanlon*, 150 F.3d at 1019

12   (commonality requirement is met either by common legal issue with divergent factual predicates

13   or by common core of facts with disparate legal remedies); *Krzesniak v. Cendant Corp.*, No. C-

14   05-05156-MEJ, 2007 WL 1795703 at *7 (N.D. Cal. June 20, 2007) ("The existence of shared

15   legal issues with divergent factual predicates is sufficient, as is a common core of salient facts

16   coupled with disparate legal remedies within the class.).  As set forth above, there are several

17   such common issues in this case.  Thus, the commonality requirement is met.

18                    **3.        Typicality**

19           Plaintiffs' claims are typical of the claims of the proposed class, as required for class

20   certification under Rule 23(a)(3).  "Under the rule's permissive standards, representative claims

21   are typical if they are reasonably co-extensive with those of absent class members; they need not

22   be substantially identical."  *Hanlon*, 150 F.3d at 1020; *see also Krzesniak*, 2007 WL 1795703 at

23   *9 (quoting *Hanlon*).  "While typicality and commonality 'tend to merge' … typicality focuses

24   on whether the named plaintiffs possess the 'same interest and suffer the same injury' as class

25   members."  *Krzesniak*, 2007 WL 1795703 at *8 (citation omitted).  In this case, the named

26   Plaintiffs and all the members of the proposed class are suffering from prolonged delays in the

27   processing of their naturalization applications because of a pending FBI name check.  They have

28   identical claims for declaratory and injunctive relief and an identical interest in enforcing

1   reasonable time limits on the government's processing of naturalization applications.  Any

2   possible differences in the reasons for delay in the FBI name checks of the individual plaintiffs

3   are not relevant.  *See Krzesniak*, 2007 WL 1795703 at *8 (citing *Hanon v. Dataproducts Corp.*,

4   976 F.2d 497, 508 (9th Cir. 1992) (typicality inquiry goes to "the nature of the claim … of the

5   class representative, and not to the specific facts from which it arose"); *Santillan*, 2004 WL

6   2297990 *11 (certifying class and rejecting government's argument that length of delay differed

7   among individuals because of different investigation results).  Thus Rule 23's typicality

8   requirement is met.

9                          **4.      Adequacy**

10          Plaintiffs meet the final requirement of Rule 23(a) as they will fairly and adequately

11  protect the interests of the proposed class.  Fed. R. Civ. P. 23(a)(4).  In order to satisfy the

12  adequacy requirement, Plaintiffs must show (1) that their interests are common with, and not

13  antagonistic to, the interests of the class; and (2) that they are able to prosecute the action

14  vigorously through qualified and competent counsel.  *Dukes*, 474 F.3d at 1233; *Linney v.

15  Cellular Alaska Partnership*, 151 F.3d 1234, 1238-39 (9th Cir. 1998); *Lerwill v. Inflight Motion

16  Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978).  As already set forth above, Plaintiffs share a

17  common interest with the proposed class members in enforcing reasonable time limits on the

18  government's processing of naturalization applications.

19          Plaintiffs also will be able to prosecute this action vigorously.  Plaintiffs are represented

20  by pro bono attorneys with the ACLU Immigrants' Rights Project, the ACLU of Northern

21  California and Asian Law Caucus, along with the Coalition on American-Islamic Relations.

22  These nonprofit organizations and the attorneys representing the Plaintiffs collectively have

23  extensive experience in immigration law and class action litigation, and have the necessary

24  resources and commitment to pursuing the interests of the class vigorously.

25          **B.      Federal Rule of Civil Procedure 23(b)(2)**

26          This case meets the requirements for certification of a class under Federal Rule of Civil

27  Procedure 23(b)(2), as Defendants "ha[ve] either acted or failed to act on grounds generally

28  applicable to the class, thereby making appropriate final injunctive relief or corresponding

1  declaratory relief with respect to the class as a whole."  The requirements of Rule 23(b)(2) are

2  satisfied if the class members complain of a pattern or practice that is generally applicable to the

3  class as a whole.  *Walters*, 145 F.3d at 1047.  This requirement is met, as Plaintiffs challenge

4  Defendants' practices and policies leading to systemic delays in the processing of naturalization

5  applications and FBI name checks.  *See* FAC ¶¶ 77-85, 105-21.  Plaintiffs seek declaratory and

6  injunctive relief from those practices and policies.

7  **II.    COURTS HAVE GRANTED CLASS CERTIFICATION IN SIMILAR CASES**

8  **        INVOLVING UNREASONABLE AGENCY DELAYS**

9          As set forth above, this case meets all the requirements of Rule 23(a) and (b)(2) for

10  certification of a class.  In similar cases challenging the government's policies and practices of

11  delay, courts have granted motions for class certification.  In *Santillan v. Ashcroft*, No. C-04-

12  2686-MHP, 2004 WL 2297990 (N.D. Cal. Oct. 12, 2004), a group of plaintiffs sought to certify a

13  class in an action challenging delays in issuance of documentation of lawful permanent resident

14  status due to the government's insistence that no such documents could be issued until after

15  certain security checks were complete.  *Id.* at *1.  The district court held that class certification

16  was warranted under Rule 23(a) and (b)(2).  First, the court held that the Plaintiffs met the

17  numerosity requirement of Rule 23(a)(1) in that they identified 49 individuals who were affected

18  by the alleged delays, demonstrated that economic and legal resources of the plaintiff class were

19  likely to be a barrier to individual prosecution of actions, and demonstrated that "inclusion of

20  unknown future class members supports the impracticability of joinder." *Id.* at *9-10.  The

21  court also concluded that the Plaintiffs met the commonality and typicality requirements of Rule

22  23(a)(2) and (3), in that they were challenging a policy resulting in delay, and therefore shared

23  "substantially identical questions of law." *Id.* at *10.  In particular, the district court noted that

24  while there might have been differences in the length of delay suffered by individuals, due to

25  different investigation results or the size of the agency's backlog, the class members all shared

26  common interests and harms. *Id.* at *11.  Finally, the court held that the Plaintiffs satisfied the

27  requirements for certification under Rule 23(b)(2), in that they were seeking injunctive relief to

28  change a "a set of national policies and practices in place for background and security checks."

1    *Id.* at *12.

2          Based upon similar reasoning, in *Cockrum v. Califano*, 475 F. Supp. 1222 (D.D.C. 1979),

3    *remanded without opinion sub nom. Cockrum v. Harris*, 634 F.2d 1358 (D.C. Cir. 1980), a

4    district court certified a class in an action challenging delays in appeals of denial, termination or

5    reduction of certain benefits by the Social Security Administration. *Id.* at 1225. The plaintiffs

6    sought to certify a class defined as "residents of the District of Columbia who have filed claims

7    for benefits under … the Social Security Act, and who have suffered a delay of 120 days or

8    longer in obtaining a final decision on their appeal…." *Id.* at 1231 (first ellipsis in original). The

9    district court granted the motion for class certification, holding that the proposed class "unites

10   people with the factual similarity of suffering delays of 120 days or longer in receiving a

11   decision on their appeals…" and that there was a common legal issue as to whether the

12   defendants had breached a duty to render decisions within a reasonable time. *Id.* at 1236. The

13   court concluded that "[a]ll class members share a common interest in prompt decisions on their

14   appeals; plaintiffs seek to advance that interest." *Id.*

15         Similarly, in *Tonya K. v. Chicago Bd. of Educ.*, 551 F. Supp. 1107 (N.D. Ill. 1982), the

16   district court certified a class of disabled children who were excluded from public schools

17   because of their disabilities, and who were not provided with a timely placement in a private

18   educational facility. *Id.* at 1108. The plaintiffs sought relief from the school board's delays in

19   placing them in private facilities. *Id.* The district court granted the class certification motion,

20   holding that the plaintiffs had presented a common legal issue as to whether the defendants'

21   actions constituted an unlawful, untimely delay in the plaintiffs' legal rights. In doing so, the

22   court rejected the defendants' arguments that the delay in placement was too vague for judicial

23   oversight, *id.* at 1110, and that the plaintiffs did not present a common issue because the delays

24   were caused by individual circumstances, *id.* at 1111.

25         And finally, in *Robidoux v. Celani*, 987 F.2d 931 (2d Cir. 1993), the Second Circuit

26   vacated a district court order denying class certification in a case challenging delays in

27   processing public assistance benefits. The court of appeals held that class certification should be

28   granted, finding that the named plaintiffs had met all the requirements of Rule 23(a) and (b)(2).

The court noted, among other things, that consolidation of over 100 individual cases in a class action served judicial economy and that the potential class members were economically disadvantaged and therefore would be hard-pressed to bring individual suits. *Id.* at 936. The court also determined that an injunction requiring timely decisions by the defendant agency would affect all potential class members, while individual suits could lead to potentially inconsistent results. *Id.*

The foregoing cases present class certification issues that are materially similar to those in the instant case. In the instant case, like those discussed above, a group of named plaintiffs seek to represent a class of similarly situated individuals who are suffering from particular government policies and practices leading to delay in processing a benefit. The plaintiffs seek injunctive and declaratory relief from those policies and practices and raise common legal and factual issues. Under these circumstances, and because Plaintiffs have met all the requirements of Rule 23, class certification is warranted.

## III.    TO THE EXTENT THERE ARE ANY QUESTIONS AS TO WHETHER CLASS CERTIFICATION IS WARRANTED, PLAINTIFFS SHOULD HAVE AN OPPORTUNITY FOR DISCOVERY

As set forth above, this case is ideally suited to class certification because of the nature of the injury being suffered by the named plaintiffs and a class of at least hundreds of other individuals in this district. To the extent the Court has any question as to whether class certification is warranted under Rule 23, it should permit Plaintiffs to conduct discovery in order to satisfy those questions. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978); *Del Campo v. Kennedy*, 236 F.R.D. 454, 459 (N.D. Cal. 2006) (citing *Oppenheimer Fund* and 2 William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial § 10:740).

### CONCLUSION

For the foregoing reasons, the Court should grant the Plaintiffs' motion, certify this matter as a class action as defined above, and appoint Plaintiffs' counsel as class counsel. Plaintiffs also respectfully request that the Court order Defendants to identify members of the

1   class.  To the extent that the Court believes additional information is necessary, it should permit

2   the Plaintiffs to conduct limited discovery on issues relating to class certification.

3   Dated:  September 5, 2007                              Respectfully submitted,

4                                                          CECILLIA D. WANG
                                                           LUCAS GUTTENTAG
5                                                          AMERICAN CIVIL LIBERTIES UNION
                                                               FOUNDATION
6                                                          IMMIGRANTS' RIGHTS PROJECT
                                                           39 Drumm Street
7                                                          San Francisco, CA 94111

8                                                          JULIA HARUMI MASS
                                                           ALAN L. SCHLOSSER
9                                                          AMERICAN CIVIL LIBERTIES UNION
                                                               FOUNDATION OF NORTHERN
10                                                              CALIFORNIA
                                                           39 Drumm Street
11                                                         San Francisco, CA 94111

12                                                         SIN YEN LING
                                                           JOREN LYONS
13                                                         ASIAN LAW CAUCUS
                                                           939 Market Street, Suite 201
14                                                         San Francisco, CA 94103
                                                           Telephone:  (415) 896-1701
15                                                         Facsimile:  (415) 896-1702

16                                                         TODD GALLINGER
                                                           Of Counsel
17                                                         COUNCIL ON AMERICAN-ISLAMIC
                                                               RELATIONS (CAIR) – SAN
18                                                         FRANCISCO BAY AREA
                                                           3000 Scott Boulevard, Suite 212
19                                                         Santa Clara, CA 95054
                                                           Telephone:  (408) 986-9874
20                                                         Facsimile:  (408) 986-9875

21                                             By:  _____/s/_____

22                                                         CECILLIA D. WANG

23                                                         Attorneys for Plaintiffs

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I, Cecillia D. Wang, declare as follows:

I hereby certify that today I electronically filed the foregoing NOTICE OF MOTION

AND MOTION FOR CLASS CERTIFICATION; MEMORANDUM OF POINTS AND

AUTHORITIES IN SUPPORT THEREOF with the Clerk of the Court using the ECF system,

which will send notification of such filing to the following email addresses:

| | |
|---|---|
| Alan Lawrence Schlosser<br>American Civil Liberties Union<br>  Foundation of Northern California | *Via ECF*<br>at *aschlosser@aclunc.org* |
| Joren Lyons<br>Asian Law Caucus | *Via ECF*<br>at *joren@asianlawcaucus.org* |
| Lucas Guttentag<br>American Civil Liberties Union<br>  Immigrants' Rights Project | *Via ECF*<br>at *lguttentag@aclu.org* |
| Julia Harumi Mass<br>American Civil Liberties Union<br>  Foundation of Northern California | *Via ECF*<br>at *jmass@aclunc.org* |
| Edward A. Olsen<br>United States Attorney's Office | *Via ECF*<br>at *edward.olsen@usdoj.gov* |
| Elizabeth J. Stevens<br>United States Department of Justice | *Via ECF*<br>at *elizabeth.stevens@usdoj.gov* |
| Jeffrey S. Robins<br>United States Department of Justice | *Via ECF*<br>at *jeffrey.robins@usdoj.gov* |

In addition, I hereby certify that on this 5th day of September 2007, true and correct

copies of the NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION;

MEMORANDUM OF POINTS AND AUTHORITIES were served by U.S. Mail on the

following counsel not registered for ECF:

| | |
|---|---|
| Sin Yen Ling<br>Asian Law Caucus<br>939 Market Street, Suite 201<br>San Francisco, CA 94103 | Todd Gallinger<br>Council on American-Islamic Relations<br>3000 Scott Boulevard, Suite 212<br>Santa Clara, CA 95054 |

I declare under penalty of perjury under the laws of the State of California that the above

1    is true and correct.

2

3    Dated: September 5, 2007
            San Francisco, California

4                                              _____/s/_____

5                                              CECILLIA D. WANG

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28