1  SCOTT N. SCHOOLS, SC 9990
   United States Attorney
2  JOANN M. SWANSON, CSBN 88143
   Assistant United States Attorney
3  Chief, Civil Division
   EDWARD A. OLSEN, CSBN 214150
4  Assistant United States Attorney

5       450 Golden Gate Avenue, Box 36055
        San Francisco, California 94102
6       Telephone: (415) 436-6915
        FAX: (415) 436-6927
7
   PETER D. KEISLER
8  United States Department of Justice
   Assistant Attorney General, Civil Division
9  ELIZABETH J. STEVENS VSBN 47445
   Senior Litigation Counsel
10 Office of Immigration Litigation
   JEFFREY S. ROBINS NY SBN 4355244
11 Trial Attorney

12      P.O. Box 878, Ben Franklin Station
        Washington, D.C. 20044
13      Telephone: (202) 616-1246
        FAX: (202) 233-0397
14      Attorneys for Defendants

15
                    UNITED STATES DISTRICT COURT
16
                   NORTHERN DISTRICT OF CALIFORNIA
17
                       SAN FRANCISCO DIVISION
18
   ALIA AHMADI, et al.,              )   No. C-07-3455-WHA
19                                    )
               Plaintiffs,            )   **REPLY IN SUPPORT OF DEFENDANTS'**
20                                    )   **MOTION TO DISMISS**
           v.                         )
21                                    )   Date: October 11, 2007
   MICHAEL CHERTOFF, et al.,          )   Time: 8:30 a.m.
22                                    )   Courtroom: 9, 19th Floor
                                      )
23             Defendants.            )
   _____)
24

25

26

27

28

Reply in Support of Defendants' Motion to Dismiss -
C-07-3455-WHA

# TABLE OF CONTENTS

I.   Plaintiffs Lack of Entitlement to Injunctive Relief is a
     Proper Issue for a Motion to Dismiss. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  The Individual Plaintiffs' Claims Should Be Remanded to
     USCIS Because Adjudication of a Naturalization Application
     Without the Benefit of a Full and Complete Background
     Investigation Would be Improper and Incomplete. . . . . . . . . . . . . . . . . . . . . . 2

     A.   The Requirement that Defendant USCIS Receive
          Completed FBI Name Checks Prior to Adjudication
          of Naturalization Applications is Appropriate. . . . . . . . . . . . . . . . . . . . . 3

     B.   Remand of Individual Naturalization Applications
          is Appropriate to Allow For Completion of FBI Name
          Checks or to Allow for USCIS's Adjudicatory Expertise
          after Name Checks are Completed.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

     C.   The Court May, and Should Remand To USCIS
          Without Instructions.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

     D.   Severance of Individual 1447(b) Claims Is Appropriate
          Where Defendants Would Be Prejudiced.. . . . . . . . . . . . . . . . . . . . . . . . . 6

III. Plaintiffs' Fail to State Claim for Which Relief Can be
     Granted Under the Administrative Procedures Act . . . . . . . . . . . . . . . . . . . . . . 7

     A.   8 U.S.C. § 1447(b) Provides An "Adequate Remedy
          in Court" and Precludes Review Under the Administrative
          Procedures Act.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

     B.   Alternatively, Plaintiffs Fail to State that USCIS or the FBI
          Have Mandatory Duties Regarding the Pace of Adjudication of
          Applications, Completion of Name Checks, or the Pace of Completion
          of Name Checks.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

     C.   As a Final Alternative, the Court May Dismiss Plaintiffs'
          APA Claims If It Finds that Defendants' Actions are
          Reasonable. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

IV.  Plaintiffs Fail to State a Cause of Action Under the APA's
     Notice and Comment Requirement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

V.   Plaintiffs Fail to State a Liberty or Property Interest in Timely
     Adjudication of Their Naturalization Application. . . . . . . . . . . . . . . . . . . . . . 13

VI.  Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

# TABLE OF AUTHORITIES

## FEDERAL CASES

Abbas v. Gonzales,
 No. 06-4553 (N.D. Ill. August 24, 2006). . . . . . . . . . . . . . . . . . . . . . . 7

Antonishin v. Keisler,
 No. 06-CV-2518 (E.D. Ill. Sept. 20, 2007). . . . . . . . . . . . . . 4, passim

Alkenani v. Barrows,
 356 F. Supp. 2d. 652 (N.D. Tex. 2005) . . . . . . . . . . . . . . . . . . . . . . . . 11

Alsamir v. USCIS,
 No. 0-cv-07151-WDM-BNB, 2007 WL 1430719
 (D. Colo. May 14, 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Bell Atlantic Corp. v. Twombly,
 127 S. Ct. 1955 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Bown v. Massachusetts,
 487 U.S. 879 (1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Center for Biological Diversity v. Veneman,
 394 F.3d 1108 (9th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Coughlin v. Rogers,
 130 F.3d 1348 (9th Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Espin v. Gantner,
 381 F. Supp. 2d 261 (S.D.N.Y. 2005). . . . . . . . . . . . . . . . . . . . . . . . . 11

Essa v. USCIS,
 No. 05-1449, 205 Dist. LEXIS 38803 (D. Minn. Dec. 14, 2005). . . . . . . 4

Federenko v. U.S.,
 449 U.S. 490 (1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

First National Bank of Arizona v. Cities Service Co.,
 391 U.S. 253 (1968). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Flagstaff Medical Center, Inc. v. Sullivan,
 962 F.2d 879 (9th Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Fraga v. Smith,
 607 F. Supp. 517 (D. Or. 1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Ibrahim v. Still,
 2007 WL 841790 (N.D. Cal. Mar. 30, 2007). . . . . . . . . . . . . . . . . . . . 5

INS v. Aguirre- Aguirre,
 526 U.S. 415 (1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

INS v. Pangilinan,
 486 U.S. 875 (1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*INS v. Ventura,*
 537 U.S. 12 (2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Khan v. Chertoff,*
 2006 U.S. Dist. LEXIS 48937 (D. Az. July 14, 2006). . . . . . . . . . . . 5

*Khelifa v. Chertoff,*
 433 F. Supp. 2d 836 (E.D. Mich. 2006). . . . . . . . . . . . . . . . . . . . 5

*Konchitsky v. Chertoff,*
 No C-07-00294 RNW 2007 WL 2070325 (N.D. Cal. July 13, 2007) . . . . . . . 11

*Land v. Dollar,*
 330 U.S. 731 (1947). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Lujan v. Defenders of Wildlife,*
 504 U.S. 555 (1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Manzoor v. Chertoff,*
 472 F. Supp. 2d 801 (E.D. Va. 2007). . . . . . . . . . . . . . . . . . . . . . 4

*McNary v. Haitian Refugee Center, Inc.,*
 498 U.S. 479 (1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*McNutt v. General Motors Acceptance Corp. of Ind.,*
 298 U.S. 178 (1936). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Morris v. Northrop Grumman Corp.,*
 37 F. Supp. 2d 556 (E.D.N.Y. 1999). . . . . . . . . . . . . . . . . . . . . . 7

*Norton v. Southern Utah Wilderness Alliance,*
 542 U.S. 55 (2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Paul Kadair, Inc. v. Sony Corp. of America,*
 694 F.2d 1017 (5th Cir. 1983). . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Saleh v. Ridge,*
 367 F. Supp. 2d 508 (S.D.N.Y. 2005). . . . . . . . . . . . . . . . . . . . . 11

*Shalabi v. Gonzales,*
 2006 WL 3032413 (E.D. Mo. 2006). . . . . . . . . . . . . . . . . . . . . . 12

*Stepchuck v. Gonzales,*
 No C06-570RSL, 2007 WL 185013 (W.D. Wash, Jan 18, 2007). . . . 12

*United States v. Fausto,*
 484 U.S. 439 (1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Ginsberg,*
 243 U.S. 472 (1917). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 13

*United States v. Hovsepian,*
 359 F.3d 1144 (9th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Walji, v. Gonzales,*
 No. 06-20937 (5th Cir. Sept. 14, 2007). . . . . . . . . . . . . . . . . . . 2, 5, 12

Walters v. Reno,
    143 F.3d 1032 (9th Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Yakubova v. Chertoff,
    No. 06-CV-3203 (E.D.N.Y). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Yang. v. California Department of Social Services,
    183 F.3d 953 (9th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## FEDERAL STATUTES

5 U.S.C. 704. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

8 U.S.C. § 1446(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

8 U.S.C. § 1447(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, passim

8 U.S.C. §1571(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

18 U.S.C. § 923(d)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Pub. L. No. 105-119, Title I, 111 Stat. 2448 (Nov. 26, 1997). . . .  3, 4, 10

## REGULATIONS

8 C.F.R. § 335.2(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

8 C.F.R. § 335.3. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## FEDERAL RULES OF CIVIL PROCEDURE :

Fed. R. Civ. P. 12. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed. R. Civ. P. 12(b)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Fed. R. Civ. P. 12(b)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Fed. R. Civ. P. 21. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

1

2
3       Defendants Michael Chertoff, Robert S. Mueller III, Peter D. Keisler,[1] Emilio T. Gonzalez,
and David Still (collectively "Defendants" or "Government"), by and through their undersigned

4   counsel, hereby file their reply in support of their preceding motion to dismiss under Fed. R. Civ.

5   P. 12, or alternatively request that the Court remand this matter to the United States Citizenship

and Immigration Services ("USCIS"), pursuant to 8 U.S.C. § 1447(b).

6   **I.   Plaintiffs Lack of Entitlement to Injunctive Relief is a Proper Issue for a Motion to**
7       **Dismiss**

8       Plaintiffs argue that allegations "that they have sustained and will continue to sustain

9   irreparable injury unless the [C]ourt grants injunctive relief," are sufficient to state a claim for

injunctive relief.  Plaintiffs' Opposition to Defendants' Motion to Dismiss ("Opp.") at 25.  To

10  qualify for injunctive relief, the class members must demonstrate that they will sustain irreparable

11  injury and that remedies at law are inadequate. *Walters v. Reno,* 143 F.3d 1032, 1048 (9th Cir.

12  1998) (citation omitted).  However, Plaintiffs' claims of a right to injunctive relief fail to state

13  more than mere labels, conclusions, or formulaic recitations of the elements of causes of action,

14  and thus this Court should find them insufficient to establish injury.  *See Bell Atlantic Corp. v.*

15  *Twombly*, 127 S.Ct. 1955, 1965 (2007).  The Court should not find that Plaintiffs' allegations of

16  irreparable injury are valid just because the Plaintiffs say so.

17      Plaintiffs allege that the named and putative class members are suffering prejudice from the

18  delay of their naturalization applications including: 1) inability to participate in civil society by

19  voting and jury service; 2) the effective inability to sponsor immediate relatives for lawful

20  permanent resident status; 3) the inability to travel freely as U.S. citizens, and 4) the harm of

21  having an uncertain status in the country they have made their home and where they have

22  established themselves as part of a community.  Opp. at ¶ 97.  Additional claims of individual

23  Plaintiffs include the claimed difficulty for a citizen of Afghanistan to receive a travel visa from

24  other governments, and the inability to obtain security clearances or travel abroad for extended

25  periods.  Opp. at ¶¶ 48, 53.

26

27

28  _____

[1] Pursuant to Fed. R. Civ. P. 25(d)(1), Defendants substitute Peter D. Keisler, Acting Attorney
General for the previously named Attorney General, Alberto Gonzales.

Reply in Support of Defendants' Motion to Dismiss -
C-07-3455-WHA                              1

1    Plaintiffs' claims of injury, however, are cognizable if and only if their claim is based upon

2    a clear right to <u>be</u> naturalized. But no alien has an absolute right to be naturalized. *See United*

3    *States v. Ginsberg*, 243 U.S. 472, 475 (1917) ("No alien has the slightest right to naturalization

4    unless all statutory requirements are complied with . . . . "); *see also Federenko v. United States*,

5    449 U.S. 490, 506 (1981). Plaintiffs' claimed injuries would be the same if their naturalization

6    applications were denied.

7    Even if Plaintiffs' claims are that they have a right to an adjudication of their applications

8    for naturalization, they have failed to allege any harms stemming from the length of time USCIS

9    and/or the FBI has taken to complete their investigations prior to a final adjudication. Even a

10   finding that Plaintiffs are owed a procedural Due Process right to an adjudication is not

11   determinative of their claimed ultimate right to be naturalized; thus, the harms the plaintiffs allege

12   are merely hypothetical. Alternatively, even if the Court were to find that Plaintiffs have a

13   substantive Due Process right to be naturalized — which Defendants oppose and do not concede

14   — Plaintiffs' allegedly irreparable harms are perfectly reparable via this Court's exercise of

15   jurisdiction under 1447(b) and the subsequent determination whether to remand the individual

16   cases to USCIS or to hold individual naturalization hearings.

17   **II.    The Individual Plaintiffs' Claims Should Be Remanded to USCIS Because
18           Adjudication of a Naturalization Application Without the Benefit of a Full and
            Complete Background Investigation Would be Improper and Incomplete.**

19   Defendants' Motion to Dismiss argued that Plaintiffs' claims pursuant to 8 U.S.C. §

20   1447(b) should be dismissed in accordance with the reasoning found in *Walji v. Gonzales*, No. 06-

21   20937 (5th Cir. June 19, 2007), *vacated and reversed by Walji v. Gonzales*, No. 06-20937, -- F.3d

22   --, 2007 WL 2685028 (5th Cir. Sept. 14, 2007).[2] Additionally, Plaintiffs reliance on *United States*

23   *v. Hovsepian*, 359 F.3d 1144, 1161 (9th Cir. 2004), is misguided because *Hovsepian* dealt

24   primarily with the exclusivity of district court jurisdiction in the event a plaintiff established

25   jurisdiction under 8 U.S.C. § 1447(b), and its findings regarding jurisdiction are dicta.

26

27   [2]  Plaintiffs' suggest that the *Walji* opinion cited by Defendants was vacated at the time Defendants'
     filed their Motion to Dismiss on August 31, 2007. However, pursuant to the Local Rules of the Fifth
28   Circuit Court of Appeals, although the decision relied on by Defendants was removed from
     publication, it was not vacated until September 14, 2007, when the Fifth Circuit granted the petition
     for rehearing, and overturned the panel decision.

1  Nonetheless, even if the Court finds jurisdiction pursuant to 8 U.S.C. § 1447(b), this Court should

2  remand to USCIS and dismiss Plaintiffs individual claims under 8 U.S.C. § 1447(b)

3      Plaintiffs assert, without citation, that remand to USCIS is a question of remedy that is not

4  ripe for a decision on a motion to dismiss.  Opp. at 9.  However, the Court may still exercise its

5  discretion under 1447(b) to remand the individual cases to USCIS at this point in the litigation if

6  the Court would be unable to grant Plaintiffs the relief they seek.  As such a remand is appropriate,

7  and the Court may act to order such remands in response to this Motion to Dismiss.  Moreover,

8  contrary to Plaintiffs' assertions, nothing in the plan language precludes remand without

9  instructions.

10      **A.    The Requirement that Defendant USCIS Receive Completed FBI Name Checks
           Prior to Adjudication of Naturalization Applications is Appropriate.**

11      Plaintiffs argue that the investigatory aids on which USCIS may rely when adjudicating a

12  naturalization application include only a "personal investigation," 8 U.S.C. § 1446(a), and a "full

13  criminal background check," Pub. L. No. 105-119, Title I, 111 Stat. 2448 (Nov. 26, 1997).

14  Plaintiffs further allege that neither the personal investigation nor the full criminal background

15  check may include an FBI name check because the statute does not specify what the a personal

16  investigation or full criminal background check should entail.  Opp. at 7.  Rather, Plaintiffs proffer

17  their own interpretation of USCIS regulations at 8 C.F.R. § 335.2(b) to suggest that USCIS is

18  limited to using fingerprint responses.  Opp. at 7-8.

19      Plaintiffs, however, ignore one of the core functions of administrative agencies like USCIS

20  – to interpret statutes and regulations when gaps exist.  This Court should afford such

21  interpretations deference where they do not conflict with existing statues or regulations.  *See*

22  *United States v. Mead Corp.*, 533 U.S. 218, 220 (2001) ("an agency's interpretation may merit

23  some deference whatever its form, given the 'specialized experience and broader investigations

24  and information' available to the agency. . . ."), citing *Skidmore v. Swift*, 323 U.S. 134, 139

25  (1944); *Vermont Yankee Nuclear Power Corp. v. NRDC*, 435 U.S. 519, 543 (1978).

26      Here, Plaintiffs agree that the statute does not specify what personal investigation or a full

27  criminal background check should entail, and despite Plaintiffs' opportunistic reading of USCIS

1  regulations, nothing in 8 C.F.R. § 335.2(b) precludes the interpretation of subsections (1) or (2) to

2  encompass something other than a fingerprint check.  *See* 8 C.F.R. § 335.2(b).  Accordingly, in the

3  course of carrying out its mission, USCIS interprets the scope of a personal investigation and full

4  criminal background check to necessitate the completion of, among other things, an FBI Name

5  Check.  *See* USCIS Fact Sheet, Immigration Security Checks – How and Why the Process Works

6  (Exhibit 3 to Motion to Dismiss); Declaration of Jonah J. Hadary at ¶ 4 ("Hadary Decl.") (Exhibit

7  2 to Motion to Dismiss).  In fact, one of the stated purposes of the 1997 mandate via

8  appropriations was to rectify a problem of naturalization applications that were approved without

9  completion of criminal background checks.  143 Cong. Rec. S11864-01 (1997) (statement of Sen.

10  Abraham).

11      Other Courts have recognized the validity of USCIS's interpretation, and found that

12  conducting a naturalization hearing without the completion of a background check "would

13  contravene Congress's intent that an FBI background check is to be completed prior to the

14  adjudication of every naturalization application."  *Essa v. USCIS*, No. 05-1449, 205 Dist. LEXIS

15  38803, at *8 (D. Minn. Dec. 14, 2005), citing Pub. L. No. 105-119, Title I, 111 Stat. 2448 (Nov.

16  26, 1997); *see also Antonishin v. Keisler*, No. 06-CV-2518, slip op. at * 9 (N.D. Ill. Sept. 20,

17  2007) (Attachment A).  While the plain language of Congress's mandate is only directed to

18  USCIS's adjudication of naturalization applications, it would be ill advised for courts who find

19  jurisdiction pursuant to 8 U.S.C. § 1447(b) to have hearings on naturalization applications without

20  receipt of information that USCIS deems necessary to determine an applicant's eligibility for

21  naturalization.

22  **B.   Remand of Individual Naturalization Applications is Appropriate to Allow for
          Completion of FBI Name Checks or to Allow for USCIS's Adjudicatory
23        Expertise after Name Checks are Completed.**

24      The vast majority of courts that addressed the option of remand in the course of considering

25  jurisdiction under 8 U.S.C. 1447(b) have concluded that remand is an appropriate course of action.

26  *See Antonishin*, No. 06-CV-2518, slip op. at * 9, citing *Manzoor v. Chertoff*, 472 F. Supp. 2d 801,

27  810 (E.D. Va. 2007).  Contrary to Plaintiffs' argument, Defendants' position is appropriately

28  raised in the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), where 8 U.S.C. § 1447(b)

1  grants the Court discretion to keep jurisdiction or remand, and also pursuant to Fed. R. Civ. P.

2  12(b)(6) for those named Plaintiffs whose FBI Name Checks remain pending.

3       At least one district court, addressing the issue of remand in response to a motion to

4  dismiss, found jurisdiction pursuant to 8 U.S.C. § 1447(b), remanded to USCIS, and – in the same

5  Order – dismissed the 1447(b) claim.  *Antonishin*, No. 06-CV-2518, slip op. at ** 10, 24

6  (reasoning that "[o]nce plaintiffs' name checks are complete 'there should be no impediment to

7  prompt resolution' of their applications."), quoting *Walji,* 2007 WL 2685028, at *6.  Here, like in

8  *Antonishin*, there are a number of named Plaintiffs whose FBI Name Checks remain pending,

9  Plaintiffs Sapozhinkov and Ovchinnikov.  Because such name checks are required prior to

10  adjudication of naturalization applications, this Court may follow *Antonishin* in remanding the

11  applications to USCIS to await receipt of the FBI Name Checks and concurrently dismissing those

12  Plaintiffs' claims pursuant to 8 U.S.C. § 1447(b).

13       Even where the named Plaintiffs' FBI Name Checks have been completed, the Court should

14  remand to USCIS and concurrently dismiss the Plaintiffs' claims pursuant to 8 U.S.C. § 1447(b).

15  The only impediment to the prompt resolution of those cases at this point is the fact that pursuant

16  to *Hovsepian*, USCIS can not adjudicate those cases until this Court has acted on Defendants'

17  Motion to Dismiss.  The parties are presently conferring regarding the stipulated voluntary

18  dismissal of Plaintiffs Wang, Petrovic, Taky, and Muculicic because of the completion of those

19  Plaintiffs' FBI name checks.  Thus, the only named Plaintiff whose FBI Name Check has been

20  completed and who will remain a Plaintiff is Ahmadi, who has challenged Defendant USCIS's

21  request for a second interview.  *See Hadary Decl*. at ¶ 25.  Remand of Plaintiff Ahmadi's 1447(b)

22  claim – and any remaining named Plaintiffs who are similar situated -- is still appropriate where

23  courts often defer to USCIS's expertise in adjudication applications for immigrant benefits,

24  including naturalization applications.  *See e.g.*, *INS v. Ventura*, 537 U.S. 12, 16-17 (2002); *INS v.

25  Aguirre- Aguirre*, 526 U.S. 415, 425 (1999);  *Antonishin*, No. 06-CV-2518, slip op. at * 9; *Ibrahim

26  v. Still*, 2007 WL 841790, at * 3 (N.D. Cal. Mar. 30, 2007); *Khan v. Chertoff*, 2006 U.S. Dist.

27  LEXIS 48937, at * 6 (D. Az. July 14, 2006); *Khelifa v. Chertoff*, 433 F. Supp. 2d 836, 845 (E.D.

28  Mich. 2006).

**C.    The Court May, and Should Remand to USCIS Without Instructions.**

Plaintiffs' Opposition argues that where a court decides that remand is appropriate pursuant to 8 U.S.C. § 1447(b), the statute requires "remand <u>only</u> 'with appropriate instructions.'"  Opp. at 9 (emphasis added).   Plaintiffs' interpretation of the statute is misplaced.  Rather, the statute is permissive, and allows the court to determine what constitutes appropriate instructions.  Thus, a court may determine that no instructions are appropriate. *See e.g.*, *Antonishin*, No. 06-CV-2518, slip op. at * 11.  Here, if the Court is compelled to remand to USCIS, the Court should find that no instructions are appropriate.  As discussed in Section III below, Plaintiffs have failed to establish that the 120-day period in 8 U.S.C. § 1447(b)  is more than a jurisdictional shifting statute. Plaintiffs similarly fail to support their allegation that a deadline should be imposed on the FBI because of USCIS's alleged deadline.

Finally, the implications of remands with instructions in this case are troublesome.  A remand with instructions to complete the agency adjudication by an arbitrary date could create an injustice.  USCIS is under an obligation to reasonably evaluate the information on each applicant provided by the FBI.  Limiting the time to conduct such an evaluation may require USCIS and/or the FBI to cut short a promising lead in an ongoing investigation.

**D.    Severance of Individual Claims Under 8 U.S.C. § 1447(b) is Appropriate Where Defendants Would be Prejudiced.**

Should the Court not defer to USCIS's reasonable interpretation of the statute, the Court must either hold individual hearings for each named plaintiff, remand the individual matters to USCIS for completion of the individual examinations and adjudication, or both.  Plaintiffs argue that the Court should not remand the matters to USCIS, but rather hold individualized hearings for each plaintiff.  If the Court determines that such individual hearings are necessary, the Court should sever the individual plaintiffs under Fed. R. Civ. P. 21. *See Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) (finding joinder inappropriate due to unique nature of each application).  In determining whether severance is appropriate, a court considers:  (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present common questions of law or fact; (3) whether settlement of the claims or judicial economy would be

1 facilitated; (4) whether prejudice would be avoided if severance was granted; and (5) whether

2 different witnesses and documentary proof are required for the separate claims. *See Morris v.*

3 *Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 580 (E.D.N.Y. 1999).

4        Here, no substantial rights of the Plaintiffs would be prejudiced by severance. Plaintiffs'

5 claims do not arise out of the same transaction or occurrence. Rather, each application is filed

6 separately and is independent from another. Moreover, what constitutes a alleged delay in

7 adjudication of one case (the very issue here) may not constitute a delay in another, and therefore

8 the claims do not involve common questions of law or fact. *Id.* Plaintiffs would not be prejudiced

9 by severance, as they would continue to receive the individual hearing envisioned under 8 U.S.C. §

10 1447(b). On the other hand, Defendants are prejudiced if Plaintiffs' cases are not severed, because

11 lumping all of Plaintiffs' claims into one undermines the ability to provide defenses relevant to

12 particular individual cases. Furthermore, judicial economy would be facilitated by severance due

13 to the often diverse nature of the claims. Different witnesses and documentary evidence are

14 needed to defend against different claims. *See, e.g.*, *Abbas v. Gonzales*, No. 06-4553 (N.D. Ill.

15 August 24, 2006) (unpublished Memorandum Order) (Attachment B). Moreover, contrary to

16 Plaintiffs' assertion, Defendants may not be represented by the same counsel in the event the

17 individual hearings are severed. Finally, a 1447(b) hearing would not, as Plaintiffs contend, raise

18 "issues of law and fact concerning the Defendants' policies and practices regarding FBI name

19 checks." Rather, such individual hearing, should the Court not remand to USCIS, would be for

20 this Court to determine each individual's eligibility for naturalization. Thus, the Court should

21 sever the matters and either hold individual hearings for each named plaintiff, remand the

22 individual matters to USCIS for completion of the individual examinations and adjudication, or

23 both.

24 **III.    Plaintiffs Fail to State Claim for Which Relief Can be Granted Under the**
**Administrative Procedures Act**

25        Plaintiffs' Opposition argues that they have stated a claim for relief from unreasonable

26 delay under the Administrative Procedures Act ("APA"). Opp. at 12. However, this Court should

27 dismiss Plaintiffs' claims under the APA where Plaintiffs are unable to establish that 8 U.S.C. §

28

1  1447(b) does not provide an adequate remedy; and alternatively, where Plaintiffs are unable to

2  establish mandatory duties of USCIS regarding the pace of adjudication nor duties of the FBI

3  mandating completion of name checks or the pace of such completion, necessary to support

4  Plaintiffs' prayers for relief.

5      A.    **8 U.S.C. § 1447(b) Provides An "Adequate Remedy in Court" and Precludes Review Under the Administrative Procedures Act.**

6

7      As stated in Defendants' Motion to Dismiss, the Administrative Procedures Act only

8  provides right of judicial review of agency action ". . . for which there is no other adequate remedy

9  in a court." 5 U.S.C. § 704.  Here, that remedy is found in the availability of district court

10 jurisdiction when an application for naturalization has been pending with USCIS for more than

11 120-days after the examination.  8 U.S.C. § 1447(b).  Plaintiffs contend, however, that 1447(b)

12 does not provide a remedy for systemic delay.  Opp. at 13.  The only controlling legal authority

13 that Plaintiffs rely on in support of their contention is *McNary v. Haitian Refugee Center, Inc.*, 498

    U.S. 479 (1991).

14

15     The statute the Court reviewed in *McNary*, however, was different from the statute

16 presently before the Court.  In *McNary*, the Court considered whether a statute that provided for

17 administrative review but specifically precluded district court review was an adequate remedy in

18 court for a class action.  *Id.* at 497-498.  The fact that *McNary* also dealt with APA review of class

19 claims is not determinative.  What is determinative is that unlike the statute in *McNary*, the statute

20 presently at issue, 8 U.S.C. § 1447(b), does not strip district court jurisdiction, but specifically

    provides a basis for district court jurisdiction.

21

22     Thus, Plaintiffs cannot prevail on their APA claims alleging that defendants have

23 unlawfully withheld or unreasonably delayed adjudication of their applications because 8 U.S.C. §

24 1447(b), which deals specifically with naturalization applications and delay, provides an "adequate

25 remedy in court," and is the only statute under which such a claim can be asserted.  *See United*

26 *States v. Fausto*, 484 U.S. 439, 448-49 (1988) (general grants of jurisdiction cannot be relied upon

27 in the face of a specific statute that confers and conditions jurisdiction); *Bown v. Massachusetts*,

28 487 U.S. 879, 903 (1988) ("Congress did not intend the general grant of review in the APA to

1  duplicate existing procedures for review of agency action."); *Antonishin*, No. 06-CV-2518, slip op.

2  at * 13, citing *Alsamir v. USCIS*, No. 0-cv-07151-WDM-BNB, 2007 WL 1430719, at *2 (D. Colo.

3  May 14, 2007) (concluding that the availability of s 1447(b) review precludes mandamus and APA

4  relief). Plaintiffs' reliance on *Yakubova v. Chertoff*, No. 06-CV-3203 (E.D.N.Y) (attached as

5  Exhibit A to Plaintiffs' Opposition to Defendants' Motion to Dimiss) is not compelling because

6  there, the court delayed ruling on a motion to dismiss plaintiffs' APA claims for purposes of

7  avoiding a waste of judicial resources. Here, the Court may dismiss where Plaintiffs have

8  established a basis to dismiss Plaintiffs' APA claims because of the exclusive remedy provided by

9  8 U.S.C. § 1447(b).

10      **B.    Alternatively, Plaintiffs Fail to State that USCIS or the FBI Have Mandatory
11           Duties Regarding the Pace of Adjudication of Applications, Completion of
             Name Checks, or the Pace of Completion of Name Checks.**

12      Plaintiffs' Opposition argues that USCIS is legally required to adjudicate naturalization

13  applications. Opp. at 16. Additionally, Plaintiffs argue that the APA "provides a remedy for

14  unreasonable delays in agency action even when the delayed actions are not subject to a specific

15  statutory deadline. *Id.* However, Plaintiffs fail to state a claim for which relief can be granted

16  when Plaintiffs seek relief in the form of actions that are not required. The Supreme Court found

17  in *Norton v. Southern Utah Wilderness Alliance*, that the APA does not provide federal courts with

18  oversight "over the manner and pace of agency compliance" with congressional mandates where

19  such manner or pace is not otherwise required. 542 U.S. 55, 67 (2004); *see also Center for*

20  *Biological Diversity v. Veneman*, 394 F.3d 1108, 1112 (9th Cir. 2005). The relevant provisions of

21  Plaintiffs' prayer for relief, (4) through (8), each request that the Court impose timelines on

22  Defendants actions, or declare that Defendants' failure to abide by such timelines unlawful. First

23  Amended Complaint at 30. Where the actions Plaintiffs seek to compel are not required, Plaintiffs

24  have failed to state a claim for which relief can be granted. Additionally, Defendants maintain that

25  even if the Court determines that Defendant USCIS or FBI has some mandatory temporal

26  requirement, that the requirement that name checks been completed prior to action on a

27  naturalization application would modify any temporal requirements the Court deemed mandatory.

28  Motion to Dismiss at 15-16.

1    With regard to Defendant USCIS, Plaintiffs have not established a mandatory duty on

2   USCIS to act on a naturalization application within 120-days from the completion of an

3   examination or 180-days from receipt of an application.  Plaintiffs' position that 8 U.S.C. §

4   1571(b) creates an actionable duty under the APA to take action within 180-days of receipt of an

5   application is just wrong where the controlling authority in this jurisdiction recognizes that Sense

6   of Congress resolutions, like the one codified at 8 U.S.C. § 1571(b), create no enforceable federal

7   rights.  *See Yang. v. California Dept. of Social Services*, 183 F.3d 953, 958 (9th Cir. 1999)

8   (citations omitted).  Similarly, the plain language of 8 U.S.C. § 1447(b) does not place a time limit

9   on acting on applications, but only serves as a jurisdictional provision.  Compare 8 U.S.C. §

10   1447(b) ("If there is a failure to make a determination [on a naturalization application]. . . before

11   the end of the 120-day period after the date on which the examination is conducted under such

12   section, the applicant may apply to the United States district court for the district in which the

13   applicant resides for a hearing on the matter."), *with* 18 U.S.C. § 923(d)(2) ("The Attorney General

14   must approve or deny an application for a license [to deal or manufacture firearms] within the 60-

15   day period beginning on the date it is received.  If the Attorney General fails to act within such

16   period, the applicant may file an action. . .") (emphasis added).  Even if the Court is compelled by

17   the mandatory language of USCIS regulations at 8 C.F.R § 335.3 that require adjudication of a

18   naturalization within 120-days of an examination, those regulations have been superseded by

19   Congress's statutory mandate that USCIS may not adjudicate a naturalization application until

20   completion of a full criminal background check, which includes completion of an FBI name check.

21   Pub. L. No. 105-119, Title I, 111 Stat. 2448 (Nov. 26, 1997).

22    With regard to Defendant FBI, Plaintiffs have also failed to establish a mandatory duty that

23   the FBI complete background checks in a certain amount of time if at all.  Plaintiffs offer the

24   unsupported argument that "where the FBI agrees to provide the name check service for the

25   purpose of an application process that is non-discretionary and subject to statutory time limits, the

26   FBI's actions must also be carried out with unreasonable delay.  Opp. at 18.  Such argument is

27   contrary to, and fails to refute Defendants' position in the Motion to Dismiss that the FBI has no

28   duty to Plaintiffs to complete background checks.  Motion to Dismiss at 16.  Defendants note that

1    Judge Whyte of this Court is among those that have concluded that the FBI has no duty to

2    complete background checks. *Konchitsky v. Chertoff*, No C-07-00294 RNW 2007 WL 2070325, at

3    * 6 (N.D. Cal. July 13, 2007) ("[C]ourts squarely addressing the issue of whether they have

4    jurisdiction to compel the FBI to perform name checks in connection with adjustment of status

5    petitions have overwhelmingly concluded that they do not.").

6         **C.    As a Final Alternative, the Court May Dismiss Plaintiffs' APA Claims If It**
          **Finds that Defendants' Actions are Reasonable.**

7         This Court may dismiss Plaintiffs' APA claims if it finds that Defendants' actions are

8    reasonable.  Other courts addressing this issue have found defendants' action reasonable where

9    defendants were facing a resource strain in processing the applications.  *See Saleh v. Ridge*, 367 F.

10   Supp. 2d 508, 513 (S.D.N.Y. 2005) (finding five-year delay not an APA violation in light of

11   volume of applications); *Espin v. Gantner*, 381 F. Supp. 2d 261, 266 (S.D.N.Y. 2005) (three year

12   delay not unreasonable because of government's limited resources and substantial caseload);

13   *Alkenani v. Barrows*, 356 F. Supp. 2d. 652, 656-57 (N.D. Tex. 2005) (no unreasonable delay found

14   in naturalization context because of need to wait for completion of FBI investigation).

15   Additionally, the Court may find any alleged delays reasonable where Defendants' have refuted

16   the factual assumption of Plaintiffs' First Amended Complaint, and demonstrated that Defendants

17   are acting on Plaintiffs' applications for naturalization.

18   **IV.    Plaintiffs Fail to State a Cause of Action Under the APA's Notice and Comment**
          **Requirement.**
19

20        Plaintiffs argue that the APA's notice and comment requirements should apply not only to

21   the expansion of the name check requirement to include reference files, but also to the entirety of

22   the name check requirement because the requirement is a substantive rule, rather than an

23   interpretive rule.  Opp. at 20.  This argument is improperly broader than that alleged in Count

24   Three of Plaintiffs' First Amended Complaint, which was concerned with only the expansion of

25   the name check program.  First Amended Complaint at ¶¶ 113-14.  Additionally, Plaintiffs'

26   pleadings are lacking where Plaintiffs fail to request relief pursuant to success on the merits of

27   their Third Count.  First Amended Complaint at 30-31.  If Plaintiffs do not seek relief on the basis

28   of this Count, then the Court should dismiss Plaintiffs claim.

1    Even if Plaintiffs amend their procedural defects, Plaintiffs would still be unable to

2    maintain a cause of action under the APA's notice and comment requirement.  First, numerous

3    courts addressing claims under 8 U.S.C. § 1447(b) have found that the FBI name check may

4    properly be read into the requirement of a full background check.  *See e.g.*, *Walji,* 2007 WL

5    2685028, *5-6 ("We are mindful of Congress's intent that an FBI background check is to be

6    completed before the adjudication of every naturalization application."); *Stepchuck v. Gonzales*,

7    No C06-570RSL, 2007 WL 185013, at *2 (W.D. Wash, Jan 18, 2007); *Shalabi v. Gonzales*, 2006

8    WL 3032413, at *2 (E.D. Mo. 2006).

9    Second, USCIS's determination that an FBI name check should be included as part of a

10   "full criminal background check" or personal investigation is internal policy that "did not create a

11   new law, right, or duty."  *Antonishin*, No. 06-CV-2518, slip op. at * 19 (finding that USCIS's

12   inclusion of FBI name checks was interpreting the scope of the "full criminal background check.").

13   Plaintiffs' reliance on *Flagstaff Medical Center, Inc. v. Sullivan,* 962 F.2d 879, 886 (9th Cir. 1992)

14   (crux of determination whether a rule was interpretative "focus[ed] primarily on the rules

15   themselves and their impact on agency decisionmaking, rather than their impact on the public.")

16   (citations omitted) (emphasis added), and *Fraga v. Smith*, 607 F. Supp. 517, 23 (D. Or. 1985)

17   (requiring notice where applicants were not informed of additional documentary evidence burden),

18   is thus inapposite.

19   Here, such internal policy changes had no substantive impact on agency decisionmaking.

20   USCIS adjudications still apply the same standards to naturalization applicants; they simply have

21   additional tools at their disposal to determine whether applicants can meet the requisite standards.

22   Moreover, applicants incur no additional burden in the application process other than having to

23   wait for extended periods of time in limited circumstances.  However, unlike in *Fraga*, the

24   standards that are applied to applications for naturalization are unchanged.  Thus, where the Court

25   may find that Defendants' policies regarding FBI Name Checks are interpretive in nature, the

26   Court may dismiss Plaintiffs' claims under the APA's notice and comment requirements.

27

28

**V.  Plaintiffs Fail to State a Liberty or Property Interest in Timely Adjudication of Their Naturalization Applications.**

Plaintiffs' opposition focuses on a line of cases that suggest a liberty interest is created when statue or regulation set forth "a specific directive to the decisionmaker that mandates a particular outcome if the substantive predicates have been met."  Opp. at 22 (citations omitted). Each of the cases Plaintiff relies upon defines some inherent liberty interest at stake, whether it be freedom, various other prisoners rights, or a property right to employment.  However, Plaintiff provides no authority to establish a liberty or property interest in the timely adjudication or final determination on a naturalization application.

In contrast with the authority Plaintiff relies upon, Plaintiff does not respond to Defendants' authority that questions the right to naturalization.  *See United States v. Ginsberg*, 243 U.S. 472, 475 (1917) (there is no "right to naturalization unless all statutory requirements are complied with); *see also INS v. Pangilinan,* 486 U.S. 875, 884 (1988) ("An alien who seeks political rights as a member of this Nation can rightfully obtain them only upon terms and conditions specified by Congress.").

Even if the Court finds that Plaintiffs have properly asserted a liberty or property interest, Plaintiffs' Due Process claim fails to state a claim for which relief can be granted because, as discussed in the preceding sections, Plaintiffs have been afforded the process intended by Congress, and they seek to continue to exercise the right to that process in this case through their claims under 8 U.S.C. § 1447(b).

**VI.  Standard of Review.**

When considering a motion to dismiss pursuant to Rule 12, the district court may review evidence outside the pleadings to resolve factual disputes concerning the existence of jurisdiction without converting the motion to one for summary judgment.  *See, e.g., Land v. Dollar*, 330 U.S. 731, 735 n. 4 (1947) ("when a question of the District Court's jurisdiction is raised. . . the court may inquire by affidavits or otherwise, into the facts as they exist.").  Because the party invoking jurisdiction bears the burden of establishing its requirements, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-60 (1992), the plaintiff must come forward with "competent proof supporting its

1  jurisdictional allegations.  *See McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189
2  (1936).

3      Defendants' affidavits assist the Court in determining whether plaintiffs have indeed
4  provided sufficient factual allegations to support their assorted claims.  The affidavits provide the
5  parameters of the process, and refute Plaintiffs claim that the alleged delays are not indefinite.
6  Therefore, Defendants' affidavits are appropriate for consideration at this state of the litigation.

7      If the Court does not accept Defendants' reasoning regarding the purpose of Defendant's
8  affidavits, the Court need not, as Plaintiffs suggest, covert the motion into a summary judgment
9  motion.  The Court may also rule on the motion to dismiss without considering the content of the
10  affidavits.  In the event the Court converts Defendants' Motion to Dismiss to a summary judgment
11  motion, the Court need not provide Plaintiffs an opportunity for discovery if the Court finds that
12  the points of Plaintiffs' factual contention are not relevant to the matters at bar.  *See First Nat'l*
13  *Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 298 (1968) (A party has no absolute right to
14  discovery); *Paul Kadair, Inc. v. Sony Corp. of America*, 694 F.2d 1017, 1029 (5th Cir. 1983)
15  (courts will "not open the discovery net to allow a fishing expedition.").

16                          **CONCLUSION**

17      Plaintiffs' First Amended Complaint should be dismissed for lack of jurisdiction in part,
18  and for failure to state a claim in part.  In the alternative, the Court should find that Plaintiffs'
19  claims under 8 U.S.C. § 1447(b) are improperly joined, and to the extent that this Court takes any
20  action, it should at most remand the individual cases to the USCIS without instructions.

21  //
22  //
23  //
24  //
25  //
26  //
27  //
28

1
Respectfully submitted,

2
SCOTT N. SCHOOLS
United States Attorney
3
JOANN M. SWANSON
Assistant United States Attorney
4
Chief, Civil Division
EDWARD A. OLSEN
5
Assistant United States Attorney

6
PETER D. KEISLER
7
United States Department of Justice
Assistant Attorney General, Civil Division
8
ELIZABETH J. STEVENS
Senior Litigation Counsel
9
Dated: September 27, 2007        By:    /s/
10
_____        JEFFREY S. ROBINS
Trial Attorney
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Reply in Support of Defendants' Motion to Dismiss -
C-07-3455-WHA                     15

1

## CERTIFICATE OF SERVICE

2  Case No. C-07-3455-WHA

3      I hereby certify that on this 27th day of September 2007, one copy of the foregoing Reply in
Support of Defendants' Motion to Dismiss was served on counsel for Plaintiffs via the district
4  court ECF system which will send notification of such filing to the following ECF filers:

5  Julia Harumi Mass
jmass@aclu.org
6  Alan L. Schlosser
aschlosser@aclu.org
7  Cecillia D. Wang
cwang@aclu.org
8  ACLU Foundation of Northern California
Lucas Guttentag
9  lguttentag@aclu.org
ACLU Immigrants' Rights Project
10  Christopher Joren Lyons
joren@asianlawcaucus.org
11  Asian Law Caucus
Edward A. Olsen
12  edward.olsen@usdoj.gov
United States Attorney's Office
13  Elizabeth J. Stevens
Elizabeth.Stevens@usdoj.gov
14  Department of Justice, Office of Immigration Litigation

15      In addition, I hereby certify that on this 27th day of September 2007, true and correct
copies of the Reply in Support of Defendants' Motion to Dismiss were served by Federal Express
16  next-day delivery on the following non-ECF filers:

17  Sin Yen Ling                               Todd Gallinger
Asian Law Caucus                         Council on American-Islamic Relations (CAIR)
18  939 Market Street, Suite 201             3000 Scott Boulevard, Suite 212
San Francisco, CA 94103                  Santa Clara, CA 95054
19
                                         _____/S/_____
20                                       JEFFREY S. ROBINS
                                         Trial Attorney
21                                       Office of Immigration Litigation
                                         Civil Division
22                                       U.S. Department of Justice
                                         Post Office Box 878, Ben Franklin Station
23                                       Washington, D.C. 20044

24

25

26

27

28

Reply in Support of Defendants' Motion to Dismiss -
C-07-3455-WHA                            16