1  CECILLIA D. WANG (CA Bar No. 187782)
   LUCAS GUTTENTAG (CA Bar No. 90208)
2  AMERICAN CIVIL LIBERTIES UNION
           FOUNDATION
3  IMMIGRANTS' RIGHTS PROJECT
   39 Drumm Street
4  San Francisco, CA  94111
   Telephone: (415) 343-0775
5  Facsimile: (415) 395-0950
   Email: CWang@aclu.org
6
   Attorneys for Plaintiffs
7  *Additional counsel listed on following page

8

9

10                    UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12                    SAN FRANCISCO DIVISION

13

14  ALIA AHMADI, VLADIMIR MIKULICIC,
    IGOR OVCHINNIKOV, BILJANA
    PETROVIC, SERGEI SAPOZHNIKOV,
15  EIMAN TAKY and YAN WANG,
                                                Case No. 07-CV-3455-WHA
16         Plaintiffs-Petitioners,

17         v.                                   **JOINT CASE MANAGEMENT
                                                STATEMENT AND PROPOSED ORDER**
18  MICHAEL CHERTOFF, U.S. Secretary of
    Homeland Security; ROBERT S. MUELLER
19  III, Director of the Federal Bureau of      Date:      October 11, 2007
    Investigation; PETER KEISLER, Acting        Time:      11:00 a.m.
20  Attorney General of the United States;      Courtroom: 9
    EMILIO T. GONZALEZ, Director, U.S.          Judge:     Hon. William H. Alsup
21  Department of Homeland Security, Bureau of
    Citizenship and Immigration Services; DAVID
22  STILL, District Director, U.S. Department of
    Homeland Security, Bureau of Citizenship and
23  Immigration Services, San Francisco District,

24         Defendants-Respondents.

25

26

27

28

                                    1
            JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

Additional Plaintiffs' counsel:

JULIA HARUMI MASS (CA Bar No. 189649)
ALAN L. SCHLOSSER (CA Bar No. 49957)
AMERICAN CIVIL LIBERTIES UNION
    FOUNDATION OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-8437

SIN YEN LING
JOREN LYONS (CA Bar No. 203403)
ASIAN LAW CAUCUS
939 Market Street, Suite 201
San Francisco, CA 94103
Telephone: (415) 896-1701
Facsimile: (415) 896-1702

TODD GALLINGER (CA Bar No. 238666), Of Counsel
COUNCIL ON AMERICAN-ISLAMIC RELATIONS
    (CAIR) – SAN FRANCISCO BAY AREA
3000 Scott Boulevard, Suite 212
Santa Clara, CA 95054
Telephone: (408) 986-9874
Facsimile: (408) 986-9875

Counsel for Defendants:

SCOTT N. SCHOOLS (SC Bar No. 9990)
United States Attorney
JOANN W. SWANSON (CA Bar No. 88143)
Chief, Civil Division
EDWARD A. OLSEN (CA Bar No. 214150)
Assistant United States Attorney
450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102
Telephone: (415) 436-6915
Facsimile: (415) 436-6927

PETER D. KEISLER
United States Department of Justice
Acting Attorney General
ELIZABETH J. STEVENS
Senior Litigation Counsel, Office of Immigration Litigation
JEFFREY S. ROBINS
Trial Attorney, Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-1246
Facsimile: (202) 307-8801

1  The parties to the above-captioned action submit this Joint Case Management
2  Statement pursuant to the Court's Order Setting Initial Case Management Conference and
3  ADR Deadlines dated July 2, 2007.

### a. Jurisdiction and service

Plaintiffs contend that the Court has subject matter jurisdiction over this matter pursuant to 8 U.S.C. § 1447(b) (district court jurisdiction to adjudicate delayed naturalization applications), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §§ 2201 and 2202 (declaratory relief).  Defendants contend that the Court does not have jurisdiction over Plaintiffs' individual claims under 8 U.S.C. § 1447(b) because the completion of an FBI name check is a prerequisite to USCIS's adjudication of a naturalization application, and that the remaining claims fail to state claims upon which relief may be granted as a matter of law.

The parties agree that venue is proper in this District pursuant to 28 U.S.C. § 1391(e).

The parties agree that service of the First Amended Complaint was completed on August 10, 2007.

### b. Facts and Legal Issues

The parties have prepared their respective statements setting forth the factual and legal contentions, set forth below.

#### 1. Plaintiffs' claims

Plaintiffs are all long-time green card holders who have made this nation their permanent home and seek to pledge their allegiance to the United States as citizens.  Each Plaintiff meets all statutory requirements for naturalization, but has been awaiting adjudication for more than 120 days since passing all criminal record checks and the naturalization interview.  Defendants are responsible for the prolonged delay in processing Plaintiffs' naturalization applications, because of their policy, pattern and practice of requiring "FBI name checks," failing to set reasonable time limits for the processing of those name checks, and failing to adjudicate naturalization applications in a

1  reasonably timely manner.  Defendants' conduct violates an immigration regulation, 8
2  C.F.R. § 335.3, which provides that all naturalization applications "shall be made at the
3  time of the initial examination or within 120-days after the date of the initial
4  examination," and is contrary to Congress's expressed intent that applications for
5  immigration benefits should be adjudicated within 180 days, 8 U.S.C. § 1571.  As a result
6  of these extraordinary delays – which have in fact exceeded two years for each of the
7  named Plaintiffs – they are unable to participate fully in U.S. civic society and also are
8  unable to engage in certain contractual relationships with the U.S. government, to travel
9  abroad pursuant to the Visa Waiver Program, to petition for visas for their spouses,
10 children and parents, and to enjoy other privileges and rights of U.S. citizenship.
11       Plaintiffs contend that the Defendants' policies and practices of long-term
12 naturalization delays are unlawful under the Administrative Procedures Act and the Due
13 Process Clause and bring this action against officials of the U.S. Department of
14 Homeland Security; U.S. Citizenship and Immigration Services ("CIS"), the sub-unit of
15 the Department of Homeland Security responsible for naturalization; the Federal Bureau
16 of Investigation ("FBI"), which is responsible for the "name checks" that are causing the
17 naturalization delays, and Attorney General Alberto Gonzales, who has ultimate
18 responsibility for the FBI.
19       Plaintiffs individually seek naturalization by the Court pursuant to 8 U.S.C. §
20 1447(b), which provides that a district court may adjudicate an application for
21 naturalization if the immigration agency has failed to act within 120 days of the
22 preliminary examination on an naturalization application.  Plaintiffs represent a putative
23 class of other lawful permanent residents who are similarly situated and similarly affected
24 by systemic delays in the naturalization process.  On behalf of the class, Plaintiffs seek
25 injunctive and declaratory relief from the Defendants' policies and practices causing
26 prolonged delays in naturalization.  Plaintiffs bring their causes of action for declaratory
27 and injunctive relief under the Administrative Procedures Act, 5 U.S.C. §§ 555 and 706
28 (for unreasonable delays); 5 U.S.C. § 553 (for failure to provide notice and opportunity

1  for public comment prior to promulgating the "FBI name check"); and the Due Process
2  Clause of the Fifth Amendment.

### 2. Defendants' claims and defenses

Defendants have moved to dismiss the FAC under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendants contend that the Court lacks subject matter jurisdiction over Plaintiffs' individual claims for naturalization under 8 U.S.C. § 1447(b) because completion of an FBI name check is a prerequisite to USCIS's adjudication of a naturalization application. Defendants argue, in the alternative, that Plaintiffs' individual claims should be remanded to CIS for adjudication and that, should the Court not remand the individual claims, the claims are misjoined and should be severed.

Defendants also contend that Plaintiffs have failed to state a claim for relief under the Administrative Procedures Act ("APA") on the grounds that there is an adequate remedy at law provided by Congress, that APA review is not available because there is no "final agency action" at issue, that the APA does not permit judicial review because Defendants are not legally required to act, and that, in the alternative, Defendants' procedures are not unreasonable, given limited agency resources and the fact that approximately 90% of all naturalization applications are adjudicated within six months of the filing date of the application, and that approximately 90% of all requests by USCIS to the FBI for name checks are completed within two months.

Defendants contend that Plaintiffs have failed to state a claim under the APA for failure to comply with notice-and-comment requirements because the name check process is an interpretive rule that is not subject to those requirements.

Defendants contend that the Court should dismiss the claim for injunctive relief because Plaintiffs have shown neither irreparable injury nor inadequate remedies at law.

Finally, Defendants contend that Plaintiffs' claim under the Due Process Clause should be dismissed because they do not have a protected liberty or property interest.

### c. Summary of proceedings to date

On July 2, 2007, Plaintiffs filed their original Complaint for Declaratory and

1  Injunctive Relief and Petition for Naturalization Pursuant to 8 U.S.C. § 1447(b).
2  Plaintiffs Ahmadi and Wang previously raised their claims in *Zhang, et al. v. Still, et al.*,
3  No. 07-CV-503-SBA, but voluntarily dismissed their claims in the *Zhang* matter pursuant
4  to Federal Rule of Civil Procedure 41(a)(1) due to a conflict between them and the lead
5  plaintiff, Mr. Zhang.  Upon filing the complaint in this matter, Plaintiffs notified this
6  Court of the *Zhang* matter through a Notice of Related Case and Amended Notice of
7  Related Case.  Plaintiffs also filed an Administrative Motion to Consider Whether Cases
8  Should Be Related Pursuant to Local Rule 3-12 and 7-11 in the *Zhang* matter before
9  Judge Armstrong.  Judge Armstrong dismissed Mr. Zhang's case for failure to prosecute
10 on September 5, 2007.
11         On August 10, 2007, Plaintiffs filed a First Amended Complaint in this matter.
12         On August 10, 2007, the parties filed a Stipulation of Dismissal of Claims of
13 Plaintiffs Miao Ling Huang and Fu Zhong.  The Court approved the parties' stipulation
14 on October 2, 2007.
15         On September 17, 2007, the parties met and conferred on this Joint Case
16 Management Statement, ADR procedures, discovery and disclosures.  The parties are
17 currently meeting and conferring about a possible resolution of the individual 1447(b)
18 claims of Plaintiffs Vladimir Mikulicic, Biljana Petrovic, Eiman Taky and Yan Wang.
19         There are two pending motions in this case, as set forth in the next section.
20    **d.  Pending motions**
21         Defendants filed a Motion to Dismiss on August 31, 2007, currently set for
22 hearing on October 11, 2007.  Defendants submitted evidence in the form of declarations
23 in support of their Motion to Dismiss.  Defendants contend that such evidence is in
24 support of their motion to dismiss for lack of subject-matter jurisdiction under Rule
25 12(b)(1).  Plaintiffs will object to the Court's consideration of such extrinsic evidence for
26 purposes of Defendants' Motion to Dismiss. In the event that the Court chooses to
27 consider such extrinsic evidence, Plaintiffs contend that the motion should be treated as a
28 motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(b) ("If, on

1  a motion [under Rule 12(b)(6)], matters outside the pleading are presented to and not
2  excluded by the court, the motion shall be treated as one for summary judgment and
3  disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity
4  to present all material made pertinent to such a motion by Rule 56"). In that event,
5  Plaintiffs would request time to complete discovery and to provide additional briefing
6  and/or evidence in opposition to Defendants' motion.
7      Plaintiffs filed a Motion for Class Certification on September 5, 2007.
8  Defendants filed an *ex parte* application for additional time to file an opposition to the
9  Motion for Class Certification, which this Court granted in part and denied in part. The
10 Motion for Class Certification will be heard by the Court on November 8, 2007.
11     **e.  Major motions anticipated before trial**
12     In addition to the pending motion to dismiss and motion for class certification, the
13 parties anticipate the following motions.
14     Defendants intend to request at the Case Management Conference that the Court
15 stay discovery and disclosures during the pendency of the motion to dismiss and/or the
16 final decision of plaintiffs on the parameters of their complaint. In the event the Court
17 elects to consider evidence submitted in support of Defendants' motion to dismiss,
18 Plaintiffs will seek a continuance of the hearing on the motion to dismiss, request that the
19 motion be treated as a motion for summary judgment, and oppose Defendants' request for
20 a stay of discovery in order to be given an opportunity to discover and present material
21 pertinent to a summary judgment motion.
22     The parties anticipate that they will file motions for summary judgment.
23     **f.  Additional parties**
24     Counsel do not anticipate adding parties. However, Plaintiffs would file an
25 amended complaint to add named plaintiffs if Defendants were to naturalize all present
26 named plaintiffs and if Defendants were to take the position that this matter therefore
27 should be dismissed as moot.
28     **g.  Anticipated hearings**

1    There are presently two hearings already scheduled in this matter on Defendants'
2 Motion to Dismiss and Plaintiffs' Motion for Class Certification. Defendants object to
3 discovery and disclosures during the pendency of their motion to dismiss, and the parties
4 anticipate that a hearing on Defendants' objections may be necessary. The parties also
5 anticipate that there will be a need for a hearing on any motions for summary judgment to
6 be filed.

### h. Evidence preservation

The parties have complied with the Court's direction to take affirmative steps to preserve evidence related to this action including, without limitation, interdiction of document destruction programs and any ongoing erasures of emails, voice mails, and other electronically recorded material.

### i. Stipulated discovery limits

The parties have not stipulated to any discovery limits different from those set forth in the Federal Rules of Civil Procedure.

Defendants hereby object to proceeding with Rule 26(a) disclosures and discovery prior to a decision on the Motion to Dismiss, and Defendants will raise their objection at the Case Management Conference.

Defendants believe that a protective order is necessary in order to conduct discovery in compliance with Privacy Act obligations and possibly obligations under the Immigration and Nationality Act and to protect law enforcement interests. The parties intend to propose the necessary protective orders by stipulation if possible.

As to claims against Defendant Robert S. Mueller III and relating to the Federal Bureau of Investigation, Defendants will take the position that discovery should be limited to the Certified Administrative Record. Plaintiffs will oppose that position.

### j. Proposed deadlines and court dates

The parties propose the following schedule:

| | |
|---|---|
| Last day for Defendants to file Reply in support of Motion to Dismiss | September 27, 2007 |
| Hearing on Defendants' Motion to | October 11, 2007 |

| | |
|---|---|
| Dismiss; Initial Case Management Conference | |
| Last day for Defendants to file Opposition to Plaintiffs' Motion for Class Certification | October 18, 2007 |
| Last day for Plaintiffs to file Reply in support of Motion for Class Certification | October 25, 2007 |
| Hearing on Plaintiffs' Motion for Class Certification | November 8, 2007 |
| Non-expert discovery cut-off[1] | March 17, 2008 |
| Deadline for expert witness disclosures | April 18, 2008 |
| Expert discovery cut-off | June 2, 2008 |
| Last day to file motions for summary judgment | July 17, 2008 |
| Last day to file oppositions to motions for summary judgment | July 31, 2008 |
| Last day to file reply memoranda re motions for summary judgment | August 7, 2008 |
| Hearing on motions for summary judgment | August 21, 2008 |
| Last day to serve motions in limine | August 26, 2008 |
| Last day to serve oppositions to motions in limine | September 5, 2008 |
| Last day to file motions in limine; last day to file joint proposed final pretrial order | September 9, 2008 |
| Pretrial conference | September 15, 2008 |
| Trial date | September 22, 2008 |

### k. Jury demand

There is no jury demand in this case.

### l. Relief sought

Each of the named Plaintiffs seeks naturalization by the Court pursuant to 8 U.S.C. § 1447(b). The named Plaintiffs also request that the Court certify a class and grant declaratory and injunctive relief from Defendants' violations of the APA and Due Process Clause as follows:

(1)    Order Defendants to promptly adjudicate, in a time period not to exceed 90 days,

---

[1] The parties agree to this discovery cut-off date assuming that discovery commences immediately and is not stayed. In the event that discovery is stayed, the parties believe that a

|   |   |   |
|---|---|---|
| 1 |     | the currently pending applications for naturalization of all members of the |
| 2 |     | proposed class; |
| 3 | (2) | Order Defendants to adjudicate, within a reasonable time period not to exceed 180 |
| 4 |     | days from the date of the application date, all applications for naturalization that |
| 5 |     | shall be submitted in the future; |
| 6 | (3) | Order that any name checks Defendants choose to conduct shall be completed in a |
| 7 |     | manner that does not delay adjudication of naturalization applications beyond 180 |
| 8 |     | days from the date the application is received by CIS; |
| 9 | (4) | Order Defendants to adopt a procedure for identifying naturalization cases |
| 10 |    | awaiting final adjudication based solely on FBI name checks, and for identifying |
| 11 |    | naturalization cases awaiting final adjudication for more than 120 days after |
| 12 |    | successful completion of the naturalization examination, or 180 days from the |
| 13 |    | date CIS receives the naturalization application; |
| 14 | (5) | Issue a declaratory judgment holding unlawful: (a) the failure of Defendants Still, |
| 15 |    | Emilio Gonzalez and Chertoff to adjudicate applications for naturalization within |
| 16 |    | 180 days of the date of the naturalization application is received by CIS; (b) The |
| 17 |    | failure of Defendants Alberto Gonzales and Mueller to complete FBI name |
| 18 |    | checks within a reasonable time; and (c) Defendants' failures to take all necessary |
| 19 |    | steps to adjudicate applications for naturalization within 180 days of receipt by |
| 20 |    | CIS. |
| 21 | (6) | Award reasonable attorney fees and costs pursuant to the Equal Access to Justice |
| 22 |    | Act, 5 U.S.C. § 504, 28 U.S.C. § 2412; and |
| 23 | (7) | Grant any and all further relief this Court deems just and proper. |

**m. Alternative Dispute Resolution**

The parties have filed an ADR Certification and Notice of Need for ADR Phone Conference and are considering ADR options.

**n. Assignment to magistrate judge**

---

later discovery cut-off date would be appropriate.

1 | The parties do not consent to assignment of this matter to a magistrate judge.

2 | **o. Service list for all counsel**

3 | Following is a service list and contact information for all counsel:

4 | **Plaintiffs' counsel**:

Cecillia D. Wang (cwang@aclu.org)
Lucas Guttentag (lguttentag@aclu.org)
ACLU Foundation Immigrants' Rights Project
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 343-0775
Facsimile: (415) 395-0950

Julia Harumi Mass (jmass@aclunc.org)
Alan L. Schlosser (aschlosser@aclunc.org)
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-8437

Sin Yen Ling (sinyenl@asianlawcaucus.org)
Joren Lyons (joren@asianlawcaucus.org)
939 Market Street, Suite 201
San Francisco, CA 94103
Telephone: (415) 896-1701
Facsimile: (415) 896-1702

Todd Gallinger (tgallinger@gillgallinger.com)
c/o Coalition on American-Islamic Relations of the San Francisco Bay Area
3000 Scott Boulevard, Suite 212
Santa Clara, CA 95054
Telephone: (408) 986-9874
Facsimile: (408) 986-9875

**Defendants' counsel**:

Scott N. Schools
Joann M. Swanson
Edward A. Olsen (Edward.Olsen@usdoj.gov)
United States Attorney's Office
450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102
Telephone: (415) 436-6915
Facsimile: (415) 436-6927

Peter D. Keisler
Elizabeth J. Stevens (Elizabeth.Stevens@usdoj.gov)
Jeffrey S. Robins (Jeffrey.Robins@usdoj.gov)
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044

1  Telephone: (202) 616-1246
   Facsimile: (202) 307-8801
2
3
4  Dated: October 4, 2007                    Respectfully submitted,

5                                            CECILLIA D. WANG
                                             LUCAS GUTTENTAG
6                                            AMERICAN CIVIL LIBERTIES UNION
                                                 FOUNDATION
7                                            IMMIGRANTS' RIGHTS PROJECT
                                             39 Drumm Street
8                                            San Francisco, CA  94111

9                                            JULIA HARUMI MASS
                                             ALAN L. SCHLOSSER
10                                           AMERICAN CIVIL LIBERTIES UNION
                                                 FOUNDATION OF NORTHERN
11                                               CALIFORNIA
                                             39 Drumm Street
12                                           San Francisco, CA  94111

13                                           SIN YEN LING
                                             JOREN LYONS
14                                           ASIAN LAW CAUCUS
                                             939 Market Street, Suite 201
15                                           San Francisco, CA  94103

16                                           TODD GALLINGER
                                             Of Counsel
17                                           COUNCIL ON AMERICAN-ISLAMIC
                                             RELATIONS (CAIR) – SAN
18                                           FRANCISCO BAY AREA
                                             3000 Scott Boulevard, Suite 212
19                                           Santa Clara, CA 95054

20
                                       By:  _____/s/_____
21                                           CECILLIA D. WANG

22                                           Attorneys for Plaintiffs

23
24
25
26
27
28

| | | |
|---|---|---|
| 1 | Dated: October 4, 2007 | SCOTT N. SCHOOLS<br>United States Attorney |
| 2 | | JOANN W. SWANSON<br>Chief, Civil Division |
| 3 | | EDWARD A. OLSEN<br>Assistant United States Attorney |
| 4 | | 450 Golden Gate Avenue, Box 36055<br>San Francisco, CA  94102 |

PETER D. KEISLER
United States Department of Justice
Acting Attorney General
ELIZABETH J. STEVENS
Senior Litigation Counsel, Office of Immigration Litigation
JEFFREY S. ROBINS
Trial Attorney, Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C.  20044

By:  _____/s/_____
        JEFFREY S. ROBINS

Attorneys for Defendants

**ORDER**

The Joint Case Management Statement is hereby adopted by the Court as a Case Management Order for this matter. The parties are ordered to comply with this Order.

SO ORDERED.

Dated: October ____, 2007

                                           _____
                                           HON. WILLIAM H. ALSUP
                                           UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

I, Cecillia D. Wang, declare as follows:

I hereby certify that today I electronically filed the foregoing JOINT CASE MANAGEMENT STATEMENT with the Clerk of the Court using the ECF system, which will send notification of such filing to the following email addresses:

| | |
|---|---|
| Alan Lawrence Schlosser<br>American Civil Liberties Union<br>  Foundation of Northern California | *Via ECF*<br>at *aschlosser@aclunc.org* |
| Joren Lyons<br>Asian Law Caucus | *Via ECF*<br>at *joren@asianlawcaucus.org* |
| Lucas Guttentag<br>American Civil Liberties Union<br>  Immigrants' Rights Project | *Via ECF*<br>at *lguttentag@aclu.org* |
| Julia Harumi Mass<br>American Civil Liberties Union<br>  Foundation of Northern California | *Via ECF*<br>at *jmass@aclunc.org* |
| Edward A. Olsen<br>United States Attorney's Office | *Via ECF*<br>at *edward.olsen@usdoj.gov* |
| Elizabeth J. Stevens<br>United States Department of Justice | *Via ECF*<br>at *elizabeth.stevens@usdoj.gov* |
| Jeffrey S. Robins<br>United States Department of Justice | *Via ECF*<br>at *jeffrey.robins@usdoj.gov* |

In addition, I hereby certify that on this 4th day of October 2007, true and correct copies of the JOINT CASE MANAGEMENT STATEMENT were served by U.S. Mail on the following non-ECF filers:

| | |
|---|---|
| Sin Yen Ling<br>Asian Law Caucus<br>939 Market Street, Suite 201<br>San Francisco, CA 94103 | Todd Gallinger<br>Council on American-Islamic Relations<br>3000 Scott Boulevard, Suite 212<br>Santa Clara, CA 95054 |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

/ / /

/ / /

1
JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

1  Dated: October 4, 2007
          San Francisco, California
2
3                                                          _____/s/_____
                                                           CECILLIA D. WANG