SCOTT N. SCHOOLS, SC 9990
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
EDWARD A. OLSEN, CSBN 214150
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-6915
    FAX: (415) 436-6927

JEFFREY S. BUCHOLTZ
United States Department of Justice
Acting Assistant Attorney General, Civil Division
ELIZABETH J. STEVENS VSBN 47445
Senior Litigation Counsel
Office of Immigration Litigation
JEFFREY S. ROBINS NY SBN 4355244
Trial Attorney

    P.O. Box 878, Ben Franklin Station
    Washington, D.C. 20044
    Telephone: (202) 616-1246
    FAX: (202) 233-0397
    Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALIA AHMADI, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>MICHAEL CHERTOFF, et al.,<br><br>        Defendants. | No. C-07-3455-WHA<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT** |

COME NOW the Defendants, by and through the undersigned counsel, and submit this Answer to the Plaintiffs' Second Amended Complaint.

## INTRODUCTION

1. This paragraph sets forth Plaintiffs' portrayal of the action, including their legal conclusions. Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs. To the extent that a responsive pleading is required, Defendants admit that plaintiffs Ahmadi, Genthcev, Huang, Ovchinnikov, Sapozhnikov, and Scovajsa are long term Lawful Permanent Residents ("LPR") of the United States. Defendants deny that plaintiffs Ahmadi, Genthcev, Huang, Ovchinnikov, Sapozhnikov, and Scovajsa have met all statutory requirements for naturalization. Defendants admit that plaintiffs plaintiffs Ahmadi, Genthcev, Huang, Ovchinnikov, Sapozhnikov, and Scovajsa have not had their applications for naturalization adjudicated. Defendants deny the remaining allegations in Paragraph 1.

2. This paragraph sets forth Plaintiffs' portrayal of the action, including their legal conclusions. Defendants object to the phrase "suffering from systemic delays in the naturalization process" as misleading and an erroneous characterization of Defendants' actions, and further object to every legal conclusion set forth by Plaintiffs. To the extent a responsive pleading is required, Defendants deny the allegations in paragraph 2. Defendants lack sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 2, which allegations are therefore denied.

3. This paragraph sets forth Plaintiffs' portrayal of the action, including their legal conclusions. Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs. To the extent a response is deemed necessary, Defendants admit only that Defendants Gonzalez and Still are officers of the United States Citizenship and Immigration Services ("CIS") and that Defendant Mueller is an officer of the Federal Bureau of Investigation ("FBI"), and that CIS is responsible for the naturalization process. Defendants deny the remaining allegations in paragraph 3.

4. This paragraph sets forth Plaintiffs' portrayal of the action, including their legal conclusions. Defendants object to the characterizations of their actions and to every legal

conclusion set forth by Plaintiffs.  To the extent a response is deemed necessary, Defendants deny that the case is appropriate for class action treatment under Rule 23, and admit only that 8 U.S.C. § 1447(b) provides that a district court may make a determination on an application for naturalization if no adjudication occurs within 120 days of the examination.

5.    This paragraph sets forth Plaintiffs' portrayal of the action, including their legal conclusions.  Defendants object to the phrase "Defendant officers of CIS have violated CIS regulations" as misleading and an erroneous characterization of Defendants' actions, and further object to every legal conclusion set forth by Plaintiffs.  To the extent a response is deemed necessary, Defendants deny the allegation in paragraph 5.

6.    Denied.  This paragraph sets forth Plaintiffs' claims under the Administrative Procedure Act ("APA"), and the Due Process Clause, which the Court dismissed in its Order dated October 15, 2007.

7.    Denied.  This paragraph sets forth Plaintiffs' portrayal of their claims under the APA in which the Court dismissed in its Order dated October 15, 2007.

8.    Admitted.

9.    This paragraph sets forth Plaintiffs' portrayal of the action, including their legal conclusions.  No response is needed, although Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.  To the extent a response is deemed necessary, Defendants deny that plaintiffs have met all statutory requirements for naturalization.  Defendants deny that the case is appropriate for class action treatment under Rule 23.  Defendants lack sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 9.

10.   This paragraph sets forth Plaintiffs' portrayal of the action, including their legal conclusions.  No response is needed, although Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.  To the extent a response is deemed necessary, Defendants deny that the case is appropriate for class action treatment under Rule 23.  Defendants deny the first and second sentence of Paragraph 10.  Defendants lack sufficient

information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 10, which allegations are therefore denied.

11.    This paragraph sets forth Plaintiffs' portrayal of the action, including their legal conclusions and requests for relief.  Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.  To the extent a response is deemed necessary, Defendants deny that the case is appropriate for class action treatment under Rule 23.  Plaintiffs' requests for relief under the due process clause and the APA have been dismissed by the Court in its Order dated October 15, 2007.   Defendants deny the remaining allegations in Paragraph 11.

## JURISDICTION AND VENUE

12.    This paragraph sets forth conclusions of law to which no response is required.  To the extent that a responsive pleading is required, Defendants admit only that 8 U.S.C. § 1447(b) confers jurisdiction over certain naturalization applications.

13.    This paragraph sets forth Plaintiffs' portrayal of the action, including their legal conclusions.  Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.  To the extent a response is deemed necessary, Defendants admit that venue lies within the Northern District of California.

## THE PARTIES

**Plaintiffs:**

14.    Admitted.

15.    Admitted.

16.    Admitted.

17.    Admitted

18.    Admitted.

19.    Admitted.

**Defendants:**

20.    Admitted.

21.    Admitted.

22.    Admitted.

Defendants' Answer To Plaintiffs' Second Amended Complaint - C-07-3455-WHA          4

1  23.    Admitted.
2  24.    Admitted.

## LEGAL FRAMEWORK

4  25.    Admitted.
5  26.    Admitted.
6  27.    Admitted.
7  28.    Admitted.
8  29.    Admitted.
9  30.    This paragraph sets forth Plaintiffs' portrayal of the action, including their legal conclusions. Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs. To the extent a response is deemed necessary, Defendants admit the first sentence of Paragraph 30, and deny the second sentence of paragraph 30.
13 31.    This paragraph sets forth Plaintiffs' portrayal of the action, including their legal conclusions. Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs. To the extent a response is deemed necessary, Defendants deny the first sentence of Paragraph 31, and admit the second sentence of paragraph 31.
17 32.    This paragraph sets forth Plaintiffs' portrayal of the action, including their legal conclusions. Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs. To the extent a response is deemed necessary, Defendants deny the first sentence of Paragraph 32, and admit the second sentence of paragraph 32.
21 33.    Admitted.

**PRE-NATURALIZATION BACKGROUND CHECKS**

23 34.    The allegations in Paragraph 34 set forth conclusions of law to which no responsive pleading is required. Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs. To the extent a response is deemed necessary, Defendants respectfully refer the Court to 8 C.F.R. § 335.2. Defendants admit the first two sentences of paragraph 34, and admit the final sentence of paragraph 34. Defendants deny the third sentence of paragraph 34.

35.     The allegations in Paragraph 35 set forth Plaintiffs' portrayal of the action, including their legal conclusions. Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs. To the extent a response is deemed necessary, Defendants admit only that the Interagency Border Inspection System ("IBIS") and the FBI name check are among the name-based background checks performed upon each applicant for naturalization, and deny the remaining allegations in Paragraph 35.

36.     The allegations in Paragraph 36 set forth Plaintiffs' portrayal of the action, including their legal conclusions. Defendants object to the characterizations of their actions. To the extent a response is deemed necessary, Defendants admit the allegations in Paragraph 36.

37.     The allegations in Paragraph 37 set forth Plaintiffs' portrayal of the action, including their legal conclusions. Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 37.

38.     The allegations in Paragraph 38 set forth Plaintiffs' portrayal of the action, including their legal conclusions. Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 38.

39.     The allegations in Paragraph 39 set forth Plaintiffs' portrayal of the action, including their legal conclusions. Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs. To the extent a response is deemed necessary, Defendants are without knowledge sufficient to admit or deny the allegations in the first sentence of Paragraph 39, which allegations are therefore denied. Defendants deny the remaining allegations in Paragraph 39.

40.     The allegations in Paragraph 40 set forth Plaintiffs' portrayal of the action, including their legal conclusions. Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs. To the extent a response is deemed necessary, Defendants deny the allegations in the first two sentences of Paragraph 40. Defendants admit that the CIS Ombudsman's Report contains the quotations in the remainder of Paragraph 40.

41.    The allegations in Paragraph 41 set forth Plaintiffs' portrayal of the action, including their legal conclusions. Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs. To the extent a response is deemed necessary, Defendants are without knowledge sufficient to admit or deny the allegations in the first sentence of Paragraph 41, which allegations are therefore denied. Defendants admit that the CIS Ombudsman's Report contains the quotations in the remainder of Paragraph 41.

42.    The allegations in Paragraph 42 set forth Plaintiffs' portrayal of the action, including their legal conclusions. Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs. To the extent a response is deemed necessary, Defendants admit only that in April 2006, CIS stopped the practice of scheduling examinations until all portions of the full criminal background check, including the FBI name check, are completed. Defendants respectfully refer the court to review 8 C.F.R. § 335.2. Defendants deny the remaining allegations in paragraph 42.

## FACTS PERTAINING TO THE NAMED PLAINTIFFS

43.    Defendants admit only that, based on information supplied by Alia Ahmedi and in Defendants' records, Ms. Ahmedi resides in Union City, California, and is a 73-year-old native and citizen of Afghanistan. Defendants are without knowledge sufficient to admit or deny the remaining allegations in this paragraph, which allegations are therefore denied.

44.    Defendants admit that, based on information supplied by Ms. Ahmedi and in Defendants' records, she applied for citizenship in 2002. Defendants deny that plaintiff Ahmedi meets all the statutory requirements for naturalization. Defendants are without knowledge sufficient to admit or deny the remaining allegations in this paragraph, which allegations are therefore denied.

45.    The allegations in Paragraph 45 set forth Plaintiffs' portrayal of the action, including their legal conclusions. Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs. To the extent a response is deemed necessary, Defendants admit that USCIS did not have a current set of fingerprints on file. Defendants are without knowledge sufficient to admit or deny the remaining allegations in Paragraph 45, which allegations are therefore denied.

46. The allegations in Paragraph 46 set forth Plaintiffs' portrayal of the action, including their legal conclusions. Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs. To the extent a response is deemed necessary, Defendants admit only that the results of the FBI name check portion of the full criminal background check were transmitted to CIS on or about October 13, 2005.

47. The allegations in Paragraph 47 sets forth Plaintiffs' portrayal of the action, including their legal conclusions. Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs. To the extent a response is deemed necessary, Defendants are without knowledge sufficient to admit or deny the allegations in this paragraph, which allegations are therefore denied.

48. Defendants admit that Mr. Gentchev is a 53-year-old native and citizen of Bulgaria, who was admitted to the United States in October 1997 as a lawful permanent resident based on sponsorship by an employer. Defendants are without knowledge sufficient to admit or deny the remaining allegations in Paragraph 48, which allegations are therefore denied.

49. Defendants are without knowledge sufficient to admit or deny the allegations in Paragraph 49, which allegations are therefore denied.

50. Defendants admit only that, based on information in Defendants' records, he applied for citizenship in 2002, and successfully completed the civics and English portions of the interview in 2003. Defendants deny that plaintiff Gentchev meets all the statutory requirements for naturalization. Defendants are without knowledge sufficient to admit or deny the remaining allegations in this paragraph, which allegations are therefore denied.

51. Defendants admit only that CIS received several inquiries from Mr. Gentchev, and that he was informed that his application was awaiting completion of security checks. Defendants are without knowledge sufficient to admit or deny the remaining allegations in Paragraph 51, which allegations are therefore denied.

52. Defendants admit that Mr. Huang is a 44-year-old native and citizen of China, who was admitted to the United States in October 1994 as a lawful permanent resident based on the petition

of his wife. Defendants are without knowledge sufficient to admit or deny the remaining allegations in Paragraph 52, which allegations are therefore denied.

53. Defendants are without knowledge sufficient to admit or deny the allegations in Paragraph 53, which allegations are therefore denied.

54. Defendants admit only that, based on information in Defendants' records, he applied for citizenship in 2003, and successfully completed the civics and English portions of the interview in 2004. Defendants deny that Mr. Huang meets all the statutory requirements for naturalization. Defendants are without knowledge sufficient to admit or deny the remaining allegations in this paragraph, which allegations are therefore denied.

55. Defendants are without knowledge sufficient to admit or deny the allegations in Paragraph 55, which allegations are therefore denied.

56. Defendants are without knowledge sufficient to admit or deny the allegations in Paragraph 56, which allegations are therefore denied.

57. Defendants admit only that, based on information supplied by Igor Ovchinnikov and in Defendants' records, Mr. Ovchinnikov is a 43-year-old native of the former Soviet Union and citizen of Ukraine, who was admitted to the United States in January 1998 as a lawful permanent resident through the diversity visa program. Defendants are without knowledge sufficient to admit or deny the remaining allegations in Paragraph 57, which allegations are therefore denied.

58. Defendants are without knowledge sufficient to admit or deny the allegations in Paragraph 58, which allegations are therefore denied.

59. Defendants admit only that, based on information supplied by Mr. Ovchinnikov and in Defendants' records, he applied for citizenship in 2003, and successfully completed the civics and English portions of the interview in 2004. Defendants deny that plaintiff Ovchinnikov meets all the statutory requirements for naturalization. Defendants are without knowledge sufficient to admit or deny the remaining allegations in this paragraph, which allegations are therefore denied.

60. Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs. Defendants admit only that USCIS requested updated fingerprints in June of

2005. Defendants are without knowledge sufficient to admit or deny the remaining allegations in Paragraph 60, which allegations are therefore denied.

61. Defendants admit only that CIS received several inquiries from Mr. Ovchinnikov, and that he was informed that his application was awaiting completion of security checks. Defendants also admit that Mr. Ovchinnikov requested that his application be expedited in February of 2007. Defendants are without knowledge sufficient to admit or deny the remaining allegations in Paragraph 61, which allegations are therefore denied.

62. Defendants are without knowledge sufficient to admit or deny the allegations in this paragraph, which allegations are therefore denied.

63. Defendants admit only that, based on information supplied by Sergei Yuri Sapozhnikov and in Defendants' records, Mr. Sapozhnikov is a 46-year-old native of the former Soviet Union and citizen of Russia, who became a lawful permanent resident in 1998. Defendants lack sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 63, which allegations are therefore denied.

64. Defendants admit only that, based on information supplied by Mr. Sapozhnikov and in Defendants' records, he applied for citizenship in 2004, and successfully completed the civics and English portions of the interview in 2004. Defendants are without knowledge sufficient to admit or deny the remaining allegations in this paragraph, which allegations are therefore denied.

65. Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 65, which allegations are therefore denied.

66. Defendants admit only that Helga Scovajsa is a 68-year-old native of former Czechoslovakia and a citizen of the Czech Republic, who became a lawful permanent resident in 1978 based on the petition of her husband. Defendants lack sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 66, which allegations are therefore denied.

67. Defendants admit only that, Ms. Scovajsa applied for citizenship in 2004, and successfully completed the civics and English portions of the interview also in 2004. Defendants are without knowledge sufficient to admit or deny the remaining allegations in this paragraph, which allegations are therefore denied. Defendants deny that Ms. Scovajsa meets all the statutory

requirements for naturalization. Defendants are without knowledge sufficient to admit or deny the remaining allegations in this paragraph, which allegations are therefore denied.

68.  Defendants admit only that CIS received at least one inquiry from Ms. Scovajsa, and that she was informed that her application was awaiting completion of security checks. Defendants are without knowledge sufficient to admit or deny the remaining allegations in Paragraph 68, which allegations are therefore denied.

69.  Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 69, which allegations are therefore denied.

**Defendants' Policies and Practices**

70.  Denied. Defendants object to the characterizations of Defendants' actions and to every legal conclusion set forth by Plaintiffs. Defendants assert that the case is not appropriate for class action treatment under Rule 23.

71.  Denied. Defendants object to the characterizations of Defendants' actions and to every legal conclusion set forth by Plaintiffs. Defendants assert that the case is not appropriate for class action treatment under Rule 23.

72.  Denied. Defendants object to the characterizations of Defendants' actions and to every legal conclusion set forth by Plaintiffs. Defendants assert that the case is not appropriate for class action treatment under Rule 23.

73.  Denied. Defendants object to the characterizations of Defendants' actions and to every legal conclusion set forth by Plaintiffs. Defendants assert that the case is not appropriate for class action treatment under Rule 23.

74.  Denied. Defendants object to the characterizations of Defendants' actions and to every legal conclusion set forth by Plaintiffs. Defendants assert that the case is not appropriate for class action treatment under Rule 23.

75.  Denied. Defendants object to the characterizations of Defendants' actions and to every legal conclusion set forth by Plaintiffs.

76.  Denied. Defendants object to the characterizations of Defendants' actions and to every legal conclusion set forth by Plaintiffs.

77.     The court dismissed all of Plaintiffs' claims under the APA, including Plaintiffs' allegations regarding notice and comment, in its Order dated October 15, 2007. To the extent that a responsive pleading is required, Defendants are without knowledge sufficient to admit or deny the allegations in the first sentence, which allegations are thus denied, and deny the allegations in the second sentence.

78.     Denied. Defendants object to the characterizations of Defendants' actions and to every legal conclusion set forth by Plaintiffs. Defendants assert that the case is not appropriate for class action treatment under Rule 23.

**PREJUDICE SUFFERED BY APPLICANTS WITH DELAYED CASES**

79.     Denied. Defendants object to the characterizations of Defendants' actions and to every legal conclusion set forth by Plaintiffs. Defendants assert that the case is not appropriate for class action treatment under Rule 23.

80.     Defendants deny that Plaintiffs assert cognizable injuries. Defendants admit that a minor child may obtain derivative citizenship from a naturalizing parent, and that immediate relatives of United States citizens are not generally subject to worldwide limitations on the number of immigrant visas.

81.     Defendants are without knowledge sufficient to admit or deny the allegations in this paragraph, which allegations are therefore denied, and note that none of the plaintiffs named in this action have alleged separations from their spouses or children.

82.     Defendants are without knowledge sufficient to admit or deny the allegations in this paragraph, which allegations are therefore denied.

83.     Defendants are without knowledge sufficient to admit or deny the allegations in this paragraph, which allegations are therefore denied.

84.     Defendants deny the allegations in paragraph 84. Defendants object to the characterizations of Defendants' actions set forth by Plaintiffs.

**CLASS ALLEGATIONS**

85.     Defendants deny that the case is appropriate for class action treatment under Rule 23.

86.     Defendants deny that the case is appropriate for class action treatment under Rule 23. Defendants admit that the CIS Ombudsman's 2007 report contained the quotations and figures used in Paragraph 86.

87.     Defendants deny that the case is appropriate for class action treatment under Rule 23. Defendants admit only that the CIS 2005 report contained the numbers used in Paragraph 87.

88.     Defendants deny that the case is appropriate for class action treatment under Rule 23, and deny that plaintiffs have demonstrated commonality. Defendants assert that Plaintiffs' claims under the due process clause and the APA, have been dismissed by the Court in its Order dated October 15, 2007.

89.     Defendants deny that the case is appropriate for class action treatment under Rule 23, and deny that plaintiffs have demonstrated typicality. Defendants object to the characterizations of Defendants' actions and to every legal conclusion set forth by Plaintiffs.

90.     Defendants deny that the case is appropriate for class action treatment under Rule 23, and deny that the allegations in Paragraph 90. Defendants object to the characterizations of Defendants' actions and to every legal conclusion set forth by Plaintiffs.

91.     Defendants deny that the case is appropriate for class action treatment under Rule 23, and deny that Plaintiffs have demonstrated that they will adequately represent the Class. Defendants Defendants admit that counsel for Plaintiffs have extensive expertise in class action litigation and/or immigrants rights cases. Defendants object to the characterizations of Defendants' actions and to every legal conclusion set forth by Plaintiffs, and deny the final sentence of paragraph 91.

**Declaratory And Injunctive Relief Allegations**

92.     The allegations in Paragraph 92 set forth conclusions of law to which no responsive pleading is required. However, to the extent a response is deemed necessary, Defendants deny the first and second sentence of Paragraph 92, and admit that Defendants disagree with Plaintiffs. 92.      Denied.

94.     The allegations in Paragraph 94 set forth Plaintiffs' request for relief, to which no responsive pleading is required. However, to the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 94.

**CAUSES OF ACTION**

**Count One**

95.    Defendants reassert their preceding responses to Plaintiffs' allegations in Paragraphs 1 through 94 as though fully set forth herein.

96.    Denied. Defendants object to the characterizations of Defendants' actions and to every legal conclusion set forth by Plaintiffs.

97.    Defendants deny any named Plaintiff has met all statutory requirements for naturalization. Defendants admit that all named plaintiffs have not had their applications adjudicated.

**Count Two**

98.    Defendants reassert their preceding responses to Plaintiffs' allegations in Paragraphs 1 through 97 as though fully set forth herein.

99.    Denied. This paragraph sets forth Plaintiffs' portrayal of their claims under the APA in which the Court dismissed in its Order dated October 15, 2007.

100.    Denied. This paragraph sets forth Plaintiffs' portrayal of their claims under the APA in which the Court dismissed in its Order dated October 15, 2007. Defendants object to the characterizations of Defendants' actions and to every legal conclusion set forth by Plaintiffs.

101.    Denied. This paragraph sets forth Plaintiffs' portrayal of their claims under the APA in which the Court dismissed in its Order dated October 15, 2007. Defendants object to the characterizations of Defendants' actions and to every legal conclusion set forth by Plaintiffs.

102.    Denied. This paragraph sets forth Plaintiffs' portrayal of their claims under the APA in which the Court dismissed in its Order dated October 15, 2007. Defendants object to the characterizations of Defendants' actions and to every legal conclusion set forth by Plaintiffs.

103.    Denied. This paragraph sets forth Plaintiffs' portrayal of their claims under the APA in which the Court dismissed in its Order dated October 15, 2007. Defendants object to the characterizations of Defendants' actions and to every legal conclusion set forth by Plaintiffs.

**Count Three**

104.    Defendants reassert their preceding responses to Plaintiffs' allegations in Paragraphs 1 through 103 as though fully set forth herein.

105.    Admitted.

106.    Denied. This paragraph sets forth Plaintiffs' portrayal of their claims under the APA in which the Court dismissed in its Order dated October 15, 2007. Defendants object to the characterizations of Defendants' actions and to every legal conclusion set forth by Plaintiffs.

107.    Denied. This paragraph sets forth Plaintiffs' portrayal of their claims under the APA in which the Court dismissed in its Order dated October 15, 2007. Defendants object to the characterizations of Defendants' actions and to every legal conclusion set forth by Plaintiffs.

108.    Denied. This paragraph sets forth Plaintiffs' portrayal of their claims under the APA in which the Court dismissed in its Order dated October 15, 2007. Defendants object to the characterizations of Defendants' actions and to every legal conclusion set forth by Plaintiffs.

109.    Denied. This paragraph sets forth Plaintiffs' portrayal of their claims under the APA in which the Court dismissed in its Order dated October 15, 2007. Defendants object to the characterizations of Defendants' actions and to every legal conclusion set forth by Plaintiffs.

**Count Four**

110.    Defendants reassert their preceding responses to Plaintiffs' allegations in Paragraphs 1 through 109 as though fully set forth herein.

111.    The allegation in Paragraph 111 sets forth a conclusion of law to which no responsive pleading is required. To the extent that an answer by Defendants is required, Defendants admit the legal conclusions in Paragraph 111.

112.    Denied. This paragraph sets forth Plaintiffs' portrayal of their claims under the Due Process Clause which the Court dismissed in its Order dated October 15, 2007. Defendants object to the characterizations of Defendants' actions and to every legal conclusion set forth by Plaintiffs.

113.    Denied. This paragraph sets forth Plaintiffs' portrayal of their claims under the Due Process Clause which the Court dismissed in its Order dated October 15, 2007. Defendants object to the characterizations of Defendants' actions and to every legal conclusion set forth by Plaintiffs.

114.    Denied. This paragraph sets forth Plaintiffs' portrayal of their claims under the Due Process Clause which the Court dismissed in its Order dated October 15, 2007. Defendants object to the characterizations of Defendants' actions and to every legal conclusion set forth by Plaintiffs.

**PRAYER FOR RELIEF**

The remainder of the complaint constitutes Plaintiffs' request for relief to which no responsive pleading is necessary. To the extent that a responsive pleading is required, Defendants deny the prayer for relief.

Defendants deny that Plaintiffs are entitled to the relief sought in the complaint or to any relief whatsoever.

\* \* \* \* \*

In addition, Defendants assert the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

The complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The complaint should be dismissed on the ground of mootness.

**THIRD AFFIRMATIVE DEFENSE**

The complaint is so general as to be insufficient to give Defendants fair notice of whether Plaintiffs have standing to assert their claims.

**FOURTH AFFIRMATIVE DEFENSE**

The complaint should be summarily dismissed, as the remaining named Plaintiffs have failed to demonstrate that they meet all the statutory requirements for naturalization.

**FIFTH AFFIRMATIVE DEFENSE**

The complaint is so general as to be insufficient to give Defendants fair notice of the bases upon which Plaintiffs bring their claims.

**SIXTH AFFIRMATIVE DEFENSE**

This Court lacks jurisdiction over Plaintiffs' Cause of Action under the Administrative Procedure Act.

**SEVENTH AFFIRMATIVE DEFENSE**

This Court lacks jurisdiction over Plaintiffs' Cause of Action under the Declaratory Judgment Act.

**EIGHTH AFFIRMATIVE DEFENSE**

Relief should be denied plaintiffs as an exercise of judicial discretion to withhold relief. The Court should not, even if empowered to do so, engage in the business of reordering agency priorities, or jeopardize national security or the public safety by ordering Defendants to provide documentation to Plaintiffs and alleged class members before the satisfactory completion of all requisite background and security checks.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs have failed to state a cause of action under the Due Process Clause.

* * * * *

WHEREFORE Defendants ask that this action be dismissed with prejudice, that judgment be entered for Defendants, that the request of an award of costs and expenses of the suit be denied to Plaintiffs, and that the Court grant such other and further relief to Defendants as it deems proper.

Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney
JOANN M. SWANSON
Assistant United States Attorney
Chief, Civil Division
EDWARD A. OLSEN
Assistant United States Attorney

JEFFREY S. BUCHOLTZ
United States Department of Justice
Acting Assistant Attorney General,
Civil Division
ELIZABETH J. STEVENS
Senior Litigation Counsel

Dated: November 30, 2007

By:   /s/
JEFFREY S. ROBINS
Trial Attorney

# CERTIFICATE OF SERVICE

Case No. C-07-3455-WHA

    I hereby certify that on this 30th day of November 2007, one copy of the foregoing **DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT** was served on counsel for Plaintiffs via the district court ECF system which will send notification of such filing to the following ECF filers:

Julia Harumi Mass
jmass@aclu.org
Alan L. Schlosser
aschlosser@aclu.org
Cecillia D. Wang
cwang@aclu.org
ACLU Foundation of Northern California
Lucas Guttentag
lguttentag@aclu.org
ACLU Immigrants' Rights Project
Christopher Joren Lyons
joren@asianlawcaucus.org
Asian Law Caucus
Edward A. Olsen
edward.olsen@usdoj.gov
United States Attorney's Office
Elizabeth J. Stevens
Elizabeth.Stevens@usdoj.gov
Department of Justice, Office of Immigration Litigation

    In addition, I hereby certify that on this 30th day of November 2007, true and correct copies of **DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT** were served by Federal Express next-day delivery on the following non-ECF filers:

| | |
|---|---|
| Sin Yen Ling | Todd Gallinger |
| Asian Law Caucus | Council on American-Islamic Relations (CAIR) |
| 939 Market Street, Suite 201 | 3000 Scott Boulevard, Suite 212 |
| San Francisco, CA 94103 | Santa Clara, CA 95054 |

                                                                         /S/
                                                JEFFREY S. ROBINS
Trial Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
Post Office Box 878, Ben Franklin Station
Washington, D.C. 20044

Defendants' Answer To Plaintiffs' Second Amended Complaint - C-07-3455-WHA