CECILLIA D. WANG (CSB #187782)
LUCAS GUTTENTAG (CSB #90208)
AMERICAN CIVIL LIBERTIES UNION
    FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 343-0775
Facsimile: (415) 395-0950
Email: CWang@aclu.org

Attorneys for Plaintiffs-Petitioners
*Additional counsel listed on following page

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALIA AHMADI, ANGEL GENTCHEV, JIWEI HUANG, IGOR OVCHINNIKOV, SERGEI SAPOZHNIKOV, and HELGA SKOVAJSA,<br><br>             Plaintiffs-Petitioners,<br><br>   v.<br><br>MICHAEL CHERTOFF, U.S. Secretary of Homeland Security; ROBERT S. MUELLER III, Director of the Federal Bureau of Investigation; MICHAEL MUKASEY, Attorney General of the United States; EMILIO T. GONZALEZ, Director, U.S. Department of Homeland Security, Bureau of Citizenship and Immigration Services; DAVID STILL, District Director, U.S. Department of Homeland Security, Bureau of Citizenship and Immigration Services, San Francisco District,<br><br>             Defendants-Respondents. | Case No. 07-CV-3455-WHA<br><br>**NOTICE OF MOTION AND MOTION FOR ENTRY OF PARTIAL JUDGMENT PURSUANT TO FED. R. CIV. P. 54(B); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**CLASS ACTION**<br><br>Judge: Hon. William A. Alsup<br>Date:  January 31, 2008<br>Time:  8:00 a.m. |

1 | Additional counsel:

2 | JULIA HARUMI MASS (CSB #189649)
ALAN L. SCHLOSSER (CSB #49957)
3 | AMERICAN CIVIL LIBERTIES UNION
    FOUNDATION OF NORTHERN CALIFORNIA
4 | 39 Drumm Street
San Francisco, CA 94111
5 | Telephone: (415) 621-2493
Facsimile: (415) 255-8437
6 |
SIN YEN LING*
7 | JOREN LYONS (CSB #203403)
ASIAN LAW CAUCUS
8 | 939 Market Street, Suite 201
San Francisco, CA 94103
9 | Telephone: (415) 896-1701
Facsimile: (415) 896-1702
10 |
*Application for admission pro hac vice forthcoming
11 |

12 | Of counsel:

13 | TODD GALLINGER (CSB #238666)
COUNCIL ON AMERICAN-ISLAMIC RELATIONS
14 |    (CAIR) – SAN FRANCISCO BAY AREA
3000 Scott Boulevard, Suite 212
15 | Santa Clara, CA 95054
Telephone: (408) 986-9874
16 | Facsimile: (408) 986-9875

17

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR ENTRY OF PARTIAL JUDGMENT PURSUANT TO FED. R. CIV. P. 54(B)

**NOTICE OF MOTION**

TO THE COURT, ALL PARTIES AND COUNSEL OF RECORD:

    PLEASE TAKE NOTICE that on January 31, 2007, at 8:00 a.m., before the Honorable William H. Alsup, at the United States Courthouse at 450 Golden Gate Avenue, San Francisco, California, Plaintiffs will and hereby do move the Court for entry of a partial judgment as to the claims dismissed by the Court in its order dated October 15, 2007, pursuant to Federal Rule of Civil Procedure 54(b).

    Plaintiffs seek entry of a partial judgment as to the Administrative Procedure Act and due process claims dismissed by the Court, so that they may pursue an immediate appeal of the Court's order. There is no just reason for delay of the appeal of those legal issues, the dismissed claims are sufficiently independent of the remaining claims being litigated in this Court, and the equities weigh in favor of an immediate appeal.

    This request is made pursuant to the Federal Rule of Civil Procedure 54(b) and is based upon the attached Memorandum of Points and Authorities.

Dated: December 27, 2007                                    Respectfully submitted,

                                                      _____/s/_____
                                                      CECILLIA D. WANG
                                                      AMERICAN CIVIL LIBERTIES UNION
                                                        FOUNDATION
                                                     IMMIGRANTS' RIGHTS PROJECT
                                                     39 Drumm Street
                                                     San Francisco, CA 94111

                                                     Attorneys for Plaintiffs

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

The Plaintiffs in this action are all longtime lawful permanent residents of the United States who applied for naturalization and successfully passed their naturalization examinations more than two years ago. Through this lawsuit, they sought relief in the form of a grant of citizenship by this Court pursuant to 8 U.S.C. § 1447(b). Plaintiffs also brought claims under the Administrative Procedure Act ("APA") and Due Process Clause, seeking injunctive or declaratory relief that would require the Defendants to stop their policies and practices leading to *system-wide*, years-long delays in the administrative procedures for obtaining U.S. citizenship. For these latter claims, the Plaintiffs sought to represent a class of countless others – numbering at least in the hundreds in this judicial District – who are similarly affected by Defendant's policies and practices. Plaintiffs brought these claims for equitable relief under the APA and Due Process Clause because no single individual action under 8 U.S.C. § 1447(b) – and, for that matter, no number of individual actions under 8 U.S.C. § 1447(b) – can ever obtain a remedy for the system-wide naturalization delays caused by the Defendants' policies and practices.

On October 15, 2007, this Court granted in part and denied in part Defendants' Motion to Dismiss. The Court dismissed Plaintiffs' claims for system-wide relief – specifically, the Court dismissed Plaintiffs' claims of (A) unreasonable agency delay under the APA; (B) violation of the notice-and-comment requirements of the APA; and (C) violation of the Due Process Clause. The Court dismissed all of the foregoing claims as a matter of law, pursuant to Federal Rule of Civil Procedure 12(b)(6). However, the Court denied the Defendants' motion to dismiss Plaintiffs' individual claims for naturalization under 8 U.S.C. § 1447(b). The parties are continuing to litigate those individual Section 1447(b) claims.

Plaintiffs now request that the Court enter a partial judgment on their dismissed claims for systemic injunctive and/or declaratory relief under Federal Rule of Civil Procedure 54(b), which "allows a district court dealing with multiple claims or multiple parties to direct the entry of a final judgment as to fewer than all of the claims or parties…." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 3 (1980). Entry of a partial final judgment would permit Plaintiffs to

1  pursue an immediate appeal of the dismissed claims to the Court of Appeals.  Plaintiffs
2  respectfully disagree with the Court's legal holdings that they failed to state claims under the
3  APA and Due Process Clause and intend to pursue those claims before the Court of Appeals.
4  There is no reason of judicial economy or other good cause for delaying appeal of the legal
5  issues until after Plaintiffs' individual claims under 8 U.S.C. § 1447(b) are resolved.  Thus, an
6  immediate appeal is warranted under the Rule 54(b).

**ARGUMENT**

By its October 15 order, the Court dismissed Plaintiffs' claims under the APA and Due Process Clause – Counts Two, Three and Four of the First Amended Complaint (which are identical to Counts Two, Three and Four of the Second Amended Complaint, which was filed on November 15, 2007, and is now the operative pleading in this matter).  Under Federal Rule of Civil Procedure 54(b), this Court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  *See also Curtiss-Wright*, 446 U.S. at 7 (initial inquiry under Rule 54(b) is whether the order in question is "a decision upon a cognizable claim for relief and "an ultimate disposition of an individual claim entered in the course of a multiple claims action").  The Ninth Circuit has instructed district courts to apply a two-step process in determining whether to certify claims for immediate appeal under Rule 54(b).  First, the district court should determine "factors such as the interrelationship of the claim so as to prevent piecemeal appeals."  *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 954 (9th Cir. 2006) (quoting *Gregorian v. Izvestia*, 871 F.2d 1515, 1519 (9th Cir. 1989)).  Second, the district court should assess the equities.  *AmerisourceBergen*, 465 F.3d at 954 (citing *Gregorian*, 871 F.2d at 1519).

**A.  There Is No Just Reason for Delay as Immediate Appeal of the Dismissed Claims Would Serve Judicial Economy and Would Not Lead to Piecemeal Appeals.**

The Court's October 15 order dismissing Plaintiffs' claims relating to the Defendants' policies and practices of systemic naturalization delays is ideally suited for certification of an immediate appeal under Rule 54(b).  The Court's October 15 order disposes conclusively and

1 entirely of Plaintiffs' APA and due process claims as a matter of law.  Rule 54(b) certification is
2 warranted here, as Plaintiffs intend to pursue an appeal on their claims for systemic, equitable
3 relief regardless of the outcome of their individual claims for naturalization under 8 U.S.C. §
4 1447(b).  Entry of a partial judgment on those claims pursuant to Rule 54(b) therefore would
5 speed the ultimate resolution of this litigation, as it will permit the appeal of those legal issues in
6 the Ninth Circuit while the litigation of Plaintiffs' individual naturalization cases goes forward in
7 this Court.  Thus, there is "no just reason for delay" of Plaintiffs' appeal of those legal issues, as
8 set forth below.

9 Although the APA and due process claims (collectively, "systemic claims") and the
10 individual Section 1447(b) claims are linked by common issues of law and fact,[1] the legal issues
11 relating to the dismissed claims are sufficiently distinct from those that remain to be litigated in
12 this Court.  Immediate appeal of the systemic claims therefore would not entail repetitive or
13 piecemeal consideration of legal or factual issues on appeal.  *See Curtiss-Wright*, 446 U.S. at 8
14 (factors in Rule 54(b) determination include "whether the claims for review were separable from
15 the others … and whether the nature of the claims already determined was such that no appellate
16 court would have to decide the same issues more than once"); *Gregorian*, 871 F.2d at 1520;
17 *Wood v. GCC Bend, LLC*, 422 F.3d 873, 881-82 & n.5 (9th Cir. 2005).  Regardless of the facts or
18 outcome of the Plaintiffs' individual claims for naturalization under 8 U.S.C. § 1447(b),
19 Plaintiffs respectfully disagree with the Court's ruling that they failed to state claims for relief
20 under the APA and Due Process Clause, and intend to appeal those legal rulings.  Although
21 Plaintiffs have been unreasonably delayed in obtaining U.S. citizenship due to the system-wide
22 policies and practices of the Defendants, the individual merits of whether each Plaintiff's
23 naturalization application should be granted or denied (or remanded to the agency with

---

[1] That the remaining Section 1447(b) claims and the systemic claims share common questions of law and fact does not preclude certification of the latter under Rule 54(b).  The claims to be certified "do not have to be separate from and independent of the remaining claims"; rather, the inquiry is whether certification would result in piecemeal appeals.  *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797-98 (9th Cir. 1991) (quoting *McIntyre v. United States*, 789 F.2d 1408, 1410 (9th Cir. 1986)); *White Mountain Apache Tribe v. Hodel*, 784 F.2d 921, 924 (9th Cir. 1986) ("[W]e do not require that claims covered by a Rule 54(b) judgment be separate from and independent of other claims raised in a complaint.").

appropriate instructions) by this Court is ultimately independent of Plaintiffs' legal claims that Defendants' system-wide policies and practices violate the APA and due process. If the Rule 54(b) certification is made, the Court of Appeals would consider legal questions such as (1) whether Plaintiffs' APA delay claim is precluded because 8 U.S.C. § 1447(b) provides an adequate remedy; (2) whether Plaintiffs APA notice-and-comment claim is precluded because the FBI name check procedure is merely an interpretive rule; and (3) whether Plaintiffs have a protected liberty interest under the Due Process Clause. Those issues would not be presented in any eventual appeal arising from Plaintiffs' individual claims for naturalization under 8 U.S.C. § 1447(b).

### B. The Equities Weigh in Favor of an Immediate Appeal of the Dismissal of the Systemic Claims.

Although Rule 54(b) certification should not be granted routinely, *Wood*, 422 F.3d at 879, it is particularly warranted in this case, where the gravamen of the case is government agency delay. Requiring the Plaintiffs to wait until after all their individual Section 1447(b) claims are resolved to file an appeal of the systemic claims would defeat the purpose of the litigation and result in great prejudice to named Plaintiffs and others in the proposed class who already have waited years for a response to their naturalization applications. And as set forth in Part A *supra*, such delay would not serve judicial economy or any other purpose, as Plaintiffs will file an appeal regardless of the outcome of their individual claims under 8 U.S.C. § 1447(b).

Moreover, the nature of this challenge to government agency inaction presents an equitable reason for permitting immediate appeal. Plaintiffs anticipate that if all their individual naturalization applications are adjudicated before this case is appealed to the Ninth Circuit, the Defendants will argue that the case is moot or that the Plaintiffs do not have standing to pursue an appeal of the Court's order dismissing the systemic claims.[2] Whether, under such

---

[2] Such justiciability arguments would be misplaced. Defendants should not be permitted to evade review of the legal questions simply by voluntary cessation of their illegal conduct. *Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982) ("It is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice."); *FTC v. Affordable Media, LLC*, 179 F. 3d 1228, 1238 (9th Cir. 1999) ("The reason that the defendant's conduct, in choosing to voluntarily

1  circumstances, the Plaintiffs' appeal would be justiciable is a question that the Court of Appeals
2  will decide, whether Plaintiffs pursue an appeal on their systemic claims now or later.
3  Certification of an immediate appeal of the dismissal of the systemic claims would allow
4  Plaintiffs to present their systemic claims to the Court of Appeals while their own claims for
5  naturalization are still pending.  Moreover, the Ninth Circuit has held that Rule 54(b)
6  certification may be proper in such circumstances, when a case might otherwise become moot if
7  it were allowed to proceed to a final judgment in the regular course.  *Cadillac Fairview/Calif.,*
8  *Inc. v. United States*, 41 F.3d 562, 564 (9th Cir. 1994) ("certification was appropriate;
9  eliminating issues and parties from a case justifies the entry of final judgment on a claim, even if
10 subsequent trial proceedings might obviate the need for an appeal") (citing *Continental Airlines,*
11 *Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1525 (9th Cir. 1987)).  Certification would
12 serve the interest of "sound judicial administration," *Curtiss-Wright*, 446 U.S. at 9, as it would
13 put all legal questions on the merits of Plaintiffs' systemic claims, and on any justiciability
14 questions Defendants might raise, before the Court of Appeals at the earliest possible opportunity
15 and speed the ultimate resolution of those issues of law.

---

cease some wrongdoing, is unlikely to moot the need for injunctive relief is that the defendant could simply begin the wrongful activity again."); *see also Friends of the Earth v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 189 (2000) ("[T]he standard … for determining whether a case has been mooted by the defendant's voluntary conduct is stringent: 'A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'").  If standing and mootness doctrines applied in these circumstances, then the government could always defeat challenges to its unlawful policies and practices by selectively not applying those policies and practices to the plaintiffs, but continuing them in general.  The voluntary cessation doctrine is designed to prevent defendants from insulating their actions from court challenges in this way.

**CONCLUSION**

The Court should enter a partial judgment dismissing Plaintiffs' claims under the APA and Due Process Clause pursuant to Federal Rule of Civil Procedure 54(b), so that Plaintiffs may appeal the legal issues underlying the Court's dismissal order immediately.

Dated:  December 27, 2007                    Respectfully submitted,

CECILLIA D. WANG
LUCAS GUTTENTAG
AMERICAN CIVIL LIBERTIES UNION
    FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111

JULIA HARUMI MASS
ALAN L. SCHLOSSER
AMERICAN CIVIL LIBERTIES UNION
    FOUNDATION OF NORTHERN
    CALIFORNIA
39 Drumm Street
San Francisco, CA 94111

SIN YEN LING
JOREN LYONS
ASIAN LAW CAUCUS
939 Market Street, Suite 201
San Francisco, CA 94103
Telephone:  (415) 896-1701
Facsimile:  (415) 896-1702

TODD GALLINGER
Of Counsel
COUNCIL ON AMERICAN-ISLAMIC
    RELATIONS (CAIR) – SAN
    FRANCISCO BAY AREA
3000 Scott Boulevard, Suite 212
Santa Clara, CA 95054
Telephone:  (408) 986-9874
Facsimile:  (408) 986-9875


By:  _____/s/_____
     CECILLIA D. WANG

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I, Cecillia D. Wang, declare as follows:

I hereby certify that today I electronically filed the foregoing NOTICE OF MOTION AND MOTION FOR ENTRY OF PARTIAL JUDGMENT PURSUANT TO FED. R. CIV. P. 54(B); MEMORANDUM OF POINTS AND AUTHORITIES with the Clerk of the Court using the ECF system, which will send notification of such filing to the following email addresses:

| | |
|---|---|
| Alan Lawrence Schlosser<br>American Civil Liberties Union<br>  Foundation of Northern California | *Via ECF*<br>*at aschlosser@aclunc.org* |
| Joren Lyons<br>Asian Law Caucus | *Via ECF*<br>*at joren@asianlawcaucus.org* |
| Lucas Guttentag<br>American Civil Liberties Union<br>  Immigrants' Rights Project | *Via ECF*<br>*at lguttentag@aclu.org* |
| Julia Harumi Mass<br>American Civil Liberties Union<br>  Foundation of Northern California | *Via ECF*<br>*at jmass@aclunc.org* |
| Edward A. Olsen<br>United States Attorney's Office | *Via ECF*<br>*at edward.olsen@usdoj.gov* |
| Elizabeth J. Stevens<br>United States Department of Justice | *Via ECF*<br>*at elizabeth.stevens@usdoj.gov* |
| Jeffrey S. Robins<br>United States Department of Justice | *Via ECF*<br>*at jeffrey.robins@usdoj.gov* |

In addition, I hereby certify that on this 27th day of December 2007, true and correct copies of the NOTICE OF MOTION AND MOTION FOR ENTRY OF PARTIAL JUDGMENT PURSUANT TO FED. R. CIV. P. 54(B); MEMORANDUM OF POINTS AND AUTHORITIES were served by U.S. Mail on the following non-ECF filers:

| | |
|---|---|
| Sin Yen Ling<br>Asian Law Caucus<br>939 Market Street, Suite 201<br>San Francisco, CA 94103 | Todd Gallinger<br>Council on American-Islamic Relations<br>3000 Scott Boulevard, Suite 212<br>Santa Clara, CA 95054 |

1     I declare under penalty of perjury under the laws of the State of California that the above
2 is true and correct.

4 Dated: December 27, 2007
       San Francisco, California

6                                         _____/s/_____
                                        CECILLIA D. WANG