JOSEPH P. RUSSONIELLO
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
EDWARD A. OLSEN, CSBN 214150
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-6915
    FAX: (415) 436-6927

JEFFREY S. BUCHOLTZ
United States Department of Justice
Acting Assistant Attorney General, Civil Division
ELIZABETH J. STEVENS VSBN 47445
Senior Litigation Counsel
Office of Immigration Litigation
JEFFREY S. ROBINS NY SBN 4355244
Trial Attorney

    P.O. Box 878, Ben Franklin Station
    Washington, D.C. 20044
    Telephone: (202) 616-1246
    FAX: (202) 233-0397
    Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALIA AHMADI, et al., | No. C-07-3455-WHA |
|     Plaintiffs, | OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF PARTIAL JUDGMENT |
|     v. | PURSUANT TO FED. R. CIV. P. 54(b) |
| MICHAEL CHERTOFF, et al., | Date: January 31, 2008<br>Time: 8:00 a.m.<br>Courtroom: 9, 19th Floor |
|     Defendants. | |

        Defendants Michael Chertoff, Robert S. Mueller III, Michael Mukasey, Emilio T. Gonzalez, and David Still (collectively "Defendants"), by and through their undersigned counsel, hereby file their opposition to Plaintiffs' Motion for Entry of Partial Judgment Pursuant to Fed. R. Civ. P. 54(b) ("Plaintiffs' Rule 54(b) Motion").

Opposition to Plaintiffs' Motion for Entry of Partial Judgment
C-07-3455-WHA

**INTRODUCTION**

On October 15, 2007, this Court granted Defendants' Motion to Dismiss all of Plaintiffs' claims other than those pursuant to 8 U.S.C. § 1447(b) ("Section 1447(b)") and Plaintiffs' related claim for injunctive relief. October 15, 2007 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss ("Order"). The Court dismissed Plaintiffs' claims for failure to state a claim under the Administrative Procedure Act ("APA") and for violations of the Due Process Clause. The parties continue to litigate Plaintiffs' remaining individual claims pursuant to Section 1447(b). Id. A settlement conference is currently scheduled before Magistrate Zimmerman on January 29, 2008.

In the Court's dismissal of Plaintiffs' claims under the APA and Due Process Clause, the Court noted that the Plaintiffs' assumption that a class would be certified was far from clear, and found that "only the claims of our individual plaintiffs are presented at this time." Order at 11. Additionally, the Court found that "even if the facts of plaintiffs' applications were sufficiently similar to certify a class, each plaintiff would end up in the same place under [Section 1447(b)] as with an APA claim." Id. In their instant motion, however, Plaintiffs' argue that Rule 54(b) certification is "particularly warranted in this case, where the gravamen of the case is government agency delay," and that requiring Plaintiffs to wait for their Section 1447(b) claims to be resolved would "defeat the purpose of the litigation and result in great prejudice to named Plaintiffs and others in the proposed class who already have waited years for a response to their naturalization application." Plaintiffs' Rule 54(b) Motion at 7.

Contrary to Plaintiffs' assertion, the gravamen of the case is not government agency delay, but Plaintiffs' eligibility for naturalization pursuant to Section 1447(b). No class has been certified, and, while the named Plaintiffs may seek to represent certain systematic claims on appeal, the named Plaintiffs are not prejudiced when they are receiving the relief they requested – a determination on their naturalization applications. In essence, Plaintiffs are attempting to continue to litigate the claims of a broader class of individuals for alleged systemic delays when no class has been certified. Rather, the claims of the remaining individual Plaintiffs will be addressed in due course, pursuant to Section 1447(b).

In this regard, there are "just reasons" to delay the appeal of those claims for which Plaintiffs' Rule 54(b) seeks the entry of final judgment. The "just reasons" for such delay are: that the facts and circumstances of Plaintiffs' Section 1447(b), APA, and Due Process claims are so intertwined that review on appeal would likely be duplicative and piecemeal; that all of Plaintiffs' claims will likely be moot upon adjudication of Plaintiffs' naturalization applications pursuant to Section 1447(b); and, that a final disposition of the Section 1447(b) claims is not expected to be a long or drawn out process.

**ARGUMENT**

Fed. R. Civ. P. 54(b) grants district courts discretion to "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express direction for the entry of judgment." Courts must first decide whether separate claims for relief have been completely resolved in a multiple claim action, or the rights and liabilities of at least one party has been completely resolved in a multiple party action. Wood v. GCC Bend, LLC, 422 F.3d 873, 882 (9th Cir. 2005), citing Curtiss-Wright Corp. V. General Elec. Co., 466 U.S. 1, 7 (1980).

Next, courts must examine whether there is any "just reason" for the delay. Curtiss-Wright Corp., 466 U.S. at 8. In this regard, the Supreme Court has noted that "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." Id. Courts must exercise such discretion carefully, especially where the "court will have to revisit the same facts – spun only slightly differently – in a successive appeal." Wood, 422 F.3d at 882 (noting that, the Court "cannot afford the luxury of reviewing the same set of acts in a routine case more than once without a seriously important reason," where the caseload of the Ninth Circuit Court of Appeals is already huge). In order to decide whether there are no "just reasons" to delay the appeal of individual final judgments, district courts consider first, the judicial administrative interests and next, the equities involved. Id. at 873; Curtiss-Wright, 466 U.S. at 8.

The first prong – the assessment of the judicial administrative interests – consists of scrutiny of the district court's evaluation of "such factors such as the interrelationship of the claims so as to prevent piecemeal appeals." Amerisourcebergen Corp. v. Dialysist West., Inc., 465

F.3d 946, 954 (9th Cir. 2006). Additionally, courts assessing this first prong consider whether Rule 54(b) certification would result in duplicative proceedings or add to the overall delay of the matter. Wood, 422 F.3d at 882.

The second prong is the weighing of the equities. Amerisourcebergen Corp., 465 F.3d at 954, citing Gregorian v. Izvestia, 871 F.2d 1515, 1519 (9th Cir. 1989). Courts are given substantial deference to weigh the equities and to deny Rule 54(b) certification, even where Courts have determined that claims are not interrelated. Id. When weighing the equities, some factors that courts consider are "whether review of the adjudicated claims would be mooted by future development in the case," and issues of relative injury caused by denying Rule 54(b) certification like, "whether delay in payment of the judgment . . . would inflict severe financial harm." Wood, 422 F.3d at 878 n.2, citing Curtiss-Wright, 466 U.S. at 5-6.

Plaintiffs' Second, Third, and Fourth Claims have been completely resolved with their dismissal, and the liabilities of the Attorney General and Robert S. Mueller III, Director of the Federal Bureau of Investigation, and his agency have been completely resolved in this multiple party action. See Order at 16; Plaintiffs' Second Amended Complaint at 25 (naming Defendants Still, Emilio Gonzales, and Chertoff as parties to the First Cause of Action). However, it is not in the interest of judicial administration to grant Rule 54(b) certification because the adjudication of Plaintiffs' naturalization applications pursuant to Section 1447(b) involves the same relief that Plaintiffs would receive under the APA, and the manner of adjudication and ultimate determinations on Plaintiffs' applications are facts that are directly implicated in Plaintiffs' APA Notice and Comment and Due Process claims. Additionally, the equities weigh in favor of denying Rule 54(b) certification and keeping the claims together because there is a strong likelihood that Plaintiffs' claims will become moot while the piecemeal appeal is pending because Plaintiffs' naturalization applications will be adjudicated pursuant to Section 1447(b).

**A.   This Court Should Deny Plaintiffs' Rule 54(b) Motion Because The Interests of Judicial Administration Are Not Served Where Plaintiffs' Claims Are Inexorably Intertwined.**

In order to assess the interests of judicial administration, courts scrutinize the interrelationship of the claims so as to prevent piecemeal appeals or duplicative proceedings.

Courts also consider whether Rule 54(b) certification would actually delay the ultimate resolution of the matter. Amerisourcebergen Corp., 465 F.3d at 954; Wood, 422 F.3d at 882. Here the Court should deny Plaintiffs' Motion for Rule 54(b) certification because the facts of each claim are intertwined in such a way that review on appeal would likely be duplicative and piecemeal. The remaining claims to eligibility for naturalization are straightforward and should not take an inordinate time to be decided, especially where there is a strong possibility that many Section 1447(b) claims can be resolved short of trial.

With regard to determining whether review on appeal would likely be duplicative and piecemeal, first, Plaintiffs suggest that the facts to be considered by the Court of Appeals in assessing the adequacy of Section 1447(b) relief in lieu of the APA claims are unrelated. Plaintiffs' Rule 54(b) Motion at 6-7. This assertion is directly contrary to the Court's determination that Plaintiffs' Section 1447(b) claims would "end up in the same place," or provide the same relief as their APA claims. Order at 11. Additionally, the manner of adjudication and ultimate determinations on Plaintiffs' applications involves facts and circumstances that are directly implicated in an assessment of the adequacy of Section 1447(b) relief.

Second, Plaintiffs' claims under the APA's notice and comment provisions are intertwined with the facts and issues of Plaintiffs' Section 1447(b) claims because the final outcome of Plaintiffs' Section 1447(b) claims could leave Plaintiffs without standing to bring their APA notice and comment claim. Finally, the facts and issues regarding Plaintiffs' claims that they have a protected liberty interest in naturalization are also inexorably intertwined with the outcome of their Section 1447(b) claims. Following the adjudication of Plaintiffs' naturalization applications pursuant to Section 1447(b), naturalized Plaintiffs will lack standing to assert due process violations, and Plaintiffs denied naturalization will be unable to show an ability to receive the benefit that would be crucial to asserting a protected liberty interest.

Additionally, the adjudication of Plaintiffs' naturalization applications pursuant to Section 1447(b) will likely not take a long time to complete. In Wood, the Court denied a motion for a Rule 54(b) certification because certification would make it more likely that there would be two appeals to resolve and "if the case had gone to trial in the ordinary course, it would long since have

been over and done with." Wood, 422 F.3d at 882. Here, the straightforward nature of determining how to proceed on Plaintiffs' naturalization applications pursuant to Section 1447(b) and then the adjudication of those applications is not likely to take a significant amount of time – especially where there is a strong likelihood that many of Plaintiffs' remaining claims will be resolved short of trial.

Thus, the Court should deny Plaintiffs' Rule 54(b) Motion because (1) the inexorably intertwined facts of these claims increase the likelihood that this Court's grant of Rule 54(b) certification will result in duplicative appeals involving not only the same facts, but closely related issues; and (2) the relative speed with which Plaintiffs' Section 1447(b) claims will likely be dispatched by the District Court demonstrate that the interests of judicial administration would be best served by keeping Plaintiffs' claims together.

**B.  This Court Should Deny Plaintiffs' Rule 54(b) Motion Because The Equities Weigh Against Rule 54(b) Certification Where There is a Strong Likelihood of Plaintiffs' Claims Becoming Moot on Appeal and Where Plaintiffs' Have No Demonstrable Injury if Certification is Denied.**

In order to assess the equities of Rule 54(b) certification, courts consider whether future development will moot review of the claims in question, and weigh the relative injury caused by denying Rule 54(b) certification. See e.g., Wood, 422 F.3d at 878 n.2, citing Curtiss-Wright, 466 U.S. at 5-6.

**1.  The Likelihood of Plaintiffs' Claims Becoming Moot on Appeal Weighs Against Rule 54(b) Certification**

With regard to mootness, it has long been accepted that, where the entirety of a matter to be presented on appeal may become moot for any reason, courts consider such argument of "substantial weight supporting the normal postponement of review until the entire case shall be decided." See Panichella v. Pennsylvania R. Co., 252 F.2d 452, 455 (3d Cir. 1958) (citations omitted). Plaintiffs' Motion for Rule 54(b) certification, however, argues that the Court should not consider mootness as a factor because Defendants should not be permitted to evade review of legal questions by voluntary cessation unless subsequent events "make it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." Plaintiffs' Rule 54(b) Motion at 7, n.2, quoting Friends of the Earth v. Laidlaw Environmental Services (TOC), Inc., 528

1  U.S. 167, 189 (2000). Plaintiffs' Motion overlooks two points: first, individual Plaintiffs must
2  continue to have a viable claim to maintain the case or controversy requirement of Article III of
3  the Constitution; and second, Plaintiffs do not face the possibility of being allegedly wronged in a
4  similar way following resolution of their Section 1447(b) claims because their naturalization
5  applications will have been adjudicated.

6        Contrary to Plaintiffs' representations on mootness, the Ninth Circuit has held that "a suit
7  brought as a class action must as a general rule be dismissed for mootness when the personal
8  claims of all named plaintiffs are satisfied and no class has been properly certified." Employers-
9  Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Anchor Capital Advisor, 498 F.3d 920,
10  924 (9th Cir. 2007), citing Zeidman v. J. Ray McDermott & Co., Inc., 651 F.2d 1030, 1045 (5th
11  Cir.1981). Courts note that the rationale in such situations is that, absent the certification of a
12  class, "there is no longer a 'case or controversy' to be decided within the meaning of Article III of
13  the Constitution." Id. Once Plaintiffs' naturalization applications are adjudicated pursuant to
14  Section 1447(b), Plaintiffs no longer will be able to demonstrate the requisite injury to maintain
15  standing, and all of Plaintiffs' claims will become moot.

16        Second, even if Plaintiffs' theory on justiciability of the issues is applicable, Plaintiffs do
17  not face the possibility of being wronged in a similar way, following resolution of their Section
18  1447(b) claims, because their naturalization applications will have been adjudicated. Plaintiffs'
19  theory requires that the allegedly wrongful behavior would reasonably be expected to recur. See
20  Friends of the Earth, 528 U.S. at 189; see also City of Los Angeles v. Lyons, 461 U.S. 95,
21  111(1983) (finding standing where there was "a sufficient likelihood that [plaintiff] will again be
22  wronged in a similar way"). However, the adjudication of Plaintiffs' naturalization applications
23  makes the recurrence of Plaintiffs' allegations unreasonable. Individual Plaintiffs will either be
24  naturalized, and not need to go through the naturalization application process again, or they will be
25  denied naturalization. For any Plaintiffs denied naturalization, the ability to reapply for
26  naturalization would be case dependant, and, where Defendants have adopted the practice of again
27  waiting for full background check results before conducting a naturalization interview, the
28  possibility that the allegedly wrongful behavior will occur is minimal.

1   Finally, Plaintiffs' argue that Rule 54(b) certification *may* be proper when a case might otherwise become moot if it were allowed to proceed to a final judgment in the regular course. Plaintiffs' Rule 54(b) Motion at 8, citing Cadillac Fairview/Calif., Inc., v. United States, 41 F.3d 562, 564 (9th Cir. 1994); Continental Airlines, Inc. v. Goodyear Tire & Rubber Co., 819 F.2d 1519, 1525 (9th Cir. 1987). The instant case, however, is distinguishable from instances where courts have allowed Rule 54(b) certification in spite of the possibility of mootness. In Continental Airlines, Inc., the Court exercised its discretion to grant Rule 54(b) certification despite the possibility of mootness because of the size and complexity of the case, and the impact of certification on narrowing the issues and shortening any subsequent trial. Id. Here, the case is not large or complex, nor would Rule 54(b) certification help the interests of judicial administration by removing wholly separate issues and parties from the district court proceedings.

Rather, in a case such as this, where there is a strong likelihood that the claims which Plaintiffs seek to appeal in a piecemeal manner will become moot, and where adjudication of such claims at the appellate level would likely unnecessary, this Court should deny Plaintiffs' Rule 54(b) Motion.

**2. Plaintiffs Have No Demonstrable Injury If Their Rule 54(b) Certification is Denied**

With regard to the relative injury caused by denying Rule 54(b) certification, courts generally consider the level of harm a party will incur if immediate appeal were not allowed. See Wood, 422 F.3d at 882 (finding that allowing immediate appeal would not result in Wood's gaining or losing a significant amount of money); In re Steenstra, 280 B.R 560, 566 (Bnkrtcy. D. Mass. 2002) (finding that creditors had a real economic interests in the speedy disposition of the case, and that the economic interests were significant where thousands of creditors were owed billions of dollars). Here, the adjudication of Plaintiffs' naturalization applications will cure their alleged injuries. In fact, the only harm Plaintiffs allege if the Court fails to grant their Rule 54(b) Motion is that they may lose the ability to address the claims of a larger class of individuals and alleged systemic issues through an appeal. That is not cognizable harm to Plaintiffs themselves. Thus, this Court should deny Plaintiffs' Rule 54(b) Motion.

# CONCLUSION

Plaintiffs' Motion for Entry of Partial Judgment Pursuant to Fed. R. Civ. P. 54(b) should be denied.

Respectfully submitted,

| | |
|---|---|
| SCOTT N. SCHOOLS<br>United States Attorney<br>JOANN M. SWANSON<br>Assistant United States Attorney<br>Chief, Civil Division<br>EDWARD A. OLSEN<br>Assistant United States Attorney | JEFFREY S. BUCHOLTZ<br>United States Department of Justice<br>Acting Assistant Attorney General, Civil Division<br>ELIZABETH J. STEVENS<br>Senior Litigation Counsel<br><br>By: /s/<br>JEFFREY S. ROBINS<br>Trial Attorney |

Dated: January 10, 2008

**CERTIFICATE OF SERVICE**

Case No. C-07-3455-WHA

     I hereby certify that on this 10th day of January, 2008, one copy of the foregoing Defendants' Opposition to Plaintiffs' Motion for Entry of Partial Judgment Pursuant to Fed. R. Civ. P. 54(b) was served on counsel for Plaintiffs via the district court ECF system which will send notification of such filing to the following ECF filers:

Julia Harumi Mass
jmass@aclu.org
Alan L. Schlosser
aschlosser@aclu.org
Cecillia D. Wang
cwang@aclu.org
ACLU Foundation of Northern California
Lucas Guttentag
lguttentag@aclu.org
ACLU Immigrants' Rights Project
Christopher Joren Lyons
joren@asianlawcaucus.org
Asian Law Caucus
Edward A. Olsen
edward.olsen@usdoj.gov
United States Attorney's Office
Elizabeth J. Stevens
Elizabeth.Stevens@usdoj.gov
Department of Justice, Office of Immigration Litigation

     In addition, I hereby certify that on this 11th day of January 2008, true and correct copies of Defendants' Opposition to Plaintiffs' Motion for Entry of Partial Judgment Pursuant to Fed. R. Civ. P. 54(b) were served by Federal Express next-day delivery on the following non-ECF filers:

| | |
|---|---|
| Sin Yen Ling | Todd Gallinger |
| Asian Law Caucus | Council on American-Islamic Relations (CAIR) |
| 939 Market Street, Suite 201 | 3000 Scott Boulevard, Suite 212 |
| San Francisco, CA 94103 | Santa Clara, CA 95054 |

                                                            /S/
                                                   JEFFREY S. ROBINS
                                                   Trial Attorney
                                                   Office of Immigration Litigation
                                                   Civil Division
                                                   U.S. Department of Justice
                                                   Post Office Box 878, Ben Franklin Station
                                                   Washington, D.C. 20044