CECILLIA D. WANG (CSB #187782)
LUCAS GUTTENTAG (CSB #90208)
AMERICAN CIVIL LIBERTIES UNION
    FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 343-0775
Facsimile: (415) 395-0950
Email: CWang@aclu.org

Attorneys for Plaintiffs-Petitioners
*Additional counsel listed on following page

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALIA AHMADI, ANGEL GENTCHEV, JIWEI HUANG, IGOR OVCHINNIKOV, SERGEI SAPOZHNIKOV, and HELGA SKOVAJSA,<br><br>           Plaintiffs-Petitioners,<br><br>   v.<br><br>MICHAEL CHERTOFF, U.S. Secretary of Homeland Security; ROBERT S. MUELLER III, Director of the Federal Bureau of Investigation; MICHAEL MUKASEY, Attorney General of the United States; EMILIO T. GONZALEZ, Director, U.S. Department of Homeland Security, Bureau of Citizenship and Immigration Services; DAVID STILL, District Director, U.S. Department of Homeland Security, Bureau of Citizenship and Immigration Services, San Francisco District,<br><br>         Defendants-Respondents. | Case No.  07-CV-3455-WHA<br><br>**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF PARTIAL JUDGMENT PURSUANT TO FED. R. CIV. P. 54(B)**<br><br>**CLASS ACTION**<br><br>Judge:  Hon. William A. Alsup<br>Date:    January 31, 2008<br>Time:   8:00 a.m. |

REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR ENTRY OF PARTIAL JUDGMENT PURSUANT TO FED. R. CIV. P. 54(B)

Additional counsel:

JULIA HARUMI MASS (CSB #189649)
ALAN L. SCHLOSSER (CSB #49957)
AMERICAN CIVIL LIBERTIES UNION
    FOUNDATION OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-8437

SIN YEN LING*
JOREN LYONS (CSB #203403)
ASIAN LAW CAUCUS
939 Market Street, Suite 201
San Francisco, CA 94103
Telephone:  (415) 896-1701
Facsimile:  (415) 896-1702

*Application for admission pro hac vice forthcoming

Of counsel:

TODD GALLINGER (CSB #238666)
COUNCIL ON AMERICAN-ISLAMIC RELATIONS
    (CAIR) – SAN FRANCISCO BAY AREA
3000 Scott Boulevard, Suite 212
Santa Clara, CA 95054
Telephone:  (408) 986-9874
Facsimile:  (408) 986-9875

REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR ENTRY OF PARTIAL JUDGMENT PURSUANT TO FED. R. CIV. P. 54(B)

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR**
**<u>PARTIAL JUDGMENT PURSUANT TO FED. R. CIV. P. 54(B)</u>**

As pled in the original and amended complaints, this case is centrally concerned with *systemic* delays in the government's processing and adjudication of naturalization applications. *See* Second Amended Complaint ("Complaint") ¶¶ 2, 4, 5, 7, 8, 11, 39, 42, 70-94, 98-114 (allegations and claims relating to systemic delays and harm to proposed class). Three of the four causes of action pled in the Complaint are claims for injunctive and declaratory relief from policies and practices of the Defendants that are affecting at least hundreds of putative class members in this District. Despite the clear allegations of policies and practices affecting a proposed class, and despite the clearly pled legal claims for class-wide and systemic relief, Defendants assert in their Memorandum in Opposition ("Opp.") (at 2) that "the gravamen of the case is not government agency delay, but Plaintiffs' eligibility for naturalization pursuant to Section 1447(b)." That is simply not the case. Plaintiffs seek not only their own naturalization, but a remedy for Defendants' policies and practices causing system-wide delays in naturalization.

Plaintiffs' dismissed due process and APA claims squarely meet the requirements for certification of an immediate appeal. This Court rejected those systemic claims as a matter of law. The legal issues that would be presented to the Court of Appeals are completely independent of the remaining individual claims for naturalization under 8 U.S.C. § 1447(b). Through the instant motion, Plaintiffs seek an opportunity for appellate review of this Court's legal holdings that Plaintiffs failed to state a claim under the Due Process Clause and APA. Federal Rule of Civil Procedure 54(b) was designed precisely for the instant circumstances.

Defendants also assert that Plaintiffs cannot pursue an appeal of the Court's order dismissing their claims for systemic relief under the Due Process Clause and APA because this case is likely to become moot. That argument also fails. First, as set forth in Plaintiffs' Memorandum of Points and Authorities (at 8), the Ninth Circuit has held that the potential that a case might otherwise become moot is not an obstacle to certification of an immediate appeal under Rule 54(b). *See Cadillac Fairview/Calif., Inc. v. Untied States*, 41 F.3d 562, 564 (9th Cir.

1   1994) (citing *Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1525

2   (9th Cir. 1987)).  Second, Defendants' arguments are based on speculation that the named

3   Plaintiffs will all be naturalized; however, Defendants have not represented that they will tender

4   such an offer to the Plaintiffs and indeed have taken the position in litigation that the Court

5   should remand all of the Plaintiffs' naturalization claims to the agency without any instructions.

6   *See* Memorandum of Points and Authorities in Support of Motion to Dismiss ("Mot. to

7   Dismiss") at 9-12.  Finally, any potential mootness issue can be resolved conclusively if the

8   Court certifies a class pursuant to Plaintiffs' motion for class certification.  Defendants

9   acknowledge that if a class were certified, then the named Plaintiffs could continue to pursue the

10  appeal of their systemic claims even if they were naturalized.  Opp. at 7.  Plaintiffs therefore

11  propose that the Court proceed to adjudicate their motion for class certification prior to entering

12  a final partial judgment under Rule 54(b).  Toward that end, Plaintiffs are filing herewith an

13  amended notice of motion for class certification with a hearing date of February 21, 2008.

14  Plaintiffs also suggest that the Court reserve ruling on the instant motion until after a hearing on

15  the motion for class certification so that Defendants will not be able to moot out any appeal of

16  the order dismissing the APA and due process claims by offering to naturalize the named

17  Plaintiffs.

18                                              **ARGUMENT**

19          The parties agree on the standard for certification of an immediate appeal under Rule

20  54(b).  First, the Court should determine whether a subset of the claims for relief have been fully

21  resolved.  Fed. R. Civ. P. 54(b).  Second, the Court should determine whether there are any

22  reasons why an immediate appeal would be inconsistent with judicial economy.

23  *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 954 (9th Cir. 2006).  Third, the

24  Court should weigh the equities.  *Id.*  Under these standards, Defendants have not provided any

25  reason for the Court to deny Plaintiffs' Rule 54(b) motion.

26

27

28

**I.    AN IMMEDIATE APPEAL OF THE DISMISSED SYSTEMIC CLAIMS WOULD
NOT RESULT IN A WASTE OF JUDICIAL RESOURCES BECAUSE AN
IMMEDIATE APPEAL WOULD RAISE ISSUES OF LAW THAT ARE
INDEPENDENT OF THE REMAINING CLAIMS IN THE DISTRICT COURT.**

Defendants agree that the first requirement of Rule 54(b) is met because the Court's
October 15 order disposed completely of Plaintiffs' second, third and fourth causes of action
under the APA and Due Process Clause. Opp. at 4. However, Defendants argue that under the
second prong of the Rule 54(b) test, an immediate appeal should not be granted because "the
facts of each claim are intertwined in such a way that review on appeal would likely be
duplicative and piecemeal." Opp. at 5. This assertion fails for two reasons. First, the Court's
order of October 15, 2007, dismissed Plaintiffs' APA and due process claims on purely *legal*
grounds – specifically, for failure to state a claim under Federal Rule of Civil Procedure
12(b)(6). *See*, *e.g.*, *Calif. Pro-Life Council, Inc. v. Randolph*, 507 F.3d 1172, 1177 (9th Cir.
2007) (determination of motion to dismiss under Fed. R. Civ. P. 12(b)(6) assumes all facts
alleged in complaint to be true; circuit court "is not 'faced [with any] factual issue'" in appeal
from Rule 12(b)(6) dismissal. Thus, any appeal from that order would involve *no facts at all*,
much less facts that are "intertwined" with factual issues raised by Plaintiffs' claims under 8
U.S.C. § 1447(b).

Moreover, there would be no overlap between the legal issues presented in an immediate
appeal to the Ninth Circuit and the issues that remain to be litigated in this Court. If the Court
grants the instant motion, Plaintiffs' appeal would be limited to the following issues, which are
all pure questions of law:

- Is Plaintiffs' claim of unreasonable delay under the APA precluded because 8
U.S.C. § 1447(b) provides an adequate alternative remedy for individuals
suffering from naturalization delays, even though Plaintiffs seek declaratory and
injunctive relief against Defendants' generally applicable policies and practices
causing system-wide delays?

- Did Defendants violate the notice-and-comment provisions of the APA by
revising the FBI name check policy in 2002 to include "reference" files, or was

that policy revision merely an interpretive rule and therefore not subject to the notice-and-comment provisions?

- Do Plaintiffs have a liberty interest in a timely adjudication of their naturalization applications, or in a timely grant of their naturalization applications, that is protected under the Due Process Clause?

In contrast, the remaining individual naturalization claims under 8 U.S.C. § 1447(b) will present the following issues for litigation:

- Does the Plaintiff meet the residency requirement for naturalization?
- Does the Plaintiff meet the continuous presence requirement for naturalization?
- Did the Plaintiff pass the English language test for naturalization, or obtain a valid waiver of that requirement?
- Did the Plaintiff pass the U.S. government and history examination for naturalization?
- Does the Plaintiff meet the good moral character requirement for naturalization?

Thus, while each of the named Plaintiffs (along with countless others in the proposed class) has been adversely affected by Defendants' policies and practices of delay, there is no overlap between the questions of law that will be presented in an immediate appeal of the Court's October 15 order and the issues that remain to be litigated in this Court.[1]  Thus, an immediate appeal is warranted under Rule 54(b).  *See Wood*, 422 F.3d at 881-82 & n.5; *Gregorian v. Izvestia*, 871 F.2d 1515, 1519 (9th Cir. 1989).

## II.    DEFENDANTS' SPECULATIVE ARGUMENTS ABOUT MOOTNESS DEMONSTRATE THAT THE EQUITIES FAVOR AN IMMEDIATE APPEAL

Defendants make two contradictory arguments about the equities of an immediate appeal. First, they argue that an immediate appeal is not warranted because "the adjudication of Plaintiffs' naturalization applications pursuant to Section 1447(b) will likely not take a long time

---

[1] The continuing district court litigation may, however, entail development of facts about how Defendants' policies and practices have affected Plaintiffs' naturalization applications.  For example, Defendants may continue to take the position that Plaintiffs' application should simply be remanded to CIS without instructions or deadlines.  Plaintiffs would then need to develop facts about why such a remand would be a toothless remedy in light of continuing policies and

to complete," Opp. at 7, thus suggesting that Plaintiffs may simply take their appeal in due course.  However, Defendants then argue that if the litigation takes the ordinary course and Plaintiffs are naturalized, then Plaintiffs' due process and APA claims would be moot.  Opp. at 6:10-11; 8:12.  This argument should be rejected for several reasons.

A.  **Defendants Have Not Shown that this Case Will Become Moot in the Ordinary Course of Litigating Plaintiffs' Remaining Claims Under 8 U.S.C. § 1447(b).**

First, as set forth in Plaintiffs' Memorandum of Points and Authorities (at 8) and as acknowledged by Defendants, the Ninth Circuit has held that Rule 54(b) certification may be proper even if the case might otherwise become moot if it were allowed to proceed to a final judgment in the ordinary course. *Cadillac*, 41 F.3d at 564 (citing *Continental Airlines*, 819 F.2d at 1525).  In response to the Ninth Circuit cases cited by Plaintiffs, Defendants cite an out-of-circuit case, *Panichella v. Penn. R.R. Co.*, 252 F.2d 452, 455 (3d Cir. 1958).  *Panichella*, however, is directly at odds with the on-point Ninth Circuit case, *Cadillac*, 41 F.3d 562, which Defendants fail to address in their Opposition.  In *Cadillac*, a defendant brought a claim for contribution from third parties.[2]  41 F.3d at 564.  Those third parties then obtained summary judgment on the defendant's claim for contribution.  *Id.*  The district court granted the original defendant's Rule 54(b) motion for certification of an immediate appeal.  *Id.*  In the Ninth Circuit, the dissenting judge argued that immediate appeal was not proper because eventually the district court litigation might result in a judgment of no liability for the original defendant and therefore its claim for contribution by the third-party defendants – and thus the certified appeal – would be moot.  *Id.* at 567 (Kleinfeld, J., dissenting).  The majority in *Cadillac* squarely rejected the dissenter's reasoning, holding that "eliminating issues and parties from a case justifies the entry

---

practices of inaction and delay by the Defendants.

[2] The Third Circuit case cited by Defendants, *Panichella*, involved precisely the same procedural posture and potential for mootness as in *Cadillac* – *i.e.*, a grant of summary judgment for a third-party defendant.  252 F.2d at 454.  The Third Circuit came to the opposite conclusion from the Ninth Circuit in *Cadillac*.  252 F.2d at 455.  This Court, of course, is bound the Ninth Circuit precedent.

REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR ENTRY OF PARTIAL JUDGMENT PURSUANT TO FED. R. CIV. P. 54(B)

of final judgment on a claim, even if subsequent trial proceedings might obviate the need for an appeal." *Id.* at 564 n.1.

Defendants' effort to distinguish the case cited by the Ninth Circuit in *Cadillac* is also unavailing. Defendants argue that in *Continental Airlines*, a Rule 54(b) certification was appropriate despite the possibility of mootness because of "the size and complexity of the case, and the impact of certification on narrowing the issues and shortening any subsequent trial." Opp. at 8. Of course, *Continental Airlines* does not require those precise equities to be present and indeed, the Ninth Circuit in the later case of *Cadillac* pointed to no such factors in holding that Rule 54(b) certification was proper. Like *Continental Airlines*, this case presents compelling equities favoring an immediate appeal on the due process and APA claims that were dismissed by this Court. The questions of law that are presented by this Court's dismissal are separate from the issues that remain to be litigated on Plaintiffs' naturalization claims under 8 U.S.C. § 1447(b). Judicial economy would be served by an immediate appeal.

In any event, Defendants' argument that this case will certainly become moot in the future is not well-founded. Their argument rests on a presumption that all of the named Plaintiffs will be naturalized. However, this is not at all clear. Defendants themselves have urged this Court to remand Plaintiffs' naturalization claims to U.S. Citizenship and Immigration Services ("CIS") without instructions or deadlines. Mot. to Dismiss at 9-12. If that is the final judgment in this case, then Plaintiffs' appeal on the due process and APA claims will not be moot.[3] In addition, as Defendants acknowledge (Opp. at 7), it is possible that CIS will deny the naturalization application of a named Plaintiff and such a Plaintiff may re-apply. In that event, the Plaintiff would once again join the queue of countless other naturalization applicants suffering the consequences of Defendants' policies and practices of delay. In light of how

---

[3] For that reason, Defendants' assertion that Plaintiffs will suffer no injury from denial of an immediate appeal (Opp. at 8) is unfounded. If Plaintiffs' naturalization claims are remanded to CIS without instructions – as Defendants have urged this Court to do – then they will continue to be subjected to Defendants' policies and practices of delay. Plaintiffs will continue to have a direct and personal interest in pursuing declaratory and injunctive relief from those policies and practices, in addition to an interest as class representatives in pursuing such relief for others similarly situated.

widespread naturalization delays are, *see* Compl. ¶¶ 86-87, and in light of the fact that such a individual plaintiff's naturalization application already would have been delayed for a prolonged period during the first adjudication, the Defendants' unlawful behavior can "reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Environmental Serv., Inc.*, 528 U.S. 167, 189 (2000). Such a plaintiff's APA and due process claims therefore would not be moot under the voluntary cessation doctrine, as set forth in the Memorandum of Points and Authorities (at 7 n.2).

**B.    To Settle Any Justiciability Issues Conclusively, the Court Should Proceed to Adjudicate Plaintiffs' Motion for Class Certification.**

As set forth above, any discussion about the justiciability of this case after the naturalization of all the named Plaintiffs is purely speculative. Defendants have not offered to naturalize any of the six named Plaintiffs in this case. Thus, there is no question that if the instant motion were granted and the Plaintiffs were to file an immediate appeal, that appeal would not be moot. Defendants nonetheless argue that "a suit brought as a class action must as a general rule be dismissed for mootness when the personal claims of all named plaintiffs are satisfied and no class has been properly certified." Opp. at 7 (citing *Employers-Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Anchor Capital Advisor*, 498 F.3d 920, 924 (9th Cir. 2007) (citing *Zeidman v. J. Ray McDermott & Co., Inc.*, 651 F.2d 1030, 1045 (5th Cir. 1981)). *Employers-Teamsters*, however, is inapposite. In that case, the appellants were not parties to the action in the district court at all, and never filed a motion to intervene in the district court, but nonetheless sought to appeal from an order dismissing the plaintiffs' claims. 498 F.3d at 922. The Ninth Circuit's holding was quite simple: "Appellants were not parties to the district court action and lack standing to bring this appeal. Appellants were merely potential class members in a potential class action suit." *Id.* at 923. The Court also held that the appeal was moot because the actual plaintiffs had voluntarily dismissed their claims before the putative class was certified. *Id.* at 924. *Employers-Teamsters* would apply if all the named Plaintiffs in this case agreed to dismiss their claims, and then a non-plaintiff member of the proposed class attempted to appeal from that voluntary dismissal. That is not the circumstance here and thus *Employers-Teamsters*

1    is not on point.

2        In any event, since Defendants have taken the prospective position that this case would

3    be moot if all the named Plaintiffs should be naturalized in the future, Plaintiffs should have an

4    opportunity to be heard on their Motion for Class Certification, which was stayed on the

5    Defendants' *ex parte* application pending a decision on their motion to dismiss.[4]  If a class is

6    certified, then there will be no dispute that the case will remain live for an appeal of the due

7    process and APA claims, whether or not all of the named Plaintiffs have been naturalized.  *See*

8    *County of Riverside v. McLaughlin*, 500 U.S. 44, 51 (1991) (holding that termination of a class

9    representative's claim does not moot the claims of the unnamed members of the class) (citing

10    *Gerstein v. Pugh*, 420 U.S. 103, 110-11 n.11 (1975); *Schall v. Martin*, 467 U.S. 253, 256 n.3

11    (1984)).

12        Plaintiffs have pursued this case as a proposed class action since the filing of the original

13    complaint.  They have consistently sought not only their own naturalization, but also systemic

14    relief on behalf of a class of others similarly suffering from Defendants' policies and practices.

15    On September 5, 2007, Plaintiffs filed a motion for class certification and noticed a hearing on

16    that motion for October 11, 2007 – the same date noticed by Defendants for hearing on their

17    motion to dismiss.  *See* Docket #19 (Sept. 5, 2007) (Notice of Motion and Motion for Class

18    Certification; Memorandum of Points and Authorities in Support Thereof).  Plaintiffs thus

19    attempted to have their motion for class certification decided alongside Defendants' motion to

20

---

21    [4] Even if all of the named Plaintiffs were naturalized prior to a ruling on the Motion for Class
     Certification, the case would not be moot.  Defendants cannot "pick off" class representatives by
22    offering to settle their individual claims prior to a ruling on class certification.  *See*, *e.g.*, *Weiss v.
     Regal Collections*, 385 F.3d 337, 343-45 (3d Cir. 2004).  That rule is sensible since the alternative
23    would be successive actions by other members of the proposed class, *id.* at 343, or repeated
     amendments of the complaint to add new class representatives.  Plaintiffs have already twice
24    amended the complaint to add new class representatives, in light of the Defendants' expediting
     of the original Plaintiffs' applications after the filing of this lawsuit.  *See* Docket #14 (Aug. 10,
25    2007) (First Amended Complaint) (adding Plaintiffs Mikulicic, Ovchinnikov, Petrovic,
     Sapozhnikov and Taky); Docket # 47 (Nov. 15, 2007) (Second Amended Complaint) (adding
26    Plaintiffs Gentchev, Huang and Scovajsa).  Given that Plaintiffs' counsel are aware of hundreds
     of other potential class members (*see* Memorandum of Points and Authorities in Support of
27    Motion for Class Certification at 7-10), Plaintiffs could continue to add new class representatives
     as necessary until a ruling on their Motion for Class Certification.  However, because discovery
28    is now ongoing and the case is proceeding toward trial, further amendments to the complaint
     may not be practical.

REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR ENTRY OF PARTIAL JUDGMENT PURSUANT TO FED. R. CIV. P. 54(B)

dismiss. However, Defendants moved *ex parte* to extend their time for briefing on the motion for class certification until 30 days after the Court's order on the motion to dismiss, and to continue the hearing on class certification accordingly. *See* Docket #25 (Sept. 10, 2007) (*Ex Parte* Application by Defendants Seeking Additional Time to File Opposition to Plaintiffs' Motion for Class Certification, and [Proposed] Order). The Court granted Defendants' *ex parte* application. *See* Docket #26 (Sept. 15, 2007) (Order Granting in Part and Denying in Part Defendants' Request for an *Ex Parte* Order). After the Court's October 15, 2007, order on Defendants' motion to dismiss, the parties filed a stipulation agreeing to take Plaintiffs' motion for class certification off calendar, without prejudice to Plaintiffs' ability to seek hearing on the motion at a later stage of the litigation. *See* Docket #40 (Oct. 17, 2007) (Stipulation to Take Class Certification Motion Off Calendar).

In light of Defendants' prospective arguments about justiciability, Plaintiffs are filing herewith an Amended Notice of Motion for Class Certification and seek a hearing on that motion. Plaintiffs also request that the Court reserve ruling on the instant Rule 54(b) motion until after the motion for class certification has been heard.[5] While Plaintiffs do not agree that class certification is required to fend off a future mootness challenge by the Defendants, Plaintiffs request that the Court grant class certification so that there will be no dispute about justiciability in the future.

---

[5] The Court may choose on its own motion to continue the hearing on the instant motion until the date of the hearing on the Motion for Class Certification, now noticed for February 21, 2008.

**CONCLUSION**

The Court should enter a partial final judgment dismissing Plaintiffs' claims under the APA and Due Process Clause pursuant to Federal Rule of Civil Procedure 54(b), so that Plaintiffs may appeal the legal issues underlying the Court's dismissal order immediately.[6] The Court should also proceed with adjudication of Plaintiffs' class certification motion prior to entry of such a final judgment to avoid any future dispute about justiciability.

---

*See* L.R. 7-7(b).

[6] Plaintiffs are submitting herewith an amended proposed order to account for four Plaintiffs who were included in the original complaint, but who voluntarily dismissed their claims under 8 U.S.C. § 1447(b) (Count One) only, pursuant to the stipulation of the parties. *See* Docket #37 (Oct. 12, 2007) (order approving Stipulation of Partial Dismissal of Claims of Plaintiffs Vladimir Mikulicic, Biljana Petrovic, Eiman Taky and Yan Wang). After the stipulated dismissal of those Plaintiffs' claims on October 12, 2007, the Court dismissed their remaining claims under the Due Process Clause and APA. *See* Docket #38 (Oct. 15, 2007) (Order Granting in Part and Denying in Part Motion to Dismiss). In light of the Court's October 15 order on the motion to dismiss, Plaintiffs Mikulicic, Petrovic, Taky and Wang were omitted from the Second Amended Complaint filed on November 15, 2007. However, because those four Plaintiffs never stipulated to dismissal of their APA and due process claims, they were similarly affected by the Court's October 15 order. The Court therefore should clarify that Plaintiffs Mikulicic, Petrovic, Taky and Wang, along with the Plaintiffs in the Second Amended Complaint, are included in any final judgment under Rule 54(b) dismissing the APA and due process claims.

REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR ENTRY OF PARTIAL JUDGMENT PURSUANT TO FED. R. CIV. P. 54(B)

Dated:  January 17, 2008

Respectfully submitted,

CECILLIA D. WANG
LUCAS GUTTENTAG
AMERICAN CIVIL LIBERTIES UNION
    FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111

JULIA HARUMI MASS
ALAN L. SCHLOSSER
AMERICAN CIVIL LIBERTIES UNION
    FOUNDATION OF NORTHERN
    CALIFORNIA
39 Drumm Street
San Francisco, CA 94111

SIN YEN LING
JOREN LYONS
ASIAN LAW CAUCUS
939 Market Street, Suite 201
San Francisco, CA 94103
Telephone:  (415) 896-1701
Facsimile:  (415) 896-1702

TODD GALLINGER
Of Counsel
COUNCIL ON AMERICAN-ISLAMIC
    RELATIONS (CAIR) – SAN
FRANCISCO BAY AREA
3000 Scott Boulevard, Suite 212
Santa Clara, CA 95054
Telephone:  (408) 986-9874
Facsimile:  (408) 986-9875


By:  _____/s/_____
     CECILLIA D. WANG

Attorneys for Plaintiffs

REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR ENTRY OF PARTIAL JUDGMENT PURSUANT TO FED. R. CIV. P. 54(B)

**CERTIFICATE OF SERVICE**

I, Cecillia D. Wang, declare as follows:

I hereby certify that today I electronically filed the foregoing REPLY MEMORANDUM

IN SUPPORT OF MOTION FOR ENTRY OF PARTIAL JUDGMENT PURSUANT TO FED.

R. CIV. P. 54(B) with the Clerk of the Court using the ECF system, which will send notification

of such filing to the following email addresses:

Alan Lawrence Schlosser                   *Via ECF*
American Civil Liberties Union            *at aschlosser@aclunc.org*
  Foundation of Northern California

Joren Lyons                               *Via ECF*
Asian Law Caucus                          *at joren@asianlawcaucus.org*

Lucas Guttentag                           *Via ECF*
American Civil Liberties Union            *at lguttentag@aclu.org*
  Immigrants' Rights Project

Julia Harumi Mass                         *Via ECF*
American Civil Liberties Union            *at jmass@aclunc.org*
  Foundation of Northern California

Edward A. Olsen                           *Via ECF*
United States Attorney's Office           *at edward.olsen@usdoj.gov*

Elizabeth J. Stevens                      *Via ECF*
United States Department of Justice       *at elizabeth.stevens@usdoj.gov*

Jeffrey S. Robins                         *Via ECF*
United States Department of Justice       *at jeffrey.robins@usdoj.gov*


In addition, I hereby certify that today I served true and correct copies of the REPLY

MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF PARTIAL JUDGMENT

PURSUANT TO FED. R. CIV. P. 54(B) on the following non-ECF filers by U.S. first-class

mail:


Sin Yen Ling                          Todd Gallinger
Asian Law Caucus                      Council on American-Islamic Relations
939 Market Street, Suite 201          3000 Scott Boulevard, Suite 212
San Francisco, CA 94103               Santa Clara, CA 95054

1    I declare under penalty of perjury under the laws of the State of California that the above

2    is true and correct.

3

4    Dated: January 17, 2008
           San Francisco, California

5

6                                                   _____/s/_____
                                                    CECILLIA D. WANG