JOSEPH P. RUSSONIELLO
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
EDWARD A. OLSEN, CSBN 214150
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-6915
    FAX: (415) 436-6927

JEFFREY S. BUCHOLTZ
United States Department of Justice
Acting Assistant Attorney General, Civil Division
ELIZABETH J. STEVENS VSBN 47445
Senior Litigation Counsel
Office of Immigration Litigation
JEFFREY S. ROBINS NY SBN 4355244
Trial Attorney

    P.O. Box 878, Ben Franklin Station
    Washington, D.C. 20044
    Telephone: (202) 616-1246
    FAX: (202) 233-0397
    Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALIA AHMADI, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL CHERTOFF, et al., <br><br> Defendants. | No. C-07-3455-WHA (BZ) <br><br> DEFENDANTS' SURREPLY IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT PURSUANT TO FED. R. CIV. P. 54(b) <br><br> Date: January 31, 2008 <br> Time: 8:00 a.m. <br> Courtroom: 9, 19th Floor |

     Defendants Michael Chertoff, Robert S. Mueller III, Michael Mukasey, Emilio T. Gonzalez, and David Still (collectively "Defendants"), by and through their undersigned counsel, hereby submit their Surreply in Support of their Opposition to Plaintiffs' Motion for Entry of Partial Judgment Pursuant to Fed. R. Civ. P. 54(b). Defendants will address two points raised by

Defendants' Surreply in Support of their Opposition to Plaintiffs' Rule 54(b) Motion
C-07-3455-WHA (BZ)

Plaintiffs for the first time in their Reply to Defendants' Opposition to Plaintiffs' Motion for Entry of Partial Final Judgment Pursuant to Fed. R. Div. P. 54(b) regarding: (1) Plaintiffs' efforts to use their Reply to Defendants' Opposition to Plaintiffs' Rule 54(b) Motion to reintroduce Plaintiffs to the litigation who were not named in Plaintiffs' Second Amended Complaint; and (2) Plaintiffs' efforts to have the Court consider the impact of potential class certification on Plaintiffs' Rule 54(b) Motion when Plaintiffs' chose to notice their Rule 54(b) Motion before they re-noticed their Motion for Class Certification. Defendants will also clarify Plaintiffs' mischaracterization of Defendants' position regarding the potential mootness of the claims of the individual Plaintiffs.

First, Plaintiffs argue for the first time in their Reply in Support of their Rule 54(b) Motion and in an accompanying *amended* Order, that the Court may enter final partial judgment with regard to the claims of Plaintiffs' Mukulicic, Petrovic, Taky, and Wang, in addition to the presently named Plaintiffs. By Plaintiffs' own admission, however, these parties were not named in Plaintiffs' Second Amended Complaint, which Defendants Answered on November 30, 2007. If Plaintiffs' wish to reintroduce these parties to the present litigation, Defendants' maintain that Plaintiffs must seek leave of Court to file a Third Amended Complaint. Defendants have been anticipating that Plaintiffs would be sending Defendants a draft of a Third Amended Complaint so that Defendants could determine whether they assented to such a filing; however, Plaintiffs have failed to provide such a draft to Defendants. Defendants are baffled by Plaintiffs' efforts to circumvent the Federal Rules of Civil Procedure only to reintroduce the claims of parties who have been naturalized and whose remaining claims were dismissed.

Second, Plaintiffs' suggestion in their Reply to Defendants' Opposition to Plaintiffs' Rule 54(b) Motion that the Court should adjudicate Plaintiffs' newly re-noticed Motion for Class Certification prior to entertaining Plaintiffs' Rule 54(b) Motion is improper. This proposed re-calendering in the form of a reply pleading disadvantages Defendants who do not have proper notice nor the opportunity to respond to Plaintiffs' claims regarding the impact of their recently re-noticed Class Certification Motion at the time that Defendants' filed their Opposition to Plaintiffs' Rule 54(b) with the Court. Absent Plaintiffs' re-noticing of their Rule 54(b) Motion, the Court should entertain Plaintiffs' motions in the order they have been noticed for hearing before the

1  Court. Thus, if the Court is compelled to grant Plaintiffs' Rule 54(b) Motion, it should do so
2  without consideration of the results of Plaintiffs' Motion for Class Certification because <u>no class</u>
3  <u>has been certified</u>. Alternatively, if the Court intends to continue its review of Plaintiffs' Rule
4  54(b) Motion until after the potential certification of a class, Defendants request the opportunity
5  for additional briefing in the event a class is certified – which Defendants oppose.

6        Finally, Defendants object to Plaintiffs' misrepresentation of Defendants position, when
7  Plaintiffs state that "Defendants' arguments [regarding mootness] are based on speculation that the
8  named Plaintiffs will all be naturalized." Rather, Defendants' position is that the ultimate
9  adjudication of Plaintiffs' naturalization applications, whether by USCIS upon remand with or
10 without instructions, or by this Court, will moot Plaintiffs' claims. *See* Opp. At 7. Additionally,
11 while the holding of *Cadillac Fairfiew/Calif., Inc. v. United States*, 41 F.3d 562, 562 (9th Cir.
12 1994), does establish the possibility "that a case might otherwise become moot is not an obstacle
13 to certification of an immediate appeal under Rule 54(b), " Defendants maintain that *Cadillac*
14 *Fairfew* is not controlling on the facts, and that the factors regarding Rule 54(b) certification do
15 not weigh in Plaintiffs' favor here.[1]

16     For the above reasons, and the reasons previously presented by Defendants, Defendants
17 request that the Court deny Plaintiffs' Rule 54(b) Motion.

---

[1] Defendants' reliance on *Employers-Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Anchor Capital Advisor*, 498 F.3d 920, 924 (9th Cir. 2007), is not inapposite in this regard. While *Employers-Teamsters* may be distinguishable on the specific facts; what should control is the rule of law that the Ninth Circuit adopted from *Sosna v. Iowa*, 419 U.S. 393 (1975), and *Zeidman v. J Ray McDermott & Co. Inc.*, 651 F.2d 1030, 1045 (5th Cir. 1981). This rule provides that a "lawsuit brought as a class action must be dismissed for mootness when no class has yet been certified and the personal claims of all named plaintiffs become moot"). *Id.* The rationale behind this rule is that "[i]n order to satisfy the requirements of Article III, the named plaintiffs must have a justiciable case or controversy both at the time the complaint is filed and at the time the class is certified by the district court, and the case must present a live controversy at the time it is reviewed an appeal." *Sosna*, 419 U.S. at 402. Here, the dismissal of Plaintiffs putative class claims prior to the certification of their class eliminated the existence of a justiciable class or controversy regarding Plaintiffs' putative class claims.

Defendants' Surreply in Support of their Opposition to Plaintiffs' Rule 54(b) Motion
C-07-3455-WHA (BZ)        3

1
2                                              Respectfully submitted,

3  JOSEPH P. RUSSONIELLO                       JEFFREY S. BUCHOLTZ
   United States Attorney                      United States Department of Justice
4                                              Acting Assistant Attorney General, Civil Division
   JOANN M. SWANSON
5  Assistant United States Attorney            ELIZABETH J. STEVENS
   Chief, Civil Division                       Senior Litigation Counsel
6
   EDWARD A. OLSEN
7  Assistant United States Attorney            By:    /s/
                                                      JEFFREY S. ROBINS
8                                                     Trial Attorney

9  Dated: January 29, 2008

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendants' Surreply in Support of their Opposition to Plaintiffs' Rule 54(b) Motion
C-07-3455-WHA (BZ)                            4

**CERTIFICATE OF SERVICE**

Case No. C-07-3455-WHA

<mark>get other certificate of service!!!!</mark>
I hereby certify that on this 2nd day of January, 2008, one copy of the foregoing Defendants' Settlement Conference Statement was served on counsel for Plaintiffs via e-mail and Federal Express.

Cecillia D. Wang
Julia Harumi Mass
Lucas Guttentag
Alan L. Schlosser
American Civil Liberties Union
Foundation of Northern California
Immigrants' Rights Project
39 Drumm Street
San Francisco, CA 94111
cwang@aclu.org
jmass@aclunc.org
guttentag@aclu.org
aschlosser@aclunc.org

Christopher Joren Lyons
Sin Yen Ling
Asian Law Cacus
939 Market Street, Suite 201
San Francisco, CA 94103
415-896-1701
joren@asianlawcaucus.org
sinyenl@asianlawcaucus.org

Todd Gallinger
Council on American-Islamic Relations (CAIR)
3000 Scott Boulevard, Suite 212
Santa Clara, CA 95054
408-986-9874
tgallinger@gillgallinger.com

                                                       /S/
                                 JEFFREY S. ROBINS
                                 Trial Attorney
                                 Office of Immigration Litigation
                                 Civil Division
                                 U.S. Department of Justice
                                 Post Office Box 878, Ben Franklin Station
                                 Washington, D.C. 20044