CECILLIA D. WANG (CSB #187782)
LUCAS GUTTENTAG (CSB #90208)
AMERICAN CIVIL LIBERTIES UNION
    FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 343-0775
Facsimile: (415) 395-0950
Email: CWang@aclu.org

Attorneys for Plaintiffs-Petitioners
*Additional counsel listed on following page

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALIA AHMADI, ANGEL GENTCHEV, JIWEI HUANG, IGOR OVCHINNIKOV, SERGEI SAPOZHNIKOV, and HELGA SKOVAJSA,<br><br>            Plaintiffs-Petitioners,<br><br>   v.<br><br>MICHAEL CHERTOFF, U.S. Secretary of Homeland Security; ROBERT S. MUELLER III, Director of the Federal Bureau of Investigation; MICHAEL MUKASEY, Attorney General of the United States; EMILIO T. GONZALEZ, Director, U.S. Department of Homeland Security, Bureau of Citizenship and Immigration Services; DAVID STILL, District Director, U.S. Department of Homeland Security, Bureau of Citizenship and Immigration Services, San Francisco District,<br><br>            Defendants-Respondents. | Case No.  07-CV-3455-WHA<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT TO ADD NEW PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**CLASS ACTION**<br><br>Judge:  Hon. William A. Alsup<br>Date:    April 17, 2008<br>Time:    8:00 a.m. |

1    Additional counsel:

2    JULIA HARUMI MASS (CSB #189649)
     ALAN L. SCHLOSSER (CSB #49957)
3    AMERICAN CIVIL LIBERTIES UNION
          FOUNDATION OF NORTHERN CALIFORNIA
4    39 Drumm Street
     San Francisco, CA 94111
5    Telephone: (415) 621-2493
     Facsimile: (415) 255-8437
6
     SIN YEN LING*
7    JOREN LYONS (CSB #203403)
     ASIAN LAW CAUCUS
8    939 Market Street, Suite 201
     San Francisco, CA 94103
9    Telephone:  (415) 896-1701
     Facsimile:  (415) 896-1702
10
     *Application for admission pro hac vice forthcoming
11

12   Of counsel:

13   TODD GALLINGER (CSB #238666)
     COUNCIL ON AMERICAN-ISLAMIC RELATIONS
14        (CAIR) – SAN FRANCISCO BAY AREA
     3000 Scott Boulevard, Suite 212
15   Santa Clara, CA 95054
     Telephone:  (408) 986-9874
16   Facsimile:  (408) 986-9875

17

18

19

20

21

22

23

24

25

26

27

28

1

## NOTICE OF MOTION

2  TO THE COURT, ALL PARTIES AND COUNSEL OF RECORD:

3          PLEASE TAKE NOTICE that on April 17, 2008, at 8:00 a.m., before the Honorable

4  William H. Alsup, at the United States Courthouse at 450 Golden Gate Avenue, San Francisco,

5  California, Plaintiffs will and hereby do move the Court for leave to file a Third Amended

6  Complaint, pursuant to Federal Rule of Civil Procedure 15(a)(2), for the purpose of (1) adding

7  new plaintiffs to serve as class representatives pending disposition of the Motion for Class

8  Certification scheduled for hearing on April 24, 2008; and (2) restoring allegations relating to

9  four Plaintiffs that were inadvertently omitted from the Second Amended Complaint.

10          Pursuant to Local Rule 10-1, Plaintiffs are lodging herewith as Exhibit A the proposed

11  Third Amended Complaint.

12          Plaintiffs' motion is based upon this Notice of Motion, the attached Memorandum of

13  Points and Authorities, and the declarations of Cecilia D. Wang and Sin Yen Ling filed

14  herewith.

15  Dated:  March 13, 2008                              Respectfully submitted,

16

17

18          _____/s/_____
            CECILLIA D. WANG
19          AMERICAN CIVIL LIBERTIES UNION
                FOUNDATION
            IMMIGRANTS' RIGHTS PROJECT
20          39 Drumm Street
            San Francisco, CA 94111

21          Attorneys for Plaintiffs

22

23

24

25

26

27

28

1

**TABLE OF CONTENTS**

2

3   TABLE OF AUTHORITIES…………………………………………………………………...ii

4   INTRODUCTION………………………………………………………………………………...1

5   PROCEDURAL HISTORY……………………………………………………………………2

6   ARGUMENT………………………………………………………………………………...4

7   CONCLUSION…………………………………………………………………………...12

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Bell Atlantic v. Twombly*,
    127 S. Ct. 1955 (2007) ........................................................................6

*Conley v. Gibson*,
    355 U.S. 41 (1957) ...............................................................................6

*County of Riverside v. McLaughlin*,
    500 U.S. 44 (1991) .........................................................................5, 11

*Eminence Capital, LLC v. Aspeon, Inc.*,
    316 F.3d at 1048, 1052 (9th Cir. 2008) ...............................................6

*FTC v. Affordable Media, LLC*,
    179 F.3d 1228 (9th Cir. 1999) ...........................................................11

*Gerstein v. Pugh*,
    420 U.S. 103 (1975) .......................................................................5, 11

*Leadsinger, Inc. v. BMG Music Publishing*,
    512 F.3d 522 (9th Cir. 2008) ...............................................................6

*Mesquite v. Aladdin's Castle, Inc.*,
    455 U.S. 283 (1982) ............................................................................11

*Rosenberg Brothers & Co. v. Arnold*,
    283 F.2d 406 (9th Cir. 1960) ................................................................5

*Sosna v. Iowa*,
    419 U.S. 393 (1975) .......................................................................5, 11

*United States v. Webb*,
    655 F.2d 977 (9th Cir. 1981) ............................................................5, 7

## DOCKETED CASES

*Zhang v. Still*, No. 07-503-SBA ...............................................................7, 3, 8

## FEDERAL STATUTES AND RULES

8 U.S.C. § 1447(b) .....................................................................................1, 2

Fed. R. Civ. P. 15(a)(2) ..................................................................................5

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs respectfully submit this Memorandum of Points and Authorities in support of their motion for leave to file a Third Amended Complaint for the purposes of (1) adding three new plaintiffs; and (2) restoring allegations relating to four existing plaintiffs that were inadvertently omitted from the Second Amended Complaint.

## INTRODUCTION

Plaintiffs filed this lawsuit in order to challenge the government's policy and practice of delaying naturalization applications for prolonged periods of time – often years – pending "FBI name checks." Among other causes of action, Plaintiffs sought relief for the class of naturalization applicants whose applications have been delayed in violation of the Administrative Procedure Act ("APA") and the Due Process Clause. In order to obtain relief from the Defendants' policies and practices causing system-wide delays, which have affected tens of thousands of individuals across the country and at least hundreds of individuals in this District, Plaintiffs sought declaratory and injunctive relief in the form of an order requiring the Defendants to adjudicate all naturalization applications in a reasonably timely manner. In addition, Plaintiffs sought adjudication of the named Plaintiffs' individual applications under 8 U.S.C. § 1447(b), a statute that provides that a district court may take jurisdiction over a naturalization application if it has been pending before the immigration agency for more than 120 days since the initial interview, and adjudicate or remand with instructions.

On October 15, 2007, the Court dismissed Plaintiffs' claims for systemic injunctive and declaratory relief under the APA on the ground that 8 U.S.C. § 1447(b) provided an adequate remedy and therefore APA relief was precluded. In the order, the Court stated that "each plaintiff would end up in the same place under the statute [8 U.S.C. § 1447(b)] as with an APA claim." In so ordering, the Court rejected Plaintiffs' argument that 8 U.S.C. § 1447(b) could not provide adequate relief for the system-wide delays caused by Defendants' policies and practices because § 1447(b) could not provide declaratory and injunctive relief for the proposed class of all affected individuals (*e.g.*, an order setting ongoing, reasonable deadlines for the adjudication of all naturalization applications in this District).

Plaintiffs intend to pursue an appeal of the order dismissing their APA and Due Process Clause claims. Plaintiffs also continue to seek class certification on those claims. However, for reasons set forth below, Plaintiffs anticipate that the government will contend that the case is moot in the event that all of the current named Plaintiffs are naturalized. In the course of this litigation, counsel have already amended the complaint twice to add new class representatives as the government has naturalized the Plaintiffs in response to their joining in this action. As of this filing, five of the six Plaintiffs named in the Second Amended Complaint have been naturalized and it is anticipated that the sixth Plaintiff will soon also be naturalized.

Although the government does not now contend that the case is moot, and Plaintiffs do not concede that this case will become moot, Plaintiffs move in an abundance of caution for leave to amend the complaint to add new class representatives and also to restore allegations relating to four Plaintiffs who were inadvertently omitted from the Second Amended Complaint. Granting leave to add new class representatives would permit Plaintiffs to continue litigation of their systemic claims on appeal and avoid any potential litigation about justiciability issues. Adding new class representatives will serve judicial economy by avoiding the need for the filing of a new action by the proposed new plaintiffs and other members of the proposed class.

## PROCEDURAL HISTORY

On July 2, 2007, the original Plaintiffs in this action – Alia Ahmadi, Miao Ling Huang, Yan Wang and Fu Zhong – filed a Complaint for Declaratory and Injunctive Relief and Petition for Naturalization Pursuant to 8 U.S.C. § 1447(b) against government officials responsible for policies and procedures causing systemic delays in the naturalization process. The Complaint contained four counts: Count One sought adjudication of the individually-named Plaintiffs' naturalization applications under 8 U.S.C. § 1447(b). Counts Two through Four sought declaratory and injunctive relief under the APA (for unreasonable delay and failure to seek notice and comment for a substantive rule change) and the Due Process Clause of the Fifth Amendment for a proposed class of persons whose naturalization applications are not adjudicated with 120 days of their naturalization examinations.

On August 10, 2007, the parties filed a stipulation dismissing the claims of Miao Ling

2

1    Huang and Fu Zhong.  Unbeknownst to Plaintiffs' counsel, the government had adjudicated their

2    naturalization applications prior to the filing of the original complaint in this action.[1]  On the

3    same date, the Plaintiffs filed a First Amended Complaint to add new class representatives.  The

4    First Amended Complaint included Plaintiffs Alia Ahmadi, Vladimir Mikulicic, Igor

5    Ovchinnikov, Biljana Petrovic, Sergei Sapozhnikov, Eiman Taky and Yan Wang.

6            On August 31, 2007, defendants filed a motion to dismiss under Federal Rule of Civil

7    Procedure 12(b)(1) and (6).  On September 5, 2007, Plaintiffs filed a motion for certification of a

8    class of persons affected by Defendants' policies and practices challenged in this action, defined

9    as follows:

10           All persons who have submitted or will submit applications for naturalization to

11           CIS, and who have met all statutory requirements for naturalization, and whose

12           applications for naturalization are not adjudicated within 120 days of their

13           naturalization examination.

14   In the motion, Plaintiffs argued that the systemic nature of the delays in naturalization sought to

15   be addressed by this action flowed from a specific procedure – the FBI name check program –

16   identified common questions of law and fact that predominate.  Plaintiffs also provided evidence

17   of numerosity (proposed class counsel aware of over 300 individuals who would fall within the

18   proposed class), typicality (proposed class representatives share essential features with class

19   members of having met statutory requirements for naturalization and being informed that FBI

20   name check was reason for delay), and adequacy (common interests and experienced counsel).

21   Both the government's motion to dismiss and Plaintiffs' motion for class certification were

22   noticed for hearing on October 11, 2007.

23           On September 10, 2007, defendants filed an *ex parte* application for additional time to

24   file an opposition to Plaintiffs' class certification motion, seeking to postpone briefing on the

25   motion until defendants' pending motion to dismiss was resolved.  On September 12, 2007, the

26   Court granted the Defendants' *ex parte* application to continue Plaintiffs' motion for class

27

28   [1] As set forth below at 7-8, these two adjudications were prompted by litigation, as Plaintiffs
     Huang and Zhong were parties in a predecessor to this action, *Zhang v. Still*, No. 07-503-SBA,

1    certification.

2        After briefing by the parties, the Court heard argument on defendants' motion to dismiss

3    on October 11, 2007.[2]  The Court's order, issued October 15, 2007, dismissed Plaintiffs' claims

4    under the APA and the Due Process Clause of the Fifth Amendment but denied Defendants'

5    motion with respect to Count One of the First Amended Complaint.  On October 17, 2007, the

6    parties stipulated to the withdrawal of that motion without prejudice to Plaintiffs' ability to refile

7    or amend the motion.

8        On November 15, 2007, Plaintiffs filed a Second Amended Complaint with the previous

9    approval of the Court.  Plaintiffs did so in order to add Plaintiffs Angel Gentchev, Jiwei Huang,

10   and Helga Scovajsa as class representatives, in light of the naturalization of four of the seven

11   Plaintiffs included in the First Amended Complaint.  The Second Amended Complaint retained

12   the previously-dismissed systemic causes of action in order to preserve them for appeal.

13       By February 15, 2008, Defendants agreed to adjudicate the naturalization applications of

14   all remaining Plaintiffs,[3] and the parties filed a stipulation agreeing to the dismissal of all

15   Plaintiffs' individual claims as stated in Count One of the Second Amended Complaint.  The

16   stipulation did not affect the Plaintiffs' claims in Counts Two through Four.

17       All of the current Plaintiffs except for Alia Ahmadi were naturalized on March 11, 2008.

18   Decl. of Cecillia D. Wang ¶ 5.  It is likely that Ms. Ahmadi, the sixth and final named Plaintiff,

19   also will be naturalized before April 1, 2008.  Decl. of Sin Yen Ling ¶ 3.

20                              **ARGUMENT**

21       As set forth in Plaintiffs' Amended Notice of Motion for Class Certification and Reply

22   Memorandum in Support of Motion for Entry of Partial Final Judgment Pursuant to Fed. R. Civ.

23   _____

     and joined that action on February 8, 2007.

24   [2] Also on October 11, 2007, the parties filed a stipulation dismissing the § 1447(b) claims of
     Plaintiffs Vladimir Mikulicic, Biljana Petrovic, Eiman Taky and Yan Wang, in light of the
25   government's offer to naturalize them.  The stipulation did not affect those Plaintiffs' claims
     under Counts Two through Four of the First Amended Complaint but allegations relating to them
26   were inadvertently omitted from the Second Amended Complaint.  The proposed Third
     Amended Complaint restores the allegations relating to Plaintiffs Mikulicic, Petrovic, Taky and
27   Wang.  *See* Exh. A, attached hereto.

28   [3] In the case of Plaintiff Alia Ahmadi, Defendants' agreement to adjudicate her application was

                                        4

P. 54(b), Plaintiffs anticipate that Defendants will move for dismissal of this case on mootness grounds. The naturalization of individual named Plaintiffs does not moot their claims for declaratory and injunctive relief against Defendants' unlawful policies and practices. *See* Notice of Mot. and Mot. for Entry of Partial Judgment Pursuant to Fed. R. Civ. P. 54(b) at 7 n.2 (citing cases); Reply Memo. in Support of Mot. for Entry of Partial Judgment Pursuant to Fed. R. Civ. P. 54(b) at 10 & n.4 (citing cases). Among other reasons, the case will not become moot upon the naturalization of all named Plaintiffs because they have pursued this case as a class action.[4] In light of the pending motion for class certification, this case cannot become moot based upon the naturalization of the named Plaintiffs. *See County of Riverside v. McLaughlin*, 500 U.S. 44, 52 (1991) (where claims are "inherently transitory" so that a trial court will not have time to rule on motion for class certification before proposed representative's personal interest ends, class certification will "relate back" in order "to preserve the merits of the case for judicial resolution"); *Gerstein v. Pugh*, 420 U.S. 103, 110 n.11 (1975) (citing *Sosna v. Iowa*, 419 U.S. 393 (1975)). However, in an abundance of caution, Plaintiffs seek leave to file a Third Amended Complaint, as it is anticipated that the Defendants may offer to naturalize the sole remaining Plaintiff before the hearing on the class certification motion on April 24.

Under Federal Rule of Civil Procedure 15(a)(2), if a pleading has already been amended once, any subsequent amendment may be made only with the opposing party's written consent or the court's leave.[5] Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." The Ninth Circuit has held that "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (quoting *Rosenberg Brothers & Co. v. Arnold*, 283 F.2d 406 (9th Cir. 1960) (per curiam)). In exercising its discretion under Rule 15(a)(2), the court "must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or

---

contingent upon her satisfactory completion of a second naturalization interview.

[4] The hearing on Plaintiffs' motion for class certification is currently scheduled for April 24, 2008.

[5] Defendants declined to consent to the filing of a Third Amended Complaint. *See* Decl. of Cecilia D. Wang ¶ 4.

1   technicalities." *Webb*, 655 F.2d at 979 (citing *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957),

2   *abrogated on other grounds*, *Bell Atlantic v. Twombly*, 127 S. Ct. 1955 (2007)).  The court

3   should consider "undue delay, bad faith or dilatory motive on the part of the movant, repeated

4   failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

5   party by virtue of allowance of the amendment, [and] futility of amendment." *Leadsinger, Inc. v.*

6   *BMG Music Publishing*, 512 F.3d 522, 532 (9th Cir. 2008) (brackets in original) (quoting *Foman*

7   *v. Davis*, 371 U.S. 178, 182 (1962)).

8          Under Rule 15(a)(2)'s liberal standard for amendment of pleadings, Plaintiffs should be

9   permitted to file a Third Amended Complaint to add new class representatives.  First, there has

10  been no undue delay on Plaintiffs' part, as they have already amended the complaint on two

11  occasions to add new plaintiffs as Defendants have caused existing plaintiffs to be naturalized.

12  Plaintiffs are now moving for leave to add more proposed class representatives in light of the

13  impending naturalization of the one plaintiff whom the Defendants have not already naturalized.

14  Second, Plaintiffs are not acting out of bad faith or a dilatory motive, but rather to preserve the

15  merits of their APA and due process claims for appeal.  Third, amendment would not be futile; it

16  is not the case that "the complaint would not be saved by any amendment."[6]  *Id.*  Finally, while

17  the addition of new Plaintiffs would require Defendants to answer new allegations,[7] that process

18  would not unduly prejudice Defendants as they have quickly moved to answer previous

19  Plaintiffs' allegations without apparent difficulty.  Moreover, Defendants should not be heard to

20  complain of prejudice when the joinder of new class representatives is necessitated by

21  Defendants' own efforts to moot out the existing Plaintiffs' claims by expediting individual

22  applications only after the filing of litigation – while maintaining the general policies and

23  procedures of delay that Plaintiffs seek to challenge.  In the absence of prejudice to the

24  Defendants, or a "*strong* showing" as to one of the other factors, there is a presumption in favor

25  of granting leave to amend.  *Eminence Capital LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th

26  

27  [6] And indeed, as stated elsewhere, Plaintiffs take the position that amendment of the complaint is not necessary.  However, if the Court were to disagree with Plaintiffs' views on justiciability, then amending the complaint may be necessary to preserve the merits of this case for litigation.

28  [7] It may also be necessary to revise the case management order in this matter.

1    Cir. 2008) (emphasis added).

2        Moreover, Plaintiffs' requested amendment "would facilitate decision on the merits,"

3    *Webb*, 655 F.2d at 979, because it would avoid unnecessary litigation about mootness in the

4    event that Defendants naturalize Plaintiff Alia Ahmadi before a hearing on the Plaintiffs' motion

5    for class certification.  Thus, the fundamental purpose of Rule 15(a)(2) would be served.  Leave

6    to add new class representatives is particularly warranted here because Defendants have made

7    efforts to adjudicate the named Plaintiffs' naturalization applications, after years-long delays,

8    only after this litigation was filed.  Specifically, Defendants' actions to moot out the named

9    Plaintiffs' claims are as follows:

10        • Plaintiff Alia Ahmadi's naturalization application has been pending since October

11            2002.  Second Amended Compl. ¶ 44.  She was a plaintiff in a predecessor action

12            in this District, *Zhang v. Still*, No. 07-503-SBA, and was a party to the First

13            Amended Complaint in that case, which was filed on February 8, 2007.[8]  Prior to

14            that date, the last action taken by CIS on Ms. Ahmadi's application was on

15            October 13, 2005, when it received the results of the FBI name check.  *See* Decl.

16            of Jeffrey S. Robins (Aug. 31, 2007), Exh. 2 ("Hadary Decl.") ¶ 25.  On July 2,

17            2007, Plaintiffs including Alia Ahmadi filed the Complaint in the instant action.

18            Within days of the filing of this litigation, on July 11, 2007, CIS notified counsel

19            that it wanted to re-interview Ms. Ahmadi, after doing nothing to advance the

20            adjudication of Ms. Ahmadi's application for almost two years.  Hadary Decl. ¶

21            25.  Ms. Ahmadi appeared for the requested re-interview on March 4, 2008.  Decl.

22            of Sin Yen Ling ¶ 2.  At the conclusion of the re-interview, the examiner

23            informed Plaintiffs' counsel Sin Yen Ling that CIS intended to naturalize Ms.

24            Ahmadi contingent upon her submission of additional evidence by April 1, 2008.

25            *Id.* ¶ 3.

26        • Original plaintiff Miao Ling Huang joined the *Zhang* predecessor action on

27    _____

28    [8] A copy of the First Amended Complaint in *Zhang v. Still*, No. 07-503-SBA ("*Zhang* Compl."),
     is attached as Exhibit A to the Declaration of Cecillia D. Wang, filed herewith.

February 8, 2007.  Her naturalization application had been pending since November 2003.  *Zhang* Compl. ¶ 56.  Her FBI name check had been pending since November 21, 2003.  *See Zhang v. Still*, No. 07-503-SBA, Decl. of Michael A. Cannon in Support of Defendants' Mot. to Dismiss (Apr. 30, 2007) ("Cannon Decl.") ¶ 26.[9]  Within one month of Ms. Huang's joinder as a plaintiff in the *Zhang* action, FBI finally completed Ms. Huang's name check on March 6, 2007.  *Id.*  Shortly thereafter, CIS adjudicated her naturalization application.  *See* Stipulation of Dimissal of Claims of Plaintiffs Miao Ling Huang and Fu Zhong (Aug. 10, 2007) ¶ 2.

- Plaintiff Yan Wang's naturalization application was originally submitted to CIS on May 1, 2003.  Hadary Decl. ¶ 21.  After Ms. Wang joined the *Zhang* action on February 8, 2007, on April 23, 2007, CIS requested that FBI expedite Ms. Wang's name check.  *Id.*  Within less than one month, on May 15, 2007, FBI completed the name check, which had been pending without resolution or apparent progress for almost *four* years.  *Id.*  In response to the filing of the instant action, Defendants stated in their motion to dismiss that they were prepared to adjudicate Ms. Wang's naturalization application.  *Id.*

- Original plaintiff Fu Zhong joined the *Zhang* predecessor action on February 8, 2007.  His naturalization application had been pending since February 2004.  *Zhang* Compl. ¶ 48.  Within weeks of Mr. Zhong's joinder as a plaintiff in the *Zhang* action, FBI finally completed his name check on March 22, 2007.  Cannon Decl. ¶ 24.  Shortly thereafter, CIS adjudicated his naturalization application.  *See* Stipulation of Dimissal of Claims of Plaintiffs Miao Ling Huang and Fu Zhong (Aug. 10, 2007) ¶ 2.

- Plaintiff Vladimir Mikulicic joined the case in the First Amended Complaint filed on August 10, 2007.  His naturalization application had been pending since May

---

[9] A copy of the Defendants' Motion to Dismiss in the *Zhang* case, including the attached Cannon Declaration, is filed herewith as Exhibit B to the Declaration of Cecilia D. Wang.

MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT
NO. 07-3455-WHA

1   2004.  First Amended Compl. ¶ 51.  Within days of his joining this lawsuit as a
2   plaintiff, on August 23, 2007, CIS requested that FBI expedite his name check,
3   which had been pending for over three years without action.  Hadary Decl. ¶ 19.
4   By October 11, 2007, CIS was prepared to adjudicate Mr. Mikulicic's
5   naturalization application.  Stipulation of Partial Dismissal of Claims of Plaintiffs
6   Vladimir Mikulicic, Biljana Petrovic, Eiman Taky and Yan Wang (Oct. 11, 2007).

7   • Plaintiff Igor Ovchinnikov joined the case in the First Amended Complaint filed
8   on August 10, 2007.  His naturalization application had been pending since May
9   2003.  First Amended Compl. ¶ 56.  Within days of his joining this lawsuit as a
10  plaintiff, on August 23, 2007, CIS requested that FBI expedite his name check,
11  which had been pending for over four years without action.  Hadary Decl., Exh. 2
12  ¶ 17.  By October 11, 2007, CIS was prepared to adjudicate Mr. Ovchinnikov's
13  naturalization application.  Stipulation of Partial Dismissal of Claims of Plaintiffs
14  Vladimir Mikulicic, Biljana Petrovic, Eiman Taky and Yan Wang (Oct. 11, 2007).

15  • Plaintiff Biljana Petrovic joined the case in the First Amended Complaint filed on
16  August 10, 2007.  Her naturalization application had been pending since April
17  2003.  First Amended Compl. ¶ 61.  Within days of her joining this lawsuit as a
18  plaintiff, on August 27, 2007, FBI finally completed her name check, which had
19  been pending for over four years without action.  Hadary Decl., Exh. 2 ¶ 23.  By
20  October 11, 2007, CIS was prepared to adjudicate Ms. Petrovic's naturalization
21  application.  Stipulation of Partial Dismissal of Claims of Plaintiffs Vladimir
22  Mikulicic, Biljana Petrovic, Eiman Taky and Yan Wang (Oct. 11, 2007).

23  • Plaintiff Eiman Taky joined the case in the First Amended Complaint filed on
24  August 10, 2007.  Her naturalization application had been pending since August
25  2004.  First Amended Compl. ¶ 68.  By October 11, 2007, CIS was prepared to
26  adjudicate Ms. Taky's naturalization application, two months after she joined the
27  litigation.  Stipulation of Partial Dismissal of Claims of Plaintiffs Vladimir
28  Mikulicic, Biljana Petrovic, Eiman Taky and Yan Wang (Oct. 11, 2007).

- Plaintiff Angel Gentchev joined the case in the Second Amended Complaint filed on November 15, 2007. His application had been pending for over *five* years. Second Amended Compl. ¶ 50. By February 20, 2008, CIS was prepared to adjudicate Mr. Gentchev's naturalization application, three months after he joined the litigation. Stipulation of Partial Dismissal of Claims of Plaintiffs Alia Ahmadi, Angel Gentchev, Jiwei Huang, Igor Ovchinnikov, Sergei Sapozhnikov and Helga Scovajsa (Feb. 20, 2008).

- Plaintiff Jiwei Huang joined the case in the Second Amended Complaint filed on November 15, 2007. His naturalization application had been pending for over four years. Second Amended Compl. ¶ 54. By February 20, 2008, CIS was prepared to adjudicate Mr. Huang's naturalization application, three months after he joined the litigation. Stipulation of Partial Dismissal of Claims of Plaintiffs Alia Ahmadi, Angel Gentchev, Jiwei Huang, Igor Ovchinnikov, Sergei Sapozhnikov and Helga Scovajsa (Feb. 20, 2008).

- Plaintiff Helga Scovajsa joined the case in the Second Amended Complaint filed on November 15, 2007. Her naturalization application had been pending for over three years. Second Amended Compl. ¶ 67. By February 20, 2008, CIS was prepared to adjudicate Ms. Scovajsa's naturalization application, three months after she joined the litigation. Stipulation of Partial Dismissal of Claims of Plaintiffs Alia Ahmadi, Angel Gentchev, Jiwei Huang, Igor Ovchinnikov, Sergei Sapozhnikov and Helga Scovajsa (Feb. 20, 2008).

Thus, the record in this case demonstrates that upon the joinder of each Plaintiff in this action, Defendants have taken steps to adjudicate the naturalization application on an expedited basis, after failing to act for years. Meanwhile, Defendants have continued their general policies and practices, to the continued detriment of members of the proposed class, including the proposed plaintiffs, Mr. Sayed, Mr. Shah and Ms. Vandewalle-Callinan.

Defendants cannot be permitted to moot Plaintiffs' claims seeking relief against Defendants' policies and practices simply by resolving the individual delays in response to

litigation.  First, Defendants cannot evade judicial review simply by voluntary cessation of their unlawful activity.  *Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982); *FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1238 (9th Cir. 1999).  Second, Plaintiffs have a pending motion for class certification, which is an independent mechanism for maintaining a live controversy, notwithstanding Defendants' efforts to adjudicate the proposed class representatives' individual claims after their joinder as Plaintiffs in this case.  *See County of Riverside v. McLaughlin*, 500 U.S. 44, 52 (1991) (where claims are "inherently transitory" so that a trial court will not have time to rule on motion for class certification before proposed representative's personal interest ends, class certification will "relate back" in order "to preserve the merits of the case for judicial resolution"); *Gerstein v. Pugh*, 420 U.S. 103, 110 n.11 (1975) (citing *Sosna v. Iowa*, 419 U.S. 393 (1975)).  However, in the interests of judicial economy and so that there will be class representatives who have not yet been naturalized at the time of a decision on the motion for class certification, the Court should grant leave to file a Third Amended Complaint for the purpose of adding new Plaintiffs.

1

**CONCLUSION**

2          The Court should permit Mr. Sayed, Mr. Shah and Ms. Vandewalle-Callinan either to

3 join this action as plaintiffs through filing of a Third Amended Complaint pursuant to Rule

4 15(a)(2).

5 Dated:  March 13, 2008                                    Respectfully submitted,

6                                                           CECILLIA D. WANG
                                                           LUCAS GUTTENTAG
7                                                           AMERICAN CIVIL LIBERTIES UNION
                                                               FOUNDATION
8                                                           IMMIGRANTS' RIGHTS PROJECT
                                                           39 Drumm Street
9                                                           San Francisco, CA 94111

10                                                          JULIA HARUMI MASS
                                                           ALAN L. SCHLOSSER
11                                                          AMERICAN CIVIL LIBERTIES UNION
                                                               FOUNDATION OF NORTHERN
12                                                              CALIFORNIA
                                                           39 Drumm Street
13                                                          San Francisco, CA 94111

14                                                          SIN YEN LING
                                                           JOREN LYONS
15                                                          ASIAN LAW CAUCUS
                                                           939 Market Street, Suite 201
16                                                          San Francisco, CA 94103
                                                           Telephone:  (415) 896-1701
17                                                          Facsimile:  (415) 896-1702

18                                                          TODD GALLINGER
                                                           Of Counsel
19                                                          COUNCIL ON AMERICAN-ISLAMIC
                                                               RELATIONS (CAIR) – SAN
20                                                              FRANCISCO BAY AREA
                                                           3000 Scott Boulevard, Suite 212
21                                                          Santa Clara, CA 95054
                                                           Telephone:  (408) 986-9874
22                                                          Facsimile:  (408) 986-9875

23

24                                             By:  _____/s/_____
                                                           CECILLIA D. WANG
25
                                                           Attorneys for Plaintiffs
26

27

28

**CERTIFICATE OF SERVICE**

I, Cecillia D. Wang, declare as follows:

      I hereby certify that on this date, I electronically filed the foregoing NOTICE OF

MOTION AND MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT;

MEMORANDUM OF POINTS AND AUTHORITIES with the Clerk of the Court using the

ECF system, which will send notification of such filing to the following email addresses:

| | |
|---|---|
| Alan Lawrence Schlosser<br>American Civil Liberties Union<br>  Foundation of Northern California | *Via ECF*<br>*at* aschlosser@aclunc.org |
| Joren Lyons<br>Asian Law Caucus | *Via ECF*<br>*at* joren@asianlawcaucus.org |
| Lucas Guttentag<br>American Civil Liberties Union<br>  Immigrants' Rights Project | *Via ECF*<br>*at* lguttentag@aclu.org |
| Julia Harumi Mass<br>American Civil Liberties Union<br>  Foundation of Northern California | *Via ECF*<br>*at* jmass@aclunc.org |
| Edward A. Olsen<br>United States Attorney's Office | *Via ECF*<br>*at* edward.olsen@usdoj.gov |
| Elizabeth J. Stevens<br>United States Department of Justice | *Via ECF*<br>*at* elizabeth.stevens@usdoj.gov |
| Jeffrey S. Robins<br>United States Department of Justice | *Via ECF*<br>*at* jeffrey.robins@usdoj.gov |

      In addition, I hereby certify that on this date, I served true and correct copies of the

NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE THIRD AMENDED

COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES by U.S. Mail on the

following non-ECF filers:

| | |
|---|---|
| Sin Yen Ling<br>Asian Law Caucus<br>939 Market Street, Suite 201<br>San Francisco, CA 94103 | Todd Gallinger<br>Council on American-Islamic Relations<br>3000 Scott Boulevard, Suite 212<br>Santa Clara, CA 95054 |

1    I declare under penalty of perjury under the laws of the State of California that the above

2  is true and correct.

3

4  Dated: March 13, 2008
          San Francisco, California

5

6                                      _____/s/_____
                                       CECILLIA D. WANG

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28