# EXHIBIT A

CECILLIA D. WANG (CSB #187782)
LUCAS GUTTENTAG (CSB #90208)
AMERICAN CIVIL LIBERTIES UNION
   FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 343-0775
Facsimile: (415) 395-0950
Email: CWang@aclu.org

Attorneys for Petitioners
*Additional counsel listed on following page

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| YINAN ZHANG, ALIA AHMEDI, ZHONG FU, ABDUL GHAFOOR, MIAO LING HUANG, SANA JALILI, YAN WANG, YAN YIN, <br><br>        Plaintiffs-Petitioners, <br><br>   v. <br><br>DAVID STILL, District Director, U.S. Department of Homeland Security, Bureau of Citizenship and Immigration Services, San Francisco District; EMILIO T. GONZALEZ, Director, U.S. Department of Homeland Security, Bureau of Citizenship and Immigration Services; MICHAEL CHERTOFF, U.S. Secretary of Homeland Security; ROBERT S. MUELLER III, Director of the Federal Bureau of Investigation; ALBERTO GONZALES, Attorney General of the United States, <br><br>        Defendants-Respondents. | Case No. 07-CV-0503-JL <br><br>**FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND PETITION FOR NATURALIZATION PURSUANT TO 8 U.S.C. § 1447(B)** <br><br>**CLASS ACTION** |

1 | <u>Additional counsel:</u>

2 | JULIA HARUMI MASS (CSB #189649)
ALAN L. SCHLOSSER (CSB #49957)

3 | AMERICAN CIVIL LIBERTIES UNION
    FOUNDATION OF NORTHERN CALIFORNIA

4 | 39 Drumm Street
San Francisco, CA 94111

5 | Telephone: (415) 621-2493
Facsimile: (415) 255-8437

6 |

7 | SIN YEN LING*
JOREN LYONS (CSB #203403)

8 | ASIAN LAW CAUCUS
939 Market Street, Suite 201

9 | San Francisco, CA 94103
Telephone:  (415) 896-1701

10 | Facsimile:  (415) 896-1702

11 | *Application for admission pro hac vice forthcoming

12 | <u>Of counsel:</u>

13 | TODD GALLINGER (CSB #238666)
COUNCIL ON AMERICAN-ISLAMIC RELATIONS

14 |     (CAIR) – SAN FRANCISCO BAY AREA
3000 Scott Boulevard, Suite 212

15 | Santa Clara, CA 95054
Telephone:  (408) 986-9874

16 | Facsimile:  (408) 986-9875

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

---

2

FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND
PETITION FOR NATURALIZATION PURSUANT TO 8 U.S.C. § 1447(B)

**INTRODUCTION**

1.	Plaintiffs-Petitioners, Yinan ZHANG, Alia AHMEDI, Zhong FU, Abdul GHAFOOR, Miao Ling HUANG, Sana JALILI, Yan WANG, and Yan YIN, respectfully submit this First Amended Complaint for Declaratory and Injunctive Relief and Petition for Naturalization Pursuant to 8 U.S.C. § 1447(b).  Plaintiff Yinan ZHANG originally filed this action as an individual petition for naturalization under 8 U.S.C. § 1447(b).  The Plaintiffs amend Mr. Zhang's original petition as of right pursuant to Federal Rule of Civil Procedure 15(a) (permitting amendment of pleading "once as a matter of course at any time before a responsive pleading is served").  This First Amended Complaint pleads additional causes of action and allegations supporting a motion for class certification to be filed in due course.

2.	Plaintiffs are all long-time lawful permanent residents of the United States.  Each of them has sought to become a citizen of this country by applying for naturalization, having met all statutory requirements.  However, despite successfully undergoing their naturalization interviews and clearing criminal background checks more than approximately two years ago, none of the Plaintiffs has received an adjudication from the U.S. Bureau of Citizenship and Immigration Services ("CIS") on the ground that a so-called "FBI name check" is still pending.

3.	Defendants are officers of CIS and the Federal Bureau of Investigation ("FBI") and are responsible for the naturalization process, including the FBI name check, which CIS requires for naturalization despite the absence of any promulgated rule or regulation.

4.	Each named Plaintiff therefore seeks to be naturalized by this Court, as Congress has authorized through the Immigration and Nationality Act.  See 8 U.S.C. § 1447(b) (district court may make a determination of a naturalization application if there has been no adjudication within 120 days of an initial examination – i.e., the applicant's naturalization interview.  See U.S. v. Hovsepian, 359 F.3d 1144, 1151 (9th Cir. 2004) (en banc).  The named Plaintiffs also seek declaratory and injunctive relief on behalf of themselves and the proposed class members, to eliminate the systemic delays that Defendants have caused through the policies, practices and procedures.

5.	In failing to adjudicate the Plaintiffs' naturalization applications, Defendant

FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND
PETITION FOR NATURALIZATION PURSUANT TO 8 U.S.C. § 1447(B)

1   officers of CIS have violated CIS regulations requiring that such applications be adjudicated

2   within 120 days of the initial examination.  8 C.F.R. § 335.

3       6.      In addition, Defendant officers of both CIS and the Federal Bureau of

4   Investigation ("FBI") have engaged in unreasonable and extraordinary delay in adjudicating

5   Plaintiffs' naturalization applications, in violation of the Administrative Procedures Act, 5

6   U.S.C. §§ 555, 706, and the Due Process Clause.

7       7.      Defendants' rationale for its unreasonable delays – that the delays are required to

8   complete "FBI name checks" – highlights an independent violation of the Administrative

9   Procedures Act:  Defendants' failure to follow the notice and comment requirements of 5 U.S.C.

10  § 553.  CIS has promulgated no regulations concerning a "name check," but nonetheless has

11  imposed the FBI name check as a requirement for over four years – without any deadlines for

12  completion of the checks.  In contrast, immigration regulations do provide for criminal records

13  checks based on Plaintiffs' fingerprints and biographical data.  Each of the Plaintiffs has passed

14  those specific background checks.  Because Defendants' addition of the FBI name check

15  constitutes a substantive rule and causes undue burden and prejudice to Plaintiffs and other

16  members of the proposed class, the public should have been provided notice and an opportunity

17  to comment prior to its implementation.

18      8.      Plaintiffs all have spent many years in the United States and have made this

19  Nation their home.  They seek to pledge their allegiance to their adopted country and to

20  participate fully in U.S. society as citizens.  Each of the Plaintiffs has met the statutory

21  requirements to become a U.S. citizen, and in many cases they have sought relief through

22  requests to representatives in Congress and through formal inquiries with the government.

23  Nonetheless, each of the Plaintiffs has been stymied in his or her efforts by the unreasonable and

24  extraordinary delay of the Respondents.

25      9.      As a result of the Defendants' failure to abide by the law, which is inconsistent

26  with properly promulgated regulations and with the statutes passed by Congress, Plaintiffs are

27  unable to participate in civic society by voting and jury service.  Plaintiffs also are unable

28  expeditiously to sponsor for lawful permanent residency immediate relatives living abroad

FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND
PETITION FOR NATURALIZATION PURSUANT TO 8 U.S.C. § 1447(B)

1   including, in some cases, their spouses and children.  Plaintiffs also are unable to participate

2   freely as U.S. citizens in the Visa Waiver Program and to travel abroad and return to the United

3   States without fear of exclusion.

4          10.    Plaintiffs seek not only their own naturalization through 8 U.S.C. § 1447(b), but

5   also seek declaratory and injunctive relief as representatives of a class of other individuals who

6   have satisfied all statutory requirements for naturalization and are suffering similar unreasonable

7   delays of over 120 days since their naturalization interviews.  Plaintiffs ask the Court to declare

8   that the Defendants are violating the due process rights of Plaintiffs and the proposed class, as

9   well as the Administrative Procedures Act and the immigration laws and regulations, in failing to

10  complete all background checks necessary for adjudication of naturalization applications within

11  120 days of applicants' interviews.

12                          **JURISDICTION AND VENUE**

13         11.    This Court has subject matter jurisdiction over this matter pursuant to 8 U.S.C. §

14  1447(b) (district court jurisdiction to adjudicate delayed naturalization applications), 28 U.S.C.

15  §§ 1331 (federal question), and 28 U.S.C. §§ 2201 and 2202 (declaratory relief).

16         12.    Venue is proper in the Northern District of California pursuant to 28 U.S.C. §§

17  1391(e).  Plaintiffs sue the Defendants in their official capacities as officers and employees of the

18  United States.  A substantial portion of the events giving rise to this Complaint occurred within

19  this District, where the Plaintiffs' applications for naturalization are pending before the San

20  Francisco District of the CIS.  In addition, venue is proper in this District pursuant to 8 U.S.C. §

21  1447(b), which provides that a petition for de novo review of a naturalization application shall be

22  filed in the district in which the applicant resides.  All of the Plaintiffs live within this District.

23                                  **PARTIES**

24         13.    Plaintiff Yinan Zhang is a citizen of China.  He is a lawful permanent resident of

25  the United States and lives in San Francisco, California.  He applied for naturalization with CIS

26  and passed his naturalization examination in 2002.  His naturalization application has not been

27  adjudicated.

28         14.    Plaintiff Alia Ahmedi is a citizen of Afghanistan.  She is a lawful permanent

resident of the United States and lives in Fremont, California. She applied for naturalization
with CIS and passed her naturalization examination in May 2003. Her naturalization application
has not been adjudicated.

15. Plaintiff Zhong Fu is a citizen of China. He is a lawful permanent resident of the
United States, and he resides in San Francisco, California. He applied for naturalization with
CIS and passed his naturalization examination in July 2004. His naturalization application has
not been adjudicated.

16. Plaintiff Abdul Ghafoor is a citizen of Pakistan. He is a lawful permanent
resident of the United States, and he resides in Richmond, California. He applied for
naturalization with CIS and passed his naturalization examination in October 2004. His
naturalization application has not been adjudicated.

17. Plaintiff Sana Jalili is a citizen of Pakistan. She is a lawful permanent resident of
the United States, and she resides in Fremont, California. She applied for naturalization with
CIS and passed her naturalization examination in September 2004. Her naturalization
application has not been adjudicated.

18. Plaintiff Miao Ling Huang is a citizen of China. She is a lawful permanent
resident of the United States, and she resides in San Francisco, California. She applied for
naturalization with CIS and passed her naturalization examination in June 2004. Her
naturalization application has not been adjudicated.

19. Plaintiff Yan Wang is a citizen of China. She is a lawful permanent resident of
the United States, and she resides in San Francisco, California. She applied for naturalization
with CIS and passed her naturalization examination in January 2004. Her naturalization
application has not been adjudicated.

20. Plaintiff Yan Yin is a citizen of Canada. She is a lawful permanent resident of the
United States, and she resides in Fremont, California. She applied for naturalization with CIS
and passed her naturalization examination in March 2004. Her naturalization application has not
been adjudicated.

21. Respondent David Still is the District Director for the San Francisco District of

6

the Bureau of Citizenship and Immigration Services ("CIS"), U.S. Department of Homeland Security.  Mr. Still is responsible for applications for naturalization pending in the San Francisco District.  Mr. Still is sued in his official capacity.

22.     Respondent Emilio T. Gonzalez is the Director of CIS.  Mr. Gonzalez is responsible for the processing and determination of all applications for naturalization submitted to CIS.  He is sued in his official capacity.

23.     Respondent Michael Chertoff is the U.S. Secretary of Homeland Security, which encompasses CIS.  Mr. Chertoff is ultimately responsible for the administration of all immigration and naturalization laws, including the processing and determination of applications for naturalization.  He is sued in his official capacity.

24.     Respondent Robert S. Mueller III is the Director of the Federal Bureau of Investigation.  Mr. Mueller is ultimately responsible for the processing of "name checks" submitted by CIS to the FBI during the naturalization process.  Mr. Mueller is sued in his official capacity.

25.     Respondent Alberto Gonzales is the Attorney General of the United States.  He is the head of the U.S. Department of Justice, which encompasses the FBI.  Mr. Gonzales also jointly responsible with Mr. Chertoff for enforcement of immigration laws.  Mr. Gonzales is sued in his official capacity.

## LEGAL FRAMEWORK

26.     Federal immigration law allows persons who have been residing in the United States as lawful permanent residents to become United States citizens through a process known as naturalization.

27.     A person seeking to naturalize must meet certain requirements, including an understanding of the English language and history and civics of the United States; a sufficient period of physical presence in the United States; and good moral character.  8 U.S.C. § 1423, 1427(a).

28.     Persons seeking to naturalize must submit an application for naturalization to CIS.  8 U.S.C. § 1445.  CIS is the agency that is responsible for adjudicating naturalization

7

1     applications. 8 C.F.R. § 100.2.

2         29.     Once an application is submitted, CIS conducts a background investigation of

3     each naturalization applicant. 8 U.S.C. § 1446(a); 8 C.F.R. § 335.1.

4         30.     According to CIS regulations, the background investigation includes a full

5     criminal background check performed by the FBI. 8 C.F.R. § 335.2. After the background

6     investigation is completed, CIS schedules a naturalization examination, at which an applicant

7     meets with a CIS examiner who is authorized to ask questions and take testimony. The CIS

8     examiner must determine whether to grant or deny the naturalization application. 8 U.S.C. §

9     1446(d).

10         31.     CIS must grant a naturalization application if the applicant has complied with all

11     requirements for naturalization. 8 C.F.R. § 335.3. Naturalization is not a discretionary benefit,

12     but a right upon satisfaction of statutory requirements.

13         32.     CIS must grant or deny a naturalization application at the time of the examination

14     or, at the latest, within 120 days after the date of the examination. 8 C.F.R. § 335.3. Once an

15     application is granted, the applicant is sworn in as a United States citizen.

16         33.     In general, Congress has provided that applications for immigration benefits

17     should be adjudicated within 180 days of the initial filing of the application. 8 U.S.C. § 1571.

18         34.     Plaintiffs are informed and believe that in 2002, CIS added – without

19     promulgating any regulation – a new type of background check to the naturalization process,

20     known as a "name check." A "name check" is a check of FBI records based on the full name of

21     the applicant. Upon information and belief, the FBI conducts the "name check" through manual

22     and electronic searches of the FBI's centralized records. CIS requests the FBI to conduct "name

23     checks" on all applications for naturalization.

24         35.     Plaintiffs are informed and believe that the FBI name check requirement is

25     implemented in such a manner that it is highly likely that an applicant may be identified

26     erroneously as a person "of interest" to the FBI, thereby delaying adjudication of the

27     naturalization application, even though the applicant has committed no crimes and is not a

28     suspect. For example, the name check may identify a different person with a name similar to the

1   applicant's, or result in a "hit" when the applicant has been an innocent witness or victim of a

2   crime.

3       36.     Plaintiffs are informed and believe that CIS does not adjudicate applications for

4   naturalization until it receives a completed "name check" from the FBI.  CIS has not

5   promulgated any regulations setting forth the "name check" as a prerequisite for naturalization.

6   Neither CIS nor the FBI imposes any time limits for completion of "name checks."  The FBI

7   claims that CIS determines the order of resolution of the requested "name checks," and CIS

8   claims that it cannot ask or require the FBI to complete "name checks" within any particular

9   timeframe.

10      37.     Plaintiffs are informed and believe that in April 2006, CIS implemented a new

11  policy or practice of delaying naturalization examinations until after the "name check" is

12  completed.  Thus, for certain applicants for naturalization, lengthy delays in adjudication occur

13  prior to the examination, rather than after the examination.

14      38.     When CIS fails to adjudicate a naturalization application within 120 days of the

15  examination, the applicant may seek de novo review of the application by a district court.  8

16  U.S.C. § 1447(b).  When the applicant requests district court review, the district court gains

17  exclusive jurisdiction over the application, United States v. Hovsepian, 359 F.3d 1144 (9th Cir.

18  2004), and it may naturalize the applicant.  8 U.S.C. § 1447(b).

19                                          **FACTS**

20  **Plaintiffs**

21      39.     Yinan Zhang is a 33-year old native and citizen of China.  He has been a lawful

22  permanent resident of the United States since September 1995, when he adjusted his status

23  through his U.S.-citizen father's petition.  Mr. Zhang currently works as a family caregiver for

24  his ailing father, Zu Ying Zhang.  Mr. Zhang and his father live in San Francisco, California.

25      40.     Mr. Zhang submitted his naturalization application in July 2001 and successfully

26  completed his naturalization interview and criminal background checks in September 2002.  The

27  day after passing his naturalization interview, a CIS officer telephoned Mr. Zhang and asked him

28  to provide proof of selective service registration.  Soon thereafter in September 2002, Mr. Zhang

                                                9

1   submitted the requested "status information letter," thereby satisfying the requirements for

2   naturalization. He meets all other statutory requirements for naturalization.

3       41.     Mr. Zhang has been waiting more than four years since his interview, and has yet

4   to receive an adjudication of his application. Mr. Zhang attempted to check on the status of his

5   application through an automated CIS customer service line, but the system stated that a final

6   decision cannot be made on any application until national security checks are complete. During

7   the past four years, Mr. Zhang has followed up with further contacts with CIS by telephone and

8   in person. Each time, immigration officers have informed him that his application is pending

9   due to the FBI name check.

10      42.     Mr. Zhang has suffered and continues to suffer prejudice from the delay of his

11  naturalization. He has been deprived of the substantial and unique rights and duties of U.S.

12  citizenship, including the right to vote, the right to obtain a U.S. passport, the right to travel

13  freely, and the right to receive certain governmental and non-governmental benefits, such as

14  tuition assistance and scholarships.

15      43.     Alia Ahmedi is a 73-year-old native and citizen of Afghanistan. She came to the

16  United States as a lawful permanent resident in November 1986, sponsored by her son Basheer

17  Ahmedi, a U.S. citizen. Ms. Ahmedi and her husband, a U.S. citizen, currently live in Fremont,

18  California, with Basheer. She also has five other children living in the United States. Of her six

19  children, five are U.S. citizens. Ms. Ahmedi also has over 20 grandchildren, all U.S. citizens,

20  living in the United States.

21      44.     In October 2002, Ms. Ahmedi applied for citizenship and successfully completed

22  her naturalization interview and criminal background checks in May 2003. She meets all other

23  statutory requirements for naturalization. At the end of the interview, the CIS officer told Ms.

24  Ahmedi that she had passed her examination and would receive her oath notice shortly.

25      45.     Approximately three to four months after successfully passing her naturalization

26  examination, Ms. Ahmedi contacted CIS because she had not received her oath notice.  A CIS

27  employee told Ms. Ahmedi that her application was still pending. Ms. Ahmedi has followed up

28  with further contacts with CIS by telephone and in person. Each time, CIS officers have

1  informed her that her naturalization application is still pending due to an FBI name check.  She

2  also has had to re-submit her fingerprints as her application has been pending so long that CIS

3  informed her that her original fingerprint card "expired."  Ms. Ahmedi's children also contacted

4  their representatives in Congress for assistance.  Representative Pete Stark made an inquiry to

5  CIS, which responded that a name check was pending.

6          46.      Ms. Ahmedi has suffered harm from the delay of her naturalization.  One of her

7  daughters lives outside of the U.S. part-time.  Because it is extremely difficult for citizens of

8  Afghanistan to obtain visas, she is unable to visit her daughter and grandchildren while they are

9  abroad.  In addition, Ms. Ahmedi is elderly and the anxiety surrounding the delay in the granting

10  of her citizenship has put extreme pressure on her already frail health.  Indeed, Ms. Ahmedi

11  previously received disability assistance from the Social Security Administration, but those

12  benefits were cut off because non-citizens are permitted such benefits for a limited period of

13  time.

14          47.      Zhong Fu is a 69-year old native and citizen of China.  He came to the United

15  States as a lawful permanent resident in March 1999, through the petition of his U.S.-citizen

16  mother.  Mr. Fu is retired and currently caring for his elderly sick mother, who is 90 years old

17  and suffers from Alzheimer's disease.  Mr. Fu and his mother currently live in San Francisco,

18  California.  Mr. Fu has a U.S.-citizen sister, and she resides in the Sunset District of San

19  Francisco, California.  Mr. Fu's deceased father was a U.S. citizen.

20          48.      In or about February 2004, Mr. Fu submitted his citizenship application.  He

21  successfully completed his naturalization interview and criminal background checks on July

22  2004.  He meets all other statutory requirements for naturalization.  At the end of his interview,

23  the CIS officer informed him that he passed the tests for English and U.S. history and

24  government.  Mr. Fu has been patiently waiting for his oath notice since that time.

25          49.      Starting approximately three to four months after successfully passing his

26  naturalization examination, Mr. Fu contacted CIS on three separate occasions through the

27  "Infopass" online appointment scheduler.  On each occasion, an immigration officer informed

28  Mr. Fu that his application was pending until national security checks are completed and the

1 | local CIS office receives a response.

2 | 50.  Mr. Fu has suffered prejudice from the delay of his naturalization.  Since his

3 | arrival in March 1999, Mr. Fu has never left the United States to visit family in China.  He is

4 | currently living on his retirement income and therefore cannot afford to visit China on a frequent

5 | basis.  Due to the expense of travel, Mr. Fu would like to visit family members for an extended

6 | period when he is able to afford the trip.  However, as a lawful permanent resident, he is not

7 | permitted to stay abroad more than six months at a time.  By naturalizing, Mr. Fu will be able to

8 | spend more time with family on the infrequent occasions that he can afford the airfare to China.

9 | 51.  Abdul Ghafoor is a native and citizen of Pakistan.  He has a bachelor's degree in

10 | Humanities from Bahauddin Zakariya University in Pakistan.  He immigrated to the United

11 | States as a lawful permanent resident in April 1999.  He currently works for the U.S. Postal

12 | Service as a mail carrier.

13 | 52.  Mr. Ghafoor applied for naturalization in March 2004.  He successfully

14 | completed his naturalization examination and criminal background checks in October 2004 and

15 | was told at that time that he should receive his notice within 120 days.  Mr. Ghafoor meets all

16 | other statutory requirements for naturalization.  Nonetheless, his application has not been

17 | adjudicated.

18 | 53.  Despite numerous in-person and written inquiries to CIS, including inquiries

19 | made by an attorney Mr. Ghafoor retained at his own expense to represent him with respect to

20 | his pending naturalization application, CIS has failed to adjudicate his naturalization application.

21 | Mr. Ghafoor has received notices from CIS saying that his background check is pending.

22 | 54.  Mr. Ghafoor is suffering extreme prejudice from the delay in adjudication of his

23 | naturalization application.  His wife and four children live in Pakistan and he can afford to visit

24 | them only once a year.  Although he applied for them to join him in the United States in 2002,

25 | the government has not yet granted them visas to reunite with him in the United States.  They are

26 | subject to long waiting periods due to Mr. Ghafoor's status as a noncitizen.  He seeks to

27 | naturalize both to speed his family's ability to join him in the United States and also because he

28 | has been subjected repeatedly to secondary immigration inspections – including strip searches,

1    hours-long detentions that have caused him to miss connecting flights, and rude treatment –

2    when he has reentered the United States after visiting his wife and children in Pakistan.

3        55.    Miao Ling Huang is a 46-year old native and citizen of China. She came to the

4    United States as a lawful permanent resident in December 1998, through the petition of her

5    husband's sister, a U.S. citizen. Ms. Huang and her husband, who is also a lawful permanent

6    resident, live in San Francisco, California with their two children, Tian H. Rong and Zijun Rong,

7    also lawful permanent residents. If Ms. Huang naturalizes, her youngest daughter, currently 13

8    years old, stands to derive automatic United States citizenship, pursuant to the Child Citizenship

9    Act of 2000. Ms. Huang currently works at the San Francisco Juvenile Hall as a food service

10   operator.

11       56.    Ms. Huang applied for citizenship in November 2003 and successfully completed

12   her naturalization interview and criminal background checks in June 2004. She meets all of the

13   statutory requirements for naturalization. At the end of her interview, she was informed that she

14   passed the tests on English and U.S. history and government, but that a decision could not be

15   made on her application because background checks have not been completed.

16       57.    Starting approximately three to four months after successfully passing her

17   naturalization examination, Ms. Huang contacted CIS to inquire about her oath notice. She was

18   told on several occasions that her application was pending for the completion of all necessary

19   background checks. In December 2005, Ms. Huang contacted U.S. Senator Barbara Boxer's

20   office for assistance on her naturalization application. On January 2006, U.S. Senator Boxer's

21   officer informed her application was pending due to a security check submitted to the FBI and

22   ultimately, that she must wait due to the sensitive nature of these clearances.

23       58.    Ms. Huang has suffered harm from the delay of her naturalization. Her 68-year

24   old ailing mother lives in China. Ms. Huang would like to serve as her mother's primary

25   caretaker, but has been unable to obtain the proper visa to petition for her mother to immigrate to

26   the United States. Upon naturalization, Ms. Huang will be able to petition for her mother to

27   immigrate more expeditiously. The delay in Ms. Huang's naturalization has caused her great

28   anguish by making it impossible to care for her mother during these critical years.

1    59.    Sana Jalili is a native and citizen of Pakistan.  She came to the United States in

2  1995, at the age of 15, as a dependent of her parents, who had H-1 employment visas.  Ms. Jalili

3  has been a lawful permanent resident of the United States in 2001.  She attended high school on

4  Long Island in New York, and graduated with honors.  She then attended the State University of

5  New York at Stony Brook and graduated after only three years with a Bachelor of Science in

6  information systems.   Following graduation, she worked as an IT specialist in the Information

7  Technology Leadership Program at Travelers Insurance Company.  She later also served as a

8  Connecticut state court interpreter and offered multi-cultural classes in her town.  She and her

9  husband, a U.S. citizen, married during Ms. Jalili's second year of college.  They now have two

10  U.S.-citizen children under the age of five.  Mr. Jalili is currently home-schooling her daughters

11  full-time.  Ms. Jalili's husband supports the family financially as a project manager at IBM.

12    60.    Ms. Jalili applied for naturalization in December 2003 and successfully passed her

13  interview and criminal background checks in September 2004.  At the end of the interview, a

14  CIS officer informed her that she would receive a notice of oath ceremony within three weeks to

15  three months.

16    61.    Ms. Jalili meets all statutory requirements for naturalization, but her application

17  has not been adjudicated.  She has contacted CIS repeatedly, both in the Hartford, Connecticut,

18  office where she originally filed her application, and then in the San Jose and San Francisco

19  offices, after she and her husband moved to California.  Ms. Jalili also sought assistance from

20  U.S. Representative Nancy Johnson and the CIS Ombudsman office, to no avail.  CIS has

21  informed Ms. Jalili that her application is pending because of a name check.

22    62.    Ms. Jalili is suffering prejudice from the delay in her naturalization application.

23  America is her home and she serves her local community in many ways.  By delaying her

24  naturalization, the government has prevented her from enjoying the liberties and duties of

25  citizenship, including participation in the democratic process through voting.  Ms. Jalili does not

26  have the same legal status as her husband and children, which is especially difficult when the

27  family travels together abroad.  Upon gaining citizenship, Ms. Jalili also would like to apply for

28  interpreter positions with government agencies, which may require U.S. citizenship, and would

14

1    like to sponsor her parents for lawful permanent resident status so that her daughters can enjoy a

2    quality relationship with their grandparents.

3    63.    Yan Wang is a 36-year old native and citizen of China.  She came to the United

4    States on a K-1 fiancee visa in February 1999 and became a lawful permanent resident on July

5    2000.  Ms. Wang and her husband, a U.S. citizen, live in San Francisco, California.  Ms. Wang is

6    currently attending City College in San Francisco and learning the English language while she

7    assists her husband, Patrick Mao, with his business.

8    64.    In May 2003, Ms. Wang applied for citizenship and successfully completed her

9    naturalization interview and criminal background checks in January 2004.  She meets all other

10   statutory requirements for naturalization.  At the end of the interview, a CIS officer told Ms.

11   Wang that she passed her examination and would receive her oath shortly.

12   65.    Approximately four months later after successfully passing her naturalization

13   examination, Ms. Wang contacted CIS because she had not received her oath notice.  The

14   immigration office in San Francisco, California informed her that the application is pending

15   because of a name check.  Ms. Wang has made approximately eight to nine inquiries with CIS in

16   the course of the last few years, and each time, she was informed that the FBI name check was

17   not complete.

18   66.    Ms. Wang has suffered harm from the delay of her naturalization.  Her ailing

19   father lives in China and she wishes to spend time with him.  As a citizen, she would be able to

20   petition for lawful permanent resident status for her father so that she can care for him.

21   67.    Yan Yin is a native of China and citizen of Canada who came to the United States

22   in 1996 on a TN visa, which is issued to professionals from Canada and Mexico.  Ms. Yin, who

23   was a professor of physics in China, came to the United States to work on a project funded by the

24   U.S. Department of Energy.  She now lives in Fremont and owns her own business there.  Ms.

25   Yin has a sister in the Washington, D.C., area who is a U.S. citizen.

26   68.    In August 2003, Ms. Yin applied for naturalization. In March 2004, she

27   successfully passed her naturalization examination and criminal background checks.  She meets

28   all other statutory requirements for naturalization.

FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND
PETITION FOR NATURALIZATION PURSUANT TO 8 U.S.C. § 1447(B)

69.     Despite Ms. Yin's numerous inquiries with CIS, inquiries to Senator Barbara Boxer and Representative Pete Stark, her repeated submission of fingerprints, and her receipt of documents in response to a Freedom of Information Act/Privacy Act request that showed no basis for denying naturalization, CIS has failed to adjudicate her application for naturalization. CIS informed Ms. Yin that her background check had not been completed and in March 2006, CIS informed Ms. Yin that it needed six additional months to process her application.  In July 2006, CIS informed Ms. Yin that she should receive her citizenship in September 2006, but her application has still not been adjudicated.

70.     Ms. Yin has suffered prejudice from the delay in adjudication of her naturalization.  She contracts with the U.S. government as part of her business and is unable to apply for certain grants because of her immigration status as a non-citizen.  Because of her immigrant status, Ms. Yin is unable to communicate with certain laboratories that are important to her business.  She is anxious to become a citizen so that she can travel and market her product with more ease and flexibility.

**Defendants' Policies and Practices**

71.     Plaintiffs are informed and believe that Defendants Still, Emilio Gonzalez and Chertoff have a policy, pattern, and practice of failing to adjudicate the applications for naturalization of the proposed plaintiff class within 120 days of the date of naturalization examinations, because of years-long delays in the processing of "name checks."

72.     Plaintiffs are informed and believe that Defendants Still, Emilio Gonzalez and Chertoff have a policy, pattern, and practice of unlawfully withholding and unreasonably delaying the adjudication of applications for naturalization of the proposed plaintiff class, because of years-long delays in the processing of "name checks."

73.     Plaintiffs are informed and believe that Defendants Mueller and Alberto Gonzales have a policy, pattern, and practice of unlawfully withholding and unreasonably delaying the completion of "name checks," with the full knowledge that CIS requires the completion of such "name checks" for adjudication of applications for naturalization of the proposed plaintiff class.

74.     Plaintiffs are informed and believe that Defendants have a policy, pattern and

1    practice of failing to set deadlines for completing "name checks" and taking all the other

2    reasonable steps necessary to complete the adjudication of applications for naturalization of the

3    proposed plaintiff class.

4         75.    Plaintiffs are informed and believe that Defendants Still, Emilio Gonzalez and

5    Chertoff have a policy, pattern and practice of requiring "name checks" for adjudication of

6    applications for naturalization of the proposed plaintiff class, despite no statutory or regulatory

7    authorization for such "name checks."

8         76.    Plaintiffs are informed and believe that Defendants do not have or use any

9    mechanisms to identify the number and status of naturalization cases in which applicants satisfy

10   all eligibility criteria, have passed naturalization interviews, and are awaiting adjudication solely

11   on the basis of FBI name checks.  In addition, USCIS and FBI do not have any policies or

12   practices in place to ensure final adjudication of those naturalization applications.

13        77.    Plaintiffs are informed and believe that Defendants do not have or use any

14   mechanisms to track the number and status of naturalization cases in which applicants satisfy all

15   eligibility criteria, have passed naturalization examinations, and are awaiting adjudication for

16   more than 120 days after their naturalization examinations.  In addition, USCIS and FBI do not

17   have any policies or practices in place to ensure final adjudication of those naturalization

18   applications.

19        78.    Plaintiffs are informed and believe that Defendants Still, Gonzalez and Chertoff

20   implemented the requirement of FBI name checks for naturalization without giving notice to the

21   public and allowing a period for public comment.  The Administrative Procedures Act requires

22   such notice and comment because the FBI name check requirement is a substantive change in

23   prior CIS policy and because the requirement has an adverse effect on individuals by causing a

24   delay in adjudication of their naturalization applications.

25        79.    As a result of the Defendants' policies, practices, actions and omissions, members

26   of the proposed plaintiff class have suffered injury, in that they have been unlawfully denied the

27   rights and benefits of U.S. citizenship for approximately two years or more.

28

17

**CLASS ALLEGATIONS**

80.     Plaintiffs bring this action on behalf of themselves and all other persons similarly situated pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2).  The class, as proposed by Plaintiffs, consists of:

> All persons who have submitted or will submit applications for naturalization to CIS, and
> who have met all statutory requirements for naturalization, and whose applications for
> naturalization are not adjudicated within 120 days of the date of their initial examination.

81.     The requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(2) are met in that the class is so numerous that joinder of all members is impracticable.  Counsel for Plaintiffs are aware of at least another 99 proposed class members who are similarly situated to the named Plaintiffs in this District alone.  Counsel are aware of dozens of others similarly situated elsewhere in California.

82.     There are questions of law and fact common to the proposed class that predominate over any questions affecting only the individually named Plaintiffs, including: (1) whether CIS's failure to adjudicate the applications for naturalization of the proposed plaintiff class within 120 days of the date of naturalization examinations, due to delays in "name checks," violates the Due Process Clause, the Immigration and Nationality Act and implementing regulations and the Administrative Procedures Act; (2) whether CIS's imposition of a name check requirement violates the notice and comment provision of the Administrative Procedures Act; (3)  whether the FBI's actions in unlawfully withholding and unreasonably delaying the completion of "name checks," with the full knowledge that CIS requires the completion of such "name checks" for adjudication of applications for naturalization of the proposed plaintiff class, violates the Constitution and laws of the United States, including the Administrative Procedures Act; and (4) whether CIS and the FBI's failure to set deadlines for completing "name checks" and failure to take all the other reasonable steps necessary to complete the adjudication of applications for naturalization of the proposed plaintiff class, violates the Constitution and laws of the United States, including the Administrative Procedures Act.

83.     The claims of the named Plaintiffs are typical of the claims of the proposed class.

18

1  The named Plaintiffs, like all class members, have not had their applications for naturalization

2  adjudicated despite the passage of over 120 days since their naturalization examinations, and

3  they have been denied timely completion of "name checks" which CIS requires for adjudication

4  of their applications; and their applications for naturalization have been unlawfully withheld or

5  unreasonably delayed on the basis of "name checks."

6         84.     Like the named Plaintiffs, members of the proposed class are suffering prejudice

7  from the delay of their naturalization applications, including the inability to participate in civic

8  society by voting and jury service, the effective inability to sponsor immediate relatives for

9  lawful permanent resident status, the inability to travel freely as U.S. citizens, and the harm of

10  having an uncertain status in the country they have made their home and where they have

11  established themselves as part of a community.

12         85.     The named Plaintiffs will fairly and adequately represent the interests of all

13  members of the proposed class because they seek relief on behalf of the class as a whole and

14  have no interests antagonistic to other members of the class.  The named Plaintiffs are

15  represented by pro bono counsel, including the ACLU Immigrants' Rights Project, the ACLU of

16  Northern California and the Asian Law Caucus, who have extensive expertise in class action

17  litigation regarding the rights of immigrants.  Finally, the Defendants have acted on grounds

18  generally applicable to the class, thereby making appropriate final injunctive relief with respect

19  to the class as a whole.

20         **DECLARATORY AND INJUNCTIVE RELIEF ALLEGATIONS**

21         86.     An actual and substantial controversy exists between Plaintiffs and Defendants as

22  to their respective legal rights and duties.  Plaintiffs contend that Defendants' actions violate

23  Plaintiffs' rights and the rights of proposed class members.  Defendants contend the opposite.

24         87.     Defendants' failure to timely process Plaintiffs' naturalization applications,

25  including any name check, has caused and will continue to cause irreparable injury to Plaintiffs

26  and other class members.  Plaintiffs have no plain, speedy, and adequate remedy at law.

27  //

28

FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND
PETITION FOR NATURALIZATION PURSUANT TO 8 U.S.C. § 1447(B)

**CAUSES OF ACTION**

**COUNT ONE**

**RIGHT TO DE NOVO JUDICIAL DETERMINATION**

**OF APPLICATION FOR NATURALIZATION**

**8 U.S.C. § 1447(B)**

**[By the Named Plaintiffs Against Defendants Still, Gonzalez and Chertoff]**

88.　　The allegations contained in paragraphs 1 through 87 above are repeated and incorporated as though fully set forth herein.

89.　　Because Respondents have failed to adjudicate each named Plaintiff's naturalization application within 120 days after the date of his naturalization examination, each named Plaintiff is entitled to de novo adjudication of his naturalization application by this Court under 8 U.S.C. § 1447(b).

90.　　This Court should grant each named Plaintiff's naturalization application pursuant to 8 U.S.C. § 1447(b), because each named Plaintiff meets all of the requirements for naturalization under chapter 2 of the Immigration and Nationality Act, 8 U.S.C. § 1421 *et seq.*, and therefore has a right to become a naturalized citizen of the United States.

**COUNT TWO**

**UNREASONABLE DELAY**

**IN VIOLATION OF THE ADMINISTRATIVE PROCEDURES ACT**

**[By the Named Plaintiffs on Behalf of the Proposed Class Against All Defendants]**

91.　　The allegations contained in paragraphs 1 through 90 above are repeated and incorporated as though fully set forth herein.

92.　　The Administrative Procedure Act requires administrative agencies to conclude matters presented to them "within a reasonable time." 5 U.S.C. § 555. A district court reviewing agency action may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). The court also may hold unlawful and set aside agency action that, inter alia, is found to be: "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A); "in excess of statutory jurisdiction, authority, or limitations, or short

20

1  of statutory right," 5 U.S.C. § 706(2)(C); or "without observance of procedure required by law,"

2  5 U.S.C. § 706(2)(D).  "Agency action" includes, in relevant part, "an agency rule, order, license,

3  sanction, relief, or the equivalent or denial thereof, or failure to act."  5 U.S.C. §551(13).

4         93.     The failure of Defendants Still, Emilio Gonzalez and Chertoff to adjudicate the

5  applications for naturalization of the proposed plaintiff class within 120 days of the date of

6  naturalization examinations on the basis of "name checks," in violation of 8 U.S.C. § 1446(d)

7  and 8 C.F.R. § 335, violates the Administrative Procedure Act, 5 U.S.C. § 555(b); 5 U.S.C. §§

8  706(1), 706(2)(A), 706(2)(C), 706(2)(D).

9         94.     The failure of Defendants Alberto Gonzales and Mueller to timely complete

10 "name checks," with the full knowledge that CIS requires the completion of such "name checks"

11 for adjudication of applications for naturalization of the proposed plaintiff class, violates the

12 Administrative Procedure Act, 5 U.S.C. § 555(b); 5 U.S.C. §§ 706(1), 706(2)(A), 706(2)(C),

13 706(2)(D).

14        95.     Defendants' failure to set deadlines for completing "name checks," to track the

15 number and status of naturalization cases awaiting final adjudication solely on the basis of FBI

16 name checks, to track the number and status of naturalization cases awaiting final adjudication

17 for more than 120 days after the naturalization examinations, and to take all the other reasonable

18 steps necessary to complete the adjudication of applications for naturalization of the proposed

19 plaintiff class, in violation of 8 U.S.C. § 1446(d) and 8 C.F.R. § 335, violates the Administrative

20 Procedure Act, 5 U.S.C. § 555(b); 5 U.S.C. §§ 706(1), 706(2)(A), 706(2)(C), 706(2)(D).

21        96.     As a result of Defendants' actions, Plaintiffs and members of the proposed class

22 have suffered and continue to suffer injury.  Declaratory and injunctive relief are therefore

23 warranted.

24                              **COUNT THREE**

25 **FAILURE TO FOLLOW NOTICE-AND-COMMENT REQUIREMENTS OF THE**

26                **ADMINISTRATIVE PROCEDURES ACT**

27    **[By the Named Plaintiffs on Behalf of the Proposed Class Against All Defendants]**

28        97.     The allegations contained in paragraphs 1 through 96 above are repeated and

1    incorporated as though fully set forth herein.

2          98.     By regulation, CIS is required to conduct a criminal background check before a

3    naturalization application can be granted.  8 C.F.R. § 335.2(b).  Prior to about November 2002,

4    CIS used criminal databases such as NCIC to complete this process.

5          99.     In or about November 2002, CIS added a new requirement, the FBI name check,

6    that goes beyond the criminal background check required by statute and regulation.  Unlike the

7    databases searched during the criminal background checks, the FBI name check database

8    contains names of persons who have never been convicted of, arrested for, or even suspected of a

9    crime – including innocent witnesses and even crime victims.   This added requirement of a

10   name check constitutes a substantive rule that departed from prior policy and practice.

11         100.    Defendants implemented the FBI name check requirement for naturalization

12   without giving notice and providing a period for public comment, even though the name check

13   requirement has an adverse impact on individuals whose naturalization applications are delayed

14   due to the name check.

15         101.    Defendants' failure to provide a notice-and-comment period prior to

16   implementing the FBI name check requirement violates the Administrative Procedures Act, 5

17   U.S.C. § 553.

18                                    **COUNT FOUR**

19                **VIOLATION OF FIFTH AMENDMENT DUE PROCESS CLAUSE**

20        **[By the Named Plaintiffs on Behalf of the Proposed Class Against All Defendants]**

21         102.    The allegations contained in paragraphs 1 through 101 above are repeated and

22   incorporated as though fully set forth herein.

23         103.    The Due Process Clause of the Fifth Amendment prohibits the government from

24   depriving any person of life, liberty or property without due process of law.

25         104.    Defendants Still, Emilio Gonzalez and Chertoff have a pattern, practice or policy

26   of failing to adjudicate the applications for naturalization of the proposed plaintiff class within

27   120 days of the date of naturalization examinations because of delays in "name checks," in

28   violation of 8 U.S.C. § 1446(d) and 8 C.F.R. § 335.  Defendants Alberto Gonzales and Mueller

                                          22

1   have a pattern, practice or policy of failing to timely complete "name checks," with the full

2   knowledge that CIS requires the completion of such "name checks" for adjudication of

3   applications for naturalization of the proposed plaintiff class.  Defendants have a pattern, practice

4   or policy of failing to set deadlines for completing "name checks" and to take all the other

5   reasonable steps necessary to complete the adjudication of applications for naturalization of the

6   proposed plaintiff class, in violation of 8 U.S.C. § 1446(d) and 8 C.F.R. § 335.  These actions by

7   Defendants violate Plaintiffs' rights to due process of law.

8        105.    As a result of Defendants' actions, Plaintiffs and members of the proposed class

9   have suffered and continue to suffer injury.  Declaratory and injunctive relief are therefore

10   warranted.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND
PETITION FOR NATURALIZATION PURSUANT TO 8 U.S.C. § 1447(B)

**PRAYER FOR RELIEF**

WHEREFORE, in view of the arguments and authority noted herein, Petitioner prays for the following relief:

a.  Assume jurisdiction over the matter;

b.  Certify this case as a class action lawsuit, as proposed herein;

c.  Review de novo and grant the named Plaintiffs' applications for naturalization, pursuant to 8 U.S.C. § 1447(b);

d.  Order Defendants to promptly adjudicate, in a time period not to exceed 90 days, the currently pending applications for naturalization of all members of the proposed class;

e.  Order Defendants to adjudicate, within 120 days of the date of the naturalization examination, all applications for naturalization that shall be submitted in the future by members of the proposed class, as required by governing law;

f.  Order that any name checks Defendants choose to conduct shall be completed in a manner that does not delay adjudication of naturalization applications by members of the proposed class beyond 120 days of the applicant's naturalization examination;

g.  Order Defendants to adopt a procedure for identifying naturalization cases awaiting final adjudication based solely on FBI name checks, and for identifying naturalization cases awaiting final adjudication for more than 120 days after successful completion of naturalization examinations;

h.  Issue a declaratory judgment holding unlawful: (a) the failure of Defendants Still, Emilio Gonzalez and Chertoff to adjudicate applications for naturalization within 120 days of the date of the naturalization examination; (b) The failure of Defendants Alberto Gonzales and Mueller to complete "name checks" within a reasonable time; and (c) Defendants' failures to take all necessary steps to adjudicate applications for

24

1       naturalization within 120 days of the date of the naturalization

2       examinations.

3    i.     Award reasonable attorney fees and costs pursuant to the Equal Access to

4       Justice Act, 5 U.S.C. § 504, 28 U.S.C. § 2412; and

5    j.     Grant any and all further relief this Court deems just and proper.

6 Dated:  February 8, 2007        Respectfully submitted,

7               CECILIA D. WANG
                LUCAS GUTTENTAG

8               AMERICAN CIVIL LIBERTIES UNION
                 FOUNDATION

9               IMMIGRANTS' RIGHTS PROJECT
                39 Drumm Street

10              San Francisco, CA 94111

11              JULIA HARUMI MASS
                ALAN L. SCHLOSSER

12              AMERICAN CIVIL LIBERTIES UNION
                 FOUNDATION OF NORTHERN

13                 CALIFORNIA
                39 Drumm Street

14              San Francisco, CA 94111

15              SIN YEN LING
                JOREN LYONS

16              ASIAN LAW CAUCUS
                939 Market Street, Suite 201

17              San Francisco, CA 94103
                Telephone:  (415) 896-1701

18              Facsimile:  (415) 896-1702

19              TODD GALLINGER
                Of Counsel

20              COUNCIL ON AMERICAN-ISLAMIC
                 RELATIONS (CAIR) – SAN

21               FRANCISCO BAY AREA
                3000 Scott Boulevard, Suite 212

22              Santa Clara, CA 95054
                Telephone:  (408) 986-9874

23              Facsimile:  (408) 986-9875

24            By:  _____/s/_____

25               CECILIA D. WANG

26              Attorneys for Plaintiffs

27

28

FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND
PETITION FOR NATURALIZATION PURSUANT TO 8 U.S.C. § 1447(B)

# PROOF OF SERVICE

I, Cecillia D. Wang, declare as follows:

I hereby certify that today I electronically filed the foregoing FIRST AMENDED
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND PETITION
FOR NATURALIZATION PURSUANT TO 8 U.S.C. § 1447(B) with the Clerk of the
Court using the ECF system which will send notification of such filing to the following
email addresses:

| | |
|---|---|
| Julia Harumi Mass | *Via ECF* |
| American Civil Liberties Union | *at jmass@aclunc.org* |
|   Foundation of Northern California | |
| | |
| Alan L. Schlosser | *Via ECF* |
| American Civil Liberties Union | *at aschlosser@aclunc.org* |
|   Foundation of Northern California | |
| | |
| Joren Lyons | *Via ECF* |
| Asian Law Caucus | *at joren@asianlawcaucus.org* |

I also certify that today I served the foregoing FIRST AMENDED COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF AND PETITION FOR
NATURALIZATION PURSUANT TO 8 U.S.C. § 1447(B) upon the Defendants by U.S.
Mail as follows, pursuant to Fed. R. Civ. P. 4(i)(1):

| | |
|---|---|
| Civil Process Clerk | Alberto Gonzales |
| United States Attorney | Attorney General of the United States |
|   for the Northern District of California | U.S. Department of Justice |
| 450 Golden Gate Avenue, 11th Floor | 950 Pennsylvania Avenue, NW |
| San Francisco, CA 94102 | Washington, DC 20530-0001 |

Michael Chertoff                          Robert S. Mueller III, Director
Secretary of Homeland Security            Federal Bureau of Investigation
U.S. Department of Homeland Security       J. Edgar Hoover Building
Washington, DC 20528                       935 Pennsylvania Avenue, NW
                                          Washington, D.C. 20535-0001


        I declare under penalty of perjury under the laws of the State of California that the

above is true and correct.


Dated: February 8, 2007                  _____/s/_____
       San Francisco, California               Cecillia D. Wang