1  JOSEPH P. RUSSONIELLO
   United States Attorney
2  JOANN M. SWANSON, CSBN 88143
   Assistant United States Attorney
3  Chief, Civil Division
   EDWARD A. OLSEN, CSBN 214150
4  Assistant United States Attorney

5       450 Golden Gate Avenue, Box 36055
        San Francisco, California 94102
6       Telephone: (415) 436-6915
        FAX: (415) 436-6927
7
   JEFFREY S. BUCHOLTZ
8  United States Department of Justice
   Acting Assistant Attorney General, Civil Division
9  ELIZABETH J. STEVENS VSBN 47445
   Senior Litigation Counsel
10 Office of Immigration Litigation
   JEFFREY S. ROBINS NY SBN 4355244
11 Trial Attorney

12      P.O. Box 878, Ben Franklin Station
        Washington, D.C. 20044
13      Telephone: (202) 616-1246
        FAX: (202) 305-7000
14      Attorneys for Defendants

15
                    UNITED STATES DISTRICT COURT
16
                   NORTHERN DISTRICT OF CALIFORNIA
17
                         SAN FRANCISCO DIVISION
18

19 ALIA AHMADI, et al.,                  ) No. C-07-3455-WHA
                                         )
20            Plaintiffs,                ) **DEFENDANTS' MEMORANDUM IN**
                                         ) **OPPOSITION TO PLAINTIFFS'**
       v.                                ) **MOTION FOR LEAVE TO FILE THIRD**
21                                       ) **AMENDED COMPLAINT**
   MICHAEL CHERTOFF, et al.,             )
22                                       ) Date: April 24, 2008
                                         ) Time: 8:00 a.m.
23            Defendants.                ) Courtroom: 9, 19th Floor
                                         )
24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants respectfully submit this Memorandum of Points and Authorities in opposition to plaintiffs' motion for leave to file a Third Amended Complaint in this action.

## INTRODUCTION

On October 15, 2007, this Court dismissed plaintiffs' causes of action (brought in their Second Amended Complaint) under the Administrative Procedure Act ("APA") and the Due Process Clause. Order of October 15, 2007. The Court found that plaintiffs failed to state a claim under the APA of administrative delay due to the existence of an adequate remedy under 8 U.S.C. § 1447(b). Id. at 11-12. The Court further found that plaintiffs failed to state a claim of violation of notice-and-comment procedures under the APA, finding that "notice-and-comment procedures under the APA were not required merely to enlarge the scope of the FBI criminal background check." Id. at 12-14. In addition, the Court found that plaintiffs failed to state a claim of a violation of the Due Process Clause. Id. at 14-15.

The Court took jurisdiction over the plaintiffs' individual claims that USCIS had not adjudicated their naturalization applications within 120 days of an examination, under 8 U.S.C. § 1447(b). Id. at 9. The Court declined to remand the individual claims to USCIS for administrative adjudication, and retained jurisdiction to issue injunctive relief related to the individual claims. Id. at 9, 15.

After the Court's decision, plaintiffs were given leave to file a Second Amended Complaint, adding additional plaintiffs, and did so. Plaintiffs' Second, Third, and Fourth Claims have been completely resolved with their dismissal, and the liabilities of the Attorney General and Robert S. Mueller III, Director of the Federal Bureau of Investigation, and his agency have been completely resolved in this multiple party action. See Order at 16; Plaintiffs' Second Amended Complaint at 25 (naming Defendants Still, Emilio Gonzales, and Chertoff as parties to the First Cause of Action). Plaintiffs then filed an opposed Motion for Entry of Partial Judgment and renewed their opposed Motion for Class Certification, despite the lack of any remaining claims pleaded as class claims.

Defendant United States Citizenship and Immigration Services continued to process the individual plaintiffs' applications. On February 15, 2008, plaintiffs and defendants agreed to dismiss the individual 8 U.S.C. § 1447(b) claims of all remaining named plaintiffs, as USCIS was prepared to adjudicate all of the individual claims. The Court signed the stipulation on February 19, 2008. Now, plaintiffs seek to file yet another post-order Amended Complaint, adding new individual plaintiffs (and at least one plaintiff whose individual 8 U.S.C § 1447(b) claim was dismissed by stipulation), and seeking to correct non-material errors in their Second Amended Complaint.

## ARGUMENT

As plaintiffs correctly state, Federal Rule of Civil Procedure 15(a)(2) permits a second or successive amendment of a complaint (after the initial amendment of right) only with the opposing party's written consent or the court's leave, but that leave of court should be freely given "when justice so requires." In considering whether to grant leave, The court should consider "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Leadsinger, Inc. V. BMG Music Publishing, 512 F.3d 522, 532 (9th Cir. 2008) (brackets in original) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

In the instant case, the Court should deny leave to amend the complaint as futile. Here, even after the filing of the initial post-order amended complaint, Plaintiffs's Second Amended Complaint brought no new claims or allegations that cure the specific reasons underlying this Court's decision that plaintiffs' failed to state claims upon which relief may be granted. The sole changes made in the Second Amended Complaint (as well as in the proposed Third Amended Complaint) were to add new named individual plaintiffs and factual allegations regarding their individual applications. As such, plaintiffs continue to fail to state claims upon which relief can be granted for their claims under the APA and the Due Process clause. Adding new plaintiffs (or old plaintiffs to dismissed claims) does not change the futility of amending the complaint once again.

1   This Court has already granted leave to amend post-order, and plaintiffs filed a Second Amended Complaint that did not overcome the legal findings of the Court in its October 21, 2007, Memorandum Opinion and Order. The proposed Third Amended Complaint is no different, and the Court should deny leave to amend as futile.

Plaintiffs claim that they wish to amend the complaint to preserve claims which have already been dismissed - the class claims under the APA and the Due Process Clause. Simply put, the case is complete. All claims have been addressed; the individual 8 U.S.C. § 1447(b) claims by stipulation of both parties, and the APA and Due Process claims by the memorandum Opinion and Order of this Court. The new individual name plaintiffs will not be prejudiced by denial of leave to amend, as they can file individual claims under 8 U.S.C. § 1447(b). As such, the Court should deny leave to amend and terminate proceedings.

## CONCLUSION

For the foregoing reasons, as well as those set out in the Court's Memorandum Opinion, the Court should deny plaintiffs' Motion for Leave to File [a] Third Amended Complaint.

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney
JOANN M. SWANSON
Assistant United States Attorney
Chief, Civil Division
EDWARD A. OLSEN
Assistant United States Attorney

JEFFREY S. BUCHOLTZ
United States Department of Justice
Acting Assistant Attorney General
Civil Division

ELIZABETH J. STEVENS
Senior Litigation Counsel
Office of Immigration Litigation

Dated: April 3, 2008        By:    /s/    Jeffrey S. Robins
                                           JEFFREY S. ROBINS
                                           Trial Attorney

# CERTIFICATE OF SERVICE

Case No. C-07-3455-WHA

I hereby certify that on this 3rd day of April 2008, one copy of the foregoing Defendants' Memorandum in Opposition to Plaintiffs' Motion for Leave to File Third Amended Complaint was served on counsel for Plaintiffs via the district court ECF system which will send notification of such filing to the following ECF filers:

Julia Harumi Mass
jmass@aclu.org
Alan L. Schlosser
aschlosser@aclu.org
Cecillia D. Wang
cwang@aclu.org
ACLU Foundation of Northern California
Lucas Guttentag
lguttentag@aclu.org
ACLU Immigrants' Rights Project
Christopher Joren Lyons
joren@asianlawcaucus.org
Asian Law Caucus
Edward A. Olsen
edward.olsen@usdoj.gov
United States Attorney's Office
Elizabeth J. Stevens
Elizabeth.Stevens@usdoj.gov
Department of Justice, Office of Immigration Litigation

In addition, I hereby certify that on this 3rd day of April 2008, true and correct copies of Defendants' Memorandum in Opposition to Plaintiffs' Motion for Leave to File Third Amended Complaint were served by Federal Express next-day delivery on the following non-ECF filers:

| | |
|---|---|
| Sin Yen Ling<br>Asian Law Caucus<br>939 Market Street, Suite 201<br>San Francisco, CA 94103 | Todd Gallinger<br>Council on American-Islamic Relations (CAIR)<br>3000 Scott Boulevard, Suite 212<br>Santa Clara, CA 95054 |

    /S/ Jeffrey S. Robins
JEFFREY S. ROBINS
Trial Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
Post Office Box 878, Ben Franklin Station
Washington, D.C. 20044