JOSEPH P. RUSSONIELLO
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
EDWARD A. OLSEN, CSBN 214150
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-6915
FAX: (415) 436-6927

JEFFREY S. BUCHOLTZ
United States Department of Justice
Acting Assistant Attorney General, Civil Division
ELIZABETH J. STEVENS VSBN 47445
Senior Litigation Counsel
Office of Immigration Litigation
JEFFREY S. ROBINS NY SBN 4355244
Trial Attorney

P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-1246
FAX: (202) 305-7000

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALIA AHMADI, et al., | ) No. C-07-3455-WHA |
| | ) |
| Plaintiffs, | ) **DEFENDANTS' MEMORANDUM IN** |
| | ) **OPPOSITION TO PLAINTIFFS'** |
| v. | ) **MOTION FOR CLASS CERTIFICATION** |
| | ) |
| MICHAEL CHERTOFF, et al., | ) Date: November 8, 2007 |
| | ) Time: 8:00 a.m. |
| | ) Courtroom: 9, 19th Floor |
| Defendants. | ) |
| _____ | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants respectfully submit this Memorandum of Points and Authorities in opposition to plaintiffs' Motion for Class Certification.

## I. INTRODUCTION

Plaintiffs' Motion for Class Certification seeks the certification of a class defined as:

> All persons residing within the jurisdiction of the United States District Court for the Northern District of California who have submitted or will submit applications for naturalization to CIS, and who have met all statutory requirements for naturalization, and whose applications for naturalization are not adjudicated within 120 days of the date of their naturalization examinations because of a pending FBI name check.

Plaintiffs' Motion for Class Certification at 3. Plaintiffs' class claims are brought pursuant to Plaintiffs' second, third, and fourth causes of action, which seek "declaratory and injunctive relief in the form of an order requiring the government to complete its FBI name checks and to render final decisions on naturalization applications within a reasonable time period." Id. at 1.

However, on October 15, 2007, this Court dismissed plaintiffs' second, third, and fourth causes of action (brought in their First Amended Complaint) under the Administrative Procedure Act ("APA") and the Due Process Clause. Order of October 15, 2007. The Court found that plaintiffs failed to state a claim under the APA of administrative delay due to the existence of an adequate remedy under 8 U.S.C. § 1447(b). Id. at 11-12. The Court further found that plaintiffs failed to state a claim of violation of notice-and-comment procedures under the APA, finding that "notice-and-comment procedures under the APA were not required merely to enlarge the scope of the FBI criminal background check." Id. at 12-14. In addition, the Court found that plaintiffs failed to state a claim of a violation of the Due Process Clause. Id. at 14-15. The Court took jurisdiction over the plaintiffs' individual claims under 8 U.S.C. § 1447(b) – that USCIS had not adjudicated their naturalization applications within 120 days of an examination. Id. at 9. The Court declined to remand the individual claims to USCIS for administrative adjudication, and retained jurisdiction to issue injunctive relief related to the individual claims. Id. at 9, 15.

On October 17, 2007, the parties stipulated to taking plaintiffs' original Motion for Class Certification off the court's calendar. Subsequently, plaintiffs were given leave to file a Second

1  Amended Complaint, adding additional plaintiffs, and did so on November 15, 2007.  However,

2  plaintiffs' Second, Third, and Fourth Claims were not amended.  Those claims were completely

3  resolved with their dismissal on October 15, 2007, along with the liabilities of the Attorney

4  General and Robert S. Mueller III, Director of the Federal Bureau of Investigation.  See Order at

5  16; Plaintiffs' Second Amended Complaint at 25 (naming only Defendants Still, Emilio Gonzales,

6  and Chertoff as parties to the First Cause of Action).  Nonetheless, Plaintiffs' filed an Amended

7  Notice of Motion for Class Certification on January 17, 2008, to re-notice their Motion for Class

8  Certification.  On January 31, 2008, the Court approved a Joint Case Management Statement that

9  again re-noticed plaintiffs' class certification motion for hearing on April 24, 2008, and

10  established that defendants' opposition should be filed on or before April 3, 2008.  On February

11  15, 2008, plaintiffs and defendants agreed to dismiss the individual 8 U.S.C. § 1447(b) claims of

12  all remaining named plaintiffs, as USCIS was prepared to adjudicate all of the individual claims.

13  The Court signed the stipulation on February 19, 2008.

14                              **II.  ARGUMENT**

15  **A.    This Court Should Deny plaintiffs' Motion for Class Certification Because the Court
         has Already Dismissed Plaintiffs' Class Claims Pursuant to Fed. R. Civ. P. 12(b)(6).**
16

17      This court should deny plaintiffs' Motion for Class Certification because the Court has

18  already dismissed all of plaintiffs' class claims pursuant to Fed. R. Civ. P. 12(b)(6).  Class

19  certification is not appropriate where a court has previously found that plaintiffs have failed to

20  state a claim for the relief they seek.  See Boyle v. Madigan, 492 F.2d 1180, 1182 (9th Cir. 1974),

21  citing O'Shea v. Littleton, 414 U.S. 488, 494 (1974) ("If none of the named plaintiffs purporting to

22  represent a class establishes the requisite of a case or controversy with the defendants, none may

23  seek relief on behalf of himself or any other member of the class.").  Moreover, it is wholly

24  appropriate for courts to resolve motions for summary judgment or motions to dismiss without

25  certifying a class.  See Wade v. Kirkland, 118 F.3d 667, 670 (9th Cir. 1997); citing Wright v.

26  Schock, 742 F.2d 541, 545-46 (9th Cir. 1984); see also Lawrence v. Zilog, Inc., 242 F.3d 382

27  (Table), 2000 WL 1545053, at **3 (9th Cir. 2000) (unpublished) (reaffirming the proposition that

28  the dismissal of claims without certifying a class is appropriate where plaintiffs fail to state a

---

1   claim).  However, there is an exception to this rule for moot claims of representative class

2   members, "where the putative class appears to be so transitory that a failure to rule [on class

3   certification] may mean that a class will never be assembled."  Wade v. Kirkland, 118 F.3d 667,

4   669 (9th Cir. 1997).

5        In the present case, plaintiffs' second, third, and fourth causes of action were not dismissed

6   as moot; rather, the Court dismissed those causes of action for failure to state a claim.  The

7   mootness exception does not apply to such cases because dismissal is based on grounds that class

8   certification can not cure.  In O'Shea, the Supreme Court found that plaintiffs' putative class

9   action alleging civil rights violations was properly dismissed prior to a determination on class

10  certification because no plaintiff had alleged injuries sufficient to establish standing.  414 U.S. at

11  494-95 n.3 (finding that the "complaint was dismissed on grounds which did not require that [a

12  class certification] determination to be made").

13       In contrast, the mootness exception does apply to cases where class certification can

14  preserve the claims of plaintiffs whose claims are regularly being dismissed as moot because the

15  putative class is constantly changing.  In Wade, a putative class sought to challenge the chain gang

16  labor working conditions at the Nevada county jail that housed short-term inmates, and the named

17  plaintiff was transferred out of the facility while his motion for class certification was pending.

18  The Ninth Circuit Court of Appeals overturned the district court's dismissal of the action as moot

19  because the transitory nature of the putative class members might have resulted in continuing

20  dismissals for mootness and prevent the establishment of a class.  Wade at 669.

21       The present case is far more analogous to O'Shea.  Here, the question of mootness

22  regarding plaintiffs' second, third, and fourth causes of action need not be considered because the

23  Court dismissed each of those causes of action for failure to state a claim.  Thus, like in O'Shea,

24  the dismissal of plaintiffs' second, third, and fourth causes of action for failure to state a claim

25  precludes the consideration of those claims as class claims.

26       Furthermore, even if the Court were to find the mootness exception applicable, plaintiff's

27  second, third, and fourth causes of action are not sufficiently transitory to warrant the grant of

28  class certification following the dismissal of those claims.  In Sze v. INS, a putative class

DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
C-07-3455-WHA                                3

challenged the Immigration and Naturalization Service's alleged failure to adjudicate

naturalization applications within 120 days of interview. 153 F.3d 1005 (9th Cir. 1998). There,

the INS had naturalized numerous named plaintiffs during the course of the action in district court

and the court of appeals. Id. at 1008. Nonetheless, the Ninth Circuit Court of Appeals found that

the claims were not transitory because:

> [T]he putative class is not constantly changing in the sense that some members
> leave the class while others come in. Rather, this is a constantly shrinking
> class. The INS has changed its procedures, and meanwhile the named
> plaintiffs' claims, as well as those of the various putative class members, have
> been and are continuing to be resolved.

Id. at 1010. That analysis is exactly on point in the present case. USCIS's decision to return to its

prior policy and practice of requiring completion of FBI namechecks prior to scheduling

interviews for applicants for naturalization ensures that there is a finite groups of plaintiffs who

may raise allegations similar to the plaintiffs in this matter. Moreover, the naturalization or

anticipated naturalization of every named plaintiff in the present matter is evidence of the

resolution of such claims. Finally, the continued revision of defendants' policies and practices is

likely to ensure that the claims of similar plaintiffs continue to be resolved in a more timely and

efficient manner. See, Exhibit A, USCIS News Release, April 2, 2008 (discussing USCIS and FBI

joint plan to eliminate the entire backlog of USCIS's requested FBI name checks by USCIS by

June 2009, including all checks requested more than two years ago by July 2008).

Thus, where the Court has already dismissed plaintiffs putative class claims not as moot,

but for failure to state a claim, this Court should similarly dismiss plaintiffs Motion for Class

Certification. See Boyle, 492 F.2d at 1182. Alternatively, plaintiffs claims are not transitory

claims sufficient to warrant post-dismissal class certification. See Sze, 153 F.3d at 1010.

**B.     Alternatively, this Court Should Deny Plaintiffs' Motion for Class Certification
because Plaintiffs Cannot Satisfy the Requirements of Fed. R. Civ. P. 23.**

Even if the Court is compelled to consider the merits of plaintiffs' Motion for Class

Certification, plaintiffs are unable to meet the requirements of Fed. R. Civ. P. 23. A party seeking

class certification must prove that the proposed class meets the four requirements of Fed. R. Civ.

1  P. 23(a): (1) the class is so numerous that the joinder of all members is impracticable;[1] (2) there

2  are questions of law or fact common to the class; (3) the claims or defenses of the representative

3  parties are typical of the claims or defenses of the class; and (4) the representative parties will

4  fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a); Amchem Prods. Inc.

5  v. Windsor, 521 U.S. 591, 613 (1997).  In addition, the party seeking class certification must show

6  that the proposed class action falls within one of the types of class actions maintainable under Rule

7  23(b)(1), (2), or (3).  Id. at 614.[2]

8       When evaluating whether class certification is appropriate, the Supreme Court has held that

9  a court must make a "rigorous analysis" to determine if the requirements of Rule 23 have been

10  met.  See Gen Tel. Co. of the Southwest v. Falcon, 457 U.S. 147, 161 (1982); Valentino v. Carter-

11  Wallace, Inc., 97 F.3d 1227, 1233 (9th Cir.1996).  Additionally, the party seeking class

12  certification plaintiffs bear the burdens of satisfying the requirements of Rule 23.  Amchem Prods.

13  Inc., 521 U.S. at 614; Zinser v. Accufix Research Institute, Inc., 253 F.3d 1180, 1186.  Finally, the

14  determination of whether an action can be maintained as a class action is within the broad

15  discretion of the district court.  Dukes v. Wal-Mart, Inc., 474 F.3d 1214, 1223 (9th Cir. 2007).

16       **1.     Plaintiffs Fail to Demonstrate A Common Issue of Law or Fact.**

17  Plaintiffs' Motion for Class Certification argues that Plaintiffs meet the commonality requirement

18  of Fed. R. Civ. P. 23(a)(2) when there are common legal issues with divergent factual predicates or

19  a common core of facts with disparate legal remedies.  Plaintiffs' Class Certification Motion at 7-

20

21 _____

22       [1] Defendants do not contest plaintiffs' assertions that the putative class is currently
numerous and joinder is impractical; however, defendants note that the claimed putative class is
23  continually shrinking, and it is anticipated that the claims of the putative class members will be
eliminated by June, 2009.  See Exhibit A, USCIS News Release.

24
       [2] Plaintiffs suggest that where the Court is uncertain of their class claims, the Court may
25  allow Plaintiffs discovery to establish such claims.  Defendants argue that no discovery is
necessary where plaintiffs class claims have been dismissed.  However, any discovery ordered by
26  the court should be strictly limited to the purpose for which the Court intends.  See First Nat'l
Bank of Arizona v. Cities Service Co., 391 U.S. 253, 298 (1968) (A party has no absolute right to
27  discovery); Paul Kadair, Inc. v. Sony Corp. of America, 694 F.2d 1017, 1029 (5th Cir. 1983)
28  (courts will "not open the discovery net to allow a fishing expedition.").

9. Even where the Court may find some common issues of law and alleged facts, ultimately the nature of the wait for final adjudication of a naturalization application depends on the facts of each individual case. A wait could be because of a backlog in applications at USCIS or the FBI, the need for further evidence, because of a fraud investigation, an ongoing FBI investigation, or further investigation or processing by USCIS. Finally, the length of the wait will vary in each case, and the ability of the USCIS to act will change on a case by case basis. Ultimately, "[what] constitutes an unreasonable delay in the context of immigration applications depends to a great extent on the facts of the particular case." Saleh v. Ridge, 367 F. Supp. 2d 508, 512 (S.D.N.Y. 2005). In fact, in dismissing plaintiffs' class claims, the Court noted that the prospect of class certification "is far from clear, given that each application has its own unique fact issues, some with criminal records, some without." Order of October 15, 2007 at 11. Accordingly, this Court should find that plaintiffs' alleged class claims fail to demonstrate a common issue of law or fact sufficient to certify a class.

## 2.    Plaintiffs Fail to Demonstrate the Typicality of Plaintiffs' Claims

Plaintiffs also cannot show that their claims are typical of the members of the putative class. A showing of typicality requires named Plaintiffs to demonstrate that their claims and the class claims are interrelated. See Falcon, 457 U.S. 147, 158 n.13 (1982). Plaintiffs allege that the putative class members have "identical claims for declaratory and injunctive relief and an identical interest in enforcing reasonable time limits on the government's process of naturalization applications." Plaintiffs' Motion for Class Certification at 9. However, where plaintiffs have demonstrated through the course of this litigation that the primary goal of the individual plaintiffs is to have their individual naturalization applications adjudicated, plaintiffs are unable to demonstrate that the nature of their claims are typical of each other in that they seek to enforce reasonable time limits on the government's actions at the systemic level. Rather, once each Plaintiff has had their individual claims addressed following the invocation of 8 U.S.C. § 1447(b), those Plaintiffs can not demonstrate what Plaintiffs claim to be an "identical interest in enforcing reasonable time limits on the government's process of naturalization applications." Id.; Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir. 1992) (basing typicality inquiry on the nature of

1   the claim).  Because the primary goal of individual plaintiffs is to have their individual

2   naturalization application adjudicated, the Court should find that Plaintiffs have failed to establish

3   the typicality of Plaintiffs' claims and deny Plaintiffs' Motion for Class Certification.

4        **3.      The Named Plaintiffs Fail to Establish Interests Common With, and not
                 Antagonistic to the Interests of the Class, and therefore are Inadequate
5                Representatives**

6   In order for Plaintiffs to be adequate class representatives, the Court must determine whether

7   "their interests are common with, and not antagonistic to, the interests of the class." See Dukes,

8   474 F.3d at 1233; Achem Prods. Inc., 521 U.S. at 625-26.  Here, Plaintiffs' individual causes of

9   action pursuant to 8 U.S.C. § 1447(b) are directly antagonistic with Plaintiffs' APA, Due Process,

10  and other claims for equitable relief on behalf of a putative class.

11  Plaintiffs are unable to demonstrate how the remedying of Plaintiffs' alleged injuries in the scope

12  of an action under 8 U.S.C. § 1447(b) requires further litigation.  In fact, certification of the

13  putative class may result in class members pursuing both class claims and individual claims

14  pursuant to 8 U.S.C. § 1447(b), which may be incongruent.  The very nature of litigation pursuant

15  to 8 U.S.C. § 1447(b) litigation allows for remand to USCIS for further consideration, and thus

16  directly conflicts with the ongoing notion of the alleged class claims that systematic remedies are

17  the answer to plaintiffs' alleged injuries.  Thus, the conflicting individual strategies and even

18  deadlines that may exist when pursuing a 1447(b) action concurrent with plaintiffs' putative class

19  claims create the potential for the named plaintiffs to take actions antagonistic to the putative

20  class, and the Court should therefore deny Plaintiffs' Motion for Class Certification.  This notion

21  is compounded by the nature of a class certified pursuant to Rule 23(b)(2), the members of which

22  do not have a right to opt out of their class.  See Molski v. Gleich, 318 F.3d 937, 947 (9th Cir.

23  2003), citing Ticor Title Ins. Co. v. Brown, 511 U.S. 117, 121 (1994) (per curiam).

24
         **4.      Plaintiffs Fail to Maintain that the Proposed Class is Maintainable Under Fed.
25                R. Civ. P. 23(b)(2).**

26         Finally, Plaintiffs have also failed to demonstrate that the proposed class is maintainable

27  under one of the subsections of Rule 23(b).  Here, Plaintiffs assert that their class is maintainable

28  under subsection (b)(2), which applies if the "party opposing the class has acted or refused to act

1  on grounds generally applicable to the class, thereby making appropriate final injunctive relief or

2  corresponding declaratory relief with respect to the class as a whole." Fed. R. Civ. P. 32(b)(2).

3  Plaintiffs assert that Defendants have failed to act by failing to take action on their naturalization

4  applications within 120 days of the interview and within a reasonable time.    Defendants,

5  however, have not "refused" to act; rather, they have taken various steps to adjudicate Plaintiffs'

6  applications – and, pursuant to the voluntary dismissal of plaintiffs' 1447(b) claims, have

7  adjudicated the naturalization applications of all but one of the named plaintiffs.

8       Plaintiffs also suggest that they satisfy Rule 23(b)(2) by merely alleging a pattern or

9  practice that is generally applicable to the class as a whole; however, "[g]eneralized policy and

10  practice allegations do not substitute for the kind of specific legal and factual showing required by

11  Rule 23.  See Clark K. v. Guinn, 2007 WL 1435428, at *26 (D. Nev. May 24, 2007), citing J.B. v.

12  Valdez, 186 F .3d 1280, 1289 (10th Cir.1999) (refusing to "read an allegation of systematic

13  failures as a moniker for meeting the class action requirements"); Falcon, 457 U.S. 147, 158

14  (1982) (stating that a general allegation that the defendant has a practice of harmful conduct is

15  insufficient under Rule 23).

16       Finally, even if the Court found that Defendants had acted or refused to act in such a way

17  that allowed the invocation of Fed. R. Civ. P. 23(b)(2), Plaintiffs actions or alleged inactions do

18  not "mak[e] appropriate final injunctive relief or corresponding declaratory relief with respect to

19  the class as a whole."  Injunctive relief or corresponding declaratory relief with respect to the class

20  as a whole is not required where Congress provided 8 U.S.C. § 1447(b) as a remedy.  Accordingly,

21  as Plaintiffs fail to demonstrate that they meet the additional requirements of Rule 23(b), the Court

22  should deny class certification.

23

24  //

25

26  //

27

28

1

### III.  CONCLUSION

2

For the foregoing reasons, the Court should deny plaintiffs' Motion for Class Certification.

3

4                                              Respectfully submitted,

5   JOSEPH P. RUSSONIELLO            JEFFREY S. BUCHOLTZ
    United States Attorney                  United States Department of Justice
6   JOANN M. SWANSON                  Acting Assistant Attorney General, Civil Division
    Assistant United States Attorney      ELIZABETH J. STEVENS
    Chief, Civil Division                     Senior Litigation Counsel
7   EDWARD A. OLSEN
    Assistant United States Attorney      By:    /s/   Jeffrey S. Robins
8                                                    JEFFREY S. ROBINS
                                                     Trial Attorney
9   Dated: April 3, 2008

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

Case No. C-07-3455-WHA

I hereby certify that on this 3rd day of April 2008, one copy of the foregoing

**OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** was served on

counsel for Plaintiffs via the district court ECF system which will send notification of such filing

to the following ECF filers:

Julia Harumi Mass
jmass@aclu.org
Alan L. Schlosser
aschlosser@aclu.org
Cecillia D. Wang
cwang@aclu.org
ACLU Foundation of Northern California
Lucas Guttentag
lguttentag@aclu.org
ACLU Immigrants' Rights Project
Christopher Joren Lyons
joren@asianlawcaucus.org
Asian Law Caucus
Edward A. Olsen
edward.olsen@usdoj.gov
United States Attorney's Office
Elizabeth J. Stevens
Elizabeth.Stevens@usdoj.gov
Department of Justice, Office of Immigration Litigation

In addition, I hereby certify that on this 3rd day of April 2008, true and correct copies of the

**OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** were served by

Federal Express next-day delivery on the following non-ECF filers:

Sin Yen Ling                         Todd Gallinger
Asian Law Caucus                     Council on American-Islamic Relations (CAIR)
939 Market Street, Suite 201         3000 Scott Boulevard, Suite 212
San Francisco, CA 94103              Santa Clara, CA 95054

                                     ___/S/___ Jeffrey S. Robins_____
                                     JEFFREY S. ROBINS
                                     Trial Attorney
                                     Office of Immigration Litigation
                                     Civil Division
                                     U.S. Department of Justice
                                     Post Office Box 878, Ben Franklin Station
                                     Washington, D.C. 20044