CECILIA D. WANG (CSB #187782)
LUCAS GUTTENTAG (CSB #90208)
AMERICAN CIVIL LIBERTIES UNION
    FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 343-0775
Facsimile: (415) 395-0950
Email: CWang@aclu.org

Attorneys for Plaintiffs-Petitioners
*Additional counsel listed on following page

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALIA AHMADI, et al.,<br><br>           Plaintiffs-Petitioners,<br><br>v.<br><br>MICHAEL CHERTOFF, U.S. Secretary of Homeland Security, et al.,<br><br>        Defendants-Respondents. | Case No.  07-CV-3455-WHA<br><br>**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**<br><br>Judge:   Hon. William H. Alsup<br>Date:    April 24, 2008<br>Time:    8:00 a.m. |

1

1

<u>Additional counsel:</u>

2

JULIA HARUMI MASS (CSB #189649)
ALAN L. SCHLOSSER (CSB #49957)

3

AMERICAN CIVIL LIBERTIES UNION
    FOUNDATION OF NORTHERN CALIFORNIA

4

39 Drumm Street
San Francisco, CA 94111

5

Telephone: (415) 621-2493

6

Facsimile: (415) 255-8437

7

SIN YEN LING*
JOREN LYONS (CSB #203403)

8

ASIAN LAW CAUCUS
939 Market Street, Suite 201

9

San Francisco, CA 94103
Telephone:  (415) 896-1701
Facsimile:  (415) 896-1702

10

11

*Application for admission pro hac vice forthcoming

12

13

<u>Of counsel:</u>
TODD GALLINGER (CSB #238666)

14

COUNCIL ON AMERICAN-ISLAMIC RELATIONS
    (CAIR) – SAN FRANCISCO BAY AREA

15

3000 Scott Boulevard, Suite 212
Santa Clara, CA 95054

16

Telephone:  (408) 986-9874
Facsimile:  (408) 986-9875

17

18

19

20

21

22

23

24

25

26

27

28

2

Defendants' sole argument against Plaintiffs' motion for leave to amend the Second Amended Complaint is that the amendment would be futile.  Opposition to Plaintiffs' Motion for Leave to File Third Amended Complaint ("Opp.") at 3.  In making this argument, Defendants mistakenly suggest that Plaintiffs' proposed amendment to the pleadings is intended to cure defects that resulted in the Court's dismissal of their claims under the Administrative Procedure Act ("APA") and Due Process Clause on October 15, 2007.  On the contrary, Plaintiffs seek leave to file a Third Amended Complaint in order to add additional plaintiffs with live claims, in light of the possibility that all of the current named Plaintiffs' naturalization applications will be resolved prior to the hearing on Plaintiffs' motion for class certification on April 24, 2008.  Class certification, in turn, is important to Plaintiffs' ability to secure appellate review of the dismissal of their APA and due process claims.

Futility is a basis for a district court to deny leave to amend a pleading when it is not possible for a party to allege facts to state a claim or defense.  *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).  Where amendment would not be futile—where a complaint could be amended to allow a determination of the plaintiff's claim on the merits—it is an abuse of discretion to deny leave to amend.  *Id.*

Plaintiffs acknowledge that the allegations sought to be added would not impact the Court's partial dismissal of Plaintiffs' claims under the Administrative Procedure Act and Due Process Clause.  Instead, amendment of the complaint is sought to preserve Plaintiffs' right to an appeal of that dismissal.  Since joining this action, all but one of the currently-named Plaintiffs' naturalization applications have been adjudicated.  In order to preserve appellate jurisdiction to review the dismissal of their class claims under the APA and Due Process Clause, Plaintiffs are seeking to certify a class.  It is well established that plaintiffs with transitory claims can preserve appellate court jurisdiction by obtaining class certification. *County of Riverside v. McLaughlin*,

1    500 U.S. 44, 51 (1991).  *See* Plaintiffs' Reply Memorandum in Support of Motion for Class

2    Certification filed April 10, 2008.

3            There is also authority to allow amendment of pleadings to add new proposed class

4    representatives when the original plaintiffs' claims are resolved. *In re Thornburgh*, 869 F.2d

5    1503, 1508-10 (D.C. Cir. 1989) (citing cases).  *See also Kennerly v. United States*, 721 F.2d

6    1252, 1260 (9th Cir. 1983) (where individual claim for injunctive relief was moot, action was

7    remanded for consideration of possible intervention by other members of the putative class); *U.S.*

8    *Parole Commission v. Geraghty*, 445 U.S. 388, 407 (1980) (acknowledging possibility that new

9    representative for putative class may be appropriate following mooting of original plaintiffs'

10   individual claim).  "Such action is especially appropriate where the events causing mootness

11   have only individual rather than classwide impact."  *In re Thornburgh*, 869 F.2d at 1509.

12   Defendants' adjudication of the applications of named Plaintiffs has done nothing to address the

13   systemic problems Plaintiffs seek to redress through their APA and Due Process claims.  By

14   ensuring that plaintiffs with live claims are available to be class representatives when Plaintiffs'

15   motion for class certification is heard on April 24, 2008, Plaintiffs will be able to overcome any

16   objections to that motion based on the adjudication of currently-named Plaintiffs' naturalization

17   applications.  Thus, Plaintiffs seek to amend the complaint to add class representatives with live

18   individual claims in order to "facilitate a decision on the merits," with respect to their appeal of

19   this Court's dismissal of their class claims as a matter of law.  *United States v. Webb*, 655 F.2d

20   977, 979 (9th Cir. 1981).  While the additional allegations are not intended to help Plaintiffs

21   survive a motion to dismiss their APA and Due Process claims, they ***are*** sufficient to overcome

22   any argument that the named Plaintiffs' claims are moot at the time of the class certification

23   hearing.[1]

24   _____

25   [1]  As a general rule, a class action cannot be maintained unless there is a named plaintiff with a live controversy both
     at the time the complaint is filed and at the time the class is certified.  *Sosna v. Iowa*, 419 U.S. 393, 402 (1975).  In
     certain circumstances, appellate jurisdiction may be preserved even if certification of the class takes place *after* the
26   class representatives' claims have become moot.  *County of Riverside*, 500 U.S. at 52.  Plaintiffs have consistently
     maintained that amendment is not necessary to overcome mootness on appeal because of the transitory nature of
27   Plaintiffs' claims and Defendants' conduct in adjudicating the named Plaintiffs' applications upon their appearance

4

28

1    Courts should grant leave to amend pleadings "freely" when "justice so requires."

2  Fed.R.Civ.Proc. 15(a)(2).  In their opposition to Plaintiffs' motion to amend the Second

3  Amended Complaint, Defendants do **not** argue that the motion should be denied due to "undue

4  delay, bad faith or dilatory motive," on Plaintiffs' part.  They do not claim that any prejudice will

5  befall them if the motion is granted.  Defendants' only argument—that the amendment is futile—

6  suffers from a misunderstanding about the purpose of the amendment.  Contrary to Defendants'

7  assertion that "the case is complete," two important aspects of Plaintiffs APA and Due Process

8  claims are incomplete.  First, Plaintiffs seek to certify a class to pursue those claims.  Second,

9  Plaintiffs have yet to exercise their right to appeal from the Court's final judgment on their APA

10 and Due Process Claims.  The proposed amendment—far from being futile—is intended to allow

11 Plaintiffs the opportunity to exercise that important right.  Defendants have cited no authority

12 supporting denial of the motion to amend under these circumstances.  Because Plaintiffs have

13 met the plain requirements of Rule 15(a)(2), the Court should grant leave to amend the

14 complaint.

15

16 Dated:  April 10, 2008                              Respectfully submitted,

17                                                     CECILLIA D. WANG
                                                       LUCAS GUTTENTAG
18                                                     AMERICAN CIVIL LIBERTIES UNION
                                                          FOUNDATION
19                                                     IMMIGRANTS' RIGHTS PROJECT
                                                       39 Drumm Street
20                                                     San Francisco, Ca 94111

21                                                     JULIA HARUMI MASS
                                                       ALAN L. SCHLOSSER
22                                                     AMERICAN CIVIL LIBERTIES UNION
                                                          FOUNDATION OF NORTHERN
23                                                          CALIFORNIA
                                                       39 Drumm Street
24                                                     San Francisco, Ca 94111

25                                                     SIN YEN LING

26 in the lawsuit after years of inaction.  *See* Plaintiffs' Motion for Leave to File Third Amended Complaint at 5.
   However, Plaintiffs make the instant motion to amend the complaint in abundance of caution, in the event the Court
27 would hesitate to certify a class absent class representatives with unresolved claims.

                                               5
28                          REPLY MEMORANDUM IN SUPPORT OF
                     MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT
                                        07-CV-3455-WHA

JOREN LYONS
ASIAN LAW CAUCUS
939 MARKET STREET, SUITE 201
SAN FRANCISCO, CA 94103
TELEPHONE:  (415) 896-1701
FACSIMILE:  (415) 896-1702

TODD GALLINGER
OF COUNSEL
COUNCIL ON AMERICAN-ISLAMIC
    RELATIONS (CAIR) – SAN
FRANCISCO BAY AREA
3000 Scott Boulevard, Suite 212
Santa Clara, Ca 95054
Telephone:  (408) 986-9874
Facsimile:  (408) 986-9875


BY:  _____/S/_____
        JULIA HARUMI MASS

        Attorneys for Plaintiffs

---

6

REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT
07-CV-3455-WHA

**CERTIFICATE OF SERVICE**

I, Cecillia D. Wang, declare as follows:

I hereby certify that on this date I electronically filed the foregoing REPLY

MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE THIRD AMENDED

COMPLAINT with the Clerk of the Court using the ECF system, which will send notification of

such filing to the following email addresses:

| | |
|---|---|
| Alan Lawrence Schlosser<br>American Civil Liberties Union<br>  Foundation of Northern California | *Via ECF*<br>*at* aschlosser@aclunc.org |
| Joren Lyons<br>Asian Law Caucus | *Via ECF*<br>at joren@asianlawcaucus.org |
| Lucas Guttentag<br>American Civil Liberties Union<br>  Immigrants' Rights Project | *Via ECF*<br>*at* lguttentag@aclu.org |
| Julia Harumi Mass<br>American Civil Liberties Union<br>  Foundation of Northern California | *Via ECF*<br>*at* jmass@aclunc.org |
| Edward A. Olsen<br>United States Attorney's Office | *Via ECF*<br>*at* edward.olsen@usdoj.gov |
| Elizabeth J. Stevens<br>United States Department of Justice | *Via ECF*<br>*at* elizabeth.stevens@usdoj.gov |
| Jeffrey S. Robins<br>United States Department of Justice | *Via ECF*<br>*at* jeffrey.robins@usdoj.gov |

In addition, I hereby certify that on this date I served true and correct copies of the

REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE THIRD

AMENDED COMPLAINT by U.S. Mail on the following counsel not registered for ECF:

| | |
|---|---|
| Sin Yen Ling<br>Asian Law Caucus<br>939 Market Street, Suite 201<br>San Francisco, CA 94103 | Todd Gallinger<br>Council on American-Islamic Relations<br>3000 Scott Boulevard, Suite 212<br>Santa Clara, CA 95054 |

7

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Dated: April 10, 2008
    San Francisco, California

_____/s/_____
CECILLIA D. WANG

8