1  CECILLIA D. WANG (CSB #187782)
   LUCAS GUTTENTAG (CSB #90208)
2  AMERICAN CIVIL LIBERTIES UNION
       FOUNDATION
3  IMMIGRANTS' RIGHTS PROJECT
   39 Drumm Street
4  San Francisco, CA 94111
   Telephone: (415) 343-0775
5  Facsimile: (415) 395-0950
   Email: CWang@aclu.org
6
   Attorneys for Plaintiffs-Petitioners
7  *Additional counsel listed on following page

8

9                   UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                    SAN FRANCISCO DIVISION

12

13  ALIA AHMADI, et al.,                    Case No.  07-CV-3455-WHA

14              Plaintiffs-Petitioners,

15       v.                                 **REPLY MEMORANDUM IN SUPPORT
                                            OF MOTION FOR CLASS
16  MICHAEL CHERTOFF, U.S. Secretary of     CERTIFICATION**
    Homeland Security, et al.,
17                                          Judge:  Hon. William H. Alsup
              Defendants-Respondents.       Date:   April 24, 2008
18                                          Time:   8:00 a.m.

19

20

21

22

23

24

25

26

27

28

1    Additional counsel:

2    JULIA HARUMI MASS (CSB #189649)
     ALAN L. SCHLOSSER (CSB #49957)
3    AMERICAN CIVIL LIBERTIES UNION
         FOUNDATION OF NORTHERN CALIFORNIA
4    39 Drumm Street
     San Francisco, CA 94111
5    Telephone: (415) 621-2493
     Facsimile: (415) 255-8437
6
     SIN YEN LING*
7    JOREN LYONS (CSB #203403)
     ASIAN LAW CAUCUS
8    939 Market Street, Suite 201
     San Francisco, CA 94103
9    Telephone:  (415) 896-1701
     Facsimile:  (415) 896-1702
10
     *Application for admission pro hac vice forthcoming
11

12   Of counsel:

13   TODD GALLINGER (CSB #238666)
     COUNCIL ON AMERICAN-ISLAMIC RELATIONS
14       (CAIR) – SAN FRANCISCO BAY AREA
     3000 Scott Boulevard, Suite 212
15   Santa Clara, CA 95054
     Telephone:  (408) 986-9874
16   Facsimile:  (408) 986-9875

17

18

19

20

21

22

23

24

25

26

27

28

REPLY MEMORANDUM
IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
07-CV-3455-WHA

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

ARGUMENT ...................................................................................................................1

I.      THE DISMISSAL OF PLAINTIFFS' CLASS CLAIMS DOES NOT
        PRECLUDE CLASS CERTIFICATION WHERE CERTIFICATION
        IS NEEDED TO PRESERVE A CASE AND CONTROVERSY FOR
        APPELLATE REVIEW..................................................................................2

II.     THIS CASE MEETS EVERY REQUIREMENT FOR CLASS
        CERTIFICATION UNDER RULE 23 ..........................................................9

        A.      This Case Meets the Commonality Requirement ......................................10

        B.      This Case Meets the Typicality Requirement............................................11

        C.      This Case Meets the Adequacy of Representation Requirement...............12

        D.      This Case Meets the Requirements of Rule 23(b)(2)................................13

CONCLUSION..............................................................................................................15

1

# TABLE OF AUTHORITIES

2

## FEDERAL CASES

3      *Andujar v. Weinberger*, 69 F.R.D. 690 (S.D.N.Y. 1976) ....................................................3

4      *Boulet v. Cellucci*, 107 F. Supp. 2d 61 (D. Mass. 2000)...........................................3, 6, 12

5      *Boyle v. Madigan*, 492 F.2d 1180 (9th Cir. 1974) ................................................................4

6      *Brown v. Giuliani*, 158 F.R.D. 251 (E.D.N.Y. 1994) ....................................................3, 12

7      *Celano v. Marriott International, Inc.*, 242 F.R.D. 544 (N.D. Cal. 2007) .......................11

8      *Clark K. v. Guinn*, No. 06-CV-1068, 2007 WL 1435428 (D. Nev. May 24, 2007) ..........15

9      *Cockrum v. Califano*, 475 F. Supp. 1222 (D.D.C. 1979)...................................................10

10     *Cruz v. Hauck*, 627 F.2d 710 (5th Cir. 1980) ......................................................................7

11     *Del Campo v. Kennedy*, 236 F.R.D. 454 (N.D. Cal. 2006)..................................................9

12     *Deposit Guaranty National Bank v. Roper*, 445 U.S. 326 (1980) ................................6, 10

13     *Doe v. Los Angeles Unified Sch. District*, 48 F. Supp. 2d 1233 (C.D. Cal. 1999) ............12

14     *Dukes v. Wal-Mart, Inc.*, 474 F.3d 1214 (9th Cir. 2007)...................................11, 13, 14

15     *Forbush v. J.C. Penney Co., Inc.*, 994 F.2d 1101 (5th Cir. 1993) ....................................12

16     *General Telegraph Co. of the Southwest v. Falcon*, 457 U.S. 147 (1982) .......................15

17     *Gerstein v. Pugh*, 420 U.S. 103 (1975)................................................................................6

18     *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) ................................................12

19     *J.B. v. Valdez*, 186 F.3d 1280 (10th Cir. 1999)..................................................................15

20     *Krzesniak v. Cendant Corp.*, No. C-05-05156-MEJ, 2007 WL 1795703 (N.D.
        Cal. June 20, 2007) .........................................................................................................12

21

22     *Lawrence v. Zilog, Inc.*, 242 F.3d 382, 2000 WL. 1545053 (9th Cir.
        Oct. 18, 2000) ...................................................................................................................4

23     *Molski v. Gleich*, 318 F.3d 937 (9th Cir. 2003) ................................................................14

24     *O'Shea v. Littleton*, 414 U.S. 488 (1974)............................................................................4

25     *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978)..................................................9

26     *Ortiz v. Eichler*, 616 F. Supp. 1046 (D. Del. 1985)......................................................3, 12

27     *U.S. Parole Commission v. Geraghty*, 445 U.S. 388 (1980) ......................................5, 6, 7

28

*Robidoux v. Celani*, 987 F.2d 931 (2d Cir. 1993)...............................................................10

*Saleh v. Ridge*, 367 F. Supp. 2d 508 (S.D.N.Y. 2005)........................................................11

*Santillan v. Ashcroft*, No. C-04-2686-MHP, 2004 WL 2297990 (N.D. Cal. Oct. 12, 2004) ...........................................................................................................................10

*Staton v. Boeing Co.*, 327 F.3d 938 (9th Cir. 2003) ...........................................................11

*Sze v. INS*, 153 F.3d 1005 (9th Cir. 1998) .......................................................................7, 8

*Tonya K. v. Chicago Board of Education*, 551 F. Supp. 1107 (N.D. Ill. 1982)................10

*United Airlines, Inc. v. McDonald*, 432 U.S. 385 (1977) ...................................................6

*Wade v. Kirkland*, 118 F.3d 667 (9th Cir. 1997) ............................................................6, 7

*Walters v. Reno*, 145 F.3d 1032 (9th Cir. 1998) ...............................................................12

*White v. Mathews*, 559 F.2d 852 (2d Cir. 1977)....................................................3, 10, 12

*Wright v. Schock*, 742 F.2d 541 (9th Cir. 1984) .................................................................5

## FEDERAL STATUTES AND RULES

8 U.S.C. § 1447(b) .................................................................................................13, 14, 15

9th Cir. R. 36-3(c)...................................................................................................................4

Federal Rule of Civil Procedure 23 ...................................................................................2, 14

Federal Rule of Civil Procedure 12(b)(6) ..............................................................................8

## OTHER AUTHORITIES

California Practice Guide: Federal Civil Procedure Before Trial § 10:740........................9

REPLY MEMORANDUM
IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
07-CV-3455-WHA

1    Plaintiffs respectfully submit this Reply Memorandum in support of their Motion

2   for Class Certification.  Defendants argue in vain that this case does not meet the

3   prerequisites for class certification under Federal Rule of Civil Procedure 23.  This case

4   is ideally suited for class certification, as it challenges systemic policies and practices of

5   the federal government that individual lawsuits are powerless to affect.  This case meets

6   every requirement for class certification under Rule 23(a) and (b)(2).

7    Moreover, Defendants' primary argument – that dismissal of Plaintiffs'

8   Administrative Procedure Act ("APA") and due process claims precludes class

9   certification – is directly contrary to controlling caselaw.  In the absence of class

10  certification, no person could ever obtain appellate review of the legal questions decided

11  by this Court on Defendants' motion to dismiss – *i.e.*, whether Defendants' policies and

12  practices causing system-wide, prolonged delays in the naturalization process violate the

13  APA and Due Process Clause.  Simply by expediting the individual named plaintiffs'

14  naturalization in response to this litigation, the government could prevent the court of

15  appeals from considering the issues on the merits.  That is not the law.  Both the Supreme

16  Court and the Ninth Circuit have explicitly held that class certification is required under

17  precisely the circumstances here, where the class representatives' individual claims are

18  inherently transitory or defendants have taken steps to try to moot those individual

19  claims, in order to permit appellate review of the merits of plaintiffs' claims.

20                          **ARGUMENT**

21    In deciding Defendants' motion to dismiss, the Court mentioned in passing that it

22  is not clear that class certification is warranted in this case because of individual

23  differences in class members' eligibility for naturalization.  Order Granting in Part and

24  Denying in Part Motion to Dismiss at 11.  To be clear, Plaintiffs do not seek class

25  certification on any claim that would result in a decision on the merits of any individual

26  naturalization application.  Rather, Plaintiffs seek class certification as to APA and due

27  process claims challenging the government's policies and practices – which apply

28

generally to all members of the proposed class and which affect all members of the

proposed class – resulting in systemic delays in the naturalization process.  Plaintiffs seek

declaratory and injunctive relief in the form of an order imposing reasonable deadlines on

the processing of every naturalization application in this District – relief that would

benefit every member of the proposed class.  Under such circumstances, numerous courts

have held that class certification is appropriate, notwithstanding individual variations

between class members.  *See*, *e.g.*, *White v. Mathews*, 559 F.2d 852, 858 (2d Cir. 1977)

(affirming class certification for plaintiffs challenging delays by Social Security

Administration in adjudicating disability payment claims); *Boulet v. Cellucci*, 107 F.

Supp. 2d 61, 81 (D. Mass. 2000) (class certification granted where plaintiffs challenged

agency's failure to issue Medicaid benefits "with reasonable promptness"); *Brown v.

Giuliani*, 158 F.R.D. 251 (E.D.N.Y. 1994) (class certification granted where plaintiffs

challenged delays in city's processing of public assistance benefits); *Ortiz v. Eichler*, 616

F. Supp. 1046, 1049-50 (D. Del. 1985) (class certification granted where plaintiffs

challenged state agency's policies and practices relating to public assistance benefits

under notice-and-comment requirements); *Andujar v. Weinberger*, 69 F.R.D. 690

(S.D.N.Y. 1976) (class certification granted where plaintiffs challenged Social Security

Administration's failure to pay disability benefits in reasonable and timely manner).

As set forth below, Defendants' arguments against class certification are simply

inconsistent with the caselaw.

## I.    THE DISMISSAL OF PLAINTIFFS' CLASS CLAIMS DOES NOT PRECLUDE CLASS CERTIFICATION WHERE CERTIFICATION IS NEEDED TO PRESERVE A CASE AND CONTROVERSY FOR APPELLATE REVIEW

This motion for class certification raises a clear-cut issue:  Where (1) Plaintiffs

challenged the lawfulness of the government's policies and practices, (2) Plaintiffs timely filed a

motion for class certification in order, *inter alia*, to prevent the government from mooting out

their individual claims prior to resolution of those systemic claims, and noticing the motion for

hearing on the same date as Defendants' motion to dismiss, (3) Defendants successfully moved *ex parte* to postpone briefing and hearing on Plaintiffs' class certification motion until after resolution of Defendants' motion to dismiss, (4) Defendants expedited the individual applications of the named Plaintiffs in response to this litigation, thereby creating a potential mootness problem, and (5) the district court granted the motion to dismiss the systemic claims as a matter of law:  Should Plaintiffs' dismissed class claims be certified under Rule 23, so that they may preserve the case and controversy and appeal the district court's rulings on the systemic claims?  Under Supreme Court and Ninth Circuit caselaw, the answer is yes.

In arguing that the dismissal of Plaintiffs' Administrative Procedure Act ("APA") and due process claims precludes class certification, the government relies on *O'Shea v. Littleton*, 414 U.S. 488 (1974) and *Boyle v. Madigan*, 492 F.2d 1180, 1182 (9th Cir. 1974).  That reliance is misplaced, as *O'Shea* and *Boyle* are not on point.  In *O'Shea*, the Supreme Court held that the plaintiffs, who sought to enjoin certain criminal court practices and procedures, did not have standing because they did not identify any injury they had suffered as a result of those practices and procedures and could not show that there was a real and immediate threat of future injury. 414 U.S. at 493-95 & n.3 ("[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class").  Similarly, in *Boyle*, the named plaintiffs had no standing at the outset of the action; they were challenging conditions at a prison but were not incarcerated there.  492 F.2d at 1182 (citing *O'Shea*, 414 U.S. at 494). Thus, the straightforward holding of *O'Shea* and *Boyle* is that if a named plaintiff does not have standing at the outset of a case, then it is appropriate for the district court to dismiss for lack of standing without reaching the question whether a class should be certified.[1]  *Boyle*, 492 F.2d at 1182 (district court acted properly in dismissing for lack of standing without reaching class

---

[1] Another citation offered by Defendants, *Lawrence v. Zilog, Inc.*, 242 F.3d 382, 2000 WL 1545053 at *3 (9th Cir. Oct. 18, 2000) (unpublished op.), is like *Boyle* and *O'Shea* in that the plaintiffs did not have standing at the outset.  Moreover, Defendants violate Ninth Circuit rules in citing to this pre-2007 unpublished decision.  9th Cir. R. 36-3(c).

REPLY MEMORANDUM
IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
07-CV-3455-WHA

certification question because "[u]ntil [plaintiffs] can show themselves aggrieved in the sense that they are entitled to the relief sought, there is no occasion for the court to wrestle with the problems presented in considering whether the action may be maintained on behalf of the class").[2] Neither *O'Shea* nor *Boyle* has any bearing on whether class certification is proper in the instant case, where there is no dispute that the named plaintiffs had standing at the outset of this case.

Under the Supreme Court and Ninth Circuit authorities that *are* on point, class certification is warranted despite the dismissal of Plaintiffs' APA and due process claims, in order to prevent mootness and preserve the merits of Plaintiffs' claims for appeal. Indeed, it is well-established that questions raised by a motion for class certification should be considered independently of the merits of the case, and that class certification issues can be decided even *after* a defendant's dispositive motions have been granted. "A plaintiff who brings a class action presents two separate issues for judicial resolution. One is the claim on the merits; the other is the claim that he is entitled to represent a class." *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 402 (1980).

In *Geraghty*, the named plaintiff sought declaratory and injunctive relief from the federal parole board's release policies on behalf of a proposed class. The district court postponed ruling on the plaintiff's motion for class certification while it considered the defendants' dispositive motions. *Id.* at 393. The district court then simultaneously denied the plaintiff's motion for class certification and granted the defendants' motion for summary judgment, disposing of all the issues on the merits. *Id.* The district court rejected the plaintiff's argument that class certification was needed to avoid mootness. *Id.* The Supreme Court disagreed. While the appeal was pending at the Third Circuit, as anticipated, the named plaintiff was released from jail

---

[2] *Boyle* cites *Wright v. Schock*, 742 F.2d 541 (9th Cir. 1984), which notes more generally that Rule 23 does not require a district court *always* to decide class certification before dispositive motions. However, *Wright* noted that the default under Rule 23(c)(1) is that class certification should be decided "as soon as practicable." It is only "[u]nder the proper circumstances – where it is more practicable to do so and where the parties will not suffer significant prejudice – the district has discretion to rule on a motion for summary judgment before it decides the certification issue."

1    and he no longer was affected by the challenged policies.  *Geraghty* holds that under those

2    circumstances, the plaintiff could pursue class certification on appeal – even though summary

3    judgment had been entered against him – because otherwise there could be no appellate review

4    of the merits of the case.  445 U.S. at 400-01 & n.7 (citing *Gerstein v. Pugh*, 420 U.S. 103

5    (1975); *Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. 326 (1980); *United Airlines, Inc. v.*

6    *McDonald*, 432 U.S. 385 (1977)).  *See also Boulet v. Cellucci*, 107 F. Supp. 2d 61, 81 (D. Mass.

7    2000) ("Certification is … appropriate where there is a danger that the individual claims may be

8    mooted, or a declaration of rights with respect to one plaintiff may not automatically translate

9    into an appropriate relief for other class members, and when certification would not impose any

10   additional burdens on the court.").  *Geraghty* is on point and controls here.  If a plaintiff may

11   continue to press for class certification on appeal after losing on the merits, then certainly a

12   plaintiff may continue to press for class certification after dismissal on the pleadings in the

13   district court.  Indeed, in *Geraghty*, the Supreme Court instructed the district court on remand to

14   determine whether the named plaintiff was still an appropriate class representative, 445 U.S. at

15   407 – an issue relating to adequacy of representation, not whether the district court rejected the

16   claims on the merits.

17          Subsequent Ninth Circuit precedent also holds that plaintiffs may seek class certification

18   even after their claims have been dismissed on the merits.  As Defendants acknowledge, in *Wade*

19   *v. Kirkland*, 118 F.3d 667 (9th Cir. 1997), the Ninth Circuit expressly held that there are

20   circumstances in which class certification is appropriate after dismissal of a case, in order to

21   preserve a case or controversy for appellate review.  In *Wade*, the plaintiff challenged pretrial

22   detention conditions and sought class certification.  The defendants responded by filing a motion

23   to dismiss and alternative motion for summary judgment.  The district denied the motion for

24   class certification "without prejudice to renewal, as premature should the case survive the motion

25   to dismiss or in the alternative motion for summary judgment."  118 F.3d at 669.  The plaintiff

26   was then transferred to another jail and the district court granted summary judgment for the

27   defendants on the ground that the case was moot.  The Ninth Circuit held that under the

28

circumstances, the district court erred in refusing to decide the class certification motion before

dismissing the case and instructed the court on remand to consider class certification before

turning to the defendants' dispositive motions:

> On remand, the district court should decide the class certification motion before
> proceeding further.  We recognize that, in some cases, it may be appropriate in the
> interest of judicial economy to resolve a motion for summary judgment or motion to
> dismiss prior to ruling on class certification….This is not one of those cases.  Wade
> purported to represent short-term inmates in a county jail, presenting a classic example of
> a transitory claim that cries out for a ruling on [class] certification as rapidly as possible.

118 F.3d at 670; *see also Cruz v. Hauck*, 627 F.2d 710, 715 (5th Cir. 1980) ("It is not appropriate

to decide a case on its merits before determining whether it can be certified as a class action.").

*Wade*'s holding – that the district court should have decided the motion for class certification

prior to ruling on any dispositive motions – controls in the instant case.[3]

In the instant case, the Plaintiffs' individual claims are transitory or short-lived not

because they challenge an injury of inherently short duration (such as the pretrial detention

condition claims in *Wade*), but because the continued existence of their individual claims is

entirely in Defendants' control.  But in either circumstance, *Wade*'s analysis applies and requires

a ruling on class certification in order to preserve the merits for appeal.  The Ninth Circuit's

subsequent decision in *Sze v. INS*, 153 F.3d 1005 (9th Cir. 1998), reinforces this rule and

demonstrates, contrary to Defendants' assertion, that class certification is warranted in this case.

---

[3] Defendants argue that *Wade* is distinguishable because this Court dismissed Plaintiffs' APA and due process claims on the merits, and not based on mootness.  But this very argument was rejected by the Supreme Court in *Geraghty*, which held that there is no analytical difference between the circumstance where the named plaintiffs lose on the merits and the circumstance where the named plaintiffs' individual stake in the outcome expires.  In either event, the named plaintiffs may still pursue class certification in order to preserve legal claims for appeal.  445 U.S. at 401-02 ("[P]etitioners argue that the situation presented is entirely different when mootness of the individual claim is caused by 'expiration' of the claim, rather than by a judgment on the claim….We do not find this distinction persuasive.").

Defendants are correct that this case has not been dismissed on mootness grounds and, indeed, there is no basis to do so at this time because one current plaintiff, Alia Ahmadi, has not been naturalized.  But the critical point for purposes of the instant motion is that class certification is needed in order to preserve the merits of Plaintiffs' APA and due process claims for appeal, against a *future* mootness challenge, given the Defendants' demonstrated efforts in this case to moot Plaintiffs' individual claims.

As Defendants note, *Sze* bears many superficial similarities to the instant case. However, Defendants fail to note a critical difference on which the analysis turns: In the instant case, unlike in *Sze*, the government did not take affirmative steps to moot out the named plaintiffs' claims in response to the filing of litigation. That distinction makes *Sze*'s holding inapplicable here.

In *Sze*, as in the instant case, the plaintiffs challenged policies and practices causing systemic delays in the naturalization process and sought declaratory relief under the APA and class certification. *Id.* at 1007. The district court granted summary judgment for the defendants on the merits and stated that therefore there was no need to rule on the class certification motion. *Id.* at 1008. The primary issue in *Sze* was whether the naturalization of the individual plaintiffs mooted their appeal. The Ninth Circuit held that it did, and refused to remand for a decision on the motion for class certification so that plaintiffs could preserve their appeal on the merits of the summary judgment decision. *Id.* at 1009. *Sze* distinguished *Wade v. Kirkland* on the ground that the plaintiffs' claims were not inherently transitory as the class was not constantly changing in composition, as in *Wade*'s pretrial detention conditions context. *Id.* Instead, due to a change in the agency's naturalization procedures, the putative class as defined by the plaintiffs was shrinking. *Id.* at 1008, 1010. Defendants here claim that the instant case is indistinguishable from *Sze*, because CIS now requires the FBI name check to be completed prior to the naturalization examination.

Defendants' efforts to shoehorn this case into *Sze*'s rubric must fail for at least two reasons. First, Plaintiffs' APA and due process claims were dismissed under Federal Rule of Civil Procedure 12(b)(6), and not resolved by summary judgment, as in *Sze*. This distinction is key, as here Defendants have not provided any evidence showing that in fact the proposed class is shrinking in number, and Plaintiffs have had no opportunity for discovery on that issue of fact. Thus, unlike *Sze*, which was decided on summary judgment and where evidence that the class was shrinking therefore was presumably in the record, the instant motion for class certification cannot be denied on that ground. In a similar vein, Defendants also assert that they have

"revised" their policies and practices and, as proof, attach to their opposition a press release issued by CIS concerning a "joint plan" by CIS and FBI to reduce the backlog of FBI name checks including "a series of milestones prioritizing work" on pending FBI name checks. *See* Memorandum in Opposition, Exh. A (News Release: USCIS and FBI Release Joint Plan to Eliminate Backlog of FBI Name Checks, Apr. 2, 2008). The Court should not consider Defendants' proffered evidence as a basis to deny class certification when Plaintiffs have had no opportunity for discovery as to the impact of this press release on the class certification issues here. There is no indication whatsoever that the "milestones" and "joint plan" are binding or will result in the elimination of the systemic delays caused by Defendants' policies and practices.[4] Nor have Plaintiffs had an opportunity for discovery as to whether the proposed class is shrinking. At the very least, Plaintiffs are entitled to discovery on those points. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978); *Del Campo v. Kennedy*, 236 F.R.D. 454, 459 (N.D. Cal. 2006) (citing *Oppenheimer Fund* and 2 William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial § 10:740).

Second, *Sze* is distinguishable from the instant case on another critical ground. The Ninth Circuit specifically noted that the plaintiffs in *Sze* failed to show that the mootness problem arose because Defendants purposely resolved the individual naturalization applications in order to prevent judicial review of the merits of the Plaintiffs' claims. *Id.* at 1008. In the instant case, in contrast, Defendants have expedited Plaintiffs' naturalization *because of* the filing of this litigation. *See* Notice of Motion and Motion for Leave to File Third Amended Complaint; Memorandum of Points and Authorities at 7-10. This distinction is critical. Indeed, the Supreme Court has held that in the instant circumstances, class certification is warranted to avoid an unfair denial of the right to appellate review of the merits and to prevent a waste of judicial resources. "To deny the right to appeal simply because the defendant has sought to 'buy off' the individual

---

[4] Indeed, Defendants could have agreed to such milestones in binding form in the course of court-ordered settlement discussions, but elected to break off those discussions. *See* Stipulation to Remove Mediation Conference of March 26, 2008, from Calendar (Docket No. 71, filed Mar. 24, 2008).

private claims of the named plaintiffs would be contrary to sound judicial administration."
*Roper*, 445 U.S. at 339. *See also White*, 559 F.2d at 857 (noting that where defendants resolved plaintiffs' individual claims after filing of class action, denying class certification "would mean that the SSA could avoid judicial scrutiny of its procedures by the simple expedient of granting hearings to plaintiffs who seek, but have not yet obtained, class certification," and affirming class certification).

In summary, the Supreme Court's decisions in *Geraghty* and *Deposit Guaranty Nat'l Bank* and the Ninth Circuit's decision in *Wade* hold that class certification should be granted when it will preserve the plaintiffs' claims for appellate review in light of a potential mootness problem, whether resulting from the inherently transitory nature of the claim or from a defendant's efforts to resolve the would-be class representatives' individual claims to stymie appellate review of the class claims.

## II.    THIS CASE MEETS EVERY REQUIREMENT FOR CLASS CERTIFICATION UNDER RULE 23

Defendants argue in the alternative that the instant case does not satisfy the requirements for class certification under Rule 23, except for numerosity. In their opening memorandum, Plaintiffs cited several cases in which district courts have granted class certification based on circumstances materially indistinguishable from the instant case. Corrected Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Class Certification at 11-13 (citing *Santillan v. Ashcroft*, No. C-04-2686-MHP, 2004 WL 2297990 (N.D. Cal. Oct. 12, 2004); *Cockrum v. Califano*, 475 F. Supp. 1222 (D.D.C. 1979); *Tonya K. v. Chicago Bd. of Educ.*, 551 F. Supp. 1107 (N.D. Ill. 1982); *Robidoux v. Celani*, 987 F.2d 931 (2d Cir. 1993)). Without addressing a single one of these on-point authorities, Defendants contend that this case is not suitable for class action status. That contention flies in the face of Rule 23 and the caselaw interpreting it.

1

### A.    This Case Meets the Commonality Requirement

2      Defendants contend that the commonality requirement is not met because "[e]ven where

3   the Court may find some common issues of law and alleged facts, ultimately the nature of the

4   wait for final adjudication of a naturalization application depends on the facts of each individual

5   case." Memorandum in Opposition at 6.[5]  Defendants then enumerate various hypothetical

6   reasons that a naturalization application might be delayed.  This argument fails for two reasons.

7   First, Defendants simply ignore the proposed class definition:

8          All persons residing within the jurisdiction of the United States District Court for the
           Northern District of California who have submitted or will submit applications for
9          naturalization to CIS, and who have met all statutory requirements for naturalization, and
           whose applications for naturalization are not adjudicated within 120 days of the date of
10         their naturalization examinations *because of a pending FBI name check* (emphasis
           added).

11

12   Thus, by definition, the class proposed by Plaintiffs shares common questions of law and fact

13   relating to Defendants' policies and practices relating to naturalization delays caused by the FBI

14   name check.[6]

15      Second, in asserting that class certification should be denied even when there are "some

16   common issues of law and fact," Defendants ignore the binding Ninth Circuit precedents holding

17   that the commonality requirement does not impose a heavy burden and that "all questions of law

18   and fact need not be common to satisfy the rule." *Dukes v. Wal-Mart, Inc.*, 474 F.3d 1214, 1225

19   (9th Cir. 2007); *see also Staton v. Boeing Co.*, 327 F.3d 938, 953 (9th Cir. 2003) (Rule 23(a)(2)

20   has been "construed permissively").  Indeed, the commonality requirement can be met when

21   there is even a single common issue of law or fact.  *Id.* at 954-56; *Celano v. Marriott Int'l, Inc.*,

22   242 F.R.D. 544, 551 (N.D. Cal. 2007).  Defendants also fail even to address Plaintiffs' citations

23

24   [5] In support of this argument, Defendants rely upon *Saleh v. Ridge*, 367 F. Supp. 2d 508
    (S.D.N.Y. 2005). *Saleh* is not remotely on point, as it was not brought as a class action and the
25   district court did not discuss commonality or any other Rule 23 requirement for class
    certification.

26   [6] Indeed, the Defendants implicitly conceded the commonality of the issues raised by the APA
    and due process claims by moving to dismiss those claims as a matter of law.  If those claims
27   implicated divergent issues of law and fact, then dismissal as a matter of law would be
    inappropriate.

28

to the numerous authorities holding that the commonality requirement is met so long as there is a common legal issue even if there are divergent facts, or a common core of facts even when there are disparate legal remedies. *Hanlon v. Chrysler Corp.*, 150 f.3d 1011, 1019 (9th Cir. 1998); *Krzesniak v. Cendant Corp.*, No. C-05-05156-MEJ, 2007 WL 1795703 at *7 (N.D. Cal. June 20, 2007). *See also Walters v. Reno*, 145 F.3d 1032, 1046 (9th Cir. 1998) (differences among class members regarding merits of individual cases were "simply insufficient to defeat the propriety of class certification"); *Forbush v. J.C. Penney Co., Inc.*, 994 F.2d 1101, 1106 (5th Cir. 1993) (need for subsequent proceedings "does not supply a basis for concluding that [named plaintiff] has not met the commonality requirement"); *Doe v. Los Angeles Unified Sch. Dist.*, 48 F. Supp. 2d 1233, 1241 (C.D. Cal. 1999) ("[C]ommonality exists if plaintiffs share a common harm or violation of their rights, even if individualized facts supporting the alleged harm or violation diverge.").

Courts have held that the commonality requirement is met precisely in the circumstances here, where plaintiffs are challenging delays in government action but the facts relating to individual class members' applications necessarily vary. *See*, *e.g.*, *White*, 559 F.2d at 858; *Boulet*, 107 F. Supp. 2d at 81; *Brown*, 158 F.R.D. at 268; *Ortiz*, 616 F. Supp. at 1055. These cases hold that the commonality requirement of Rule 23 is met when plaintiffs challenge systemic policies or practices that cause delays in government action. This is true even if each individual class member's entitlement to the requested benefit – or indeed, the specific reasons for delay of any individual adjudication – varies based upon the facts.

### B.    This Case Meets the Typicality Requirement

Defendants argue that the named Plaintiffs' claims are not typical of the proposed class by asserting, without any basis, that their "primary goal" is to have their individual naturalization applications adjudicated. To the contrary, each of the named Plaintiffs has continued to press for class certification in order to appeal the merits of the class claims under the APA and Due Process Clause, even though some of them have already been naturalized. Thus, the named Plaintiffs and each member of the proposed class share a common goal: an end to the

REPLY MEMORANDUM
IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
07-CV-3455-WHA

Defendants' policies and procedures causing system-wide and prolonged naturalization days, in the form of injunctive relief setting reasonable and universally applicable deadlines, which in turn will lead to the timely adjudication of all class members' naturalization applications. Typicality is not defeated by variations in the ways that Defendants' policies and practices have impacted class members (*e.g.*, length of delay) or in the ultimate determination (grant or denial) of class members' naturalization applications. *Cf. Dukes v. Wal-Mart, Inc.*, 509 F.3d at 1184 ("Even though individual employees in different stores with different managers may have received different levels of pay or may have been denied promotion or promoted at different rates, because the discrimination they allegedly suffered occurred through an alleged common practice…their claims are sufficiently typical to satisfy Rule 23(a)(3).")  That Plaintiffs have sought an end to the delays in their own cases (and of course, a grant of their applications) makes them entirely typical of the proposed class.

### C. This Case Meets the Adequacy of Representation Requirement

Defendants make the related assertion that because the named Plaintiffs brought individual claims under 8 U.S.C. § 1447(b), in addition to the class claims under the APA and Due Process Clause, they are not adequate representatives of the proposed class.  Defendants assert, without explanation, that "conflicting individual strategies and even deadlines that may exist when pursuing a 1447(b) action concurrent with plaintiffs' putative class claims create the potential for the named  plaintiffs to take actions antagonistic to the putative class." Memorandum in Opposition at 7.  There is nothing antagonistic, however, between the injunctive and declaratory relief that Plaintiffs seek under the APA and Due Process Clause and individual lawsuits brought under 8 U.S.C. § 1447(b).  The former seeks systemic relief from systemic delays, in the form of general deadlines for processing of all applications and simply would require an answer, yes or no, within a reasonable time.  The latter, on the other hand, is brought by an individual to obtain naturalization and depends on the facts of individual cases.  Thus, there is no conflict between the aims of Plaintiffs' class claims and the existence of relief under 8 U.S.C. § 1447(b).

1    Defendants further argue that the risk of "conflicting individual strategies and deadlines"

2  is heightened because members of a class certified under Rule 23(b)(2) do not have the ability to

3  opt out of the class.  This is simply incorrect.  First, nothing in the relief sought by Plaintiffs on

4  behalf of the proposed class would preclude individuals from filing cases under 8 U.S.C. §

5  1447(b).  In any event, if the Court is concerned about any potential conflicts – though

6  Defendants have failed to identify any – it may certify a class with notice and opt-out

7  requirements.  "Although there is no absolute right of opt-out in a rule 23(b)(2) class," district

8  courts' discretion to include an opt-out provision in such classes is well established.  *Dukes v.*

9  *Wal-Mart, Inc.*, 509 F.3d at 1188-89 (citing cases).  Indeed, the case cited by Defendants actually

10  demonstrates that opt-out is available for Rule 23(b)(2) classes.  In *Molski v. Gleich*, 318 F.3d

11  937, 947 (9th Cir. 2003), the Ninth Circuit noted that district courts have the discretion under

12  Rule 23(d) to require notice and opt-out rights for members of Rule 23(b)(2) classes in certain

13  circumstances.

14          **D.    This Case Meets the Requirements of Rule 23(b)(2)**

15    Defendants make the puzzling assertion that this case does not meet the requirements of

16  Federal Rule of Civil Procedure 23(b)(2).  In fact, Rule 23(b)(2) was designed precisely to

17  address the type of harm alleged in this case – *i.e.*, that Defendants "ha[ve] acted or refused to

18  act on grounds generally applicable to the class, thereby making appropriate final injunctive

19  relief or corresponding declaratory relief with respect to the class as a whole."  Defendants argue

20  that they have not failed to act, as they have taken steps to adjudicate the Plaintiffs' applications.

21  This misses entirely the point that Plaintiffs are seeking class certification as to the APA and due

22  process claims.  Defendants' actions to complete the adjudication of the named Plaintiffs'

23  naturalization applications does nothing to address those claims.

24    Defendants also argue that the Rule 23(b)(2) requirement is not met based upon

25  "[g]eneralized policy and practice allegations," citing cases in which courts have rejected class

26  certification because the plaintiffs only made vague and general allegations as to common issues

27  of law, without identifying any specific policies or practices that were being challenged in

28

common by the plaintiff class.  Memorandum in Opposition at 8 (citing *Clark K. v. Guinn*, No. 06-CV-1068, 2007 WL 1435428 at *26 (D. Nev. May 24, 2007); *J.B. v.* Valdez, 186 F.3d 1280, 1289 (10th Cir. 1999); *General Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 158 (1982)). These cases are not applicable because in this case, Plaintiffs have made very specific and detailed allegations about Defendants' policies and practices that have caused systemic delays, including but not limited to:

- CIS's revised implementation of the FBI name check in 2002 to include checks against databases including the names of innocent persons who are not suspected of any criminal activity or national security risk, Second Amended Compl. ¶ 37;

- CIS's failure to impose deadlines for FBI's completion of FBI name checks on a timely basis, with the knowledge that this failure has caused system-wide and prolonged delays in the naturalization process, *Id.* ¶ 73;

- FBI's failure to impose deadlines for completion of FBI checks, with the knowledge that such this failure has caused system-wide and prolonged delays in the naturalization process, *Id.* ¶ 72;

- CIS's policy and practice of requiring FBI name checks for adjudication of naturalization applications, despite having no statutory or regulatory authorization, *Id.* ¶ 74;

- CIS's failure to submit its FBI name check policy to the notice-and-comment process as required under the APA, *Id.* ¶ 77; and

- CIS's policy and practice of failing to track the number and status of pending naturalization applications, so that delays can be identified and resolved, *Id.* ¶¶ 75-76.

Defendants' final argument is that class certification is not appropriate because Congress provided a remedy for naturalization delays in enacting 8 U.S.C. § 1447(b).  This argument merely rehashes Defendants' motion to dismiss and has no bearing on whether a class should be certified.

1

**CONCLUSION**

2        For the foregoing reasons, the Court should grant the Plaintiffs' motion, certify this

3  matter as a class action as defined above, and appoint Plaintiffs' counsel as class counsel.  Class

4  certification is needed in this case to preserve the merits of Plaintiffs' APA and due process

5  claims for appeal, in light of Defendants' efforts to moot this case by naturalizing the individual

6  named Plaintiffs.

7  Dated:  April 10, 2008                              Respectfully submitted,

8                                                      CECILLIA D. WANG
                                                       LUCAS GUTTENTAG
9                                                      AMERICAN CIVIL LIBERTIES UNION
                                                           FOUNDATION
10                                                     IMMIGRANTS' RIGHTS PROJECT
                                                       39 Drumm Street
11                                                     San Francisco, CA 94111

12                                                     JULIA HARUMI MASS
                                                       ALAN L. SCHLOSSER
13                                                     AMERICAN CIVIL LIBERTIES UNION
                                                           FOUNDATION OF NORTHERN
14                                                         CALIFORNIA
                                                       39 Drumm Street
15                                                     San Francisco, CA 94111

16                                                     SIN YEN LING
                                                       JOREN LYONS
17                                                     ASIAN LAW CAUCUS
                                                       939 Market Street, Suite 201
18                                                     San Francisco, CA 94103
                                                       Telephone:  (415) 896-1701
19                                                     Facsimile:  (415) 896-1702

20                                                     TODD GALLINGER
                                                       Of Counsel
21                                                     COUNCIL ON AMERICAN-ISLAMIC
                                                           RELATIONS (CAIR) – SAN
22                                                     FRANCISCO BAY AREA
                                                       3000 Scott Boulevard, Suite 212
23                                                     Santa Clara, CA 95054
                                                       Telephone:  (408) 986-9874
24                                                     Facsimile:  (408) 986-9875

25
                                                 By:  _____/s/_____
26                                                     CECILLIA D. WANG

27                                                     Attorneys for Plaintiffs

28
                                               15

**CERTIFICATE OF SERVICE**

I, Cecillia D. Wang, declare as follows:

    I hereby certify that on this date I electronically filed the foregoing REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION with the Clerk of the Court using the ECF system, which will send notification of such filing to the following email addresses:

| | |
|---|---|
| Alan Lawrence Schlosser<br>American Civil Liberties Union<br>  Foundation of Northern California | *Via ECF*<br>at aschlosser@aclunc.org |
| Joren Lyons<br>Asian Law Caucus | *Via ECF*<br>at joren@asianlawcaucus.org |
| Lucas Guttentag<br>American Civil Liberties Union<br>  Immigrants' Rights Project | *Via ECF*<br>at lguttentag@aclu.org |
| Julia Harumi Mass<br>American Civil Liberties Union<br>  Foundation of Northern California | *Via ECF*<br>at jmass@aclunc.org |
| Edward A. Olsen<br>United States Attorney's Office | *Via ECF*<br>at edward.olsen@usdoj.gov |
| Elizabeth J. Stevens<br>United States Department of Justice | *Via ECF*<br>at elizabeth.stevens@usdoj.gov |
| Jeffrey S. Robins<br>United States Department of Justice | *Via ECF*<br>at jeffrey.robins@usdoj.gov |

    In addition, I hereby certify that on this date I served true and correct copies of the REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION by U.S. Mail on the following counsel not registered for ECF:

| | |
|---|---|
| Sin Yen Ling<br>Asian Law Caucus<br>939 Market Street, Suite 201<br>San Francisco, CA 94103 | Todd Gallinger<br>Council on American-Islamic Relations<br>3000 Scott Boulevard, Suite 212<br>Santa Clara, CA 95054 |

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Dated:  April 10, 2008
         San Francisco, California


                                        _____/s/_____
                                        CECILLIA D. WANG