United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALIA AHMADI, et al.,

    Plaintiffs,

v.

MICHAEL CHERTOFF, U.S. Secretary of Homeland Security, ROBERT S. MUELLER, III, Director of the Federal Bureau of Investigation, MICHAEL MUKASEY, Attorney General of the United States, EMILIO T. GONZALEZ, Director, U.S. Department of Homeland Security, Bureau of Citizenship an Immigration Services, DAVID STILL, District Director, U.S. Department of Homeland Security, Bureau of Citizenship and Immigration Services, San Francisco District,

    Defendants.

No. C 07-03455 WHA

**ORDER: (1) GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT; (2) DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION; AND (3) GRANTING PLAINTIFFS' MOTION FOR RULE 54(b) JUDGMENT**

## INTRODUCTION

In this putative class action concerning naturalization petitions, plaintiffs move for: (i) leave to file a third amended complaint, (ii) class certification, and (iii) entry of partial judgment pursuant to Federal Rule of Civil Procedure 54(b). For the following reasons, plaintiffs' motion for leave to file third amended complaint is **GRANTED IN PART AND DENIED IN PART**; motion for class certification is **DENIED**; and motion for entry of partial judgment pursuant to Rule 54(b) is **GRANTED**.

**STATEMENT**

This action concerns defendants' allegedly unreasonable delays in processing naturalization applications. Plaintiffs alleged that these delays were a result of a requirement to go through an FBI "name check," the scope of which was expanded in 2002 to include names that were only mentioned in the FBI files, and not just those who were the subject of FBI investigations.

### 1.  THE CLAIMS.

Plaintiffs alleged that they were each long-time lawful residents of the United States, had filed naturalization applications and fulfilled all statutory requirements, but had not received adjudications from the United States Citizenship and Immigration Services (USCIS) within 120 days of their initial examinations due to pending FBI name checks. Plaintiffs sought *de novo* judicial determination of their individual applications for naturalization pursuant to 8 U.S.C. 1447(b), as well as declaratory and injunctive relief on a class-wide basis for those who had also satisfied the statutory requirements and were suffering similar delays. The class claims for declaratory and injunctive relief were:  (i) unreasonable delay in violation of the Administrative Procedure Act; (ii) failure to follow notice-and-comment procedures in violation of the Administrative Procedure Act; and (iii) violations of the Fifth Amendment's due process clause.

An order dated October 15, 2007, granted in part and denied in part defendants' motion to dismiss. The order held that this Court had jurisdiction over plaintiffs' individual claims under 8 U.S.C. 1447(b) because more than 120 days had passed since plaintiffs' naturalization interviews, thus rejecting defendants' argument that the 120-day clock did not start to run until after the FBI name check was completed. The order thus denied defendants' motion to dismiss for lack of jurisdiction over the individual 8 U.S.C. 1447(b) claims and likewise declined to remand the applications back to USCIS without instructions. The order granted defendants' motion to dismiss with respect to the three class claims under the APA and due process clause: (i) the claim for unreasonable delay under the APA was dismissed because plaintiffs had an adequate remedy under 8 U.S.C. 1447(b); (ii) the claim for failure to follow

1  notice-and-comment procedures under the APA was dismissed because compliance with
2  notice-and-comment procedures was not required for merely enlarging the scope of the FBI
3  criminal background check; and (iii) the claim for due process violations was dismissed because
4  plaintiffs failed to allege a protected liberty interest.  The order, however, also denied
5  defendants' motion to strike plaintiffs' claims for injunctive relief, finding that such a ruling
6  would be inappropriate at that time.  On November 15, 2007, plaintiffs filed a second amended
7  complaint adding new plaintiffs but did not amend the class claims dismissed by the October 15
8  order.

### 2. THE PLAINTIFFS.

This action was filed on July 2, 2007, by Alia Ahmadi, Miao Ling Huang, Yan Wang, and Fu Zhong.  The parties stipulated to the dismissal of all claims by Miao Ling Huang and Fu Zhong on August 10, 2007, because they had been naturalized.  The first amended complaint was also filed on August 10 and added the following plaintiffs:  Vladimir Mikulicic, Igor Ovchinnikov, Biljana Petrovic, Sergei Sapozhnikov, Eiman Taky, and Yan Wang. The parties stipulated to the dismissal of the individual 8 U.S.C. 1447(b) claims of Mikulicic, Petrovic, Taky, and Wang on October 12 so that they could be naturalized, but specifically left their second, third, and fourth claims under the APA and due process clause unaffected by the stipulated dismissal.  The second amended complaint was filed on November 15 and included the following plaintiffs:  Alia Ahmadi, Angel Gentchev, Jiwei Huang, Igor Ovchinnikov, Sergei Sapozhnikov, and Helga Scovajsa.  On February 20, 2008, this Court approved the stipulated dismissal of the individual 8 U.S.C. 1447(b) claims for these remaining six plaintiffs, pending their naturalization by certain dates.  The stipulated dismissal specifically left plaintiffs' second, third, and fourth claims unaffected.  Gentchev, Jiwei Huang, Ovchinnikov, Sapozhnikov, and Scovajsa have since been naturalized (Wang Decl. ¶ 5).  The last remaining plaintiff, Alia Ahmadi, was given a second naturalization interview on March 2, and the examining officer stated that USCIS intended to grant the application, contingent on Ahmadi's submission of additional evidence, by April 1 (Ling Decl. ¶¶ 2–3).  Alia Ahmadi's current naturalization status is unknown.  It seems reasonably clear that defendants have adopted a

3

strategy that has the effect, if not the purpose, of mooting out the claims of individual plaintiffs. For purposes of appellate review, this may avoid a mootness problem.

### 3. THE CURRENT MOTIONS.

Plaintiffs now seek to file a third amended complaint to add three new plaintiffs and to reintroduce four plaintiffs "inadvertently omitted" from the second amended complaint (Br. 1). The proposed new plaintiffs, Amir Sayed, Biren Shah, and Mieke Vandewalle-Callinan, allegedly have been subject to the same delays as a result of the FBI name check, and fall within the class plaintiffs have purported to represent. The plaintiffs seeking to rejoin the litigation are Mikulicic, Petrovic, Taky, and Wang, whose individual 8 U.S.C. 1447(b) claims were dismissed pursuant to stipulation on October 12, 2007, so that they could be naturalized.

Plaintiffs also move for class certification. Plaintiffs originally filed their motion for class certification on September 5, 2007, five days after defendants filed a motion to dismiss. Defendants filed an ex parte application on September 10 for additional time to file an opposition to the motion for class certification. At the time, the now apparent mootness issues were not brought to the attention of this Court. An order dated September 12 granted in part defendants' ex parte motion, and extended the deadline for defendants' opposition until October 18, seven days after the hearing on defendants' motion to dismiss, and accordingly moved the hearing for the class certification motion to November 8. On October 17, the class certification motion was taken off calendar pursuant to the parties' stipulation, "[b]ecause the claims for which plaintiffs' class certification motion was filed have been dismissed" (Dkt. 41 ¶ 5). Plaintiffs re-noticed the motion on January 17, 2008.

Plaintiffs also move for entry of final judgment pursuant to Rule 54(b) with respect to the claims under the APA and due process clause that were dismissed by the October 15 order.

## ANALYSIS

As stated, plaintiffs move for: (i) leave to file a third amended complaint, (ii) class certification, and (iii) entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b).

4

### 1. LEAVE TO FILE THIRD AMENDED COMPLAINT.

Leave to amend a complaint shall be freely given when justice so requires under Rule 15(a). This standard is applied liberally. Rule 15(a) does not apply, however, when a district court has established a deadline for amended pleadings under Rule 16(b). *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–608 (9th Cir. 1992). Once the district court has entered a scheduling order, the liberal policy favoring amendments no longer applies. Subsequent amendments are not allowed without a request to first modify the scheduling order. At that point, any modification must be based on a showing of good cause. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). "Leave to amend need not be granted when an amendment would be futile." *In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1097 (9th Cir. 2002).

The case management order dated October 11, 2007, held that leave to add new parties or amend pleadings must be sought by October 31, 2007. Pursuant to the parties' stipulation, the time for plaintiffs to amend the complaint and for defendants to file an answer was extended until November 15, 2007, by an order dated October 30, 2007. The Rule 16(b) good cause standard thus applies, as this motion for leave to amend was filed on March 13, 2008.

#### A. Good Cause for Filing Amended Complaint.

The inquiry under Rule 16(b)'s good cause standard first focuses on the diligence of the party seeking the amendment. "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d at 609 (quoting FRCP 15 advisory committee notes). The two proposed amendments are: (i) to add three new plaintiffs, and (ii) to reintroduce four plaintiffs previously parties to this action, but who were left off the second amended complaint.

##### (1) Adding New Plaintiffs with Live Claims.

The reason for adding the three new plaintiffs is that the parties have stipulated to the dismissal of the individual 8 U.S.C. 1447(b) claims of all the currently named plaintiffs, so that they could be naturalized. Once the last remaining named plaintiff, Alia Ahmadi, has been naturalized, all claims could be deemed moot. The stipulated dismissal of the last six plaintiffs

5

was approved in an order dated February 20, 2008, and plaintiffs' motion to amend the complaint was filed on March 13.

Adding new claims by existing plaintiffs is a traditional amendment to the pleadings. In the instant case, however, we are dealing with adding new plaintiffs with parallel claims. This is intervention under Rule 24, not an amendment to the pleadings. This order nevertheless finds that there is good cause to allow these new plaintiffs to intervene due to the similarity between the claims and the potential mootness concerns. Plaintiffs have acted with due diligence in moving to add new plaintiffs shortly after the stipulated dismissal of all the currently named plaintiffs, and the need to add plaintiffs with live claims to prevent mootness constitutes good cause to allow plaintiffs to file a third amended complaint to add such new plaintiffs. The intervention of these new plaintiffs will be allowed on the condition that the new plaintiffs are bound and acquiesce to the rulings to date, subject to appeal.

This continual addition of new plaintiffs is sometimes a ploy to avoid paying a filing fee. If this perpetual daisy chain of new plaintiffs continues, the Court will insist on new filings.

### *(2)   Reintroducing Dismissed Plaintiffs.*

Plaintiffs also seek to amend the complaint to reintroduce four plaintiffs previously parties to this action — Mikulicic, Petrovic, Taky, and Wang — who were "inadvertently omitted" from the second amended complaint (Br. 1). Plaintiffs give no further explanation as to how or why these plaintiffs were omitted from the second amended complaint, or why they seek to rejoin the litigation at this stage. The individual 8 U.S.C. 1447(b) claims of these plaintiffs were dismissed pursuant to the parties' stipulation on October 12, 2007 so that they could be naturalized. Plaintiffs proffer no reason for restoring these plaintiffs' allegations. This order thus finds that plaintiffs have not shown good cause for reintroducing plaintiffs Mikulicic, Petrovic, Taky, and Wang, and thus the motion for leave to amend with respect to reintroducing these plaintiffs is denied.

### B. Futility of Amendment.

Defendants argue that plaintiffs' motion for leave to amend should be denied because such amendment would be futile, as it would not cure plaintiffs' dismissed claims under the APA and due process clause. Plaintiff does not seek to amend the complaint in order to correct the APA and due process claims, but rather to add new plaintiffs whose claims have not yet been mooted. Such an amendment is not futile, as it appears that the claims of all the currently named plaintiffs may be moot upon Alia Ahmadi's naturalization.

For the foregoing reasons, plaintiffs' motion for leave to file a third amended complaint is **GRANTED** in order to add new plaintiffs with live claims only. The motion is **DENIED** with respect to reintroducing plaintiffs Mikulicic, Petrovic, Taky, and Wang.

### 2. CLASS CERTIFICATION.

Plaintiffs move for class certification based on their class claims under the APA and due process clause. These claims were dismissed for failure to state a claim pursuant to Rule 12(b)(6) in an order dated October 15, 2007. Defendants argue that this Court need not reach the merits of the class certification motion because the class claims have been dismissed for a failure to state a claim and thus class certification would be inappropriate at this point. For the following reasons, this order agrees with defendants that class certification would be inappropriate at this point in the case.

### A. Dismissal of Claims Prior to Class Certification.

It is clear that, under Ninth Circuit law, a district court may rule on the merits before ruling on a motion for class certification. *Wright v. Schock*, 742 F.2d 541, 544 (9th Cir. 1984). The question is thus whether certification of a class on previously dismissed claims is appropriate. This order finds that it is not. In *Kim v. Commandant*, 772 F.2d 521 (9th Cir. 1985), the Ninth Circuit held that, where the district court granted defendants' motion for summary judgment and dismissed the complaint without ruling on the pending motion for class certification, the district court acted within its discretion because "early resolution of the motion for summary judgment seemed likely to protect both the parties and the court from needless and costly further litigation." *Id*. at 524 (citing *Wright v. Schock*, 742 F.2d at 544) (internal brackets

7

1    omitted). Thus, as the APA and due process claims have been dismissed for failure to state a
2    claim, it would be contrary to Ninth Circuit law to then certify a class with respect to those
3    claims, as subsequently ruling on the motion to certify a class with respect to dismissed claims
4    would hardly "protect both the parties and the court from needless and costly further litigation."
5    *Wright v. Schock*, 742 F.2d at 544. Moreover, absent class members would suddenly and
6    without notice be saddled with an adverse judgment, one not binding on them at present.
7    Rule 23 would be turned on its head to convert plaintiffs' individual defeat, at least on these
8    issues herein, to a class-wide defeat after the fact. Misery may love company but this would be
9    beyond the pale.

### B. Mootness Exception.

Plaintiffs argue that, because there is a danger that the claims of all named plaintiffs will become moot as defendants expedite their applications for naturalization, this Court should rule on this motion for class certification so that the named plaintiffs may have standing upon appeal even if their individual claims become moot.

In *Wade v. Kirkland*, 118 F.3d 667 (9th Cir. 1997), the Ninth Circuit held that the district court abused its discretion where it dismissed the action as moot without ruling on the motion for class certification. The Ninth Circuit held that the district court erred by failing to consider whether the claims were "inherently transitory," and thus fell within an exception to the mootness doctrine. *Id.* at 669–70. The class claims in the instant action, however, were not dismissed due to mootness. They were dismissed for failure to state a claim. The Ninth Circuit's holding in *Wade* is thus inapplicable to the instant case, where mootness of plaintiffs' claims played no part in dismissing the claims.

Plaintiffs' reliance on the Supreme Court's decision in *United States Parole Commission v. Geraghty*, 445 U.S. 388 (1980), is likewise misplaced. The question before the Court in *Geraghty* was "whether a trial court's denial of a motion for certification of a class may be reviewed on appeal after the named plaintiff's personal claim has become 'moot.'" *Id.* at 390. The Court held that the named plaintiff did in fact have standing on appeal despite the expiration of his own substantive claim, but specifically limited this holding to appeal of the

8

denial of class certification. *Id*. at 404.  The Supreme Court's holding in *Geraghty* is therefore inapplicable to the situation at hand.

This order thus finds that it would not be proper to consider the motion for class certification on claims that have previously been dismissed for failure to state a claim. Plaintiffs' motion for class certification is thus **DENIED**.

### 3. RULE 54(b).

Rule 54(b) provides that a district court may enter final judgment on individual claims in multiple claim actions upon an express determination that there is no just reason for delay. This order finds no just reason for delay of plaintiffs' appeal of the October 15 order dismissing claims under the APA and the due process clause.  There is a two-step test to determine whether there is a just reason for delay.  *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 954 (9th Cir. 2006).  *First*, the court must assess the judicial administrative interests at stake, including factors such as "the interrelationship of the claims so as to prevent piecemeal appeals in cases which should be reviewed only as single units." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 10 (1980).  *Second*, the court must weigh the equities involved. *AmerisourceBergen Corp.,* 465 F.3d at 954.

#### A. Judicial Administrative Interests: Interrelationship of Claims.

The October 15 order dismissed plaintiffs' claims under the APA and the due process clause as a matter of law.  The order held that: (i) plaintiffs failed to state a claim for unreasonable delay under the APA because plaintiffs had an adequate remedy under 8 U.S.C. 1447(b); (ii) plaintiffs failed to state a claim for failure to comply with notice-and-comment requirements under the APA because such compliance was not required for merely enlarging the scope of the FBI criminal background check; and (iii) plaintiffs failed to state a claim for unreasonable delay in violation of the due process clause because plaintiffs failed to identify a protected liberty or property interest.  Plaintiffs' only remaining claim is the adjudication of their individual claims under 8 U.S.C. 1447(b).  Appeal of the dismissed claims will not involve factual questions at issue in plaintiffs' individual claims under 8 U.S.C. 1447(b), but rather whether this Court erred as a matter of law by dismissing the claims under the APA and due

9

1 process clause. Thus, the dismissed claims are sufficiently separate and distinct from plaintiffs'
2 individual claims under 8 U.S.C. 1447(b), the only remaining claim in this action.

### B. Weighing the Equities.

The equities weigh in favor of entering a final judgment of plaintiffs' claims under the APA and the due process clause where delay would not serve judicial economy or any other purpose.

Defendants contend that where there is a strong likelihood of claims becoming moot on appeal, final judgment of the dismissed claims should not be entered under Rule 54(b). To the contrary, the Ninth Circuit has held that entry of final judgment under Rule 54(b) is appropriate, "even if subsequent trial proceedings might obviate the need for an appeal." *Cadillac Fairview/California, Inc. v. United States*, 41 F.3d 562, 564 (9th Cir. 1994).

Plaintiffs' motion for entry of partial judgment pursuant to Rule 54(b) is thus **GRANTED**.

### CONCLUSION

For all of the above-stated reasons, plaintiffs' motion for leave to file a third amended complaint is **GRANTED IN PART AND DENIED IN PART**; motion for class certification is **DENIED**; and motion for entry of partial judgment pursuant to Rule 54(b) is **GRANTED**. The motion for leave to file a third amended complaint is granted *only* in order to add new plaintiffs with live claims, *not* to reintroduce plaintiffs Mikulicic, Petrovic, Taky, and Wang. Plaintiff shall file the amended complaint in accordance with this order by **MAY 15, 2008, AT NOON**. The Clerk shall enter a partial final judgment dismissing the following claims: claim two for unreasonable delay in violation of the Administrative Procedure Act, claim three for failure to follow notice-and-comment requirements of the Administrative Procedure Act, and claim four for violation of the Fifth Amendment due process clause.

**IT IS SO ORDERED.**

Dated: April 25, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

10