JOSEPH P. RUSSONIELLO
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
EDWARD A. OLSEN, CSBN 214150
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-6915
FAX: (415) 436-6927

GREGORY G. KATSAS
United States Department of Justice
Acting Assistant Attorney General, Civil Division
ELIZABETH J. STEVENS VSBN 47445
Assistant Director, District Court Section
Office of Immigration Litigation
JEFFREY S. ROBINS NY SBN 4355244
Trial Attorney, District Court Section

P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-1246
FAX: (202) 305-7000

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMIR SAYED, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL CHERTOFF, et al.,<br><br>Defendants. | No. C-07-3455-WHA<br><br>1. DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS IN PART, REMAND IN PART, AND STRIKE IN PART PLAINTIFFS' THIRD AMENDED COMPLAINT;<br>2. MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS, STRIKE, AND REMAND;<br>3. [PROPOSED] ORDER<br><br>Date: July 10, 2008<br>Time: 8:00 a.m.<br>Courtroom: 9, 19th Floor |

# NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on July 10, 2008, at 8:00 a.m. or as soon thereafter as the parties may be heard, Defendants Michael Chertoff, Robert S. Mueller III, Michael Mukasey, Jonathan Scharfen,[1] and David Still (collectively "Defendants" or "Government") will bring for hearing a motion to: (1) dismiss Plaintiff Shah from the First Cause of Action pursuant to Fed. R. Civ. P. 12(b)(1); (2) remand the naturalization applications of Plaintiffs Sayed and Vandewalle-Callinan to Defendant USCIS pursuant to 8 U.S.C. § 1447(b); and, (3) strike Plaintiffs' Second and Third Causes of Action pursuant to Fed. R. Civ. P. 12(f). The hearing will take place before the Honorable William H. Alsup, in Courtroom 9, 19th Floor, 450 Golden Gate Ave., San Francisco, CA 94102. This Motion is based on the Memorandum of Points and Authorities attached hereto, the Declaration of Randall Ricks, the March 2008 National Name Check Program Business Plan for name check services that the Federal Bureau of Investigation ("FBI") provides to U.S. Citizenship and Immigration Services, and all pleadings, papers and files in this action, and such oral argument as may be presented at the hearing on the motions.

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney
JOANN M. SWANSON
Assistant United States Attorney
Chief, Civil Division
EDWARD A. OLSEN
Assistant United States Attorney

GREGORY G. KATSAS
United States Department of Justice
Acting Assistant Attorney General, Civil Division
ELIZABETH J. STEVENS
Assistant Director, District Court Section
Office of Immigration Litigation

Dated: May 30, 2008

By: /s/ Jeffrey S. Robins
JEFFREY S. ROBINS
Trial Attorney, District Court Section
Office of Immigration Litigation

[1] Dr. Emilio Gonzalez resigned as Director, United States Citizenship and Immigration Services ("USCIS"), effective April 18, 2008. Jonathan Scharfen, Acting Director, is automatically substituted as a party for Dr. Gonzalez. *See* Fed. R. Civ. P. 25(d).

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Michael Chertoff, Robert S. Mueller III, Michael Mukasey, Jonathan Scharfen, and David Still (collectively "Defendants" or "Government"), by and through their undersigned counsel, respectfully move this Court for an Order dismissing Plaintiff Shah from the First Cause of Action pursuant to Fed. R. Civ. P. 12(b)(1); remanding the naturalization applications of Plaintiffs Sayed and Vandewalle-Callinan to Defendant U.S. Citizenship and Immigration Services ("USCIS") pursuant to 8 U.S.C. § 1447(b); and, striking Plaintiffs' new Second and Third Causes of Action pursuant to Fed. R. Civ. P. 12(f). This Motion is based on the Memorandum of Points and Authorities attached hereto, the Declaration of Randall Ricks (Exhibit 1, "Ricks Decl."), the March 2008 National Name Check Program Business Plan for name check services that the Federal Bureau of Investigation ("FBI") provides to USCIS (Exhibit 2), and all pleadings, papers and files in this action, and such oral argument as may be presented at the hearing on the motions.

## I. INTRODUCTION

On October 15, 2007, this Court granted Defendants' motion to dismiss Plaintiffs' claims for declaratory and injunctive relief pursuant to the Administrative Procedure Act ("APA") and the Due Process Clause of the Fifth Amendment that alleged systemic delays, as pled in Plaintiffs' First Amended Complaint ("FAC"). The claims that were not dismissed consisted of Plaintiffs' claims under 8 U.S.C. § 1447(b), which provides that if USCIS has not adjudicated a naturalization application within 120 days of examining the applicant, the applicant may ask the District Court to determine the matter or "remand the matter, with appropriate instructions, to the Service to determine the matter." On November 15, 2007, Plaintiffs filed a Second Amended Complaint ("SAC") to add three more Plaintiffs as putative class representatives because four of the seven Plaintiffs included in the FAC had been naturalized (following the stipulated voluntary dismissal of their claims under 8 U.S.C. § 1447(b)). On February 15, 2008, the parties agreed to the stipulated dismissal of the claims of the Plaintiffs named in the SAC that were brought pursuant to 8 U.S.C. § 1447(b).

Plaintiffs moved for leave to file a Third Amended Complaint ("TAC") to add new Plaintiffs on March 13, 2008. This Court granted that motion, in part, on April 25, 2008, holding

that while, "[t]his is intervention under Rule 24, not an amendment to the pleadings," there was good cause to allow the new Plaintiffs to intervene "due to the similarity between the claims and the potential mootness concerns." Order of April 25, 2008 at 6. As a condition for allowing the intervention of new Plaintiffs, the Court specifically noted that the new Plaintiffs "are bound and acquiesce to the rulings to date, subject to appeal." *Id.* At the same time, the Court denied Plaintiffs' Motion for Class Certification and entered a partial final judgment on the Court's dismissal of Plaintiffs' putative class claims alleging systematic violations of the APA and the Due Process Clause of the Fifth Amendment. *Id.* at 7-10. Plaintiffs' TAC, which was filed on May 15, 2008, added the claims of three new Plaintiffs under 8 U.S.C. § 1447(b) – Amir Sayed, Biren Shah, and Mieke Vandewalle-Callinan.

With regard to the claims of these three new Plaintiffs under 8 U.S.C. § 1447(b), Defendants move to dismiss the claim of Plaintiff Shah pursuant to Fed. R. Civ. P. 12(b)(1) because USCIS completed the adjudication of Plaintiff Shah's naturalization application prior to the filing of Plaintiffs' FAC. *See* Ricks Decl. at ¶ 15. Additionally, Defendants request that this Court remand the naturalization applications of Plaintiffs Sayed and Vandewalle-Callinan to USCIS with instructions to adjudicate the naturalization applications as quickly as possible upon the receipt of all previously requested information from Plaintiffs, but without further instructions. USCIS argues that remand is most appropriate in these circumstances because USCIS is prepared to adjudicate the naturalization application of Plaintiff Vandewalle-Callinan, and should soon be prepared to adjudicate the naturalization application of Plaintiff Sayed – from whom USCIS is awaiting the resubmission of fingerprints and submission of an affidavit regarding his activities since he was interviewed in February 2005. *See* Ricks Decl. at ¶ 13. Defendants note that the completion of the FBI name checks for these Plaintiffs, and subsequent adjudication or preparations to adjudicate Plaintiffs' naturalization applications have been conducted in the regular course of business, and that such actions conform with goals established by the March 2008 National Name Check Program Business Plan for name check services that the Federal Bureau of Investigation ("FBI") provides to USCIS. *See* Exhibit 2 at 4.

Plaintiffs' TAC also alleged two new causes of action for the first time, without prior leave of this Court or notice to Defendants. Those claims allege unreasonable delay by Defendants Mukasey and Mueller regarding the time taken to complete the new Plaintiffs' FBI name checks under the APA, and a similar claim against Defendants Still, Scharfen, and Chertoff, requesting a Writ of Mandamus compelling completion of the new Plaintiffs' FBI name checks. TAC at ¶¶ 55-62. Because these claims do not comply with this Court's April 25, 2008, granting Plaintiffs leave to add new Plaintiffs as intervening parties, Defendants move, pursuant to Fed. R. Civ. P. 12(f), to strike the Second and Third Causes of Action in Plaintiffs' TAC and the paragraphs therein containing allegations and claims related to those causes of action. Were this Court to grant Defendants' Motion to Strike, Defendants Mukasey and Mueller should be dismissed from this litigation altogether. Alternatively, if this Court allows Plaintiffs' Second and Third Causes of Action to go forward, Defendants request that the Court allow additional briefing regarding this Court's jurisdiction over those claims.

## II. LEGAL AUTHORITY

### A. Authority To Naturalize Aliens.

Until 1990, United States District Courts sat as naturalization courts and were vested with exclusive jurisdiction to review the qualifications of an applicant for naturalization and to naturalize aliens as citizens of the United States. *See* 8 U.S.C. §§ 1101(a)(24), 1421(a) (repealed 1990); *see also Shomberg v. United States*, 348 U.S. 540 (1955). Under this two-tiered system, the applicant submitted a preliminary naturalization application to the then Immigration and Naturalization Service ("INS"), which conducted a preliminary investigation of the applicant, and made a non-binding recommendation to the district court as to whether the application should be approved or denied. *See* 8 U.S.C. §§ 1445(b), 1446(b)&(d) (repealed 1990); 8 C.F.R. §§ 334.11, 335.11-335.13 (1990). The actual decision to approve or deny the naturalization application was vested solely with the federal court, which took jurisdiction based on a petition filed by the applicant and administered the oath of allegiance. *See* 8 U.S.C. §§ 1421, 1445, 1447, 1448 (repealed 1990).

In 1990, Congress enacted the Immigration Act of 1990, Pub. L. No. 101-649, § 401, 104 Stat. 4978 ("IMMACT"), which overhauled the naturalization process in favor of a one-tier administrative procedure. The central purpose for this shift to an administrative naturalization process from a judicial one was to reduce the waiting time for eligible naturalization applicants, who encountered unwarranted delays because of the two-tiered process. *See* 135 Cong. Rec. H4539-02 (July 31, 1989).

Under Section 401 of IMMACT, Congress transferred the power to naturalize from the district courts and vested the Attorney General – now the Secretary of the Department of Homeland Security ("DHS")[2] – with "sole authority to naturalize persons as citizens of the United States." *See* Immigration and Nationality Act ("INA") § 310(a); 8 U.S.C. § 1421(a). Under the administrative naturalization process, USCIS is responsible for adjudicating naturalization applications, including rendering a preliminary investigation of the applicant, interviewing and if necessary subpoenaing witnesses, conducting an examination, and making a determination as to whether to grant or deny the application. *See* INA § 335(a),(b),(c); 8 U.S.C. § 1446(a),(b),(c). If USCIS initially denies a naturalization application, the applicant may seek administrative review of the denial by requesting a hearing before a supervisory immigration officer. INA § 336(a); 8 U.S.C. § 1447(a); 8 C.F.R. § 336.2(b).

Although vesting the primary naturalization authority with the Secretary of DHS, Congress did not completely eliminate district court jurisdiction over the naturalization application process. District courts may still administer the citizenship oath of allegiance. *See* INA § 310(b)(1); 8 U.S.C. § 1421(b)(1). District courts also have jurisdiction to review *de novo* applications for naturalization denied as a result of the administrative review procedure under INA § 336(a); 8 U.S.C. § 1447(a). *See* INA § 310(c), 8 U.S.C. § 1421(c).

Finally, under INA § 336(b), 8 U.S.C. § 1447(b), the provision at issue here, the applicant

---

[2] The transfer of the former INS's naturalization functions to the newly-created DHS included the transfer of the authority to naturalize from the Attorney General to the Secretary of DHS. *See* Homeland Security Act of 2002, Pub. L. No.107-296, § 1512(d), 116 Stat. 2135, 2310.

may apply to the appropriate district court for a hearing on the naturalization application if USCIS does not grant or deny the application by "the end of the 120-day period after the date on which the examination is conducted under such section." In such a case, the court "may either determine the matter or remand the matter, with appropriate instructions, to [USCIS] to determine the matter." INA § 336(b), 8 U.S.C. § 1447(b).

**B. Statutory Requirement to Conduct Background Investigations.**

In all petitions or applications for immigration services or benefits, USCIS conducts security checks in order to enhance national security, public safety, and to ensure the integrity of the immigration process. Before USCIS is permitted to adjudicate any Form N-400 naturalization application, a full background investigation of the applicant must be completed.

In 1997, Congress mandated that the former INS "receiv[e] confirmation from the Federal Bureau of Investigation ("FBI") that a full criminal background check has been completed, except for those excepted by regulation as of January 1, 1997," before adjudicating a naturalization application. Pub. L. No. 105-119, Title I, 111 Stat. 2448 (Nov. 26, 1997).

Consistent with this congressional mandate, the relevant statutory and regulatory provisions require the Executive Branch to thoroughly investigate the background of every applicant for citizenship in order to determine whether that applicant is eligible to be naturalized. *See* INA § 335(a), (b), 8 U.S.C. § 1446(a), (b); *see also* 8 C.F.R. § 335.1 (2004). These regulations provide that:

> Subsequent to the filing of an application for naturalization, the Service shall conduct an investigation of the applicant. The investigation shall consist, at a minimum, of a review of all pertinent records, police department checks, and a neighborhood investigation in the vicinities where the applicant has resided and has been employed, or engaged in business, for at least the five years immediately preceding the filing of the application . . . .

8 C.F.R. § 335.1 (2004). The regulations also specify that citizenship applicants are to be interviewed <u>only after</u> a full background check has been completed. *See* 8 C.F.R. § 335.2(b) (2006). While Defendants acknowledge that the interviews for each of the named Plaintiffs preceded the completion of a full background check, statute and USCIS regulations still require that the FBI criminal background check be completed before a naturalization application may be

adjudicated. *See* Pub. L. No. 105-119, 11 Stat. 2448; 8 C.F.R. § 335.2(b).

A full and complete background check is part of the inquiry into whether an applicant possesses good moral character. *See* INA § 316(a)(3), 8 U.S.C. § 1427(a)(3). The existence of a criminal background check is one of the primary means to appraise an alien's moral character. For example, an alien cannot establish good moral character if he or she was convicted of certain criminal offenses, including crimes involving moral turpitude. *See* INA § 101(f), 8 U.S.C. § 1101(f). Further, USCIS conducts several forms of security and background checks on citizenship applicants to ensure they are not a risk to national security or public safety. These background checks include a record check of the alien made against the Department of Homeland Security's ("DHS") own immigration data systems; an FBI background/fingerprint check for relevant criminal history records on the alien (e.g., arrests and convictions); and a FBI name check, which is run against databases containing information that is not necessarily revealed by the FBI's fingerprint check. *See* Ricks Decl. at ¶ 4. Often, these law enforcement checks reveal significant derogatory information pertaining to applicants for immigration benefits, including applicants seeking naturalization, which result in the alien being found ineligible for naturalization and other benefits. *Id.* After receiving the results of such security checks, USCIS must still evaluate those results to determine whether each Plaintiff has established the good moral character requirement of naturalization, that he or she is not statutorily barred from naturalization, and that he or she has not committed or been convicted of certain criminal offenses, including crimes involving moral turpitude, which would also bar naturalization. *See* Ricks Decl. at ¶ 9.

**C. Application Status of the Plaintiffs Named in the Third Amended Complaint**

Defendants first note that the FBI name checks of each of the Plaintiffs have been completed by the FBI and received by USCIS. *See* Ricks Decl. at ¶¶ 13, 15, 17. The FBI name check is commonly the primary source of delay in the adjudication of an application or petition. Additionally, each Plaintiff is a lawful permanent resident of the United States who filed applications for naturalization with USCIS and were interviewed regarding their applications more than 120-days ago. TAC at ¶¶ 38, 40, 44, 46, 49-50. USCIS has adjudicated the naturalization application of Plaintiff Shah; and, upon remand, USCIS is prepared to adjudicate

the naturalization application of Plaintiff Vandewalle-Callinan, and should soon be prepared to adjudicate the naturalization application of Plaintiff Sayed – from whom USCIS is awaiting the resubmission of fingerprints and submission of an affidavit regarding his activities since he was interviewed in February 2005. *See* Ricks Decl. at ¶ 13.

## III. ARGUMENT

### A. The Court Should Dismiss as Moot Plaintiff Shah's Claim, Stated in Count One, for Relief Pursuant to 8 U.S.C. § 1447(b).

This Court should dismiss the First Cause of Action in Plaintiffs' Third Amended Complaint with regard to Plaintiff Shah, because this Court lacks subject matter jurisdiction over Plaintiff Shah's claims. *See* Fed. R. Civ. P. 12(b)(1). Plaintiffs have the burden of establishing the jurisdiction of this Court. *See Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (noting that a federal court is presumed to lack subject matter jurisdiction until the contrary affirmatively appears). Even where a plaintiff's pleadings are technically sufficient to establish some basis of jurisdiction, a Rule 12(b)(1) motion may also allege that there is an actual lack of jurisdiction. *See, e.g.*, *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979); *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).

In order to have standing to bring suit, a plaintiff has the burden of establishing: "(1) an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury must be fairly traceable to the challenged action of the defendant; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992); *Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26, 46 (1976) (citations omitted); *Central Delta Water Agency v. United States*, 306 F.3d 938, 947 (9th Cir. 2002). Moreover, the satisfaction of such a remedy may remove an issue from the "case or controversy" requirement of Article III of the Constitution, and result in the dismissal of the claim as moot. *See Thomas v. Anchorage Equal Rights Commission*, 220 F.3d 1124 (9th Cir. 2000); *Cooney v. Edwards*, 971 F.2d 345, 346 (9th Cir. 1992).

Here, USCIS has adjudicated Plaintiff Shah's naturalization application, thus satisfying the

remedy that he sought, and removing the issue from the case or controversy requirement of Article III of the Constitution. *See* Ricks Decl. at ¶ 15. Plaintiff Shah's claim pursuant to 8 U.S.C. § 1447(b) is moot because this Court cannot grant him relief that he has already received – the adjudication of his naturalization application. Additionally, because USCIS adjudicated Plaintiff Shah's application before Plaintiffs' Third Amended Complaint was filed, USCIS's actions have not impinged on the Ninth Circuit Court of Appeals' holding that district courts have exclusive jurisdiction over naturalization applications following the filing of a complaint under 8 U.S.C. § 1447(b). *See United States v. Hovsepian*, 359 F.3d 1144 (9th Cir. 2004); *see also* Ricks Decl. at ¶ 15. Thus, the Court should dismiss Plaintiffs' First Cause of Action with regard to Plaintiff Shah.

**B. The Court Should Remand to USCIS the Claims of Plaintiffs Sayed and Vandewalle-Callinan for Relief Pursuant to 8 U.S.C. § 1447(b), as Stated in Count One.**

Plaintiffs' First Cause of Action is filed pursuant to 8 U.S.C. § 1447(b), which provides that if USCIS has not adjudicated a naturalization application within 120 days of examining the applicant, the applicant may ask the District Court to determine the matter or "remand the matter, with appropriate instructions, to the Service to determine the matter." 8 U.S.C. § 1447(b); *see also Lecky v. Gonzales*, No. C 07-0007, 2007 WL 1813644, *1 (N.D. Cal. June 22, 2007); *Deng v. Chertoff,* No. C 06-7697, 2007 WL 1501736, *1 (N.D. Cal. May 22, 2007); *El-Daour v. Chertoff*, 417 F. Supp. 2d 679, 681-83 (W.D. Pa. 2005). The District Court may then either hold an evidentiary hearing on the naturalization application or remand to USCIS with appropriate instructions.

As of today's date, the FBI has completed the background checks of Plaintiffs Sayed and Vandewalle-Callinan, those Plaintiffs have been interviewed, and USCIS is prepared to adjudicate the naturalization application of Plaintiff Vandewalle-Callinan, and will soon been prepared to adjudicate the naturalization application of Plaintiff Sayed – from whom USCIS is awaiting the resubmission of fingerprints and submission of an affidavit regarding his activities sine he was interviewed in February 2005. *See* Ricks Decl. at ¶ 13. Accordingly, Defendants respectfully ask this Court to exercise its option under 8 U.S.C. § 1447(b) and remand the matter to USCIS in deference to the agency's expertise with respect to adjudicating the issues inherent in such

applications. Even in cases in which background checks have been completed during the course of the litigation, many district courts have still allowed USCIS to adjudicate the application on these grounds. *See, e.g., Ibrahim v. Still*, 2007 WL 841790, *3 (N.D.Cal. Mar. 30, 2007) (discussing process of adjudicating such petitions); *Khan v. Chertoff*, 2006 U.S. Dist. LEXIS 48937, at *6 (D. Az. July 14, 2006); *Khelifa v. Chertoff*, 433 F. Supp. 2d 836, 845 (E.D. Mich. 2006).

Thus, the Court should permit USCIS to complete the initial determination on the Plaintiffs' applications, and create a record on which any review of its decision (if necessary) could be based. The Supreme Court has recognized that "judicial deference to the Executive Branch is especially appropriate in the immigration context." *INS v.Aguirre-Aguirre*, 526 U.S. 415, 425 (1999). Given the complex nature of the background check investigations, any deadline for the completion of the adjudication process might well undermine the compelling governmental interests in the nation's security and moral fitness of its citizenry. *See e.g., El-Daour v. Chertoff*, 417 F. Supp 2d 679 (W.D. Pa. 2005); *Essa,* U.S. Dist. LEXIS 388803, *8. This is especially true where there is a reasonable possibility that such investigation or adjudication will reveal information relating to the Plaintiffs which undermines their claims to citizenship. *See* Ricks Decl. at ¶ 9.

In this case, that deference should take the form of a remand to USCIS with instructions to adjudicate the naturalization applications as quickly as possible upon the receipt of all previously requested information from Plaintiffs. If a Plaintiff is dissatisfied with the decision USCIS issues on that Plaintiffs' naturalization application, he or she may return to this Court, after exhaustion of his remedies administratively, for a *de novo* determination. *See* 8 U.S.C. § 1421(c). In that event, the Court will have the benefit of a full record, and a reasoned determination to focus the parties' submissions.

Thus, this Court should remand the naturalization applications of Plaintiffs Sayed and Vandewalle-Callinin to USCIS with instructions to adjudicate the naturalization applications as quickly as possible upon the receipt of all previously requested information from Plaintiffs, but without further instructions.

### C. This Court Should Strike Plaintiffs' Second and Third Causes of Action, and Related Paragraphs of the Third Amended Complaint, Pursuant to Fed. R. Civ. P. 12(f).

In addition to Plaintiffs' addition of new Plaintiffs with claims pursuant to 8 U.S.C. § 1447(b), Plaintiffs' TAC also alleges two new causes of action for the first time, without prior leave of this Court or notice to Defendants. Those claims allege unreasonable delay by Defendants Mukasey and Mueller regarding the time taken to complete the new Plaintiffs' FBI name checks under the APA, and a similar claim against Defendants Still, Scharfen, and Chertoff, requesting a Writ of Mandamus compelling completion of the new Plaintiffs' FBI name checks. TAC at ¶¶ 55-62. This Court should, pursuant to Fed. R. Civ. P. 12(f), strike these newly alleged causes of action (FAC at ¶¶ 55-62), paragraphs 7-8, and 17-18, which contain allegations and claims solely related to those causes of action, and the references to non-systematic APA and mandamus claims in paragraph 11 of the TAC.

Fed. R. Civ. P. 12(f) authorizes this Court to strike from the pleadings any "redundant, immaterial, impertinent, or scandalous matter." *See* Fed. R. Civ. P. 12(f). Here, the Second and Third Causes of Action which Plaintiffs allege in the TAC are raised for the first time, without leave of this Court, and without notice to Defendants. The inclusion of these causes of action does not comply with this Court's April 25, 2008 Order, granting Plaintiffs leave to add new Plaintiffs as intervening parties pursuant to Fed. R. Civ. P. 24. In fact, the Court specifically noted that the intervention of new Plaintiffs was specifically conditioned on the fact that the new Plaintiffs were to be "bound [by] and acquiesce to the rulings to date, subject to appeal." Order of April 25, 2008 at 6. Accordingly, it must follow that the inclusion of these claims is immaterial and impertinent to Plaintiffs' efforts to add new Plaintiffs – as specifically stated in Plaintiffs' Motion for Leave to File Third Amended Complaint to Add New Plaintiffs. *See* Plaintiffs' Motion for Leave to File Third Amended Complaint to Add New Plaintiffs at 6, 11.

Additionally, Defendants note that should this Court grant Defendants' Motion to Strike, Defendants Mukasey and Mueller should be dismissed from this litigation altogether. Alternatively, if this Court allows the aforementioned claims to go forward, Defendants request that the Court allow additional briefing regarding this Court's jurisdiction over those claims.

## IV. CONCLUSION

For the above stated reasons, Plaintiffs' Third Amended Complaint should be dismissed for lack for jurisdiction in part, remanded to USCIS in part, and stricken in part.

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney
JOANN M. SWANSON
Assistant United States Attorney
Chief, Civil Division
EDWARD A. OLSEN
Assistant United States Attorney

GREGORY G. KATSAS
United States Department of Justice
Acting Assistant Attorney General, Civil Division
ELIZABETH J. STEVENS
Assistant Director, District Court Section
Office of Immigration Litigation

Dated: May 30, 2008 By: /s/ Jeffrey S. Robins
JEFFREY S. ROBINS
Trial Attorney, District Court Section
Office of Immigration Litigation

JOSEPH P. RUSSONIELLO
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
EDWARD A. OLSEN, CSBN 214150
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-6915
FAX: (415) 436-6927

GREGORY G. KATSAS
United States Department of Justice
Acting Assistant Attorney General, Civil Division
ELIZABETH J. STEVENS VSBN 47445
Assistant Director, District Court Section
Office of Immigration Litigation
JEFFREY S. ROBINS NY SBN 4355244
Trial Attorney, District Court Section

P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-1246
FAX: (202) 305-7000

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMIR SAYED, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL CHERTOFF, et al.,<br><br>Defendants. | No. C-07-3455-WHA<br><br>[PROPOSED] ORDER |

This matter came before the Court on Defendants' Motion to Dismiss in part, Remand in part, and Strike in part Plaintiffs' Third Amended Complaint. The Court has carefully considered the pleadings of record and this Court hereby:

(1) dismisses Plaintiff Shah's claims stated in the First Cause of Action pursuant to Fed. R. Civ. P. 12(b)(1) as moot;

(2) remands the naturalization applications of Plaintiffs Sayed and Vandewalle-Callinan to USCIS pursuant to 8 U.S.C. § 1447(b), with instructions that USCIS adjudicate the naturalization applications as quickly as possible upon the receipt of all previously requested information from Plaintiffs; and,

(3) strikes Plaintiffs' Second and Third Cases of Action of Plaintiffs' Third Amended Complaint, paragraphs 7-8, and 17-18 of Plaintiffs' Third Amended Complaint, which contain allegations and claims solely related to those causes of action, and the references to non-systematic APA and mandamus claims in paragraph 11 of Plaintiff's Third Amended Complaint.

IT IS SO ORDERED.

Date:

______________________________
HONORABLE WILLIAM H. ALSUP
United States District Judge

**CERTIFICATE OF SERVICE**

Case No. C-07-3455-WHA

I hereby certify that on this 30th day of May 2008, one copy of the foregoing **NOTICE OF MOTION AND MOTION TO DISMISS, REMAND, AND STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES; AND PROPOSED ORDER** was served on counsel for Plaintiffs via the district court ECF system which will send notification of such filing to the following ECF filers:

Julia Harumi Mass
jmass@aclu.org
Alan L. Schlosser
aschlosser@aclu.org
Cecillia D. Wang
cwang@aclu.org
ACLU Foundation of Northern California
Lucas Guttentag
lguttentag@aclu.org
ACLU Immigrants' Rights Project
Christopher Joren Lyons
joren@asianlawcaucus.org
Asian Law Caucus

In addition, I hereby certify that on this 30th day of May 2008, true and correct copies of the **NOTICE OF MOTION AND MOTION TO DISMISS, REMAND, AND STRIKE; AND MEMORANDUM OF POINTS AND AUTHORITIES; AND PROPOSED ORDER** were served by Federal Express next-day delivery on the following non-ECF filers:

Sin Yen Ling
Asian Law Caucus
939 Market Street, Suite 201
San Francisco, CA 94103

Todd Gallinger
Council on American-Islamic Relations (CAIR)
3000 Scott Boulevard, Suite 212
Santa Clara, CA 95054

/S/ Jeffrey S. Robins
JEFFREY S. ROBINS
Trial Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
Post Office Box 868, Ben Franklin Station
Washington, D.C. 20044