1  JOSEPH P. RUSSONIELLO
   United States Attorney
2  JOANN M. SWANSON, CSBN 88143
   Assistant United States Attorney
3  Chief, Civil Division
   EDWARD A. OLSEN, CSBN 214150
4  Assistant United States Attorney

5       450 Golden Gate Avenue, Box 36055
        San Francisco, California 94102
6       Telephone: (415) 436-6915
        FAX: (415) 436-6927
7
   GREGORY G. KATSAS
8  United States Department of Justice
   Acting Assistant Attorney General, Civil Division
9  ELIZABETH J. STEVENS VSBN 47445
   Assistant Director, District Court Section
10 Office of Immigration Litigation
   JEFFREY S. ROBINS NY SBN 4355244
11 Trial Attorney, District Court Section

12      P.O. Box 868, Ben Franklin Station
        Washington, D.C. 20044
13      Telephone: (202) 616-1246
        FAX: (202) 305-7000
14
   Attorneys for Defendants
15

16                    UNITED STATES DISTRICT COURT

17                   NORTHERN DISTRICT OF CALIFORNIA

18                      SAN FRANCISCO DIVISION

19 AMIR SAYED, et al.,                    )    No. C-07-3455-WHA
                                          )
20              Plaintiffs,               )    DEFENDANTS' ANSWER TO
                                          )    PLAINTIFFS' THIRD AMENDED
21         v.                             )    COMPLAINT
                                          )
22 MICHAEL CHERTOFF, et al.,              )
                                          )
23                                        )
                Defendants.               )
24 _____ )

25

26

27

28

Defendants' Answer To Plaintiffs' Third Amended Complaint - C-07-3455-WHA

COME NOW the Defendants, by and through the undersigned counsel, and submit this Answer to the Plaintiffs' Third Amended Complaint.

## INTRODUCTION

1.    This paragraph sets forth Plaintiffs' portrayal of the action, including their legal conclusions.  Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.  To the extent that a responsive pleading is required, Defendants admit that Plaintiffs Sayed, Shah, and Vandewalle-Callinan, have been long-time lawful permanent residents of the United States.  Defendants deny the remaining allegations in paragraph 1.

2.    Admitted.

3.    This paragraph sets forth Plaintiffs' portrayal of the action, including their legal conclusions.  Defendants object to the phrase "Defendant are engaging in rampant violations" of USCIS regulations, as misleading and an erroneous characterization of Defendants' actions, and further object to every legal conclusion set forth by Plaintiffs.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 3.

4.    This paragraph sets forth Plaintiffs' portrayal of the procedural history of this action.  To the extent that a responsive pleading is required, Defendants admit the portrayal contained in paragraph 4.

5.    This paragraph sets forth Plaintiffs' portrayal of the action, including their legal conclusions.  Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.  To the extent that a responsive pleading is required, Defendants admit that Plaintiffs Sayed, Shah, and Vandewalle-Callinan, have been long-time lawful permanent residents of the United States, have applied for naturalization, completed their naturalization interviews, and successfully passed the English and civics portions of their naturalization exams.  Defendants specifically deny that each Plaintiff continues to await adjudication of his or her application, that each Plaintiff has cleared criminal background checks, and deny the remaining allegations in paragraph 5.

6.    This paragraph sets forth Plaintiffs' portrayal of the action, including their legal conclusions.  Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.  To the extent a response is deemed necessary, Defendants admit only that 8 U.S.C. § 1447(b) provides that a district court may make a determination on an application for naturalization if no adjudication occurs within 120 days of the examination.

7.    This paragraph sets forth Plaintiffs' portrayal of the action, including their legal conclusions.  Defendants maintain that the allegations contained in this paragraph should be stricken pursuant to Defendants' Motion to Dismiss in Part, Remand in Part, and Strike in Part, filed on May 30, 2008.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 7.

8.    This paragraph sets forth Plaintiffs' portrayal of the action, including their legal conclusions.  Defendants maintain that the allegations contained in this paragraph should be stricken pursuant to Defendants' Motion to Dismiss in Part, Remand in Part, and Strike in Part, filed on May 30, 2008.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 8.

9.    This paragraph sets forth Plaintiffs' portrayal of the action, including their legal conclusions.  No response is needed, although Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.  To the extent a response is deemed necessary, Defendants deny that Plaintiffs Sayed and Vandewalle-Callinan have met all statutory requirements for naturalization.   Defendants lack sufficient information or knowledge to form a belief as to the truth of the remaining allegations in paragraph 9.

10.    This paragraph sets forth Plaintiffs' portrayal of the action, including their legal conclusions.  No response is needed, although Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.  Defendants deny the first and second sentence of paragraph 10.  Defendants lack sufficient information or knowledge to form a belief as to the truth of the remaining allegations in paragraph 10, which allegations are therefore denied.

## JURISDICTION AND VENUE

11.    This paragraph sets forth conclusions of law to which no response is required.  To the extent that a responsive pleading is required, Defendants admit only that 8 U.S.C. § 1447(b) confers jurisdiction over certain naturalization applications.

12.    This paragraph sets forth Plaintiffs' portrayal of the action, including their legal conclusions.  Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.  To the extent a response is deemed necessary, Defendants admit that venue lies within the Northern District of California.

## THE PARTIES

13.    Admitted.

14.    Defendants admit the first two sentences of paragraph 14, but deny that Plaintiff Shah's naturalization application has not be adjudicated.

15.    Admitted.

16.    Admitted

17.    Admitted.

18.    Admitted.

19.    Admitted.

20.    Admitted.

## LEGAL FRAMEWORK

21.    Admitted.

22.    Admitted.

23.    Admitted.

24.    Admitted.

25.    Admitted.

26.    This paragraph sets forth Plaintiffs' portrayal of the action, including their legal conclusions.  Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.  To the extent a response is deemed necessary, Defendants admit the first sentence of paragraph 26, and deny the second sentence of paragraph 26.

27.    This paragraph sets forth Plaintiffs' portrayal of the action, including their legal conclusions.  Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.  To the extent a response is deemed necessary, Defendants deny the first sentence of paragraph 27, and admit the second sentence of paragraph 27.

28.    This paragraph sets forth Plaintiffs' portrayal of the action, including their legal conclusions.  Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.  To the extent a response is deemed necessary, Defendants deny the first sentence of paragraph 28, and admit the second sentence of paragraph 28.

29.    Admitted.

### PRE-NATURALIZATION BACKGROUND CHECKS

30.    The allegations in paragraph 30 set forth conclusions of law to which no responsive pleading is required.  Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to 8 C.F.R. § 335.2.  Defendants admit the first two sentences of paragraph 30, and admit the final sentence of paragraph 30.  Defendants deny the third sentence of paragraph 30.

31.    The allegations in paragraph 31 set forth Plaintiffs' portrayal of the action, including their legal conclusions.  Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.  To the extent a response is deemed necessary, Defendants admit only that the Interagency Border Inspection System ("IBIS") and the FBI name check are among the name-based background checks performed upon each applicant for naturalization, and deny the remaining allegations in paragraph 31.

32.    The allegations in paragraph 32 set forth Plaintiffs' portrayal of the action, including their legal conclusions.  Defendants object to the characterizations of their actions.  To the extent a response is deemed necessary, Defendants admit the allegations in Paragraph 32.

33.    The allegations in paragraph 33 set forth Plaintiffs' portrayal of the action, including their legal conclusions.  Defendants object to the characterizations of their actions and to every legal

1  conclusion set forth by Plaintiffs.  To the extent a response is deemed necessary, Defendants deny

2  the allegations in paragraph 33.

3  34.    The allegations in paragraph 34 set forth Plaintiffs' portrayal of the action, including their

4  legal conclusions.  Defendants object to the characterizations of their actions and to every legal

5  conclusion set forth by Plaintiffs.  To the extent a response is deemed necessary, Defendants deny

6  the allegations in paragraph 34.

7  35.    The allegations in paragraph 35 set forth Plaintiffs' portrayal of the action, including their

8  legal conclusions.  Defendants object to the characterizations of their actions and to every legal

9  conclusion set forth by Plaintiffs.  To the extent a response is deemed necessary, Defendants are

10  admit the allegations in the first sentence of paragraph 35.  Defendants are without knowledge

11  sufficient to admit or deny the allegations in the second  sentence of paragraph 35, which

12  allegations are therefore denied.  Defendants deny the remaining allegations in paragraph 35.

13  36.    The allegations in paragraph 36 set forth Plaintiffs' portrayal of the action, including their

14  legal conclusions.  Defendants object to the characterizations of their actions and to every legal

15  conclusion set forth by Plaintiffs.  To the extent a response is deemed necessary, Defendants deny

16  the allegations in the first two sentences of paragraph 36.  Defendants admit that the CIS

17  Ombudsman's Report contains the quotations in the remainder of paragraph 36.

18  37.    The allegations in paragraph 37 set forth Plaintiffs' portrayal of the action, including their

19  legal conclusions.  Defendants object to the characterizations of their actions and to every legal

20  conclusion set forth by Plaintiffs.  To the extent a response is deemed necessary, Defendants are

21  without knowledge sufficient to admit or deny the allegations in the first sentence of paragraph 37,

22  which allegations are therefore denied.  Defendants admit that the CIS Ombudsman's Report

23  contains the quotations in the remainder of paragraph 37.

24                                          **FACTS**

25  **Plaintiffs**

26  38.    Admitted.

27  39.    Defendants are without knowledge sufficient to admit or deny the allegations in this

28  paragraph, which allegations are therefore denied.

Defendants' Answer To Plaintiffs' Third Amended Complaint - C-07-3455-WHA

5

40.    The allegations in paragraph 40 set forth Plaintiffs' portrayal of the action, including their legal conclusions. Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs. To the extent a response is deemed necessary, Defendants admit that Plaintiff Sayed applied for citizenship in June 2004 and completed his naturalization interview on or about February 7, 2005. Defendants are without knowledge sufficient to admit or deny the remaining allegations in paragraph 40, which allegations are therefore denied.

41.    Denied.

42.    The allegations in paragraph 42 set forth Plaintiffs' portrayal of the action, including their legal conclusions. Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs. To the extent a response is deemed necessary, Defendants admit that USCIS had not yet adjudicated Plaintiff Sayed's naturalization application. Defendants are without knowledge sufficient to admit or deny the remaining allegations in paragraph 42, which allegations are therefore denied.

43.    The allegations in paragraph 43 set forth Plaintiffs' portrayal of the action, including their legal conclusions. Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs. To the extent a response is deemed necessary, Defendants are without knowledge sufficient to admit or deny the remaining allegations in paragraph 43, which allegations are therefore denied.

44.    Defendants admit the allegations contained in the first sentence of paragraph 44. Defendants further admit that Plaintiff Shah came to the United States in or about June 1995 as an H1-B visa holder, and that he become a lawful permanent resident in or about March 1999 through the sponsorship of another employer. Defendants are without knowledge sufficient to admit or deny the remaining allegations in paragraph 44, which allegations are therefore denied.

45.    Defendants are without knowledge sufficient to admit or deny the allegations in this paragraph, which allegations are therefore denied.

46.    The allegations in paragraph 40 set forth Plaintiffs' portrayal of the action, including their legal conclusions. Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs. To the extent a response is deemed necessary, Defendants admit

that USCIS received Mr. Shah's application for citizenship in February 2004, not January 2004; that he was interviewed regarding his application in May 2005; and, as of the approval of his naturalization application on May 15, 2008, that he met the statutory requirements for naturalization.  Defendants are without knowledge sufficient to admit or deny the remaining allegations in this paragraph, which allegations are therefore denied.

47.    Defendants are without knowledge sufficient to admit or deny the allegations in this paragraph, which allegations are therefore denied.

48.    Defendants are without knowledge sufficient to admit or deny the allegations in this paragraph, which allegations are therefore denied.

49.    Defendants admit that the first four sentences of paragraph 49.  Defendants also acknowledge that Ms. Vandewalle-Callinan produced to USCIS a copy of a Judgment and Notice of Entry of Judgment that reflected the termination of her marriage as of May 3, 2000.  Defendants are without knowledge sufficient to admit or deny the remaining allegations in this paragraph, which allegations are therefore denied.

50.    The allegations in paragraph 50 set forth Plaintiffs' portrayal of the action, including their legal conclusions.  Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.  To the extent a response is deemed necessary, Defendants admit that Plaintiff Vandewalle-Callinan applied for citizenship in January 2004 and completed her naturalization interview on August 12, 2004.  Defendants are without knowledge sufficient to admit or deny the remaining allegations in paragraph 50, which allegations are therefore denied.

51.    Defendants are without knowledge sufficient to admit or deny the allegations in this paragraph, which allegations are therefore denied.

## CAUSES OF ACTION

## Count One

52.    Defendants reassert their preceding responses to Plaintiffs' allegations in paragraphs 1 through 51 as though fully set forth herein.

53.    Denied.  Defendants object to the characterizations of Defendants' actions and to every legal conclusion set forth by Plaintiffs.

54.    Defendants object to every legal conclusion set forth by Plaintiffs, and deny that each named Plaintiff has met all statutory requirements for naturalization.

**Count Two**

55.    Defendants reassert their preceding responses to Plaintiffs' allegations in paragraphs 1 through 54 as though fully set forth herein.

56.    Defendants maintain that the allegations contained in this paragraph should be stricken pursuant to Defendants' Motion to Dismiss in Part, Remand in Part, and Strike in Part, filed on May 30, 2008.  To the extent a response is deemed necessary, object to the characterizations of Defendants' actions and to every legal conclusion set forth by Plaintiffs, and Defendants deny the allegations in paragraph 56.

57.    Defendants maintain that the allegations contained in this paragraph should be stricken pursuant to Defendants' Motion to Dismiss in Part, Remand in Part, and Strike in Part, filed on May 30, 2008.  To the extent a response is deemed necessary, object to the characterizations of Defendants' actions and to every legal conclusion set forth by Plaintiffs, and Defendants deny the allegations in paragraph 57.

58.    Defendants maintain that the allegations contained in this paragraph should be stricken pursuant to Defendants' Motion to Dismiss in Part, Remand in Part, and Strike in Part, filed on May 30, 2008.  To the extent a response is deemed necessary, object to the characterizations of Defendants' actions and to every legal conclusion set forth by Plaintiffs, and Defendants deny the allegations in paragraph 58.

**Count Three**

59.    Defendants reassert their preceding responses to Plaintiffs' allegations in paragraphs 1 through 58 as though fully set forth herein.

60.    Defendants maintain that the allegations contained in this paragraph should be stricken pursuant to Defendants' Motion to Dismiss in Part, Remand in Part, and Strike in Part, filed on May 30, 2008.  To the extent a response is deemed necessary, object to the characterizations of Defendants' actions and to every legal conclusion set forth by Plaintiffs, and Defendants deny the allegations in paragraph 60.

61.    Defendants maintain that the allegations contained in this paragraph should be stricken pursuant to Defendants' Motion to Dismiss in Part, Remand in Part, and Strike in Part, filed on May 30, 2008.  To the extent a response is deemed necessary, object to the characterizations of Defendants' actions and to every legal conclusion set forth by Plaintiffs, and Defendants deny the allegations in paragraph 61.

62.    Defendants maintain that the allegations contained in this paragraph should be stricken pursuant to Defendants' Motion to Dismiss in Part, Remand in Part, and Strike in Part, filed on May 30, 2008.  To the extent a response is deemed necessary, object to the characterizations of Defendants' actions and to every legal conclusion set forth by Plaintiffs, and Defendants deny the allegations in paragraph 62.

## PRAYER FOR RELIEF

The remainder of the complaint constitutes Plaintiffs' request for relief to which no responsive pleading is necessary.  To the extent that a responsive pleading is required, Defendants deny the prayer for relief.  Defendants deny that Plaintiffs are entitled to the relief sought in the complaint or to any relief whatsoever.

*    *    *    *    *

In addition, Defendants assert the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

The Third Amended Complaint fails to state claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Third Amended Complaint should be dismissed on the ground of mootness.

## THIRD AFFIRMATIVE DEFENSE

The Third Amended Complaint is so general as to be insufficient to give Defendants fair notice of whether Plaintiffs have standing to assert their claims.

## FOURTH AFFIRMATIVE DEFENSE

The Third Amended Complaint should be summarily dismissed, as the named Plaintiffs have failed to demonstrate that they meet all the statutory requirements for naturalization.

1

**FIFTH AFFIRMATIVE DEFENSE**

2      The Third Amended Complaint is so general as to be insufficient to give Defendants fair

3 notice of the bases upon which Plaintiffs bring their claims.

4

**SIXTH AFFIRMATIVE DEFENSE**

5      This Court lacks jurisdiction over Plaintiffs' Second Cause of Action under the

6 Administrative Procedure Act.

7

**SEVENTH AFFIRMATIVE DEFENSE**

8      This Court lacks jurisdiction over Plaintiffs' Third Cause of Action under the Writ of

9 Mandamus.

10

**EIGHTH AFFIRMATIVE DEFENSE**

11      Relief should be denied to Plaintiffs as an exercise of judicial discretion to withhold relief.

12 The Court should not, even if empowered to do so, engage in the business of reordering agency

13 priorities, or jeopardize national security or the public safety by ordering Defendants to provide

14 documentation to Plaintiffs and alleged class members before the satisfactory completion of all

15 requisite background and security checks.

16                     *   *   *   *   *

17      WHEREFORE Defendants ask that this action be dismissed with prejudice, that judgment

18 be entered for Defendants, that the request of an award of costs and expenses of the suit be denied

19 to Plaintiffs, and that the Court grant such other and further relief to Defendants as it deems

20 proper.

21                        Respectfully submitted,

22

23 JOSEPH P. RUSSONIELLO         GREGORY G. KATSAS
United States Attorney             United States Department of Justice
JOANN M. SWANSON           Acting Assistant Attorney General, Civil Division

24 Assistant United States Attorney     ELIZABETH J. STEVENS
Chief, Civil Division               Assistant Director, District Court Section

25 EDWARD A. OLSEN             Office of Immigration Litigation
Assistant United States Attorney

26

27 Dated: May 30, 2008      By:   /s/  Jeffrey S. Robins
                            JEFFREY S. ROBINS
Trial Attorney, District Court Section

28                           Office of Immigration Litigation

Defendants' Answer To Plaintiffs' Third Amended Complaint - C-07-3455-WHA

**CERTIFICATE OF SERVICE**

Case No. C-07-3455-WHA

I hereby certify that on this 30th day of May 2008, one copy of the foregoing

**DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT** was served

on counsel for Plaintiffs via the district court ECF system which will send notification of such

filing to the following ECF filers:


Julia Harumi Mass
jmass@aclu.org
Alan L. Schlosser
aschlosser@aclu.org
Cecillia D. Wang
cwang@aclu.org
ACLU Foundation of Northern California
Lucas Guttentag
lguttentag@aclu.org
ACLU Immigrants' Rights Project
Christopher Joren Lyons
joren@asianlawcaucus.org
Asian Law Caucus

In addition, I hereby certify that on this 30th day of May 2008, true and correct copies of

**DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT** were

served by Federal Express next-day delivery on the following non-ECF filers:

Sin Yen Ling                            Todd Gallinger
Asian Law Caucus                        Council on American-Islamic Relations (CAIR)
939 Market Street, Suite 201            3000 Scott Boulevard, Suite 212
San Francisco, CA 94103                 Santa Clara, CA 95054

                                        _____/S/_____
                                        JEFFREY S. ROBINS
                                        Trial Attorney
                                        Office of Immigration Litigation
                                        Civil Division
                                        U.S. Department of Justice
                                        Post Office Box 878, Ben Franklin Station
                                        Washington, D.C. 20044

Defendants' Answer To Plaintiffs' Third Amended Complaint - C-07-3455-WHA