1  CECILLIA D. WANG (CSB #187782)
   LUCAS GUTTENTAG (CSB #90208)
2  AMERICAN CIVIL LIBERTIES UNION
      FOUNDATION
3  IMMIGRANTS' RIGHTS PROJECT
   39 Drumm Street
4  San Francisco, CA 94111
   Telephone: (415) 343-0775
5  Facsimile: (415) 395-0950
   Email: CWang@aclu.org
6
   Attorneys for Plaintiffs-Petitioners
7  *Additional counsel listed on following page

8

9                UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11                    SAN FRANCISCO DIVISION

12

13 AMIR SAYED, BIREN SHAH and MIEKE
   VANDEWALLE-CALLINAN,

14              Plaintiffs-Petitioners,
                                              Case No.  07-CV-3455-WHA
15       v.

16 MICHAEL CHERTOFF, U.S. Secretary of         **MEMORANDUM OF POINTS AND**
   Homeland Security; ROBERT S. MUELLER        **AUTHORITIES IN OPPOSITION TO**
17 III, Director of the Federal Bureau of      **DEFENDANTS' MOTION TO DISMISS**
   Investigation; MICHAEL MUKASEY,             **IN PART, TO REMAND IN PART, AND**
18 Attorney General of the United States;      **TO STRIKE IN PART**
   JONATHAN SCHARFEN, Acting Director,
19 U.S. Department of Homeland Security,       Judge:     Hon. William H. Alsup
   Bureau of Citizenship and Immigration       Date:      July 17, 2008
20 Services; DAVID STILL, District Director,   Time:      8:00 a.m.
   U.S. Department of Homeland Security,       Courtroom: 9, 19th Floor
21 Bureau of Citizenship and Immigration
   Services, San Francisco District,
22
                Defendants-Respondents.
23

24

25

26

27

28
                                      1
MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO
         DISMISS IN PART, TO REMAND IN PART, AND TO STRIKE IN PART
                           No. 07-CV-3455-WHA

1

2  Additional counsel:

3  JULIA HARUMI MASS (CSB #189649)
   ALAN L. SCHLOSSER (CSB #49957)
4  AMERICAN CIVIL LIBERTIES UNION
       FOUNDATION OF NORTHERN CALIFORNIA
5  39 Drumm Street
   San Francisco, CA 94111
6  Telephone: (415) 621-2493
   Facsimile: (415) 255-8437
7
   SIN YEN LING*
8  JOREN LYONS (CSB #203403)
   ASIAN LAW CAUCUS
9  939 Market Street, Suite 201
   San Francisco, CA 94103
10 Telephone:  (415) 896-1701
   Facsimile:  (415) 896-1702
11
   *Application for admission pro hac vice forthcoming
12

13 Of counsel:

14 TODD GALLINGER (CSB #238666)
   COUNCIL ON AMERICAN-ISLAMIC RELATIONS
15    (CAIR) – SAN FRANCISCO BAY AREA
   3000 Scott Boulevard, Suite 212
16 Santa Clara, CA 95054
   Telephone:  (408) 986-9874
17 Facsimile:  (408) 986-9875

18

19

20

21

22

23

24

25

26

27

28

2

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO
DISMISS IN PART, TO REMAND IN PART, AND TO STRIKE IN PART
No. 07-CV-3455-WHA

**INTRODUCTION**

On May 15, 2008, after obtaining leave from the Court, Plaintiffs filed a Third Amended Complaint, adding three new plaintiffs to this action – Amir Sayed, Biren Shah and Mieke Vandewalle-Callinan. Plaintiffs previously had moved for leave to add new plaintiffs on March 13, 2008, because Defendants had expedited all previous named Plaintiffs' naturalization applications in response to this litigation, and Plaintiffs therefore were concerned that Defendants would move for dismissal of all claims and appeals on mootness grounds. *See* Mot. for Leave to File Third Amended Compl. at 7-10. In their Motion to Dismiss in Part, Remand in Part, and Strike in Part Plaintiffs' Third Amended Complaint ("Mot. to Dismiss"), Defendants assert that they have already approved the naturalization application of plaintiff Biren Shah and that they will soon be prepared to adjudicate the naturalization applications of plaintiffs Amir Sayed and Mieke Vandewalle-Callinan. On that basis, they move for dismissal of Mr. Shah's claims and for remand of the claims of Mr. Sayed and Ms. Vandewalle-Callinan. In addition, Defendants move to strike Plaintiffs' claims under the Administrative Procedure Act ("APA") and 28 U.S.C. § 1361 (mandamus jurisdiction) for injunctive relief against the Federal Bureau of Investigation ("FBI").

As an initial matter, Plaintiffs refute Defendants' assertion that they have adjudicated Mr. Shah's application and have taken steps toward adjudication of the applications of Mr. Sayed and Ms. Vandewalle-Callinan "in the regular course of business." Mot. to Dismiss at 2. As set forth below, the sequence of events in this action demonstrates clearly that in fact, as they repeatedly have done with respect to other plaintiffs in this case, Defendants have expedited the naturalization applications of the three new plaintiffs not "in the regular course of business," but rather in response to litigation.

Plaintiffs further respond to Defendants' various motions as follows: First, Plaintiffs oppose Defendants' motion to dismiss Mr. Shah's claims under Federal Rule of Civil Procedure 12(b)(1), but request that the Court enter an order of voluntary dismissal of Mr. Shah's claims under Federal Rule of Civil Procedure 41(a)(2). Second, Plaintiffs oppose Defendants' motion

3

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS IN PART, TO REMAND IN PART, AND TO STRIKE IN PART
No. 07-CV-3455-WHA

to remand the claims of plaintiffs Sayed and Vandewalle-Callinan without any instructions. Defendants have refused to enter into a stipulation as the parties previously have in this litigation in order to permit the naturalization of Mr. Sayed and Ms. Vandewalle-Callinan to go forward. The Court should deny Defendants' motion for remand, consistent with the Court's previous order denying a similar defense motion. The Court instead should retain jurisdiction and grant the plaintiffs' naturalization applications under 8 U.S.C. § 1447(b) in due course or, in the alternative, the Court should remand the claims of Mr. Sayed and Ms. Vandewalle-Callinan to CIS with specific instructions to grant the applications immediately. Third, Plaintiffs oppose the Defendants' motion to strike the Plaintiffs' claims for an injunction requiring the FBI to complete their FBI name checks. Those claims were properly included in the Third Amended Complaint and were within the scope of the Court's order granting leave to file. However, in light of the government's representation that the FBI name checks have been completed, Plaintiffs do not oppose dismissal without prejudice of their individual claims against the FBI (Counts Two and Three of the Third Amended Complaint) as those claims are now moot.

## PROCEDURAL BACKGROUND

This action was filed on July 2, 2007, on behalf of four named plaintiffs seeking relief from systemic delays in the naturalization process. The original complaint in this action set forth causes of action for the naturalization of the individual plaintiffs under 8 U.S.C. § 1447(b), and also sought systemic injunctive relief on behalf of a proposed class of similarly situated persons residing in this District who also have suffered prolonged delays in the processing of their naturalization applications. Compl. for Declaratory and Injunctive Relief and Petition for Naturalization Pursuant to 8 U.S.C. § 1447(b) (July 2, 2007) (Dkt. #1).

On October 15, 2007, the Court granted the Defendants' motion to dismiss Plaintiffs' claims for systemic relief under the APA and the Due Process Clause, by which Plaintiffs sought an injunction imposing reasonable deadlines for the adjudication of all naturalization applications in this District. Order Granting in Part and Denying in Part Motion to Dismiss (Oct. 15, 2007) (Dkt. #38). However, the Court denied the Defendants' motion to remand the named

1  Plaintiffs' individual claims naturalization pursuant to 8 U.S.C. § 1447(b).  *Id.*  By order dated
2  April 25, 2008, the Court denied the Plaintiffs' motion for class certification and granted
3  Plaintiffs' motion for entry of an appealable partial judgment as to the order dismissing the
4  systemic claims under the APA and Due Process Clause.  Order: (1) Granting Plaintiffs' Motion
5  for Leave to File Third Amended Complaint; (2) Denying Plaintiffs' Motion for Class
6  Certification; (3) Granting Plaintiffs' Motion for Rule 54(b) Judgment (Apr. 25, 2008) (Dkt.
7  #76).  The Court also granted Plaintiffs' motion for leave to file a Third Amended Complaint for
8  the purpose of adding new plaintiffs with live individual claims based on delayed naturalization.
9  Plaintiffs had moved for leave to add new plaintiffs to the action, after Defendants repeatedly
10 mooted out the individual claims of previous plaintiffs, in order to preserve appellate review of
11 Plaintiffs' systemic claims under the APA and Due Process Clause for injunctive and declaratory
12 relief that would benefit others in this District who are similarly situated.  *See* Notice of Motion
13 and Motion for Leave to File Third Amended Complaint; Memorandum of Points and
14 Authorities (Mar. 13, 2008) at 7-10 (Dkt. #66) and pleadings cited therein.  Those systemic
15 claims are now the subject of an appeal from the Court's partial judgment.  *See* Notice of Appeal
16 and Representation Statement (June 13, 2008) (Dkt. #82).

17       In their pending Motion to Dismiss in Part, Remand in Part, and Strike in Part Plaintiffs'
18 Third Amended Complaint, Defendants deny that their latest actions in approving plaintiff Biren
19 Shah's naturalization application and in taking steps to adjudicate the applications of plaintiffs
20 Amir Sayed and Mieke Vandewalle-Callinan were taken in response to litigation.  Rather,
21 Defendants claim, their sudden readiness to adjudicate Plaintiffs' naturalization applications after
22 failing to reach a decision for *over four years* was simply part of "the regular course of
23 business."  Mot. to Dismiss at 2.  The record demonstrates otherwise:

- On March 13, 2008, Plaintiffs filed a Motion for Leave to File Third Amended Complaint.  Plaintiffs attached a copy of a proposed Third Amended Complaint, identifying the three proposed new plaintiffs, Amir Sayed, Biren Shah and Mieke Vandewalle-Callinan.  Dkt. #66 (Exh. A).  The motion and proposed Third

28

5
MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO
DISMISS IN PART, TO REMAND IN PART, AND TO STRIKE IN PART
No. 07-CV-3455-WHA

Amended Complaint were served on the Defendants.

- On March 14, 2008 – *i.e.*, the day after Plaintiffs served a copy of the proposed Third Amended Complaint on Defendants and identified the three proposed new plaintiffs – Defendants requested the A-numbers (CIS's alien identification numbers) for the three proposed plaintiffs "so that [Defendants] can request the status of their cases and be prepared to respond if and when your Motion to Amend is granted." Decl. of Cecillia D. Wang in Support of Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss in Part, to Remand in Part, and to Strike in Part ("Wang Decl.") ¶ 3, Exh. A (filed herewith).

- On March 17, 2008, Plaintiffs provided Defendants with the requested A-numbers for Plaintiffs Sayed, Shah and Vandewalle-Callinan. *Id.* ¶ 4, Exh. A.

- On March 20, 2008 – just three days after Plaintiffs provided Defendants with Plaintiff Vandewalle-Callinan's identifying A-number – the FBI finally completed Ms. Vandewalle-Callinan's FBI name check, which had been pending for *over four years* without any result. Decl. of Randall Ricks (attached as Exh. 1 to Mot. to Dismiss) ("Ricks Decl.") ¶ 17.

- On March 21, 2008 – just four days after Plaintiffs provided Defendants with Plaintiff Sayed's identifying A-number – the FBI finally completed Mr. Sayed's FBI name check, which had been pending for almost *four years* without any result. Ricks Decl. ¶ 13.

- Plaintiffs were granted leave to file the Third Amended Complaint and did so on May 15, 2008.

- CIS sent plaintiff Biren Shah a letter dated May 15, 2008 – the filing deadline for the Third Amended Complaint – notifying him that his naturalization application was approved as of that date. The letter was postmarked May 16, 2008. Declaration of Biren Shah in Support of Plaintiffs' Memorandum of Points and

6

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS IN PART, TO REMAND IN PART, AND TO STRIKE IN PART
No. 07-CV-3455-WHA

Authorities in Opposition to Defendants' Motion to Dismiss in Part, to Remand in Part, and to Strike in Part ¶ 2, Exh. A (filed herewith).  Upon information and belief, this form of notification is highly unusual, if not singular; ordinarily, CIS sends a Notice of Naturalization Oath Ceremony as the sole notification of approval of a naturalization application.  Wang Decl. ¶¶ 6-7.  CIS's unusual step of hurriedly approving and notifying Plaintiff Shah of that approval on the very day that he joined this litigation – after Mr. Shah's identifying information was previously provided to Defendants – demonstrates that Defendants took action on Mr. Shah's application in response to litigation, and not "in the regular course of business," as Defendants claim.

The foregoing sequence of events refutes Defendants' claim that they have suddenly adjudicated – after more than four years of inaction – the Plaintiffs' naturalization applications "in the regular course of business" and in carrying out their recently announced "March 2008 National Name Check Program Business Plan."

**ARGUMENT**

**I.     THE COURT SHOULD NOT DISMISS PLAINTIFF SHAH'S CLAIMS AS MOOT; PLAINTIFF SHAH REQUESTS VOLUNTARY DISMISSAL OF HIS CLAIM PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2)**

Defendants move for dismissal of Plaintiff Biren Shah's claims pursuant to Federal Rule of Civil Procedure 12(b)(1) based on the allegation that CIS approved his naturalization application before the filing of the Third Amended Complaint and that therefore his claims are moot.  Mot. to Dismiss at 7-8.  The Court should deny Defendants' motion to dismiss under Rule 12(b)(1) because the record demonstrates that CIS did not adjudicate Mr. Shah's naturalization application prior to the filing of the Third Amended Complaint.  Rather, as set forth above, the record indicates that (1) CIS took steps to expedite Mr. Shah's naturalization only upon receiving identifying information about him in the course of this litigation; (2) CIS sent Mr. Shah a letter dated May 15, 2008, the same day that the Third Amended Complaint was filed, and postmarked May 16, 2008, notifying him that his application was approved as of that date; and (3) CIS did

1  not send Mr. Shah a Notice of Naturalization Oath Ceremony, which is the usual notification of
2  approval, until after Defendants filed the pending motion to dismiss.  Thus, Defendants have
3  failed to demonstrate that they approved Mr. Shah's application prior to the filing of the Third
4  Amended Complaint.  When Mr. Shah joined this litigation and filed his claim under 8 U.S.C. §
5  1447(b), CIS lost all authority to take any action as to his naturalization application.  *United*
6  *States v. Hovsepian*, 359 F.3d 1144, 1151 (9th Cir. 2004) (en banc).  And in any event, Mr.
7  Shah's claims are not moot because he has not been naturalized to date.  By notice dated June 18,
8  2008, well after the filing of the Third Amended Complaint, CIS scheduled Mr. Shah's oath
9  ceremony for July 24, 2008.  Decl. of Biren Shah, Exh. B (filed herewith).
10         While Plaintiffs disagree with Defendants' assertion that Mr. Shah's claims are moot in
11 light of the *Hovsepian* decision, Plaintiffs do not oppose dismissal of his claims.  The Court
12 should order dismissal under Federal Rule of Civil Procedure 41(a)(2), which provides that "an
13 action may be dismissed at the plaintiff's request only by court order, on terms that the court
14 considers proper."  Such dismissal is necessary in order for Mr. Shah to take the oath of
15 citizenship on July 24, 2008, as CIS cannot administer the oath of citizenship to him while his
16 Section 1447(b) claim is pending before the Court.  *Hovsepian*, 359 F.3d at 1151 (district court
17 has exclusive jurisdiction over naturalization application during pendency of action under 8
18 U.S.C. § 1447(b)).

19 **II.   THE COURT SHOULD DENY DEFENDANTS' MOTION TO REMAND THE
20        NATURALIZATION CLAIMS OF PLAINTIFFS AMIR SAYED AND MIEKE
       VANDEWALLE-CALLINAN**

21         Defendants move for remand of the Section 1447(b) claims of Plaintiffs Sayed and
22 Vandewalle-Callinan "with instructions to adjudicate the naturalization applications as quickly as
23 possible upon the receipt of all previously requested information from Plaintiffs, but without
24 further instructions."  Mot. to Dismiss at 2.  The Court should deny Defendants' remand motion
25 as Defendants have provided no reason why a remand without instructions is proper.  Indeed,
26 based on Defendants' representations, all necessary steps for approval of Mr. Sayed's and Ms.
27 Vandewalle-Callinan's naturalization applications have now been completed.  *See* Ricks Decl. ¶¶
28

1  13 (declaring that CIS will be prepared to adjudicate the application of Amir Sayed upon
2  submission of requested information and fingerprints and completion of "required security
3  checks"), 17 (declaring that CIS is prepared to adjudicate the application of Mieke Vandewalle-
4  Callinan); Wang Decl. ¶¶ 8-9 (declaring that requested information re Amir Sayed was
5  transmitted to CIS on June 10, 2008, and that Amir Sayed submitted fingerprints to CIS on May
6  30, 2008).  Nonetheless, CIS has refused to enter into a stipulation that would dismiss the claims
7  of Plaintiffs Sayed and Vandewalle-Callinan based on assurances that they will be naturalized
8  within 30 days, as the parties have previously stipulated with regard to other plaintiffs in this
9  action.  Decl. of Julia Harumi Mass ¶¶ 5, 7 (setting forth unsuccessful efforts to reach stipulated
10 dismissal); Wang Decl. ¶ 10 (same).

11      Although CIS is immediately prepared to adjudicate the naturalization applications of
12 Plaintiffs Sayed and Vandewalle-Callinan, Defendants request that the Court remand those
13 Plaintiffs' claims for naturalization under 8 U.S.C. § 1447(b) with no effective instructions or
14 deadlines whatsoever.  Defendants previously made this same motion with respect to other
15 plaintiffs in this case, and Plaintiffs have already set forth the reasons why 8 U.S.C. § 1447(b)
16 does not permit the Court to remand without any instructions.  *See* Memorandum of Points and
17 Authorities in Opposition to Defendants' Motion to Dismiss (Sept. 20, 2007) at 9-10 (Dkt. #30).[1]
18 The Court should again reject Defendants' remand motion, which is inconsistent with this
19 Court's prior ruling denying Defendants' previous motion for a remand of the original plaintiffs'
20 claims without instructions.  *See* Order Granting in Part and Denying in Part Motion to Dismiss
21 (Oct. 15, 2007) at 9 (Dkt. #38).  The government's suggestion of a remand without any
22 instructions or deadlines is contrary to Congress's intent as plainly expressed in 8 U.S.C. §
23 1447(b). Section 1447(b) provides that a district court "may either determine the matter or
24 remand the matter, *with appropriate instructions*, to the Service to determine the matter."  8
25 U.S.C. § 1447(b) (emphasis added).  Thus, as the Ninth Circuit has pointed out, "Congress

---

[1] Rather than repeat those arguments, Plaintiffs refer to the arguments in their previous pleading and incorporate them herein.

empowered the district court to remand the matter to the INS with *the court's* instructions." *Hovsepian*, 359 F.3d at 1160 (emphasis in original). A remand without any instructions, as the Defendants urge upon this Court, is not permitted under 8 U.S.C. § 1447(b). In light of CIS's position that it is ready to adjudicate, but will not agree to grant, the applications of Plaintiffs Sayed and Vanderwalle-Callinan, those Plaintiffs prefer that the Court retain *de novo* review of their petitions rather than release its authority to CIS. In the alternative, the Court should remand the claims of Mr. Sayed and Ms. Vandewalle-Callinan to CIS with express instructions to grant naturalization immediately.

### III. THE COURT SHOULD DENY DEFENDANTS' MOTION TO STRIKE COUNTS TWO AND THREE; PLAINTIFFS DO NOT OPPOSE DISMISSING COUNTS TWO AND THREE AS MOOT.

As explained in the Third Amended Complaint, Plaintiffs included Counts Two and Three to provide a legal mechanism through which the Court could order the FBI to complete Plaintiffs' name checks in the event the Court agreed with Defendants' position that the FBI name checks were necessary prerequisites to adjudication of Plaintiffs' naturalization applications.[2] Third Amended Complaint ("TAC") ¶ 7. Counts Two and Three were not pled to circumvent previous rulings in this case, as suggested by Defendants. The Court's October 15, 2007 order granted Defendants' motion to dismiss Plaintiffs' systemic claims for relief under the APA and Due Process Clause. Those claims were brought on behalf of a proposed class of all persons in this District suffering from naturalization delays and sought injunctive and declaratory relief in the form of, *inter alia*, reasonable deadlines for adjudication of all naturalization applications submitted by residents of this District *and* reasonable deadlines for the completion of FBI name checks conducted in connection with naturalization applications. Thus, previous complaints in this case included both a Section 1447(b) claim against CIS and

---

[2] Defendants assert in the pending Motion to Dismiss that the FBI name check is required for naturalization pursuant to statute. Plaintiffs continue to dispute that issue of law and refer to previous briefing on the issue. *See* Memo. of P. & A. in Opp. to Defts' Mot. to Dismiss at 5-9 (Dkt. #30).

1  other claims against both CIS and FBI.  In its Order dated October 15, 2007, the Court dismissed
2  Plaintiffs' unreasonable delay claim for systemic relief under the APA.  Among other things, the
3  Court held that jurisdiction under the APA was precluded by the existence of the individual
4  statutory remedy provided by 8 U.S.C. § 1447(b).  Order Granting in Part and Denying in Part
5  Motion to Dismiss (Oct. 15, 2007) at 10-12 (Dkt. #38).
6        In filing the Third Amended Complaint, Plaintiffs were bound by the Court's October 15,
7  2007, order.  Accordingly, Plaintiffs have not sought systemic, District-wide remedies for delays
8  in the name check and naturalization process under the APA and Due Process Clause.  However,
9  in order to obtain full *individual* relief – *i.e.*, naturalization – the three new Plaintiffs had to
10 include some claims against the FBI.  Section 1447(b) does not explicitly provide a remedy
11 against the FBI.  Therefore, Plaintiffs included Counts Two and Three in case the Court deemed
12 the completion of each Plaintiff's FBI name check necessary to the resolution of the statutory
13 claim against CIS.  TAC ¶ 7.  If Plaintiffs had not included claims against the FBI seeking
14 completion of their FBI name checks, then CIS could have defended against their section
15 1447(b) claims on the ground that the FBI name check was the sole reason for the failure to
16 adjudicate the naturalization applications, and that CIS therefore was powerless to effect any
17 remedy.  Indeed, CIS has taken that very position in other cases concerning naturalization delays.
18 *See*, *e.g.*, *Hanbali v. Chertoff*, No. 07-CV-50-H, 2007 WL 2407232 at *4 (W.D. Ky. Aug. 17,
19 2007).
20       Contrary to Defendants' assertion, Counts Two and Three of the Third Amended
21 Complaint were fairly encompassed within the Court's order granting leave to file.  The Court's
22 April 25, 2008, order only described Plaintiffs' new claims as "parallel" to previous ones in this
23 litigation and provided that the new Plaintiffs would be bound by the Court's previous rulings.
24 Thus, Counts Two and Three and related allegations in the Third Amended Complaint were not,
25 at the time of filing, "redundant, immaterial, impertinent, or scandalous," and should not be
26 stricken pursuant to Federal Rule of Civil Procedure 12(f).  *See Fantasy, Inc. v. Fogerty*, 984
27 F.2d 1524, 1527 (9th Cir. 1994), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S.
28

1  534-35 (1994) ("immaterial" means the material has no bearing on the controversy;

2  "impertinent" material does not pertain to and is not relevant to the issues in question).

3       However, relying on Defendants' representation that the FBI name checks for all three

4  remaining Plaintiffs have been completed, Counts Two and Three are no longer necessary to

5  ensure that the Court will have access to the results of the FBI name check in order to adjudicate

6  Plaintiffs' applications for naturalization.[3]  Ricks Decl., ¶¶ 13, 15 and 17.  Accordingly,

7  Plaintiffs do not object to the dismissal of Counts Two and Three as moot.  Fed. R. Civ. P.

8  12(b)(1).

9  **CONCLUSION**

10       The Court should deny Defendants' Motion to Dismiss in Part, Remand in Part, and

11  Strike in Part.  The Court should dismiss Plaintiff Biren Shah's claims under Federal Rule of

12  Civil Procedure 41(a)(2).  The Court should deny Defendants' motion to remand the claims of

13  Plaintiffs Amir Sayed and Mieke Vandewalle-Callinan without instructions.  In the alternative,

14  the Court should remand Plaintiffs' claims to CIS with specific instructions to grant the

15  naturalization applications immediately.  The Court should deny Defendants' motion to strike

16  Counts Two and Three of the Third Amended Complaint, but Plaintiffs do not oppose dismissal

17  of those claims on mootness grounds under Federal Rule of Civil Procedure 12(b)(1).

---

[3] Because Plaintiffs' nonopposition to dismissal of Counts Two and Three is based on an untested declaration proffered in support of Defendants' Motion, Plaintiffs request that any dismissal be without prejudice to protect against the possibility of an error in the declaration.

12

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS IN PART, TO REMAND IN PART, AND TO STRIKE IN PART
No. 07-CV-3455-WHA

| | |
|---|---|
| Dated: June 26, 2008 | Respectfully submitted, |
| | CECILLIA D. WANG<br>LUCAS GUTTENTAG<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>IMMIGRANTS' RIGHTS PROJECT<br>39 Drumm Street<br>San Francisco, CA 94111 |
| | JULIA HARUMI MASS<br>ALAN L. SCHLOSSER<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA<br>39 Drumm Street<br>San Francisco, CA 94111 |
| | SIN YEN LING<br>JOREN LYONS<br>ASIAN LAW CAUCUS<br>939 Market Street, Suite 201<br>San Francisco, CA 94103<br>Telephone: (415) 896-1701<br>Facsimile: (415) 896-1702 |
| | TODD GALLINGER<br>Of Counsel<br>COUNCIL ON AMERICAN-ISLAMIC RELATIONS (CAIR) – SAN FRANCISCO BAY AREA<br>3000 Scott Boulevard, Suite 212<br>Santa Clara, CA 95054<br>Telephone: (408) 986-9874<br>Facsimile: (408) 986-9875 |
| | By:   _____/s/_____<br>        CECILLIA D. WANG |
| | Attorneys for Plaintiffs |

13

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS IN PART, TO REMAND IN PART, AND TO STRIKE IN PART
No. 07-CV-3455-WHA

**CERTIFICATE OF SERVICE**

I, Cecillia D. Wang, declare as follows:

I hereby certify that today I electronically filed the foregoing MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS IN PART, TO REMAND IN PART, AND TO STRIKE IN PART with the Clerk of the Court using the ECF system, which will send notification of such filing to the following email addresses:

| | |
|---|---|
| Alan Lawrence Schlosser<br>American Civil Liberties Union<br>  Foundation of Northern California | *Via ECF*<br>at *aschlosser@aclunc.org* |
| Joren Lyons<br>Asian Law Caucus | *Via ECF*<br>at *joren@asianlawcaucus.org* |
| Lucas Guttentag<br>American Civil Liberties Union<br>  Immigrants' Rights Project | *Via ECF*<br>at *lguttentag@aclu.org* |
| Julia Harumi Mass<br>American Civil Liberties Union<br>  Foundation of Northern California | *Via ECF*<br>at *jmass@aclunc.org* |
| Edward A. Olsen<br>United States Attorney's Office | *Via ECF*<br>at *edward.olsen@usdoj.gov* |
| Elizabeth J. Stevens<br>United States Department of Justice | *Via ECF*<br>at *elizabeth.stevens@usdoj.gov* |
| Jeffrey S. Robins<br>United States Department of Justice | *Via ECF*<br>at *jeffrey.robins@usdoj.gov* |

In addition, I hereby certify that today I served true and correct copies of the MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS IN PART, TO REMAND IN PART, AND TO STRIKE IN PART by U.S. Mail on the following non-ECF filers:

| | |
|---|---|
| Sin Yen Ling<br>Asian Law Caucus<br>939 Market Street, Suite 201<br>San Francisco, CA 94103 | Todd Gallinger<br>Council on American-Islamic Relations<br>3000 Scott Boulevard, Suite 212<br>Santa Clara, CA 95054 |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

1  Dated: June 26, 2008
       San Francisco, California

                                                                  _____/s/_____
                                                                  CECILLIA D. WANG