JOSEPH P. RUSSONIELLO
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
EDWARD A. OLSEN, CSBN 214150
Assistant United States Attorney
    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-6915
    FAX: (415) 436-6927

GREGORY G. KATSAS
United States Department of Justice
Assistant Attorney General, Civil Division
ELIZABETH J. STEVENS VSBN 47445
Assistant Director, District Court Section
Office of Immigration Litigation
JEFFREY S. ROBINS NY SBN 4355244
Trial Attorney, District Court Section
    P.O. Box 868, Ben Franklin Station
    Washington, D.C. 20044
    Telephone: (202) 616-1246
    FAX: (202) 305-7000

Attorneys for Defendants

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| SAYED, et al., <br><br>    Plaintiffs, <br><br>v. <br><br>MICHAEL CHERTOFF, et al., <br><br>    Defendants. | No. C-07-3455-WHA <br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS IN PART, REMAND IN PART, AND STRIKE IN PART PLAINTIFFS' THIRD AMENDED COMPLAINT.** <br><br>Date: July 17, 2008 <br>Time: 8:00 a.m. <br>Courtroom: 9, 19th Floor |

Defendants Michael Chertoff, Robert S. Mueller III, Michael Mukasey, Jonathan Scharfen, and David Still (collectively "Defendants"), by and through their undersigned counsel, hereby file their reply in support of their preceding motion to: (1) dismiss Plaintiff Shah from the First Cause of Action pursuant to Fed. R. Civ. P. 12(b)(1); (2) remand the naturalization applications of Plaintiffs Sayed and Vandewalle-Callinan to Defendant USCIS pursuant to 8 U.S.C. § 1447(b); and, (3) strike Plaintiffs' Second and Third Causes of Action pursuant to Fed. R. Civ. P. 12(f).

## I.   ISSUES

The issues before the Court, characterized based on the June 26, 2008, filing of Plaintiffs' Opposition to Defendants' Motion to Dismiss in Part, to Remand in Part, and to Strike in Part ("Opposition") are:

1. Whether the Court should dismiss Plaintiff Shah's claims as moot or order the voluntary dismissal of his claims pursuant to Fed. R. Civ. P. 41(a)(2);

2. Whether the Court should remand the naturalization applications of Plaintiffs Sayed and Vandewalle-Callinan to U.S. Citizenship and Immigration Services ("USCIS") without instructions, with instructions, or should alternatively hold *de novo* hearings on those Plaintiffs' naturalization applications; and

3. Whether the Court should strike Plaintiffs' Counts Two and Three as not in compliance with this Court's April 25, 2008 Order, or should dismiss Plaintiffs' Counts Two and Three as moot.

## II.   PROCEDURAL HISTORY

Plaintiffs' filed their Third Amended Complaint ("TAC") on May 15, 2008. In granting Plaintiffs' leave to add new Plaintiffs, the Court held that there was good cause to allow new Plaintiffs to intervene under Fed. R. Civ. P. 24 "due to the similarity between the claims and potential mootness concerns," and further held that the adding of new Plaintiffs was "not an amendment to the pleadings." April 25, 2008 Order Granting Plaintiffs' Motion for Leave to File Third Amended Complaint at 6 ("April 25, 2008 Order"). Plaintiffs' TAC added the claims of three new Plaintiffs – Amir Sayed, Biren Shah, and Mieke Vandewalle-Callinan under 8 U.S.C. § 1447(b), and also added two claims alleging delay in the FBI's failure to complete Plaintiffs' name checks under the Administrative Procedure Act ("APA") and the Mandamus Act.

On May 30, 2008, Defendants filed a Motion to Dismiss in Part, Remand in Part, and Strike in Part Plaintiffs' TAC ("Defendants' Responsive Motion"). First, Defendants moved to dismiss Plaintiff Shah's claims as moot because USCIS adjudicated his naturalization prior to the filing of Plaintiffs' TAC. Second, Defendants moved to remand the naturalization applications of Plaintiffs Sayed and Vandewalle-Callinan without instruction so that USCIS could promptly adjudicate the

applications. Finally, Defendants moved to strike the two new causes of action alleged for the first time in the TAC because Plaintiffs added those claims without prior leave of this Court or notice to Defendants.

Plaintiffs responded to Defendants' Motion by opposing the dismissal of Mr. Shah's claims as moot, but agreeing to the dismissal of his claims pursuant to Fed. R. Civ. P. 41(a)(2); by opposing Defendants' motion to remand and instead seeking *de novo* review or alternatively, express instructions to <u>grant</u> naturalization immediately; and, by opposing Defendants' motion to strike Plaintiffs' Second and Third Causes of Action, but agreeing to the dismissal of such claims as moot because of the completion of the FBI name checks. Opposition at 7-10, 12.

### III. CLARIFICATION OF FACTS

In the time that has passed since Defendants filed their motion in response to Plaintiffs' TAC, Defendants are able to update the Court regarding the status of the naturalization applications of each Plaintiff. Defendants previously reported that USCIS was prepared to adjudicate the naturalization of Plaintiff Vandewalle-Callinan. Now, Defendants are also prepared to adjudicate the naturalization application of Plaintiff Sayed because he submitted the information requested by USCIS. *See* Second Declaration of Randall Ricks ("Second Ricks Decl.") at ¶ 4 (Attached as Exhibit 1). Additionally, while Defendants previously reported the adjudication of Plaintiff Shah's naturalization application, Defendants have now scheduled Plaintiff Shah to take the oath of citizenship on July 24, 2008. *See* Declaration of Ted Quizon ("Quizon Decl.") at ¶ 5 (Attached as Exhibit 2).

Defendants also seek to clarify what appear to be some confusion as to the facts stated in Plaintiffs' Opposition. First, Plaintiffs challenge Defendants' assertion that Plaintiff Shah's naturalization application had been timely adjudicated prior to the filing of Plaintiffs' TAC. Opposition at 3, 8. Second, Plaintiffs allege that "CIS refused to enter into a stipulation that would dismiss the claims of Plaintiffs Sayed and Vandewalle-Callinan. . . ." Opposition at 9. Finally, Plaintiffs challenge the fact that the FBI name checks and subsequent adjudication of Plaintiffs' applications were handled in the ordinary course of business. Opposition at 3, 5-7.

1    With regard to the adjudication of Plaintiff Shah's naturalization application, although the
FBI completed Mr. Shah's FBI name check on March 11, 2008, USCIS did not receive the results
of that name check until May 9, 2008. *See* Exhibit 1 to Defendants' Responsive Motion,
Declaration of Randal Ricks ("First Ricks Decl.") at ¶ 15. Thus, USCIS had less than four
business days to complete the adjudication of Plaintiff Shah's naturalization application before the
Court's May 15, 2008, deadline for Plaintiffs to file intervening claims. Additionally, the attached
printout from USCIS's computer system demonstrates that USCIS approved Mr. Shah's
application prior to the filing of the TAC. *See* Exhibit 1 to Quizon Decl.[1] Furthermore, it is the
standard practice of USCIS in cases where litigation is involved to issue a letter confirming the
adjudication of a naturalization application.[2] *Id.* at ¶ 4. This practice ensures that the applicant is
notified of the approval of their application at the earliest possible moment. *Id.* To not adjudicate
such a naturalization application on the cusp of litigation, when the agency is otherwise prepared
to adjudicate, would only result in further delays while the court proceedings are pending.

    Defendants seek to clarify the next two points out of an abundance of caution, but contend
that the facts Plaintiffs have confused are irrelevant for purposes of the motions presently before
the Court. With regard to the allegation that USCIS refused to enter into a stipulation, Plaintiffs'
Opposition fails to mention information included in their own declarations. Defendants, in fact,
did not refuse to enter into a stipulation, but offered multiple revisions in an attempt to
accommodate Plaintiffs' concerns. *See* Plaintiffs' Opposition, Declaration of Julia Harumi Mass
at ¶¶ 5, 7.

    With regard to the completion of the FBI name checks for these Plaintiffs, USCIS did not
request that the name checks be expedited based on this litigation. *See* Second Ricks Decl. at ¶¶ 3,
4. Nor did the FBI. In fact, the FBI name check for Plaintiff Shah was completed by the FBI on

---

[1] The Quizon Declaration and computer printout demonstrate that Mr. Shah's naturalization application was approved at 1:09 p.m. Eastern Daylight Time / 10:09 p.m. Pacific Daylight Time; while Plaintiffs' TAC was electronically filed at 2:17 p.m. Eastern Daylight Time / 11:17 a.m. Pacific Daylight Time. *See* Quizon Decl. at ¶ 5.

[2] No letter was sent to Plaintiffs' counsel because there was no Form G-28, attorney appearance form, filed with the agency. *See* Quizon Decl. at ¶ 5.

Reply in Support of Defendants' Motion to Dismiss in Part, Remand in Part, and Strike in Part.
C-07-3455-WHA                           4

March 11, 2008, prior to Defendants having any notice of intended litigation. *See* First Ricks Decl. at ¶ 15. Plaintiffs additionally fail to mention that the Business Plan between the FBI and USCIS aimed for the FBI to complete the majority of name checks that had been pending for more than four years no later than the end of March, 2008. *See* Exhibit 2 to Defendants' Responsive Motion, USCIS-FBI Joint Business Plan, at 4. Thus, the fact that the Plaintiffs' name checks were completed in March 2008 has nothing to do with the present litigation; rather, it is because Plaintiffs' name checks were pending for more than four years and were set for completion per the goals stated in the Business Plan.

## V.     ARGUMENT

Defendants' Responsive Motion and Plaintiffs' Opposition agree to the same results with regard to the Defendants' Motion to Dismiss Plaintiff Shah's claims and Strike Plaintiffs' Second and Third Causes of Action, although Plaintiffs suggest a different method of reaching those results. Accordingly, Defendants maintain that Plaintiff Shah's claims should be dismissed for lack of jurisdiction and/or as moot, but would not oppose dismissal pursuant to Fed. R. Civ. P. 41(a)(1). Defendants also maintain that Plaintiffs' Second and Third Causes of Action should be stricken, but would not oppose the dismissal of those claims as moot.

The remaining point of contention is whether this Court should remand the naturalization applications of Plaintiffs Sayed and Vandewalle-Callinan to USCIS. Defendants maintain that remand is appropriate where the FBI name checks have been completed and USCIS has declared that it is prepared to adjudicate those Plaintiffs' naturalization applications. Additionally, because USCIS requires no additional information to act on the applications following remand, no instructions are necessary because there is no risk that the applications will remain pending years into the future.

**A.     The Court Should Dismiss Plaintiff Shah's Claims for Lack of Jurisdiction And/Or As Moot.**

Despite Plaintiffs invitation that the Court dismiss Plaintiff Shah's claims pursuant to Fed. R. Civ. P. 41(a)(2), the dismissal of Plaintiff Shah's claims for lack for jurisdiction and/or as moot are the more appropriate remedies. 8 U.S.C. § 1447(b) provides:

> If there is a failure to make a <u>determination</u> under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either <u>determine</u> the matter or remand the matter, with appropriate instructions, to [USCIS] to <u>determine</u> the matter.

8 U.S.C. § 1447(b) (emphasis added). The plain language of the statue reflects that the "determination to grant or deny an application," *see* 8 U.S.C. § 1446(d), is distinct from the statutory provisions governing the administration of the oath of citizenship, *see* 8 U.S.C. § 1448. Thus, Plaintiffs' argument that Plaintiff Shah's claims are not moot because of *United States v. Hovsepian*, 359 F.3d 1144 (9th Cir. 2004) (en banc), is incorrect. The relevant holding of *Hovsepian* is limited to finding that "Section 1447(b) allows the district court to obtain exclusive jurisdiction over those naturalization applications on which the [USCIS] fails to act within 120 days if the applicant properly invokes the court's authority." *Id.* at 1164. The "act" referenced by the Ninth Circuit, per the plain language of 8 U.S.C. § 1447(b), is the determination to grant or deny an application. Accordingly, where USCIS has determined to grant or deny a naturalization application prior to the applicant invoking the court's authority pursuant to 8 U.S.C. § 1447(b), such jurisdiction is improper.

Here, USCIS approved Plaintiff Shah's naturalization application prior to the filing of Plaintiffs' TAC. *See* Quizon Decl. at ¶ 5. While Plaintiff Shah is scheduled for, but has not yet taken the oath of citizenship, that fact is irrelevant for determining whether the Court has jurisdiction over Plaintiff Shah's naturalization application pursuant to 8 U.S.C. § 1447(b). Thus, the Court should dismiss Plaintiff Shah's claims for lack of jurisdiction and/or as moot. Alternatively, Defendants do not oppose the dismissal of Plaintiff Shah's claims pursuant to Fed. R. Civ. P. 41(a)(2).

**B.   The Court Should Remand The Naturalization Applications Of Plaintiffs Sayed And Vandewalle-Callinan To USCIS Because USCIS Is Ready To Adjudicate.**

Defendants moved to remand Plaintiff Sayed's and Plaintiff Vandewalle-Callinan's naturalization applications to USCIS because USCIS was ready to adjudicate those Plaintiffs' naturalization applications. Plaintiffs respond that remand without instructions would be improper, and that *de novo* review is preferable.

1     Plaintiffs argue that a remand without instructions would be inconsistent with this Court's prior decision to deny Defendants' motion to remand without instructions.  However, the Court previously denied Defendants' motion to remand the naturalization applications of Plaintiffs whose name checks were still pending, or from whom USCIS sought further information.  Upon reviewing those claims, the Court found that remand "with no instruction or deadline, however, runs the risk that the application could still be pending years into the future."  October 15, 2007 Order at 9.  Additionally, although the Court welcomed the stipulated dismissal of the 8 U.S.C. § 1447(b) claims of those Plaintiffs whose naturalization applications USCIS was prepared to adjudicate because of the completion of those Plaintiffs' name checks and submission of other information, the Court found that "[i]f the name check is completed, then remand to CIS to adjudicate the application may be appropriate."  *Id.*

    Plaintiffs additionally argue that if the Court decides to remand the applications to USCIS, it must do so with "express instructions to <u>grant</u> naturalization immediately."  Opposition at 10 (emphasis added).  However, the only relief provided by 8 U.S.C. § 1447(b) is for a determination on a plaintiff's naturalization application either by the Court, or by USCIS following a remand.  *See* 8 U.S.C. § 1447(b).  Plaintiffs' interpretation of the statute is also misplaced regarding whether there is a requirement that a court remand a naturalization application with specific instructions.  Rather, the plan language of the statute is permissive, and allows the court to determine what constitutes "appropriate" instructions. Thus, a court may determine that no instructions are appropriate. *See e.g.*, *Antonishin v. Keisler*, 2007 WL 2788841 at *4, No. 06-CV-2518 (N.D. Ill. Sept. 20, 2007).

    The argument that Plaintiffs make in favor of *de novo* review of their naturalization applications by the Court is similarly misguided.  Plaintiffs argue that:

> [i]n light of CIS's position that it is ready to adjudicate, but will not agree to <u>grant</u>, the applications of Plaintiffs Sayed and Vande[ ]walle-Callinan, those Plaintiffs <u>prefer</u> that the Court retain *de novo* review of their petitions rather than release its authority to CIS.

Opposition at 10 (emphasis added).  Consequently, Plaintiffs appear to claim an entitlement to the grant of their naturalization applications by USCIS, and if they cannot achieve agreement by

1  USCIS to grant their naturalization applications, then de *novo* review by this Court would be
2  preferable.
3      First, the impasse between the parties in reaching agreeable terms for a stipulated dismissal
4  should not serve as a condition on which the Court's decision to hold *de novo* hearings on
5  Plaintiffs' naturalization application should based.  Rather, as the Court previously found, remand
6  may be a more appropriate remedy where the name checks are completed and USCIS is prepared
7  to adjudicate a plaintiff's naturalization application.  October 15, 2007, Order, at 9.  The
8  alternative, which is primarily sought by Plaintiffs here, is that the court conduct *de novo*
9  determinations on each of the Plaintiffs' applications.  However, such determinations cannot be
10 made on Plaintiffs' Complaint alone and would require production of the administrative records,
11 other possible discovery, and a hearing on the merits.  Such burdens on both parties and the Court
12 are not required here where USCIS had indicated that it is prepared to adjudicate Plaintiffs'
13 naturalization applications.
14     Accordingly, where USCIS has indicated that the only thing preventing the adjudication of
15 Plaintiff Sayed's and Plaintiff Vandewalle-Callinan's naturalization applications is the
16 jurisdiction of this Court pursuant to 8 U.S.C. § 1447(b), the Court should remand Plaintiffs'
17 naturalization applications to USCIS.  No instructions are necessary where USCIS is prepared to
18 adjudicate the applications upon remand, and an instruction requiring that USCIS grant the
19 applications would be improper.

20 **C.    The Court Should Strike Counts Two And Three Of Plaintiffs' TAC**

21     Finally, despite Plaintiffs' invitation that the Court dismiss Plaintiffs' Counts Two and
22 Three of the TAC as moot, an order striking those claims is the more appropriate remedy.
23 Defendants moved to strike Counts Two and Three of Plaintiffs' TAC because the claims are
24 immaterial and impertinent.  *See* Fed. R. Civ. P. 12(f).  Defendants argue that the claims were
25 raised for the first time, without leave of this Court, and without notice to Defendants because the
26 inclusion of these claims did not comply with this Court's April 25, 2008 Order.  Plaintiffs
27 suggest that the inclusion of Counts Two and Three of the TAC were "fairly encompassed within
28 the Court's order granting leave to file."  Opposition at 11.  This argument completely ignores this

Reply in Support of Defendants' Motion to Dismiss in Part, Remand in Part, and Strike in Part.
C-07-3455-WHA                                            8

1  Court's findings that "[t]his is intervention under Rule 24, not an amendment to the pleadings,"
2  and that "there is good cause to allow these new plaintiffs to intervene due to the similarity
3  between the claims and the potential mootness concerns." April 25, 2008 Order at 6.
4      Additionally, Plaintiffs' citation to *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.
5  1994), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534-35 (1994), for the
6  purpose of defining immaterial and impertinent, supports Defendants' Motion to Strike these
7  claims. Counts Two and Three of Plaintiffs' TAC are immaterial, and have no bearing on the
8  controversy, because an action under 8 U.S.C. § 1447(b) is focused on USCIS's adjudication of
9  naturalization applications, not the FBI's completion of name checks. Additionally, each of the
10 Plaintiffs' name checks have been completed. *See* First Ricks Decl. at ¶¶ 13, 15, 17. Counts Two
11 and Three of Plaintiffs' TAC are also impertinent, and do not pertain to and are not relevant to the
12 issues in question because Plaintiffs never sought and the Court never granted, permission to raise
13 these claims – making them, by definition, irrelevant to the issues in question.
14     Thus, this Court should strike these newly alleged causes of action (TAC at ¶¶ 55-62),
15 paragraphs 7-8, and 17-18 of the TAC, which contain allegations and claims solely related to
16 those causes of action, and the references to non-systematic APA and mandamus claims in
17 paragraph 11 of the TAC. *See* Fed. R. Civ. P. 12(f). Alternatively, Defendants agree that another
18 valid basis for the dismissal of these claims is for mootness because the FBI has completed the
19 Plaintiffs' name checks. *See* First Ricks Decl. at ¶¶ 13, 15, 17.
20
21 //
22
23 //
24
25 //
26
27 //
28

## VI.   CONCLUSION

For the above stated reasons, Plaintiffs' Third Amended Complaint should be dismissed for lack for jurisdiction in part, remanded to USCIS in part, and stricken in part.

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney
JOANN M. SWANSON
Assistant United States Attorney
Chief, Civil Division
EDWARD A. OLSEN
Assistant United States Attorney

GREGORY G. KATSAS
United States Department of Justice
Assistant Attorney General, Civil Division
ELIZABETH J. STEVENS
Assistant Director, District Court Section
Office of Immigration Litigation

Dated: July 3, 2008          By:   /s/  Jeffrey S. Robins
JEFFREY S. ROBINS
Trial Attorney, District Court Section
Office of Immigration Litigation

# CERTIFICATE OF SERVICE

Case No. C-07-3455-WHA

I hereby certify that on this 3rd day of July 2008, one copy of the foregoing Reply in Support of Defendants' Motion to Dismiss in Part, Remand in Part, and Strike in Part, was served on counsel for Plaintiffs via the district court ECF system which will send notification of such filing to the following ECF filers:

Julia Harumi Mass
jmass@aclu.org
Alan L. Schlosser
aschlosser@aclu.org
Cecillia D. Wang
cwang@aclu.org
ACLU Foundation of Northern California
Lucas Guttentag
lguttentag@aclu.org
ACLU Immigrants' Rights Project
Christopher Joren Lyons
joren@asianlawcaucus.org
Asian Law Caucus
Edward A. Olsen
edward.olsen@usdoj.gov
United States Attorney's Office
Elizabeth J. Stevens
Elizabeth.Stevens@usdoj.gov
Department of Justice, Office of Immigration Litigation

In addition, I hereby certify that on this 3rd day of July 2008, true and correct copies of the Reply in Support of Defendants' Motion to Dismiss in Part, Remand in Part, and Strike in Part were served by Federal Express next-day delivery on the following non-ECF filers:

Sin Yen Ling
Asian Law Caucus
939 Market Street, Suite 201
San Francisco, CA 94103

Todd Gallinger
Council on American-Islamic Relations (CAIR)
3000 Scott Boulevard, Suite 212
Santa Clara, CA 95054

   /S/   Jeffrey S. Robins
JEFFREY S. ROBINS
Trial Attorney, District Court Section
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
Post Office Box 868, Ben Franklin Station
Washington, D.C. 20044