United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIR SAYED, BIREN SHAH, and MIEKE VANDEWALLE-CALLINAN,<br><br>  Plaintiffs,<br><br>  v.<br><br>MICHAEL CHERTOFF, United States Secretary of Homeland Security; ROBERT S. MUELLER III, Director of the Federal Bureau of Investigation; MICHAEL MUKASEY, Attorney General of the United States; JONATHAN SCHARFEN, Acting Director, United States Department of Homeland Security, Bureau of Citizenship and Immigration Services; DAVID STILL, District Director, United States Department of Homeland Security, Bureau of Citizenship and Immigration Services, San Francisco District,<br><br>  Defendants. | No. C 07-03455 WHA<br><br>**ORDER: (1) GRANTING PLAINTIFF'S REQUEST FOR VOLUNTARY DISMISSAL; (2) GRANTING IN PART DEFENDANTS' MOTION TO REMAND; AND (3) GRANTING PLAINTIFF'S REQUEST TO DISMISS SECOND AND THIRD CLAIMS AS MOOT** |

**INTRODUCTION**

In this action concerning naturalization petitions, federal defendants move to dismiss in part, remand in part, and strike in part plaintiff's third amended complaint. Plaintiffs Biren Shah, Amir Sayed, and Mieke Vandewalle-Callinan have faced long delays in the adjudication of their naturalization applications by United States Citizenship and Immigration Services. Plaintiffs request *de novo* judicial review of their naturalization applications pursuant to 8 U.S.C. 1447(b). Plaintiffs also seek injunctive relief under the

1  Administrative Procedures Act and mandamus.  For the reasons stated below, plaintiff's request
2  to voluntarily dismiss plaintiff Shah is **GRANTED**.  Plaintiffs' request to dismiss the APA and
3  mandamus claims as moot is also **GRANTED**.  Defendants' motion to remand is **GRANTED IN**
4  **PART**.  This matter is hereby remanded to CIS with an instruction to adjudicate the
5  naturalization applications of plaintiffs Sayed and Vandewalle-Callinan by a target date of
6  **AUGUST 1, 2008**, with a hard deadline of **AUGUST 18, 2008**.

## STATEMENT

This order must accept as true all well-pled allegations of fact.  Plaintiffs Amir Sayed, Biren Shah, and Mieke Vandewalle-Callinan are long-time, lawful residents of the United States.  Each is in the process of applying for naturalization and claims to meet all statutory requirements.  Each filed their application in 2004.  None of their applications, however, has been adjudicated.  Allegedly, this is because they are among tens of thousands of applicants suffering from systemic delays in the naturalization process caused by the policies, practices, and procedures instituted by defendants Michael Chertoff, Robert S. Mueller III, Michael Mukasey, Jonathan Scharfen, and David Still.

Plaintiffs allege that these delays result from a requirement known as an FBI "name check."  The name check runs an applicant's name against an FBI database containing all the names of persons who are or were the subjects of FBI investigations.  According to plaintiffs, this database is wildly overinclusive.  It contains not only the names of criminals, suspects, and targets of investigations, but also countless innocent persons whose names are merely mentioned in FBI files, such as crime victims and witnesses.  Plaintiffs allege that CIS will not process an application for naturalization unless the name check is completed.

Plaintiffs allege that they have completed their naturalization interviews with CIS and that CIS failed to give them a decision within 120 days of the date of the interview.  Because of the name-check requirement, adjudication of plaintiffs' applications has been delayed for over four years.  Plaintiffs are allegedly prejudiced because of the uncertainty associated with the process and their inability to participate fully as United States citizens.

This action was originally filed on July 2, 2007. Plaintiffs filed a first amended complaint on August 10, 2007. Plaintiffs sought *de novo* judicial determination of their individual applications for naturalization pursuant to 8 U.S.C. 1447(b), as well as declaratory and injunctive relief on a class-wide basis for those who had also satisfied the statutory requirements and were suffering similar delays. The class claims for declaratory and injunctive relief were: (i) unreasonable delay in violation of the APA; (ii) failure to follow notice-and-comment procedures in violation of the APA; and (iii) violations of the Fifth Amendment's due process clause.

An order dated October 15, 2007, granted in part and denied in part defendants' motion to dismiss. The order held that this Court had jurisdiction over plaintiffs' individual claims under 8 U.S.C. 1447(b) because more than 120 days had passed since plaintiffs' naturalization interviews, thus rejecting defendants' argument that the 120-day clock did not start to run until after the name check was completed. The order denied defendants' motion to dismiss for lack of jurisdiction over the individual 8 U.S.C. 1447(b) claims and likewise declined to remand the applications back to CIS without instructions. The order granted defendants' motion to dismiss the three class claims filed under the APA and due process clause. The order, however, denied defendants' motion to strike plaintiffs' claims for injunctive relief, finding that such a ruling would be inappropriate at that time.

On November 15, 2007, plaintiffs filed a second amended complaint. They added new plaintiffs but did not amend the class claims dismissed by the October 15 order. Plaintiffs moved for leave to file a third amended complaint on March 13, 2008. Plaintiffs sought to add the three plaintiffs involved in the instant matter and to reintroduce four plaintiffs "inadvertently omitted" from the second amended complaint whose individual 8 U.S.C. 1447(b) claims had been dismissed pursuant to stipulation. Plaintiffs simultaneously moved for class certification and for entry of final judgment under FRCP 54(b) with respect to the APA and due process claims dismissed by the October 15 order.

An order dated April 25, 2008, (i) granted plaintiffs leave to add the three new plaintiffs but not to reintroduce the four previously-dismissed plaintiffs; (ii) denied plaintiffs' motion for

class certification; and (iii) granted plaintiffs' motion for entry of partial judgment.

Plaintiffs filed a third amended complaint on May 15. The complaint contained three claims. First, plaintiffs sought *de novo* judicial determination of their individual applications for naturalization pursuant to 8 U.S.C. 1447(b). Second, plaintiffs sought injunctive relief, alleging unreasonable delay in violation of the APA. This claim was alleged against defendants Mukasey and Mueller for failure to complete the name checks within a reasonable time period. Lastly, plaintiffs filed a claim for a writ of mandamus compelling Mukasey and Mueller to timely complete the name checks as required by CIS.

On May 30, 2008, defendants filed a motion to dismiss in part, remand in part, and strike in part plaintiff's third amended complaint. Specifically, defendants sought to: (i) dismiss plaintiff Shah from the first claim pursuant to FRCP 12(b)(1); (ii) remand the naturalization applications of plaintiffs Sayed and Vandewalle-Callinan to CIS pursuant to 8 U.S.C. 1447(b); and (iii) strike the second and third claims under FRCP 12(f).

**ANALYSIS**

**1. MOTION TO DISMISS IN PART.**

Defendants argue that the first claim should be dismissed as to plaintiff Shah under FRCP 12(b)(1). According to defendants, this claim is moot because CIS adjudicated Shah's naturalization application, thereby granting him the relief he sought. Shah requests that the claim be voluntarily dismissed under FRCP 41(a)(2). Dismissal is necessary for Shah to take his oath of citizenship, which is scheduled for July 24, 2008. *See United States v. Hovsepian*, 359 F.3d 1141, 1151 (9th Cir. 2004) (en banc). Plaintiffs' request for voluntary dismissal is hereby **GRANTED**.

**2. MOTION TO REMAND IN PART.**

Defendants request that the claims of plaintiffs Sayed and Vandewalle-Callinan seeking relief pursuant to 8 U.S.C. 1447(b) be remanded to CIS. Section 1447(b) provides that if CIS has not adjudicated a naturalization application within 120 days of examining the applicant, the applicant may apply to the district court for the district in which the applicant resides for a hearing on the matter. The district court "has jurisdiction over the matter and may either

4

determine the matter or remand the matter, with appropriate instructions, to [CIS] to determine the matter."

The FBI has completed background checks for both plaintiffs and both plaintiffs have been interviewed. CIS has received all requested information and is now prepared to adjudicate the naturalization applications of both plaintiffs (Second Ricks Decl. ¶¶ 3–4). The parties have attempted, but failed, to reach a stipulation in which plaintiffs would agree to voluntary dismissal contingent on the granting of plaintiff's naturalization applications within thirty days (Mass Decl. ¶¶ 5–7).

In their motion, defendants ask that this matter be remanded to CIS without instructions. They argue that "[n]o instructions are necessary where [CIS] is prepared to adjudicate the applications upon remand, and an instruction requiring that [CIS] grant the applications would be improper" (Reply Br. 9). Defendants cite no authority demonstrating the propriety of remanding without instructions. Plaintiffs oppose defendants' motion. They request that the Court exercise *de novo* review of their petitions or, in the alternative, remand the matter to CIS with instructions to grant naturalization immediately.

While this order is sympathetic to the long delays plaintiffs have faced, it is not clear that they will obtain a more expeditious result from this Court. Given that plaintiffs' administrative record has not yet been filed with the Court, and the Court would likely have to conduct a *de novo* hearing following receipt of the record and any discovery by the parties, this order concludes that CIS is in the best position to expeditiously determine this matter. *See Huynh v. Mukasey*, 2008 WL 1338738, *3 (W.D. Wash. 2008); *See also Karsch v. Chertoff*, 2007 WL 3228104, *1 (W.D. Wash. 2007) (stating that in order to retain jurisdiction and adjudicate the plaintiff's naturalization application, the court would have to conduct a *de novo* hearing following discovery by the parties).*

This order agrees with plaintiffs, however, that a remand to CIS without instructions would be inappropriate. That CIS is prepared to adjudicate plaintiffs' naturalization

---

* Moreover, this Court is currently in the midst of a four-week patent trial that would further hinder its ability to swiftly adjudicate this matter. This order believes that the interests of both parties will best be served by a remand to CIS.

5

applications does not provide a basis for remanding without instructions. *See, e.g.*, *Huynh*, 2008 WL 1338738, at *3 (remanding to CIS with an instruction to adjudicate a plaintiff's naturalization application within ten business days where CIS was prepared to adjudicate the application). As such, the matter is hereby remanded to CIS with an instruction to adjudicate the naturalization applications of plaintiffs Sayed and Vandewalle-Callinan by a target date of August 1, 2008, and in any event no later than August 18, 2008. Once CIS has adjudicated the naturalization applications, defendants shall file an affidavit with this Court demonstrating compliance. This matter shall remain open pending receipt of that affidavit. Defendants' motion for remand is hereby **GRANTED IN PART**.

### 3. MOTION TO STRIKE IN PART.

Defendants move to strike plaintiffs' second and third claims pursuant to FRCP 12(f). The second claim alleges unreasonable delay in processing the FBI name checks in violation of the APA while the third claim seeks a writ of mandamus compelling defendants to timely complete the name checks. Defendants contend that these claims are immaterial and impertinent as they were raised for the first time in the third amended complaint without leave of this Court and without notice to defendants. Plaintiffs do not oppose dismissal, but argue that the claims should be dismissed as moot based on defendants' representation that the FBI name checks for all three plaintiffs have been completed. In their reply, defendants agree that mootness provides a valid basis for the dismissal of these claims. Without deciding the propriety of striking these claims, this order concurs with the parties that the second and third claims are moot. Accordingly, plaintiffs' request to dismiss said claims as moot is **GRANTED**.

## CONCLUSION

For the foregoing reasons, plaintiffs' request for voluntary dismissal of the first claim as to plaintiff Shah is **GRANTED**. Plaintiffs' request to dismiss the second and third claims as moot is also **GRANTED**. Plaintiffs have agreed to dismissal of the second and third claims having relied on declarations provided by defendants that the FBI name checks have been completed. Accordingly, the second and third claims are **DISMISSED WITH LEAVE TO AMEND**. Finally, defendants' motion to remand is **GRANTED IN PART**. This matter is remanded to CIS

with an instruction that the agency adjudicate the naturalization applications of plaintiffs Sayed and Vandewalle-Callinan by a target date of **AUGUST 1, 2008**, with a hard deadline of **AUGUST 18, 2008** . Once the naturalization applications have been adjudicated, defendants shall file an affidavit with this Court demonstrating compliance. The matter shall remain open pending receipt by the Court of that affidavit. It is requested that plaintiffs Sayed and Vandewalle-Callinan be scheduled for the next available oath of citizenship ceremony following adjudication of their naturalization applications, assuming that they are granted.

**IT IS SO ORDERED.**

Dated: July 18, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE