**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIA AHMADI, VLADIMIR MIKULICIC, IGOR OVCHINNIKOV, BILJANA PETROVICH, SERGEI SAPOZHNIKOV, EIMAN TAKY, and YAN WANG,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL CHERTOFF, U.S. Secretary of Homeland Security, ROBERT S. MUELLER, III, Director of the Federal Bureau of Investigations, PETER KEISLER, Acting Attorney General of the United States, EMILIO T. GONZALEZ, Director, U.S. Department of Homeland Security, Bureau of Citizenship and Immigration Services, DAVID STILL, District Director, U.S. Department of Homeland Security, Bureau of Citizenship and Immigration Services, San Francisco District,<br><br>Defendants. | No. C 07-03455 WHA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR ATTORNEY'S FEES** |

## INTRODUCTION

In this group action for naturalization pursuant to 8 U.S.C. 1447(b), plaintiffs move for an order awarding attorney's fees under the Equal Access to Justice Act. Fees are **GRANTED** as to plaintiffs Sayed and Vendewalle-Callinan, and **DENIED** for all other plaintiffs.

## STATEMENT

On October 12, 2007, a stipulated order was issued which voluntarily dismissed the claims of Valdamir Mikulicic, Biljana Petrovic, Eiman Taky, and Yan Wang — each of whom was a

1  party named in the first amended complaint — inasmuch as the USCIS had completed its
2  applications but could not administer the oath while the Court retained jurisdiction.

3  On February 20, 2008, an order was issued which voluntarily dismissed the claims of
4  Angel Gentchev, Jiwei Huang, Helga Scovajsa, Alia Ahmadi, Sergei Sapazhnikov, and
5  Igor Ovchinnikov — each of whom was a party named in the second amended complaint —
6  inasmuch as the USCIS had completed its applications but could not administer the oath while
7  the Court retained jurisdiction.

8  On July 18, 2008, a different type of order issued, this time remanding the claims of
9  Amir Sayed and Mieke Vandewalle-Callinan to the USCIS for adjudication, and dismissing the
10 claims of Biren Shah inasmuch as he had already been naturalized. Each of these parties was
11 named in the third amended complaint. No relief was granted in the case except as just
12 referenced. Although the action was brought as a class action, the motion for class certification
13 was **DENIED** by the Court.

**ANALYSIS**

15 EAJA provides that a party in a civil action against the United States is entitled to
16 reasonable attorney's fees if: (i) the claimant is a "prevailing party"; (ii) the government's
17 position was not "substantially justified"; (iii) no "special circumstances makes an award unjust";
18 and, (iv) the fee application is timely submitted to the court within thirty days of final judgment
19 in the action. 28 U.S.C. 2412(d)(A)–(B); *see INS v. Jean*, 496 U.S. 154, 158 (1990).
20 Defendants contend that there is no prevailing party, that the government's position was
21 substantially justified, and that the application was not timely in connection with work done for
22 parties dispensed with in the first and second amended complaints. Defendants do not contend
23 that any special circumstances make the award unjust.

24  **1.   TIMELINESS.**

25 A preliminary issue is whether this Court's orders for dismissal on October 12, 2007
26 (for the individual claims of plaintiffs Mikulicic, Petrovic, Taky, and Wang), and February 20,
27 2008 (for the individual claims of plaintiffs Ahmadi, Gentchez, Huang, Ovchinnikov,
28 Sapazhnikoz, and Scovajsa), constitute a "final judgment of the action" that began the clock in

2

which to bring an application for attorney's fees. This order holds that the litigation was not terminated in favor of the claimants *in the action* until the order issuing a remand for plaintiffs Sayed and Vendewalle-Callinan on September 2, 2008, and thus is the "final judgment" for purposes of EAJA.

EAJA states in pertinent part: "A party seeking an award of fees and other expenses shall, within thirty days of final judgment *in the action*, submit to the court an application for fees and other expenses which shows that the party is a prevailing party . . .". 28 U.S.C. 2412(d)(1)(B)(emphasis added). This language governs. According to FRCP 54(b), "any order or other decision, however designated, that adjudicates fewer than all claims or the rights and liabilities for fewer than all parties *does not end the action* as to any of the claims or parties . . ." (emphasis added). Together, these make clear that any order, whatever its form, is not a final judgment in the action if the litigation continues on. The motion is timely.

### 2. PREVAILING PARTY.

The more difficult issue is whether plaintiffs who voluntarily dismissed their claims are "prevailing parties." To be a prevailing party, the party must meet two criteria: "First, he must achieve a material alteration of the legal relationship of the parties. Second, that alteration must be judicially sanctioned." *Carbonell v. INS*, 429 F.3d 894, 898 (9th Cir. 2005) (quotations and citations omitted). There is no doubt that plaintiffs Sayed and Vandewalle-Callinan are prevailing parties. The claims for each of the two were remanded back to the USCIS for adjudication. The Ninth Circuit has held that a remand back to an agency for adjudication is sufficient to make the party a prevailing party. *Rueda-Menicucci v. INS*, 132 F.3d 493, 495 (9th Cir. 1997). Defendants insist that this situation is distinguishable from *Rueda-Menicucci v. INS*, stating that case dealt with agency wrongdoing. Here, both plaintiffs alleged unreasonable delay due to agency wrongdoing in their complaint (Third Amd. Compl ¶ 8.).

The "prevailing party" status of the other plaintiffs who received voluntary dismissals so that the USCIS could complete their applications is a much more difficult issue.

### A.   Material Alteration in the Legal Relationship.

The issue here is whether the orders dismissing the claims — so that they may be adjudicated by the USCIS — made those plaintiffs prevailing parties even though the USCIS was ready to grant the applications before the order was ever issued. To be a prevailing party, the test "requires a material alteration in the legal relationship between the parties." *Carbonell*, 429 F.3d at 898. "In short, a plaintiff prevails when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby,* 506 U.S. 103, 111–12 (1992) (internal quotations omitted).

The parties stipulated to the voluntary dismissals because the USCIS was prepared to grant the plaintiffs' applications and administer the oaths. The dismissals were solely to transfer jurisdiction back to the agency for this purpose. This being the case, it seems difficult to say that these orders modified the defendants' behavior in such a way that would make plaintiffs a prevailing party. If anything, the Court's action was necessary to *allow* the behavior plaintiffs desired, rather than *alter* defendants' ongoing behavior.

Plaintiffs counter that these orders were not standard voluntary dismissals where the parties simply walked away from the case. The orders, they say, essentially forced the defendants to comply with some action mandated by the Court. These orders, they say, changed agency behavior by making actions compulsory, under threat of reinitiated proceedings. Plaintiffs also point out that they filed this action in an attempt to get their applications adjudicated, and now they have been adjudicated, which would make them successful in their litigation. They also argue that these orders had the effect of a remand, which would make the decision in *Rueda-Menicucci v. INS* determinative in favor of a finding of plaintiffs being a prevailing party.

True, in *Montes v. Thornburgh*, 919 F.2d 531 (9th Cir. 1990), the Ninth Circuit held that the plaintiff there was a prevailing party, even though his asylum action was dismissed as moot. *Id.* at 533. Central to this reasoning was that the agency had taken the measures that led to the mooting of the claim as a direct response to the filing of the lawsuit, a catalyst theory. *Id.* at 538. The United States Supreme Court later held, however, that a plaintiff needs even more than this

4

"catalyst" reasoning, as it cannot be said that an action by a court modified a defendant's behavior if he or she changed his or her behavior solely due to the *filing* of the litigation. *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't of Health and Human Res.*, 121 S.Ct. 1835, 1839–40 (2001); *see also Bennett v. Yoshina*, 259 F.3d 1097, 1100–1101 (9th Cir. 2001). *Montes v. Thornburgh* came before the Supreme Court's decision in *Buckhannon* and, thus, a "catalyst theory" is no longer sufficient to make a plaintiff a prevailing party. Here, the defendants had modified their behavior — by completing the applications — without any coercion by the Court's orders. The Court remanding jurisdiction back to the USCIS "so that" defendants could finish the application they had *already agreed to grant* did not make the defendants do anything they had not already done. It is not enough for plaintiffs to argue that they got what they came for. To be a prevailing party, their success must have been due to the Court's actions. *Buckhannon*, 121 S.Ct. at 1839–40. That is not the case here. Plaintiffs who had their actions voluntarily dismissed are not prevailing parties under EAJA.

### B. Judicial Sanction.

Because plaintiffs Sayed and Vendewalle-Callinin clearly are prevailing parties under the decision in *Rueda-Menicucci v. INS*, and the rest of the plaintiffs did not meet prong one of the prevailing-party test, whether the voluntary dismissals were judicially sanctioned is not addressed.

### 3. SUBSTANTIAL JUSTIFICATION.

In order to obtain attorney's fees, defendants' position must not be substantially justified. 28 U.S.C. 2412(d)(1)(A). The burden is on the government to demonstrate that its position was substantially justified. *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005). Substantial justification means "justification to a degree that would satisfy a reasonable person." *Al-Harbi v. INS*, 284 F.3d 1080, 1084 (9th Cir. 2002). While the arguments for substantial justification are similar for all plaintiffs, the only relevant analysis concerns plaintiffs Sayed and Vendewalle-Callinan, as they were the only prevailing parties.

Defendants argue that their position was substantially justified for three reasons. *First*, they argue that the delay occurred because they must complete a thorough background

5

investigation of each alien. *Second*, they argue that EAJA does not establish a "statutory deadline" in which the USCIS must act or face punishment. *Third*, they argue that they did not have the resources to process all the applications within the 120-day period. Each of these arguments fails to satisfy defendants' burden in showing their position was substantially justified. In regard to the background checks, defendants have not met their burden in showing that their actions justifiably caused the extreme delay beyond the statutory 120-day deadline to adjudicate the applications. In the order entered October 15, 2007, this Court found that the background check requirement does not excuse the delays in the system. The background checks do not substantially justify the delay.

That there was a lack of resources also falls short. Even if we must take into account the resources available to the agency (*see Liberty Fund, Inc. v. Chao*, 394 F. Supp. 2d 105, 117 (D.D.C. 2005); *Mashpee Wampanoag Tribal Council Inc. v. Norton,* 336 F.3d 1094, 1101 (D.C. Cir. 2003)), a shortfall in resources does not explain why there were up to four years' delay in adjudicating these applications. Defendants are required to carry out their statutory mandate within the statutorily defined time. 28 U.S.C. 2412(d)(A)–(B). Defendants fail to meet their burden in showing how this factor made their actions in delaying adjudication substantially justified.

**4.     REASONABLE FEES.**

Plaintiffs argue that they are entitled to attorney's fees for all work done from the outset of filing the initial complaint since all the work is inextricably intertwined and based on the same legal theories. Under *Hensley v. Eckerhart*, the Supreme Court held that "[w]here a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised." 461 U.S. 424, 440 (1933). This holding does not provide a loophole in regard to work done for plaintiffs that did not meet the statutory requirements. Plaintiffs whose claims were voluntarily dismissed were not prevailing parties under EAJA, and thus fees are only awarded for work reasonably related to plaintiffs Sayed and Vendewalle-Callinan.

6

Plaintiffs Sayed and Vendewalle-Callinan are entitled to recover attorney's fees and costs under the Equal Access to Justice Act in the amount of $30,000. If any party does not agree on the above amount, the matter will be referred to a special master for the purpose of determining a reasonable fee under FRCP 54(d)(2)(D) with the parties being responsible for his or her fees. The parties must so advise the Court by **NOON ON FEBRUARY 11, 2009**.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for attorney's fees is **GRANTED** for plaintiffs Sayed and Vendewalle-Callinan in the amount of $30,000. Plaintiffs' motion for attorney's fees is **DENIED** for all other plaintiffs.

**IT IS SO ORDERED.**

Dated: January 28, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

7